# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 6:09-cv-446** |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **Adobe Systems Inc., Amazon.com, Inc.,** | § | **JURY TRIAL** |
| **Apple Inc., Argosy Publishing, Inc.,** | § | |
| **Blockbuster Inc., CDW Corp.,** | § | |
| **Citigroup Inc., eBay Inc., Frito-Lay, Inc.,** | § | |
| **The Go Daddy Group, Inc., Google Inc.,** | § | |
| **J.C. Penney Company, Inc., JPMorgan** | § | |
| **Chase & Co., New Frontier Media, Inc.,** | § | |
| **Office Depot, Inc., Perot Systems Corp.,** | § | |
| **Playboy Enterprises International, Inc.,** | § | |
| **Rent-A-Center, Inc., Staples, Inc., Sun** | § | |
| **Microsystems Inc., Texas Instruments Inc.,** | § | |
| **Yahoo! Inc., and YouTube, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eolas Technologies Incorporated ("Eolas" or "Plaintiff") files this Complaint for

patent infringement against Defendants Adobe Systems Incorporated ("Adobe"), Amazon.com,

Inc. ("Amazon"), Apple Inc. ("Apple"), Argosy Publishing, Inc. ("Argosy"), Blockbuster Inc.

("Blockbuster"), CDW Corporation ("CDW"), Citigroup Inc. ("Citigroup"), eBay Inc. ("eBay"),

Frito-Lay, Inc. ("Frito-Lay"), The Go Daddy Group, Inc. ("Go Daddy"), Google Inc. ("Google"),

J.C. Penney Company, Inc. ("J.C. Penney"), JPMorgan Chase & Co. ("JPMorgan Chase"), New

Frontier Media, Inc. ("New Frontier Media"), Office Depot, Inc. ("Office Depot"), Perot

Systems Corp. ("Perot Systems"), Playboy Enterprises International, Inc. ("Playboy"), Rent-A-

Center, Inc. ("Rent-A-Center"),  Staples, Inc. ("Staples"), Sun Microsystems, Inc. ("Sun

Microsystems"),  Texas Instruments Inc. ("Texas Instruments"), Yahoo! Inc. ("Yahoo") and YouTube, LLC ("YouTube") (collectively "Defendants"), and alleges as follows:

## I.    PARTIES

1.    Plaintiff Eolas is a corporation organized and existing under the laws of Texas, with its principal place of business at 313 East Charnwood Street, Tyler, Texas 75701.  Eolas conducts leading-edge research and development to create innovative technologies in the areas of interactive embedded and distributed applications, systems, data analysis, visualization, collaboration and networking.  During the past 15 years, Eolas' innovations have enabled corporations around the world to enhance their products and improve their customers' website experiences by enabling browsers, in conjunction with servers, to act as platforms for fully interactive embedded applications.  This advanced technology provides rich interactive online experiences for Web users worldwide.

2.    Upon information and belief, Adobe is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 345 Park Avenue, San Jose, California 95110-2704.  Adobe may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

3.    Upon information and belief, Amazon is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734.  Amazon may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 6500 Harbour Heights Parkway, Mukilteo, Washington 98275.

2

4.      Upon information and belief, Apple is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014-2083.  Apple may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

5.      Upon information and belief, Argosy is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 109 Oak Street, Newton, Massachusetts 02464.  Argosy may be served with process by serving its Registered Agent, Andrew Bowditch at 109 Oak Street, Newton, Massachusetts 02464.

6.      Upon information and belief, Blockbuster is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1201 Elm Street, Suite 2100, Dallas, Texas 75270-2102.  Blockbuster may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

7.      Upon information and belief, CDW is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 200 North Milwaukee Avenue, Vernon Hills, Illinois 60061.  CDW may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503.

8.      Upon information and belief, Citigroup is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 399 Park Avenue, New York, New York 10043.  Citigroup may be

served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

9.    Upon information and belief, eBay is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125-5905.  eBay may be served with process by serving its registered agent, National Registered Agents, Inc., 16055 Space Center Boulevard, Suite 235, Houston, Texas 77062-6212.

10.    Upon information and belief, Frito-Lay is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7701 Legacy Drive, Plano, Texas 75024-4002.  On information and belief, Frito-Lay is a subsidiary of PepsiCo Inc. with its principal place of business at 700 Anderson Hill Road, Purchase, New York 10577-1401.  Frito-Lay may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

11.    Upon information and belief, Go Daddy is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Arizona, with its principal place of business at 14455 North Hayden Road, Suite 226, Scottsdale, Arizona 85260. Go Daddy may be served with process by serving its registered agent, Barb Rechterman, 14455 North Hayden Road, Suite 219, Scottsdale, Arizona 85260-6993.

12.    Upon information and belief, Google is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

4

Google may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

13.     Upon information and belief, J.C. Penney is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024-3612.  J.C. Penney may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

14.     Upon information and belief, JPMorgan Chase is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 270 Park Avenue, New York, New York 10017. JPMorgan Chase may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

15.     Upon information and belief, New Frontier Media is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 7007 Winchester Circle, Suite 200, Boulder, Colorado 80301-3505.  New Frontier Media may be served with process by serving its registered agent, Marc Callipari, 7007 Winchester Circle, Suite 200, Boulder, Colorado 80301-3517.

16.     Upon information and belief, Office Depot is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2200 Old Germantown Road, Delray Beach, Florida 33445-8223. Office Depot may be served with process by serving its registered agent, Corporate Creations Network Inc., 4265 San Felipe Street, Suite 1100, Houston, Texas 77027-2998.

17.     Upon information and belief, Perot Systems is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2300 West Plano Parkway, Plano, Texas 75075-8499.  Perot Systems may be served with process by serving its registered agent, CT Corporation System, 350 N. Saint Paul Street, Dallas, Texas 75201-4240.

18.     Upon information and belief, Playboy is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 680 North Lake Shore Drive, Chicago, Illinois 60611.  Playboy may be served with process by serving its registered agent, CT Corporation System, 111 8th Avenue, New York, New York 10011-5201.

19.     Upon information and belief, Rent-A-Center is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5501 Headquarters Drive, Plano, Texas 75024. Rent-A-Center may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

20.     Upon information and belief, Staples is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702.  Staples may be served with process by serving its registered agent, CT Corporation System, 155 Federal Street, Suite 700, Boston Massachusetts 02110-1727.

21.     Upon information and belief, Sun Microsystems is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4150 Network Circle, Santa Clara, California

95054.    Sun Microsystems may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503.

22.    Upon information and belief, Texas Instruments is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 12500 TI Boulevard, Dallas, Texas 75243-4136. Texas Instruments may be served with process by serving its registered agent, Joseph F. Hubach, 7839 Churchill Way, MS 3999, Dallas, Texas 75251-1901.

23.    Upon information and belief, Yahoo is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 701 1st Avenue, Sunnyvale, California 94089.  Yahoo may be served with process by serving its registered agent, CT Corporation System, 818 W. 7th Street, Los Angeles, California 90017-3407.

24.    Upon information and belief, YouTube, LLC is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351.  YouTube, LLC may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 2730 Gateway Oaks Drive Suite 100, Sacramento, CA 95833.

## II.    JURISDICTION AND VENUE

25.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1–24 as though fully set forth in their entirety.

26.     This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*.  This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

27.     Personal jurisdiction exists generally over each of the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas.  Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

28.     Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

### III.   PATENT INFRINGEMENT

29.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1–28 as though fully set forth in their entirety.

30.     United States Patent No. 5,838,906 ("the '906 Patent") entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document," and United States Patent No. 7,599,985 ("the '985 Patent") entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" were duly and legally issued by the United States Patent and Trademark Office on November 17, 1998 ('906 Patent) and October 6, 2009 ('985 Patent)

after full and fair examination. The United States Patent and Trademark Office, after initially issuing the '906 Patent, has affirmed its validity on two separate occasions, most recently in February 2009. The '906 Patent and the '985 Patent may be collectively referred to hereafter as "the patents".

31.     Eolas has an exclusive license to the patents that includes, without limitation, the following: (a) all exclusionary rights under the patents, including, but not limited to, (i) the exclusive right to exclude others from making, using, offering for sale, or selling products embodying the patented inventions throughout the United States or importing such products into the United States, and (ii) the exclusive right to exclude others from using and otherwise practicing methods embodying the patented inventions throughout the United States; and (b) the exclusive right to sue and seek damages for infringement of any of the exclusionary rights identified above.

32.     On information and belief, Adobe has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.adobe.com and tv.adobe.com and maintained on servers located in and/or accessible from the United States under the control of Adobe; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Flash and Shockwave; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

33.     On information and belief, Amazon has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

34.     On information and belief, Apple has directly or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.apple.com and maintained on servers located in and/or accessible from the United States under the control of Apple; (ii) software, including, without limitation, browser software and software that allows content to be interactively presented in and/or served to browsers, including, without limitation, QuickTime, Safari for Windows, and Safari for the Mac; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing; and/or (iv) Apple desktop and laptop computers.

35.     On information and belief, Argosy has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.argosymedical.com and www.visiblebody.com and maintained on servers located in and/or accessible from the United States under the control of Argosy; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

36.     On information and belief, Blockbuster has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.blockbuster.com and maintained on servers located in and/or accessible from the United States under the control of Blockbuster; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

37.     On information and belief, CDW has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or

indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.cdw.com and maintained on servers located in and/or accessible from the United States under the control of CDW; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

38.    On information and belief, Citigroup has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.citigroup.com and maintained on servers located in and/or accessible from the United States under the control of Citigroup; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

39.    On information and belief, eBay has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including,

without limitation, the web pages and content accessible via www.ebay.com and maintained on servers located in and/or accessible from the United States under the control of eBay; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

40.    On information and belief, Frito-Lay has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.frito-lay.com and maintained on servers located in and/or accessible from the United States under the control of Frito-Lay; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

41.    On information and belief, Go Daddy has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via   and maintained on servers located in and/or accessible from the United States under the control of Go Daddy; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or

served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

42.    On information and belief, Google has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.google.com and maintained on servers located in and/or accessible from the United States under the control of Google; (ii) software, including, without limitation, browser software and software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Chrome for Windows and Chrome for the Mac; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

43.    On information and belief, J.C. Penney has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jcpennybrands.com and maintained on servers located in and/or accessible from the United States under the control of J.C. Penney; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

44.    On information and belief, JPMorgan Chase has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jpmorgan.com and maintained on servers located in and/or accessible from the United States under the control of JPMorgan Chase; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

45.    On information and belief, New Frontier Media has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.mainlinereleasing.com and maintained on servers located in and/or accessible from the United States under the control of New Frontier Media; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

46.    On information and belief, Office Depot has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.officedepot.com and maintained on servers located in and/or accessible from the United States under the control of Office Depot; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

47.    On information and belief, Perot Systems has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.perotsystems.com and maintained on servers located in and/or accessible from the United States under the control of Perot Systems; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

48.    On information and belief, Playboy has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United

States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.playboy.com and maintained on servers located in and/or accessible from the United States under the control of Playboy; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

49.    On information and belief, Rent-A-Center has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.rentacenter.com and maintained on servers located in and/or accessible from the United States under the control of Rent-a-Center; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

50.    On information and belief, Staples has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.staples.com and maintained

on servers located in and/or accessible from the United States under the control of Staples; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

51.     On information and belief, Sun Microsystems has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:   (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.sun.com and maintained on servers located in and/or accessible from the United States under the control of Sun Microsystems; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Java and JavaFX; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

52.     On information and belief, Texas Instruments has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:   (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.ti.com and maintained on servers located in and/or accessible from the United States under the control of Texas Instruments; (ii) software, including, without limitation, software that allows content to

be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

53.    On information and belief, Yahoo has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.yahoo.com and maintained on servers located in and/or accessible from the United States under the control of Yahoo; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

54.    On information and belief, YouTube has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.youtube.com and maintained on servers located in and/or accessible from the United States under the control of YouTube; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

55.    On information and belief, the Defendants have knowledge of the '906 Patent and have not ceased their infringing activities.  The Defendants' infringement of the '906 Patent has been and continues to be willful and deliberate.

56.    As a direct and proximate consequence of the acts and practices of the Defendants in infringing and/or inducing the infringement of one or more claims of the '906 Patent and one or more claims of the '985 Patent, Eolas has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to its business and property rights.

57.    As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '906 Patent and one or more claims of the '985 Patent, Eolas has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

58.    In addition, the infringing acts and practices of the Defendants has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Eolas for which there is no adequate remedy at law, and for which Eolas is entitled to injunctive relief under 35 U.S.C. § 283.

### IV.    PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A.    A judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '906 Patent and one or more claims of the '985 Patent;

B.    A judgment and order preliminarily and permanently enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '906 Patent and the '985 Patent;

C.    A judgment and order requiring each Defendant to pay Plaintiff's damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

D.    An award of all costs of this action, including attorneys' fees and interest; and

E.    Such other and further relief as the Court deems just and equitable.

## V.    DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues be determined by a jury.

DATED:  October 6, 2009                          Respectfully submitted,

                                                 MᴄKᴏᴏʟ Sᴍɪᴛʜ, P.C.
                                                 /s/  Mike McKool
                                                 Mike McKool
                                                 Lead Attorney
                                                 Texas State Bar No. 13732100
                                                 mmckool@mckoolsmith.com
                                                 Douglas Cawley
                                                 Texas State Bar No. 04035500
                                                 dcawley@mckoolsmith.com
                                                 Luke McLeroy
                                                 Texas State Bar No. 24041455
                                                 lmcleroy@mckoolsmith.com
                                                 MᴄKᴏᴏʟ Sᴍɪᴛʜ, P.C.
                                                 300 Crescent Court, Suite 1500
                                                 Dallas, Texas 75201
                                                 Telephone: (214) 978-4000
                                                 Telecopier: (214) 978-4044

                                                 Sam F. Baxter
                                                 Texas State Bar No. 01938000
                                                 sbaxter@mckoolsmith.com
                                                 **McKool Smith, P.C.**
                                                 104 E. Houston St., Ste. 300
                                                 P.O. Box O
                                                 Marshall, Texas 75670
                                                 Telephone: (903) 923-9000
                                                 Telecopier: (903) 923-9095

                                                 Kevin L. Burgess
                                                 Texas State Bar No. 24006927
                                                 kburgess@mckoolsmith.com
                                                 Steven J. Pollinger
                                                 Texas State Bar No. 24011919
                                                 spollinger@mckoolsmith.com
                                                 Josh W. Budwin
                                                 Texas State Bar No. 24050347
                                                 jbudwin@mckoolsmith.com
                                                 MᴄKᴏᴏʟ Sᴍɪᴛʜ, P.C.
                                                 300 West Sixth Street, Suite 1700
                                                 Austin, Texas 78701
                                                 Telephone: (512) 692-8700
                                                 Telecopier: (512) 692-8744
                                                 **ATTORNEYS FOR PLAINTIFF
                                                 EOLAS TECHNOLOGIES, INC.**