IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS INC., *et al.*,<br><br>Defendants. | Civil Action No. 6:09-CV-446<br><br>Jury Trial Demanded |

### GO DADDY'S ANSWER AND COUNTERCLAIMS TO
### EOLAS' COMPLAINT FOR PATENT INFRINGEMENT

Defendant The Go Daddy Group, Inc., ("Go Daddy") files this Answer and Counterclaims to Plaintiff Eolas Technologies Incorporated's ("Eolas") Complaint For Patent Infringement ("Complaint"). Go Daddy denies the allegations and characterizations in Eolas' Complaint unless expressly admitted in the following paragraphs:

### PARTIES

1.   Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2.   Paragraph 2 does not require a response by Go Daddy. To the extent that Paragraph 2 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 2 and therefore denies the same.

3.   Paragraph 3 does not require a response by Go Daddy. To the extent that Paragraph 3 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 3 and therefore denies the same.

4.   Paragraph 4 does not require a response by Go Daddy. To the extent that Paragraph 4 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or

deny the allegations of Paragraph 4 and therefore denies the same.

5. Paragraph 5 does not require a response by Go Daddy. To the extent that Paragraph 5 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 5 and therefore denies the same.

6. Paragraph 6 does not require a response by Go Daddy. To the extent that Paragraph 6 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 6 and therefore denies the same.

7. Paragraph 7 does not require a response by Go Daddy. To the extent that Paragraph 7 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 7 and therefore denies the same.

8. Paragraph 8 does not require a response by Go Daddy. To the extent that Paragraph 8 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 8 and therefore denies the same.

9. Paragraph 9 does not require a response by Go Daddy. To the extent that Paragraph 9 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 9 and therefore denies the same.

10. Paragraph 10 does not require a response by Go Daddy. To the extent that Paragraph 10 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 10 and therefore denies the same.

11. Go Daddy admits that The Go Daddy Group, Inc., is an Arizona corporation, but denies Go Daddy is located at the business addressed listed in the Complaint (Go Daddy's principal place of business is at 14455 N. Hayden Road, Suite 219, Scottsdale, Arizona 85260). Go Daddy admits that it may be served with process through its registered agent, Barb

Rechterman, 14455 N. Hayden Road, Suite 219, Scottsdale, Arizona 85260. Except as expressly admitted herein, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 11 and therefore denies the same.

12. Paragraph 12 does not require a response by Go Daddy. To the extent that Paragraph 12 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 12 and therefore denies the same.

13. Paragraph 13 does not require a response by Go Daddy. To the extent that Paragraph 13 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 13 and therefore denies the same.

14. Paragraph 14 does not require a response by Go Daddy. To the extent that Paragraph 14 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 14 and therefore denies the same.

15. Paragraph 15 does not require a response by Go Daddy. To the extent that Paragraph 15 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16. Paragraph 16 does not require a response by Go Daddy. To the extent that Paragraph 16 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17. Paragraph 17 does not require a response by Go Daddy. To the extent that Paragraph 17 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 17 and therefore denies the same.

18. Paragraph 18 does not require a response by Go Daddy. To the extent that Paragraph 18 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm

or deny the allegations of Paragraph 18 and therefore denies the same.

19. Paragraph 19 does not require a response by Go Daddy. To the extent that Paragraph 19 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 19 and therefore denies the same.

20. Paragraph 20 does not require a response by Go Daddy. To the extent that Paragraph 20 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 20 and therefore denies the same.

21. Paragraph 21 does not require a response by Go Daddy. To the extent that Paragraph 21 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 21 and therefore denies the same.

22. Paragraph 22 does not require a response by Go Daddy. To the extent that Paragraph 22 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 22 and therefore denies the same.

23. Paragraph 23 does not require a response by Go Daddy. To the extent that Paragraph 23 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 23 and therefore denies the same.

24. Paragraph 24 does not require a response by Go Daddy. To the extent that Paragraph 24 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 24 and therefore denies the same.

## JURISDICTION AND VENUE

25. Go Daddy refers to and incorporates herein its previous answers to Paragraphs 1-24.

26. Go Daddy admits that this action arises under the patent laws of the United States,

Title 35 of the United States Code. Go Daddy further admits that this Court has subject matter jurisdiction.

27. Go Daddy admits the Court has personal jurisdiction over Go Daddy and admits it has transacted limited business in the Eastern District of Texas. Except as expressly admitted herein, Go Daddy denies each and every allegation of Paragraph 27. To the extent that Paragraph 27 is deemed to require a response with respect to the other Defendants, Go Daddy lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

28. Go Daddy admits that venue may be had in the Eastern District of Texas, however, this forum is inconvenient and burdensome for Go Daddy in this case.

## PATENT INFRINGEMENT

29. Go Daddy refers to and incorporates herein its previous answers to Paragraphs 1-28.

30. Go Daddy admits that U.S. Patent No. 5,838,906 (the "'906 Patent") is titled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document." Go Daddy admits that U.S. Patent No. 7,599,985 (the "'985 Patent") is titled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document." Except as expressly admitted herein, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 30 and therefore denies the same.

31. Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 31 and therefore denies the same.

32. Paragraph 32 does not require a response by Go Daddy. To the extent that

Paragraph 32 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 32 and therefore denies the same.

33. Paragraph 33 does not require a response by Go Daddy. To the extent that Paragraph 33 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 33 and therefore denies the same.

34. Paragraph 34 does not require a response by Go Daddy. To the extent that Paragraph 34 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 34 and therefore denies the same.

35. Paragraph 35 does not require a response by Go Daddy. To the extent that Paragraph 35 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 35 and therefore denies the same.

36. Paragraph 36 does not require a response by Go Daddy. To the extent that Paragraph 36 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 36 and therefore denies the same.

37. Paragraph 37 does not require a response by Go Daddy. To the extent that Paragraph 37 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 37 and therefore denies the same.

38. Paragraph 38 does not require a response by Go Daddy. To the extent that Paragraph 38 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 38 and therefore denies the same.

39. Paragraph 39 does not require a response by Go Daddy. To the extent that Paragraph 39 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 39 and therefore denies the same.

40. Paragraph 40 does not require a response by Go Daddy. To the extent that Paragraph 40 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 40 and therefore denies the same.

41. Go Daddy denies the allegations of Paragraph 41.

42. Paragraph 42 does not require a response by Go Daddy. To the extent that Paragraph 42 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 42 and therefore denies the same.

43. Paragraph 43 does not require a response by Go Daddy. To the extent that Paragraph 43 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 43 and therefore denies the same.

44. Paragraph 44 does not require a response by Go Daddy. To the extent that Paragraph 44 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 44 and therefore denies the same.

45. Paragraph 45 does not require a response by Go Daddy. To the extent that Paragraph 45 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 45 and therefore denies the same.

46. Paragraph 46 does not require a response by Go Daddy. To the extent that Paragraph 46 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 46 and therefore denies the same.

47. Paragraph 47 does not require a response by Go Daddy. To the extent that Paragraph 47 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 47 and therefore denies the same.

48. Paragraph 48 does not require a response by Go Daddy. To the extent that Paragraph 48 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 48 and therefore denies the same.

49. Paragraph 49 does not require a response by Go Daddy. To the extent that Paragraph 49 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 49 and therefore denies the same.

50. Paragraph 50 does not require a response by Go Daddy. To the extent that Paragraph 50 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 50 and therefore denies the same.

51. Paragraph 51 does not require a response by Go Daddy. To the extent that Paragraph 51 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 51 and therefore denies the same.

52. Paragraph 52 does not require a response by Go Daddy. To the extent that Paragraph 52 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 52 and therefore denies the same.

53. Paragraph 53 does not require a response by Go Daddy. To the extent that Paragraph 53 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 53 and therefore denies the same.

54. Paragraph 54 does not require a response by Go Daddy. To the extent that Paragraph 54 is deemed to require a response, Go Daddy lacks knowledge sufficient to confirm or deny the allegations of Paragraph 54 and therefore denies the same.

55. Go Daddy denies the allegations of Paragraph 55. To the extent that Paragraph 55 is deemed to require a response with respect to the other Defendants, Go Daddy lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

56. Go Daddy denies the allegations of Paragraph 56. To the extent that Paragraph 56 is deemed to require a response with respect to the other Defendants, Go Daddy lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

57. Go Daddy denies the allegations of Paragraph 57. To the extent that Paragraph 57 is deemed to require a response with respect to the other Defendants, Go Daddy lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

58. Go Daddy denies the allegations of Paragraph 58. To the extent that Paragraph 58 is deemed to require a response with respect to the other Defendants, Go Daddy lacks knowledge sufficient to confirm or deny the allegations and therefore denies the same.

## PRAYER FOR RELIEF

59. Go Daddy requests that the Court deny all relief to Eolas, including that requested by Eolas in its Prayer for Relief.

## DEMAND FOR JURY TRIAL

60. Eolas' request for a jury trial does not require a response by Go Daddy.

# AFFIRMATIVE DEFENSES

Go Daddy's Affirmative Defenses are listed below. Go Daddy reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

61. Go Daddy does not infringe and has not infringed any claim of U.S. Patent No. 5,838,906 (the "'906 Patent") under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

62. Go Daddy does not infringe and has not infringed any claim of U.S. Patent No. 7,599,985 (the "'985 Patent") under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## SECOND DEFENSE

63. The '906 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and 112.

64. The '985 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and 112.

## THIRD DEFENSE

65. To the extent that Eolas, its alleged predecessors in interest to the '906 Patent, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Go Daddy's actions allegedly infringed the '906 Patent, Go Daddy is not liable to Eolas for the acts alleged to have been performed before it

received actual notice that it was allegedly infringing the '906 Patent.

66. To the extent that Eolas, its alleged predecessors in interest to the '985 Patent, and their respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Go Daddy's actions allegedly infringed the '985 Patent, Go Daddy is not liable to Eolas for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '985 Patent.

## FOURTH DEFENSE

67. To the extent that Eolas asserts that Go Daddy indirectly infringes, either by contributory infringement or inducement of infringement, Go Daddy is not liable to Eolas for the acts alleged to have been performed before Go Daddy knew that its actions would cause indirect infringement.

## FIFTH DEFENSE

68. Eolas's attempted enforcement of the '906 and '985 Patents against Go Daddy is barred by laches and estoppel.

## COUNTERCLAIMS

### The Parties

69. Counterclaim Plaintiff The Go Daddy Group, Inc., ("Go Daddy"), is an Arizona corporation and has a principal place of business in Arizona.

70. On information and belief based solely on Paragraph 1 of the Complaint as pled by Eolas, Eolas is a Texas corporation with its principal place of business located in Tyler, Texas.

## Jurisdiction

71.     These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

72.     Venue may be made in this District, and in the Tyler Division, pursuant to at least 28 U.S.C. §§ 1391 and 1400, however, this forum is inconvenient and burdensome for Go Daddy in this case.

## Count I

## Declaratory Relief Regarding Non-infringement

73.     Based on Eolas' filing of this action and Go Daddy's First Defense, an actual controversy has arisen and now exists between the parties as to whether Go Daddy infringes the '906 Patent.

74.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Go Daddy requests a declaration by the Court that it does not infringe any claim of the '906 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

75.     Based on Eolas' filing of this action and Go Daddy's First Defense, an actual controversy has arisen and now exists between the parties as to whether Go Daddy infringes the '985 Patent.

76.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Go Daddy requests a declaration by the Court that it does not infringe any claim of the '985 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## Count II

### Declaratory Relief Regarding Invalidity

77. Based on Eolas' filing of this action and Go Daddy's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '906 Patent.

78. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Go Daddy requests a declaration by the Court that the claims of the '906 Patent are invalid.

79. Based on Eolas' filing of this action and Go Daddy's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '985 Patent.

80. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Go Daddy requests a declaration by the Court that the claims of the '985 Patent are invalid.

## Count III

### Declaratory Relief Regarding Unenforceability

81. Based on Eolas's filing of this action and Go Daddy's Third, Fourth, and Fifth Defenses, an actual controversy has arisen and now exists between the parties as to the enforceability of the claims of the '906 and '985 Patents.

82. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Go Daddy requests a declaration by the Court that the claims of the '906 and '985 Patents are unenforceable.

# PRAYER

Go Daddy respectfully requests a judgment against Eolas as follows:

A. A declaration that Go Daddy does not infringe, under any theory, any valid claim of the '906 Patent that may be enforceable;

B. A declaration that Go Daddy does not infringe, under any theory, any valid claim of the '985 Patent that may be enforceable;

C. A declaration that the asserted claims of the '906 Patent are invalid;

D. A declaration that the asserted claims of the '985 Patent are invalid;

E. A declaration that the asserted claims of the '906 Patent are unenforceable;

F. A declaration that the asserted claims of the '985 Patent are unenforceable;

G. A declaration that Eolas take nothing by its Complaint;

H. Judgment against Eolas and in favor of Go Daddy;

I. Dismissal of the Complaint with prejudice;

J. An award to Go Daddy of its costs and attorneys' fees incurred in this action; and

K. Further relief as the Court may deem just and proper.

# JURY DEMAND

Go Daddy hereby demands trial by jury on all issues.

Dated: December 17, 2009                    Respectfully submitted,

                                            By:  */s/ Neil J. McNabnay*
                                                 Thomas M. Melsheimer
                                                 txm@fr.com
                                                 Texas Bar No. 13922550
                                                 Neil J. McNabnay
                                                 njm@fr.com
                                                 Texas Bar No. 24002583
                                                 Tim K. Brown
                                                 tkb@fr.com
                                                 Texas Bar No. 24043575
                                                 **FISH & RICHARDSON P.C.**
                                                 1717 Main Street, Suite 5000
                                                 Dallas, TX 75201
                                                 (214) 747-5070 (Telephone)
                                                 (214) 747-2091 (Facsimile)

                                            Counsel for Defendant
                                            **THE GO DADDY GROUP, INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 17, 2009 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Tim K. Brown*