## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | § § § | |
| Plaintiff. | § § | Civil Action NO. 6:09-cv-446(LED) |
| vs. | § § § | JURY TRIAL |
| ADOBE SYSTEMS INC., ET AL | § § | |
| Defendants. | § | |

### DEFENDANT ARGOSY PUBLISHING, INC.'S ANSWER

Defendant Argosy Publishing, Inc. ("Argosy") hereby answers Plaintiff Eolas Technologies Incorporated's ("Eolas") Complaint for Patent Infringement ("Complaint") as follows:

### I. PARTIES

1. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies them.

2. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies them.

3. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies them.

4. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies them.

5. Argosy admits that it is a Massachusetts corporation with its principal place of business at 109 Oak Street, Newton, Massachusetts 02464. Argosy further admits that its

Registered Agent is Andrew Bowditch at 109 Oak Street, Newton, Massachusetts 02464. Argosy denies the remainder of the allegations contained in paragraph 5 of the Complaint.

6. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies them.

7. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies them.

8. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies them.

9. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies them.

10. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies them.

11. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies them.

12. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies them.

13. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies them.

14. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies them.

15. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies them.

16. Argosy is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies them.

17. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies them.

18. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies them.

19. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies them.

20. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies them.

21. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies them.

22. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies them.

23. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies them.

24. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies them.

## II. JURISDICTION AND VENUE

25. Argosy incorporates its responses contained in paragraphs 1-24 above as though fully set forth herein.

26. Argosy admits that the Complaint includes claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. Argosy further admits that this Court has subject matter jurisdiction over this action. Argosy denies the remaining

allegations contained in paragraph 26 of the Complaint.

27. To the extent that the allegations contained in paragraph 27 of the Complaint are directed against defendants other than Argosy, Argosy lacks knowledge and information sufficient to form a belief as to the truth of those allegations, and, therefore, denies them. Argosy admits that it is subject to the personal jurisdiction of this Court but otherwise denies the allegations contained in paragraph 27 of the Complaint.

28. To the extent that the allegations contained in paragraph 28 of the Complaint are directed against defendants other than Argosy, Argosy lacks knowledge and information sufficient to form a belief as to the truth of those allegations, and, therefore, denies them. Solely as to Argosy, Argosy admits that venue is proper in the Eastern District of Texas.

### III. PATENT INFRINGEMENT

29. Argosy incorporates its response contained in paragraphs 1-28 above as though fully set forth herein.

30. Argosy admits that a document purporting to be United States Patent No. 5,838,906 ("the '906 Patent") entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" and purporting to be issued on November 17, 1998 is attached to the Complaint. Argosy further admits that a document purporting to be United States Patent No. 7,599, 985 ("the '985 Patent") entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" and purporting to be issued on October 6, 2009 is also attached to the Complaint. Argosy denies the remainder of the allegations contained in paragraph 30 of the Complaint.

31. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies them.

32. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies them.

33. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies them.

34. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies them.

35. Argosy denies the allegations contained in paragraph 35 of the Complaint, including, but not limited to, the allegations that it is currently or has ever directly and/or indirectly infringed (by inducement and/or contributory infringement) the '906 Patent and/or the '985 Patent in this District or any other district within the United States.

36. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies them.

37. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies them.

38. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies them.

39. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies them.

40. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies them.

41. Argosy is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies them.

42. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies them.

43. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies them.

44. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies them.

45. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies them.

46. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies them.

47. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies them.

48. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies them.

49. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies them.

50. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies them.

51. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies them.

52. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, therefore, denies them.

53. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and, therefore, denies them.

54. Argosy is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies them.

55. To the extent that the allegations contained in paragraph 55 of the Complaint are directed towards Argosy, Argosy denies those allegations. To the extent that the allegations contained in paragraph 55 of the Complaint are directed towards Defendants other than Argosy, Argosy is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

56. To the extent that the allegations contained in paragraph 56 of the Complaint are directed towards Argosy, Argosy denies those allegations. To the extent that the allegations contained in paragraph 56 of the Complaint are directed towards Defendants other than Argosy, Argosy is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

57. To the extent that the allegations contained in paragraph 57 of the Complaint are directed towards Argosy, Argosy denies those allegations. To the extent that the allegations contained in paragraph 57 of the Complaint are directed towards Defendants other than Argosy, Argosy is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

58. To the extent that the allegations contained in paragraph 58 of the Complaint are directed towards Argosy, Argosy denies those allegations. To the extent that the allegations contained in paragraph 58 of the Complaint are directed towards Defendants other than Argosy, Argosy is without knowledge or information sufficient to form a belief as to the truth of those

allegations and, therefore, denies them.

## IV.  PRAYER FOR RELIEF

Argosy denies that Plaintiff is entitled to any of the relief requested in paragraphs A-E of the Complaint's Prayer for Relief, or to any relief whatsoever from Argosy.  Argosy further specifically denies committing, or being liable for, any act of infringement.

## V.  JURY DEMAND

No response is required to Plaintiff's jury demand.

## ARGOSY'S AFFIRMATIVE DEFENSES

Argosy's Affirmative Defenses are provided below.  Argosy reserves the right to amend its Answer to add additional Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

Argosy has not and does not directly or indirectly (by inducement or contributory infringement) infringe any of the claims of the '906 Patent and/or the '985 Patent either literally or under the Doctrine of Equivalents.

## SECOND AFFIRMATIVE DEFENSE

The claims of the '906 Patent and the '985 Patent are invalid, void, and/or unenforceable for failure to satisfy the conditions of patentability as set forth in 35 U.S.C. §§ 100, 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

Eolas is estopped from construing any valid claim of the '906 Patent or the '985 Patent to be infringed literally or by the Doctrine of Equivalents by any act of Argosy due to the disclosures of prior art or to the admissions or statements made to the U.S. Patent and Trademark Office during prosecution of the patents-in-suit or because of the disclosure or language of the

specification or claims thereof.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Eolas, or any predecessors in interest to the '906 Patent or the '985 Patent, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Argosy's actions allegedly actually infringed the '906 Patent and/or the '985 Patent, Argosy is not liable to Eolas for the acts alleged to have been performed before Argosy received notice that it was allegedly infringing the '906 Patent and/or the '985 Patent.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Eolas asserts that Argosy indirectly infringes, either by contributory infringement or inducement, Argosy is not liable to Eolas for the acts alleged to have been performed before Argosy knew that its actions would cause the indirect infringement.

DATED:  December 17, 2009 Respectfully submitted,

By:  /s/ N. Claire Abernathy
 N. Claire Abernathy
 State Bar No. 24053063
 David P. Henry
 State Bar No. 24027015
 THE HENRY FIRM, P.C.
 P.O. Box 3104
 Longview, Texas 75606
 Telephone:  (903) 230-9874
 Facsimile:   (903) 230-9875
 Email: dhenry@dhenryfirm.com

 **ATTORNEYS FOR DEFENDANT,
 ARGOSY PUBLISHING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 17th day of December, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

By: /s/ N. Claire Abernathy