## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| Eolas Technologies Incorporated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:09-cv-446 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Adobe Systems Inc., Amazon.com, Inc., Apple | ) | The Honorable Leonard Davis |
| Inc., Argosy Publishing, Inc., Blockbuster Inc., | ) | United States District Judge |
| CDW Corp., Citigroup Inc., eBay Inc., Frito- | ) | |
| Lay, Inc., The Go Daddy Group, Inc., Google | ) | |
| Inc., J.C. Penney Company, Inc., JPMorgan | ) | |
| Chase & Co., New Frontier Media, Inc., Office | ) | |
| Depot, Inc., Perot Systems Corp., Playboy | ) | |
| Enterprises International, Inc., Rent-A-Center, | ) | |
| Inc., Staples, Inc., Sun Microsystems Inc., Texas | ) | |
| Instruments Inc., Yahoo! Inc., and YouTube, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT OFFICE DEPOT, INC.'S
## ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Office Depot, Inc. ("Office Depot") answers the Original Complaint of Eolas Technologies Incorporated ("Eolas") as follows:

### I. THE PARTIES

1. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

2. The allegations of paragraph 2 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

3. The allegations of paragraph 3 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

4. The allegations of paragraph 4 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

5. The allegations of paragraph 5 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

6. The allegations of paragraph 6 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

7. The allegations of paragraph 7 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

8. The allegations of paragraph 8 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

9. The allegations of paragraph 9 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

10. The allegations of paragraph 10 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

11. The allegations of paragraph 11 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

12. The allegations of paragraph 12 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

13. The allegations of paragraph 13 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

14. The allegations of paragraph 14 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

15. The allegations of paragraph 15 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

16. Office Depot admits only that it is a Delaware corporation. Office Depot further states that its principal place of business is at 6600 North Military Trail, Boca Raton, Florida 33496. Office Depot also admits that it may be served with process by serving its registered agent, Corporate Creations Network Inc., 4265 San Felipe Street, Suite 1100, Houston, Texas 77027-2998. Office Depot denies the remaining allegations of paragraph 16.

17. The allegations of paragraph 17 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

18. The allegations of paragraph 18 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

19. The allegations of paragraph 19 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

20. The allegations of paragraph 20 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

21. The allegations of paragraph 21 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

22. The allegations of paragraph 22 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

23. The allegations of paragraph 23 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

24. The allegations of paragraph 24 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## II. JURISDICTION AND VENUE

25. Office Depot repeats and realleges its answers to paragraphs 1-24 as if fully set forth herein.

26. Office Depot admits that the complaint purports to bring an action arising under the patent laws of the United States of America, Title 35 the United States Code § 1, et seq. Office Depot further admits that this Court has jurisdiction over this action, but denies the legal sufficiency of plaintiff's claims and allegations.

27. Office Depot admits that it is subject to personal jurisdiction in this judicial district, but denies that it is committing or has committed infringement.

28. Office Depot admits that venue is proper in this judicial district.

## III. PATENT INFRINGEMENT

29. Office Depot repeats and realleges its answers to paragraphs 1-28 as if fully set forth herein.

30. Office Depot admits that on its face United States Patent No. 5,838,906 ("the '906 patent") entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document," and that United States Patent No. 7,599,985 ("the '985 patent") entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" were issued on November 7, 1998 and October 6, 2009, respectively. Office Depot denies the remainder of the allegations.

31. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

32. The allegations of paragraph 32 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

33. The allegations of paragraph 33 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

34. The allegations of paragraph 34 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

35. The allegations of paragraph 35 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

36. The allegations of paragraph 36 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

37. The allegations of paragraph 37 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

38. The allegations of paragraph 38 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

39. The allegations of paragraph 39 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

40. The allegations of paragraph 40 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

41. The allegations of paragraph 41 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

42. The allegations of paragraph 42 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

43. The allegations of paragraph 43 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

44. The allegations of paragraph 44 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

45. The allegations of paragraph 45 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

46. Office Depot denies the allegations of paragraph 46. Office Depot further denies that it committed any infringing act.

47. The allegations of paragraph 47 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

48. The allegations of paragraph 48 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

49. The allegations of paragraph 49 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

50. The allegations of paragraph 50 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

51. The allegations of paragraph 51 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

52. The allegations of paragraph 52 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

53. The allegations of paragraph 53 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

54. The allegations of paragraph 54 are not directed to Office Depot, and therefore no answer is required. Office Depot is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

55. To the extent the allegations of paragraph 55 are directed to Office Depot, they are denied. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies them. Office Depot further denies that it committed any infringing act.

56. To the extent the allegations of paragraph 56 are directed to Office Depot, they are denied. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies them. Office Depot further denies that it committed any infringing act.

57. To the extent the allegations of paragraph 57 are directed to Office Depot, they are denied. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies them. Office Depot further denies that it committed any infringing act.

58. To the extent the allegations of paragraph 58 are directed to Office Depot, they are denied. Office Depot is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies them. Office Depot further denies that it committed any infringing act.

## IV. **PRAYER FOR RELIEF**

These paragraphs set forth the statement of relief requested by Eolas to which no response is required. To the extent an answer is required, Office Depot denies that Eolas is entitled to any of the requested relief and denies any such allegations.

## V. **JURY DEMAND**

This paragraph sets forth Eolas's request for a jury trial to which no response is required. Office Depot also requests a trial by jury on all issues so triable.

## VI. **AFFIRMATIVE DEFENSES**

59. Office Depot has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '906 patent or the '985 patent and is not liable for any acts of infringement of any such claim of the '906 patent or the '985 patent.

60. The claims of the '906 patent and the '985 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

61. Upon information and belief, the complaint, and each purported claim alleged therein, fail to state facts upon which relief can be granted against Office Depot.

62. Should Office Depot be found to infringe the '906 or '985 patents, such infringement was not willful.

63. Upon information and belief, by reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the '906 and the '985 patents, as shown by the file histories, and by reason of the amendment, cancellation or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee(s), Eolas is estopped from claiming a construction of the '906 patent and the '985 patent that would cause any valid, enforceable claim thereof to cover or include any method or product manufactured, used, sold, or offered for sale by Office Depot.

64. Eolas' alleged claims regarding the '906 patent are barred by the doctrines of waiver, laches and/or estoppel.

## COUNTERCLAIMS

Counterclaim-Plaintiff Office Depot, Inc. ("Office Depot"), for its Counterclaims against Counterclaim-Defendant Eolas Technologies Incorporated ("Eolas") and upon information and belief, states as follows:

### I. THE PARTIES

65. Office Depot is a Delaware corporation with a principal place of business at 6600 North Military Trail, Boca Raton, Florida 33496.

66. According to paragraph 1 of its Original Complaint, "Eolas is a corporation organized and existing under the laws of Texas, with its principal place of business at 313 East Charnwood Street, Tyler, Texas 75701."

### II. JURISDICTION AND VENUE

67. This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and venue for these Counterclaims is proper in this district under at least 28 U.S.C. § 1391.

68. This Court has personal jurisdiction over Eolas because Eolas has submitted itself to the personal jurisdiction of this Court by commencing this action.

## III. COUNT ONE

### Declaratory Judgment of Non-Infringement of the '906 Patent

69. An actual case or controversy exists between Office Depot and Eolas as to whether United States Patent No. 5,838,906 ("the '906 patent") is not infringed by Office Depot.

70. A judicial declaration is necessary and appropriate so Office Depot may ascertain its rights regarding the '906 patent.

71. Office Depot has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '906 patent and is not liable for any acts of infringement of any such claim of the '906 patent.

## IV. COUNT TWO

### Declaratory Judgment of Invalidity of the '906 Patent

72. Office Depot restates and incorporates by reference its allegations in the previous paragraphs in these Counterclaims.

73. An actual case or controversy exists between Office Depot and Eolas as to whether the claims of the '906 patent are invalid.

74. A judicial declaration is necessary and appropriate so Office Depot may ascertain its rights as to whether the claims of the '906 patent are invalid.

75. The claims of the '906 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## V. COUNT THREE

### Declaratory Judgment of Non-Infringement of the '985 Patent

76. An actual case or controversy exists between Office Depot and Eolas as to whether United States Patent No. 7,599,985 ("the '985 patent") is not infringed by Office Depot.

77. A judicial declaration is necessary and appropriate so Office Depot may ascertain its rights regarding the '985 patent.

78. Office Depot has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '985 patent and is not liable for any acts of infringement of any such claim of the '985 patent.

## VI. COUNT FOUR

### Declaratory Judgment of Invalidity of the '985 Patent

79. Office Depot restates and incorporates by reference its allegations in the previous paragraphs in these Counterclaims.

80. An actual case or controversy exists between Office Depot and Eolas as to whether the claims of the '985 patent are invalid.

81. A judicial declaration is necessary and appropriate so Office Depot may ascertain its rights as to whether the claims of the '985 patent are invalid.

82. The claims of the '985 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## VII. PRAYER FOR RELIEF

WHEREFORE, Office Depot prays for judgment as follows:

a. A judgment dismissing with prejudice Eolas's Original Complaint against Office Depot and ordering that Eolas take nothing by its complaint;

b. A judgment in favor of Office Depot on all of its Counterclaims;

c. A declaration that Office Depot has not infringed directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents, any valid and enforceable claim of the '906 patent and the '985 patent and is not liable for any acts of infringement of any such claim of the '906 patent and the '985 patent;

d. A declaration that the claims of the '906 patent and the '985 patent are invalid;

e. An award of costs to Office Depot pursuant to 35 U.S.C. § 284;

f. A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award to Office Depot of its reasonable attorney fees; and

g. Such other and further relief as this Court deems just and proper.

## VIII. **DEMAND FOR JURY TRIAL**

Office Depot respectfully demands a trial by jury on all claims and issues so triable.

Dated: December 17, 2009

Respectfully submitted,

By: /s/ David M. Stein
David M. Stein (Texas Bar No. 00797494)
McDermott Will & Emery LLP
18191 Von Karman Avenue, Suite 500
Irvine, California 92612-7108
Telephone: (949) 851-0633
Fax: (949) 851-9348
E-mail: dstein@mwe.com

J. Thad Heartfield (Texas Bar No. 09346800)
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Fax: (409) 866-5789
E-mail: thad@jth-law.com

Kenneth J. Jurek
Suzanne M. Wallman
Brett E. Bachtell
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606
Telephone: (312) 372-2000
Fax: (312) 984-7700
E-mail: kjurek@mwe.com
E-mail: swallman@mwe.com
E-mail: bbachtell@mwe.com

Dan Duncan Davison
Miriam L. Quinn
Fulbright & Jaworski LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
Telephone: (214) 855-8000
Fax: (214) 855-8500
E-mail: ddavison@fulbright.com

E-mail mquinn@fulbright.com

Attorneys for Defendant Office Depot, Inc.

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 17, 2009.  Any other counsel of records will be served by U.S. mail on the same date.

                                                /s/ David M. Stein
                                                    David M. Stein

CHI99 5192946-1.052772.0127