# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | § § § | Civil Action No. 6:09-cv-446-LED |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| ADOBE SYSTEMS INC. ET AL. | § § § | |
| Defendants. | § | |

## DEFENDANT NEW FRONTIER MEDIA, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, New Frontier Media, Inc. ("New Frontier Media") through its undersigned counsel, answers Plaintiff Eolas Technologies Incorporated's ("Eolas" or "Plaintiff") Complaint for Patent Infringement ("Complaint") as follows:

### I. PARTIES

1. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies same.

2. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies same.

3. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies same.

4. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies same.

5. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies same.

6423752

6. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies same.

7. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies same.

8. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies same.

9. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies same.

10. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies same.

11. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies same.

12. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies same.

13. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies same.

14. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies same.

15. New Frontier Media admits it is a corporation organized and existing under the laws of the State of Colorado, with its principle place of business at 7007 Winchester Circle, Suite 200, Boulder, Colorado 80301-3505. New Frontier Media admits it may be served with process by serving its registered agent, Marc Callipari, 7007 Winchester Circle, Suite 200, Boulder, Colorado. New Frontier Media denies the remaining allegations of paragraph 15.

16. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies same.

17. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies same.

18. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies same.

19. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies same.

20. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies same.

21. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies same.

22. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies same.

23. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies same.

24. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies same.

## II. JURISDICTION AND VENUE

25. New Frontier Media incorporates by reference its answers to the allegations of paragraph 1-24 above as though fully set forth here.

26. New Frontier Media admits that Plaintiff alleges to have brought an action that arises under the patent laws of the United States. New Frontier Media does not contest that this

Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). New Frontier Media denies the remaining allegations of paragraph 26, and specifically denies committing or being liable for any patent infringement.

27. New Frontier Media does not contest personal jurisdiction of this Court only in respect to this action. New Frontier Media denies the remaining allegations of paragraph 27.

28. New Frontier Media denies the allegations of paragraph 28.

### III. ALLEGED PATENT INFRINGEMENT

29. New Frontier Media incorporates by reference its answers to the allegations of paragraph 1-28 above as though fully set forth here.

30. New Frontier Media admits that based on the face of United States Patent Nos. 5,838,906 (the '906 patent) and 7.599,985 (the '985 patent), the title and date of issuance appear to be as alleged in Paragraph 30 of the Complaint. New Frontier Media denies that the patents were duly and legally issued. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies same.

31. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies same.

32. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies same.

33. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies same.

34. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies same.

35. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies same.

36. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies same.

37. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies same.

38. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies same.

39. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies same.

40. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies same.

41. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies same.

42. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies same.

43. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies same.

44. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies same.

45. New Frontier Media denies the allegations in paragraph 45.

46. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies same.

47. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies same.

48. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies same.

49. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies same.

50. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies same.

51. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies same.

52. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies same.

53. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies same.

54. New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies same.

55. New Frontier Media denies the allegations in paragraph 55 as to New Frontier Media. As to the remaining Defendants, New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies same.

56. New Frontier Media denies the allegations in paragraph 56 as to New Frontier Media. As to the remaining Defendants, New Frontier Media is without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies same.

57. New Frontier Media denies the allegations in paragraph 57 as to New Frontier Media. For the remaining Defendants, New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies same.

58. New Frontier Media denies the allegations in paragraph 58 as to New Frontier Media. For the remaining Defendants, New Frontier Media is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies same.

## IV. PLAINTIFF'S PRAYER FOR RELIEF

New Frontier Media denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## V. PLAINTIFF'S JURY DEMAND

No response is required to Plaintiff's jury demand.

## NEW FRONTIER MEDIA'S AFFIRMATIVE DEFENSES

New Frontier Media pleads the following as affirmative defenses to Plaintiff's Complaint:

### First Defense
### (Failure to State a Claim)

59. Plaintiff fails to state a claim against New Frontier Media upon which relief can be granted.

## Second Defense
## (Non-infringement of the '906 and '985 Patents)

60. New Frontier Media has not infringed, willfully infringed, contributed to the infringement, or induced infringement, and does not directly, contributorily, or by inducement infringe (either literally or under the doctrine of equivalents) any claim of the '906 and '985 patents.

## Third Defense
## (Invalidity of the '906 and '985 Patents)

61. One or more claims of the '906 and '985 patents are invalid for failing to satisfy one or more of the requirements of patentability specified in 35 U.S.C. § 1, et seq., including but not limited to, 35 U.S.C. §§ 102, 103, and 112.

## Fourth Defense
## (Limitations on Damages)

62. Plaintiff's claims for damages for any alleged infringement of the '906 and '985 patents are limited pursuant to 35 U.S.C. §§ 252, 286, 287, 307 and/or 316.

## Fifth Defense
## (License, Waiver, Laches, Estoppel, Patent Exhaustion)

63. Plaintiff's claims against New Frontier Media for alleged infringement of the '906 and '985 patents are barred, in whole or in part, under the doctrines of implied license, waiver, laches, estoppel and patent exhaustion.

## Sixth Defense
## (Unclean Hands)

64. Plaintiff's claims against New Frontier Media for alleged infringement of the '906 and '985 patents are barred, in whole or in part, under the doctrine of unclean hands.

### Seventh Defense
### (Failure to Mitigate Damages)

65. Plaintiff's claims against New Frontier Media for alleged infringement of the '906 and '985 patents are barred, in whole or in part, due to Plaintiff's failure to reasonably mitigate damages, if any.

### RESERVATION OF RIGHTS

66. New Frontier Media continues to investigate this matter and reserves the right to amend its Answer, add counterclaims and any additional defenses not presented herein, including, but not limited to those defenses revealed during discovery.

### NEW FRONTIER MEDIA'S PRAYER FOR RELIEF

WHEREFORE, New Frontier Media respectfully prays for the following relief:

a. That the Complaint against New Frontier Media be denied and dismissed with prejudice;

b. That this Court declare and decree that New Frontier Media has not infringed, has not willfully infringed, contributed to the infringement of, induced infringement of, and does not infringe any of the claims of the '906 patent by any activity of New Frontier Media, its agents, employees, customers, or distributors;

c. That this Court declare and decree that New Frontier Media has not infringed, has not willfully infringed, contributed to the infringement of, induced infringement of, and does not infringe any of the claims of the '985 patent by any activity of New Frontier Media, its agents, employees, customers, or distributors;

d. That this Court declare and decree that the '906 patent is invalid.

e. That this Court declare and decree that the '985 patent is invalid.

f. That this Court find that this is an exceptional case under the provisions of 35 U.S.C. § 285 in favor of New Frontier Media, and award New Frontier Media its costs and reasonable attorney's fees incurred as a result of this action; and

g. That New Frontier Media be granted such further relief as the Court deems just and proper.

Dated: December 17, 2009              Respectfully submitted:

                                                  /s/ Dwayne L. Mason

Dwayne L. Mason
Texas State Bar #00787977
Email: dmason@akingump.com
Tara M. Williams
Texas State Bar #24043999
Email: twilliams@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Tel: (713) 220-5800
Fax: (713) 236-0822

**ATTORNEYS FOR DEFENDANT
NEW FRONTIER MEDIA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 17, 2009.

                                                  /s/ Tara M. Williams