# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| Eolas Technologies Incorporated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 6:09-cv-446 |
| | ) | Judge Leonard E. Davis |
| Adobe Systems Inc., Amazon.com, Inc., | ) | |
| Apple Inc., Argosy Publishing, Inc., | ) | |
| Blockbuster Inc., CDW Corp., Citigroup | ) | |
| Inc., eBay Inc., Frito-Lay, Inc., The Go | ) | **JURY TRIAL DEMANDED** |
| Daddy Group, Inc., Google Inc., J.C. Penney | ) | |
| Company, Inc., JPMorgan Chase & Co., | ) | |
| New Frontier Media, Inc., Office Depot, | ) | |
| Inc., Perot Systems Corp., Playboy | ) | |
| Enterprises International, Inc., Rent-A- | ) | |
| Center, Inc., Staples, Inc., Sun Microsystems | ) | |
| Inc., Texas Instruments Inc., Yahoo! Inc. | ) | |
| and YouTube, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT CDW CORPORATION'S ANSWER, DEFENSES AND COUNTERCLAIMS

Defendant CDW Corporation ("CDW"), by its attorneys, Marshall, Gerstein & Borun LLP and Findlay Craft LLP, hereby submits its Answer, Defenses and Counterclaims to the Complaint and Demand for Jury Trial of Plaintiff Eolas Technologies Incorporated ("Eolas").

## I. PARTIES

1.  Plaintiff Eolas is a corporation organized and existing under the laws of Texas, with its principal place of business at 313 East Charnwood Street, Tyler, Texas 75701. Eolas conducts leading-edge research and development to create innovative technologies in the areas of interactive embedded and distributed applications, systems, data analysis, visualization, collaboration and networking. During the past 15 years, Eolas' innovations have enabled corporations around the world to enhance their products and improve their customers' website experiences by enabling browsers, in conjunction with servers, to act

as platforms for fully interactive embedded applications. This advanced technology provides rich interactive online experiences for Web users worldwide.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

2. Upon information and belief, Adobe is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 345 Park Avenue, San Jose, California 95110-2704. Adobe may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

3. Upon information and belief, Amazon is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734. Amazon may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 6500 Harbour Heights Parkway, Mukilteo, Washington 98275.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

4. Upon information and belief, Apple is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014-2083. Apple may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

5. Upon information and belief, Argosy is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 109 Oak Street, Newton, Massachusetts 02464. Argosy may be served with process by serving its Registered Agent, Andrew Bowditch at 109 Oak Street, Newton, Massachusetts 02464.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

6.      Upon information and belief, Blockbuster is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1201 Elm Street, Suite 2100, Dallas, Texas 75270-2102. Blockbuster may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

7.      Upon information and belief, CDW is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 200 North Milwaukee Avenue, Vernon Hills, Illinois 60061. CDW may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503.

**ANSWER:** CDW is an Illinois corporation having a principal place of business at 200 N. Milwaukee Avenue, Vernon Hills, IL 60061. CDW admits that Corporation Service Company is its registered agent for service.

8.      Upon information and belief, Citigroup is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 399 Park Avenue, New York, New York 10043. Citigroup may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

9.      Upon information and belief, eBay is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125-5905. eBay may be served with process by serving its registered agent, National Registered Agents, Inc., 16055 Space Center Boulevard, Suite 235, Houston, Texas 77062-6212.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

10. Upon information and belief, Frito-Lay is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7701 Legacy Drive, Plano, Texas 75024-4002. On information and belief, Frito-Lay is a subsidiary of PepsiCo Inc. with its principal place of business at 700 Anderson Hill Road, Purchase, New York 10577-1401. Frito-Lay may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

11. Upon information and belief, Go Daddy is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Arizona, with its principal place of business at 14455 North Hayden Road, Suite 226, Scottsdale, Arizona 85260. Go Daddy may be served with process by serving its registered agent, Barb Rechterman, 14455 North Hayden Road, Suite 219, Scottsdale, Arizona 85260-6993.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

12. Upon information and belief, Google is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

13. Upon information and belief, J.C. Penney is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024-3612. J.C. Penney may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

14.     Upon information and belief, JPMorgan Chase is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 270 Park Avenue, New York, New York 10017. JPMorgan Chase may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

15.     Upon information and belief, New Frontier Media is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 7007 Winchester Circle, Suite 200, Boulder, Colorado 80301-3505. New Frontier Media may be served with process by serving its registered agent, Marc Callipari, 7007 Winchester Circle, Suite 200, Boulder, Colorado 80301-3517.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

16.     Upon information and belief, Office Depot is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2200 Old Germantown Road, Delray Beach, Florida 33445-8223. Office Depot may be served with process by serving its registered agent, Corporate Creations Network Inc., 4265 San Felipe Street, Suite 1100, Houston, Texas 77027-2998.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

17.     Upon information and belief, Perot Systems is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2300 West Plano Parkway, Plano, Texas 75075-8499. Perot Systems may be served with process by serving its registered agent, CT Corporation System, 350 N. Saint Paul Street, Dallas, Texas 75201-4240.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

18.     Upon information and belief, Playboy is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 680 North Lake Shore Drive, Chicago, Illinois 60611. Playboy may be served with process by serving its registered agent, CT Corporation System, 111 8th Avenue, New York, New York 10011-5201.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

19.     Upon information and belief, Rent-A-Center is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5501 Headquarters Drive, Plano, Texas 75024. Rent-A-Center may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

20.     Upon information and belief, Staples is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702. Staples may be served with process by serving its registered agent, CT Corporation System, 155 Federal Street, Suite 700, Boston Massachusetts 02110-1727.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

21.     Upon information and belief, Sun Microsystems is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4150 Network Circle, Santa Clara, California 95054. Sun Microsystems may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

22. Upon information and belief, Texas Instruments is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 12500 TI Boulevard, Dallas, Texas 75243-4136. Texas Instruments may be served with process by serving its registered agent, Joseph F. Hubach, 7839 Churchill Way, MS 3999, Dallas, Texas 75251-1901.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

23. Upon information and belief, Yahoo is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 701 1st Avenue, Sunnyvale, California 94089. Yahoo may be served with process by serving its registered agent, CT Corporation System, 818 W. 7th Street, Los Angeles, California 90017-3407.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

24. Upon information and belief, YouTube, LLC is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351. YouTube, LLC may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 2730 Gateway Oaks Drive Suite 100, Sacramento, CA 95833.

**ANSWER:** No answer from CDW is required. CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

## II.    JURISDICTION AND VENUE

25. Plaintiff repeats and re-alleges the allegations in Paragraphs 1–24 as though fully set forth in their entirety.

**ANSWER:** CDW repeats and re-states its answers to Paragraphs 1-24 as though set forth in their entirety.

26.     This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**     CDW admits that Plaintiff's Complaint purports to state causes of action under the United States patent laws and that, therefore, the Court has subject matter jurisdiction over Plaintiff's claims.  CDW otherwise denies the allegations of this paragraph, and specifically denies any infringement of any valid and enforceable claim of the patents identified in Paragraph 30.

27.     Personal jurisdiction exists generally over each of the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas.  Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

**ANSWER:**     To the extent this allegation applies to CDW, CDW admits that it has transacted business within this District, but otherwise denies the allegations of this paragraph and, in particular, denies that it has committed acts of infringement.  To the extent this allegation applies to other Defendants, no answer from CDW is required, and CDW is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies the same.

28.     Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

**ANSWER:**     CDW denies the allegations of this paragraph.

### III.     PATENT INFRINGEMENT

29.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1–28 as though fully set forth in their entirety.

**ANSWER:**     CDW repeats and re-states its Answers to Paragraphs 1-28 as though fully set forth in their entirety.

30.     United States Patent No. 5,838,906 ("the '906 Patent") entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document," and United States

Patent No. 7,599,985 ("the '985 Patent") entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" were duly and legally issued by the United States Patent and Trademark Office on November 17, 1998 ('906 Patent) and October 6, 2009 ('985 Patent) after full and fair examination. The United States Patent and Trademark Office, after initially issuing the '906 Patent, has affirmed its validity on two separate occasions, most recently in February 2009. The '906 Patent and the '985 Patent may be collectively referred to hereafter as "the patents".

**ANSWER:** CDW admits that United States Patent No. 5,838,906 is entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document," and that United States Patent No. 7,599,985 is entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" and that they were originally issued by the United States Patent and Trademark Office on November 17, 1998 and October 6, 2009, respectively. CDW denies all remaining allegations of this paragraph, and specifically that the patents-in-suit are valid an enforceable.

31.     Eolas has an exclusive license to the patents that includes, without limitation, the following: (a) all exclusionary rights under the patents, including, but not limited to, (i) the exclusive right to exclude others from making, using, offering for sale, or selling products embodying the patented inventions throughout the United States or importing such products into the United States, and (ii) the exclusive right to exclude others from using and otherwise practicing methods embodying the patented inventions throughout the United States; and (b) the exclusive right to sue and seek damages for infringement of any of the exclusionary rights identified above.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

32.     On information and belief, Adobe has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.adobe.com and tv.adobe.com and maintained on servers located in and/or accessible from the United States under the control of Adobe; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Flash and Shockwave; and/or

(iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

      **ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

33.     On information and belief, Amazon has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

      **ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

34.     On information and belief, Apple has directly or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.apple.com and maintained on servers located in and/or accessible from the United States under the control of Apple; (ii) software, including, without limitation, browser software and software that allows content to be interactively presented in and/or served to browsers, including, without limitation, QuickTime, Safari for Windows, and Safari for the Mac; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing; and/or (iv) Apple desktop and laptop computers.

      **ANSWER:**   CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

35.     On information and belief, Argosy has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise

within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.argosymedical.com and www.visiblebody.com and maintained on servers located in and/or accessible from the United States under the control of Argosy; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

36. On information and belief, Blockbuster has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.blockbuster.com and maintained on servers located in and/or accessible from the United States under the control of Blockbuster; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

37. On information and belief, CDW has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.cdw.com and maintained on servers located in and/or accessible from the United States under the control of CDW; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW denies the allegations of this paragraph.

38.     On information and belief, Citigroup has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.citigroup.com and maintained on servers located in and/or accessible from the United States under the control of Citigroup; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

39.     On information and belief, eBay has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.ebay.com and maintained on servers located in and/or accessible from the United States under the control of eBay; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:**     CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

40.     On information and belief, Frito-Lay has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.frito-lay.com and maintained on servers located in and/or accessible from the United States under the control of Frito-Lay; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

41. On information and belief, Go Daddy has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via and maintained on servers located in and/or accessible from the United States under the control of Go Daddy; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

42. On information and belief, Google has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.google.com and maintained on servers located in and/or accessible from the United States under the control of Google; (ii) software, including, without limitation, browser software and software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Chrome for Windows and Chrome for the Mac; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

43. On information and belief, J.C. Penney has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jcpennybrands.com and maintained on servers located in and/or

accessible from the United States under the control of J.C. Penney; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:**    CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

44.    On information and belief, JPMorgan Chase has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jpmorgan.com and maintained on servers located in and/or accessible from the United States under the control of JPMorgan Chase; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:**    CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

45.    On information and belief, New Frontier Media has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.mainlinereleasing.com and maintained on servers located in and/or accessible from the United States under the control of New Frontier Media; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:**    CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

46.    On information and belief, Office Depot has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly

and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.officedepot.com and maintained on servers located in and/or accessible from the United States under the control of Office Depot; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

47. On information and belief, Perot Systems has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.perotsystems.com and maintained on servers located in and/or accessible from the United States under the control of Perot Systems; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

48. On information and belief, Playboy has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.playboy.com and maintained on servers located in and/or accessible from the United States under the control of Playboy; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

49. On information and belief, Rent-A-Center has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.rentacenter.com and maintained on servers located in and/or accessible from the United States under the control of Rent-a-Center; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

50. On information and belief, Staples has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.staples.com and maintained on servers located in and/or accessible from the United States under the control of Staples; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

51. On information and belief, Sun Microsystems has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.sun.com and maintained on servers located in and/or accessible from the United States under the control of Sun Microsystems; (ii) software,

including, without limitation, software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Java and JavaFX; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

52. On information and belief, Texas Instruments has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.ti.com and maintained on servers located in and/or accessible from the United States under the control of Texas Instruments; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

53. On information and belief, Yahoo has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.yahoo.com and maintained on servers located in and/or accessible from the United States under the control of Yahoo; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

54. On information and belief, YouTube has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise

within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.youtube.com and maintained on servers located in and/or accessible from the United States under the control of YouTube; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER:** CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

55. On information and belief, the Defendants have knowledge of the '906 Patent and have not ceased their infringing activities. The Defendants' infringement of the '906 Patent has been and continues to be willful and deliberate.

**ANSWER:** To the extent this allegation applies to CDW, CDW denies the allegations of this paragraph. To the extent this allegation applies to other Defendants, CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

56. As a direct and proximate consequence of the acts and practices of the Defendants in infringing and/or inducing the infringement of one or more claims of the '906 Patent and one or more claims of the '985 Patent, Eolas has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to its business and property rights.

**ANSWER:** To the extent this allegation applies to CDW, CDW denies the allegations of this paragraph. To the extent this allegation applies to other Defendants, CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

57. As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '906 Patent and one or more claims of the '985 Patent, Eolas has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

**ANSWER:** To the extent this allegation applies to CDW, CDW denies the allegations of this paragraph. To the extent this allegation applies to other Defendants,

CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

58.     In addition, the infringing acts and practices of the Defendants has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Eolas for which there is no adequate remedy at law, and for which Eolas is entitled to injunctive relief under 35 U.S.C. § 283.

**ANSWER:**     To the extent this allegation applies to CDW, CDW denies the allegations of this paragraph.  To the extent this allegation applies to other Defendants, CDW is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

## IV.    PRAYER FOR RELIEF

**ANSWER:**     CDW denies the allegations of Plaintiff's Prayer for Relief and Demand for Jury Trial, and denies that Plaintiff is entitled to any of the requested relief.

FURTHER ANSWERING, CDW states that it is not infringing, and has not infringed, directly or indirectly, any valid claim of the '906 or '985 patents.

## OTHER DEFENSES

CDW reserves the right to amend its Answer to add additional affirmative defenses, including instances of inequitable conduct, consistent with the facts discovered in this case.

1.     CDW has not infringed, and is not infringing, directly or indirectly, any valid and enforceable claim of the '906 or '985 patents.

2.     On information and belief, and after a reasonable opportunity for further investigation and discovery, the claims of the '906 and '985 patents are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103 and 112.

3. On information and belief, some or all of the relief sought by Plaintiff is barred by its failure, and the failure of its respective licensees, to meet the requirements of 35 U.S.C. § 287.

4. On information and belief, some or all of the relief sought by Plaintiff is barred by the doctrine of prosecution history, judicial estoppel and/or laches.

5. Some or all of the relief sought by Plaintiff is barred by the limitations of 35 U.S.C. § 286.

6. The relief sought by Plaintiff is barred in whole or in part by the terms of 35 U.S.C. Sections 305 and 307.

7. Plaintiff is not entitled to equitable relief at least because it has not and will not suffer irreparable harm, it does not practice the patent, because it is not without an adequate remedy at law and/or the relief is barred by the doctrine of unclean hands.

8. Plaintiff's claims are precluded to the extent that an express or implied license bars recovery against CDW, where, for example, any accused systems are supplied, directly or indirectly, to CDW or to another entity, having an express or implied license or covenant not to sue.

9. Plaintiff's claims for damages are barred in whole or in part due to its failure to mitigate any alleged damages.

## COUNTERCLAIM

1. For its counterclaim against Counter-Defendant Eolas Technologies Incorporated ("Eolas"), Counter-Plaintiff CDW Corporation ("CDW") states as follows:

2. This is an action for a declaratory judgment arising under the United States patent laws, 35 U.S.C. §§ 1-376, and the declaratory judgment statute, 28 U.S.C. § 2201.

3.     CDW is an Illinois corporation with a principal place of business at 200 N. Milwaukee Avenue, Vernon Hills, IL 60061.

4.     Counter-Defendant Eolas alleges in this action to be a Texas Limited Liability Company with its principal place of business at 313 East Charnwood Street, Tyler, Texas 75701.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

6.     This Court has personal jurisdiction over Eolas, and venue is proper in this district under 28 U.S.C. § 1391, if for no other reason than Eolas has consented and submitted thereto by filing the underlying action.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**REGARDING U.S. PATENT NO. 5,838,906**

7.     CDW repeats and realleges Paragraphs 1-6 of this counterclaim, inclusive, as though fully set forth herein and incorporates them by reference.

8.     Eolas alleges in this action that CDW infringes one or more claims of the '906 patent.

9.     CDW denies infringement of any claim of the '906 patent.

10.     There is, therefore, an actual case and controversy between the parties with respect to infringement of the '906 patent.

11.     CDW does not infringe any of the claims of the '906 patent.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT INVALIDITY
## REGARDING U.S. PATENT NO. 5,838,906

12.     CDW repeats and realleges Paragraphs 1-6 of this counterclaim, inclusive, as though fully set forth herein and incorporates them by reference.

13.     Eolas alleges in this action that CDW infringes one or more claims of the '906 patent.

14.     CDW denies infringement and further contends that each of the asserted claims of the '906 patent is invalid pursuant to Title 35 of the United States Code.

15.     There is, therefore, an actual case and controversy between the parties with respect to the validity of the claims of the '906 patent.

16.     Each of the claims of the '906 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103 and 112.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## REGARDING U.S. PATENT NO. 7,599,985

17.     CDW repeats and realleges Paragraphs 1-6 of this counterclaim, inclusive, as though fully set forth herein and incorporates them by reference.

18.     Eolas alleges in this action that CDW infringes one or more claims of the '985 patent.

19.     CDW denies infringement of any claim of the '985 patent.

20.     There is, therefore, an actual case and controversy between the parties with respect to infringement of the '985 patent.

21.     CDW does not infringe any of the claims of the '985 patent.

## COUNT IV
## DECLARATORY JUDGMENT OF PATENT INVALIDITY
## REGARDING U.S. PATENT NO. 7,599,985

22.    CDW repeats and realleges Paragraphs 1-6 of this counterclaim, inclusive, as though fully set forth herein and incorporates them by reference.

23.    Eolas alleges in this action that CDW infringes one or more claims of the '985 patent.

24.    CDW denies infringement and further contends that each of the asserted claims of the '985 patent is invalid pursuant to Title 35 of the United States Code.

25.    There is, therefore, an actual case and controversy between the parties with respect to the validity of the claims of the '985 patent.

26.    Each of the claims of the '985 patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103 and 112.

WHEREFORE, CDW respectfully prays that this honorable Court enter judgment in this cause as follows:

A.    Dismissing Plaintiff's Complaint in its entirety with prejudice and denying Plaintiff all relief;

B.    Declaring that each of the claims of the '906 and '985 patents is invalid;

C.    Declaring that CDW does not infringe any valid claim of the '906 or '985 patents;

D.    Awarding CDW its costs reasonably incurred in defending against this action;

E.    If the facts of this case warrant, declaring this case to be exceptional pursuant to Section 285 of Title 35 of the United States Code and awarding CDW its attorneys' fees reasonably incurred in defending against this action; and

F.    Awarding CDW such further relief as this honorable Court deems just and reasonable under the circumstances.

## JURY DEMAND

CDW hereby requests trial by jury of all issues properly so triable.


Dated:  December 17, 2009                    Respectfully submitted,

                                             /s/ Eric H. Findlay
                                             Eric H. Findlay
                                             efindlay@findlaycraft.com
                                             Brian Craft
                                             bcraft@findlaycraft.com
                                             Findlay Craft, LLP
                                             6760 Old Jacksonville Highway, Suite 101
                                             Tyler, TX  75703
                                             903-534-1100

                                             Thomas L. Duston
                                             tduston@marshallip.com
                                             Anthony S. Gabrielson
                                             agabrielson@marshallip.com
                                             Marshall, Gerstein & Borun LLP
                                             6300 Sears Tower
                                             233 South Wacker Drive
                                             Chicago, IL 60606-6357
                                             (312) 474-6300

                                             *Attorneys for Defendant CDW Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2009, I electronically filed the foregoing filing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ Eric H. Findlay
Eric H. Findlay