**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| Eolas Technologies Incorporated,<br><br>       **Plaintiff,**<br><br>   **v.**<br><br>Adobe Systems Inc., Amazon.com, Inc., Apple Inc., Argosy Publishing, Inc., Blockbuster Inc., CDW Corp., Citigroup Inc., eBay Inc., Frito-Lay, Inc., The Go Daddy Group, Inc., Google, Inc., J.C. Penney Company, Inc., JPMorgan Chase & Co., New Frontier Media, Inc., Office Depot, Inc., Perot Systems Corp., Playboy Enterprises International, Inc., Rent-A-Center, Inc., Staples, Inc., Sun Microsystems Inc., Texas Instruments Inc., Yahoo! Inc., and YouTube, LLC,<br><br>      **Defendants.** | Civil Action No. 6:09-cv-446<br><br><br>**JURY TRIAL** |

<u>**DEFENDANT SUN MICROSYSTEMS, INC.'S ANSWER AND**</u>
<u>**COUNTERCLAIMS TO EOLAS TECHNOLOGIES INCORPORATED'S**</u>
<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

Defendant Sun Microsystems, Inc. ("Sun") hereby submits its Answer and Counterclaims to Plaintiff Eolas Technologies Incorporated's ("Eolas") Complaint for Patent Infringement ("Complaint") as follows:

## I. PARTIES

<u>**COMPLAINT PARAGRAPH 1:**</u>

Plaintiff Eolas is a corporation organized and existing under the laws of Texas, with its principal place of business at 313 East Charnwood Street, Tyler, Texas 75701. Eolas conducts leading-edge research and development to create innovative technologies in the areas of

interactive embedded and distributed applications, systems, data analysis, visualization, collaboration and networking. During the past 15 years, Eolas' innovations have enabled corporations around the world to enhance their products and improve their customers' website experiences by enabling browsers, in conjunction with servers, to act as platforms for fully interactive embedded applications. This advanced technology provides rich interactive online experiences for Web users worldwide.

**ANSWER TO COMPLAINT PARAGRAPH 1:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 2:**

Upon information and belief, Adobe is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 345 Park Avenue, San Jose, California 95110-2704. Adobe may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

**ANSWER TO COMPLAINT PARAGRAPH 2:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 3:**

Upon information and belief, Amazon is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734. Amazon may be served with process by serving its registered agent, Corporation Service

Company d/b/a CSC, 6500 Harbour Heights Parkway, Mukilteo, Washington 98275.

**ANSWER TO COMPLAINT PARAGRAPH 3:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 4:**

Upon information and belief, Apple is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014-2083. Apple may be served with process by serving its registered agent, CT Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

**ANSWER TO COMPLAINT PARAGRAPH 4:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 5:**

Upon information and belief, Argosy is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 109 Oak Street, Newton, Massachusetts 02464. Argosy may be served with process by serving its Registered Agent, Andrew Bowditch at 109 Oak Street, Newton, Massachusetts 02464.

**ANSWER TO COMPLAINT PARAGRAPH 5:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 6:**

Upon information and belief, Blockbuster is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1201 Elm Street, Suite 2100, Dallas, Texas 75270-2102. Blockbuster may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

**ANSWER TO COMPLAINT PARAGRAPH 6:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 7:**

Upon information and belief, CDW is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 200 North Milwaukee Avenue, Vernon Hills, Illinois 60061. CDW may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503.

**ANSWER TO COMPLAINT PARAGRAPH 7:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 8:**

Upon information and belief, Citigroup is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 399 Park Avenue, New York, New York 10043. Citigroup may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul

Street, Dallas, Texas 75201-4240.

**ANSWER TO COMPLAINT PARAGRAPH 8:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 9:**

Upon information and belief, eBay is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125-5905. eBay may be served with process by serving its registered agent, National Registered Agents, Inc., 16055 Space Center Boulevard, Suite 235, Houston, Texas 77062-6212.

**ANSWER TO COMPLAINT PARAGRAPH 9:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 10:**

Upon information and belief, Frito-Lay is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7701 Legacy Drive, Plano, Texas 75024-4002. On information and belief, Frito-Lay is a subsidiary of PepsiCo Inc. with its principal place of business at 700 Anderson Hill Road, Purchase, New York 10577-1401. Frito-Lay may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

**ANSWER TO COMPLAINT PARAGRAPH 10:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 11:**

Upon information and belief, Go Daddy is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Arizona, with its principal place of business at 14455 North Hayden Road, Suite 226, Scottsdale, Arizona 85260. Go Daddy may be served with process by serving its registered agent, Barb Rechterman, 14455 North Hayden Road, Suite 219, Scottsdale, Arizona 85260-6993.

**ANSWER TO COMPLAINT PARAGRAPH 11:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 12:**

Upon information and belief, Google is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.  Google may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

**ANSWER TO COMPLAINT PARAGRAPH 12:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 13:**

Upon information and belief, J.C. Penney is, and at all relevant times mentioned herein

was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024-3612. J.C. Penney may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

**ANSWER TO COMPLAINT PARAGRAPH 13:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 14:**

Upon information and belief, JPMorgan Chase is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 270 Park Avenue, New York, New York 10017. JPMorgan Chase may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

**ANSWER TO COMPLAINT PARAGRAPH 14:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 15:**

Upon information and belief, New Frontier Media is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Colorado, with its principal place of business at 7007 Winchester Circle, Suite 200, Boulder, Colorado 80301-3505. New Frontier Media may be served with process by serving its registered agent, Marc Callipari, 7007 Winchester Circle, Suite 200, Boulder, Colorado 80301-3517.

**ANSWER TO COMPLAINT PARAGRAPH 15:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 16:**

Upon information and belief, Office Depot is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2200 Old Germantown Road, Delray Beach, Florida 33445-8223. Office Depot may be served with process by serving its registered agent, Corporate Creations Network Inc., 4265 San Felipe Street, Suite 1100, Houston, Texas 77027-2998.

**ANSWER TO COMPLAINT PARAGRAPH 16:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 17:**

Upon information and belief, Perot Systems is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2300 West Plano Parkway, Plano, Texas 750758499. Perot Systems may be served with process by serving its registered agent, CT Corporation System, 350 N. Saint Paul Street, Dallas, Texas 75201-4240.

**ANSWER TO COMPLAINT PARAGRAPH 17:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 18:**

Upon information and belief, Playboy is, and at all relevant times mentioned herein was,

a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 680 North Lake Shore Drive, Chicago, Illinois 60611. Playboy may be served with process by serving its registered agent, CT Corporation System, 111 8th Avenue, New York, New York 10011-5201.

**ANSWER TO COMPLAINT PARAGRAPH 18:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 19:**

Upon information and belief, Rent-A-Center is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5501 Headquarters Drive, Plano, Texas 75024. Rent-A-Center may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

**ANSWER TO COMPLAINT PARAGRAPH 19:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 20:**

Upon information and belief, Staples is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702. Staples may be served with process by serving its registered agent, CT Corporation System, 155 Federal Street, Suite 700, Boston Massachusetts 02110-1727.

**ANSWER TO COMPLAINT PARAGRAPH 20:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 21:**

Upon information and belief, Sun Microsystems is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4150 Network Circle, Santa Clara, California 95054. Sun Microsystems may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503.

**ANSWER TO COMPLAINT PARAGRAPH 21:**

Sun admits the allegations of paragraph 21 of the Complaint.

**COMPLAINT PARAGRAPH 22:**

Upon information and belief, Texas Instruments is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 12500 TI Boulevard, Dallas, Texas 75243-4136. Texas Instruments may be served with process by serving its registered agent, Joseph F. Hubach, 7839 Churchill Way, MS 3999, Dallas, Texas 75251-1901.

**ANSWER TO COMPLAINT PARAGRAPH 22:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 23:**

Upon information and belief, Yahoo is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal

place of business at 701 1st Avenue, Sunnyvale, California 94089. Yahoo may be served with process by serving its registered agent, CT Corporation System, 818 W. 7th Street, Los Angeles, California 90017-3407.

**ANSWER TO COMPLAINT PARAGRAPH 23:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 24:**

Upon information and belief, YouTube, LLC is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043-1351. YouTube, LLC may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 2730 Gateway Oaks Drive Suite 100, Sacramento, CA 95833.

**ANSWER TO COMPLAINT PARAGRAPH 24:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies them.

## II. JURISDICTION AND VENUE

**COMPLAINT PARAGRAPH 25:**

Plaintiff repeats and re-alleges the allegations in Paragraphs 1–24 as though fully set forth in their entirety.

**ANSWER TO COMPLAINT PARAGRAPH 25:**

Sun incorporates by reference its responses to the allegations contained in paragraphs 1 through 24 above.

**COMPLAINT PARAGRAPH 26:**

This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq.* This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER TO COMPLAINT PARAGRAPH 26:**

Sun admits this is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies any liability thereunder. Sun admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over the claims brought against it in this suit, but Sun denies any liability thereunder.

**COMPLAINT PARAGRAPH 27:**

Personal jurisdiction exists generally over each of the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

**ANSWER TO COMPLAINT PARAGRAPH 27:**

Sun admits, for purposes of this litigation only, that this Court has personal jurisdiction over it. Sun denies the remaining allegations in paragraph 27 of the Complaint as related to Sun. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint as they pertain to any other defendant, and therefore denies them.

**COMPLAINT PARAGRAPH 28:**

Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

**ANSWER TO COMPLAINT PARAGRAPH 28:**

For purposes of this litigation only, Sun does not dispute that venue exists in this judicial district under 28 U.S.C. § 1391 (b); however, Sun maintains that under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, in the interests of justice, this action should be transferred to the Northern District of California. The allegations in this paragraph are legal conclusions for which no answer is required or given.

### III. PATENT INFRINGEMENT

**COMPLAINT PARAGRAPH 29:**

Plaintiff repeats and re-alleges the allegations in Paragraphs 1–28 as though fully set forth in their entirety.

**ANSWER TO COMPLAINT PARAGRAPH 29:**

Sun incorporates by reference its responses to the allegations contained in paragraphs 1 through 28 above.

**COMPLAINT PARAGRAPH 30:**

United States Patent No. 5,838,906 ("the '906 Patent") entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document," and United States Patent No. 7,599,985 ("the '985 Patent") entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" were duly and legally issued by the United States Patent and Trademark Office on

November 17, 1998 ('906 Patent) and October 6, 2009 ('985 Patent) after full and fair examination. The United States Patent and Trademark Office, after initially issuing the '906 Patent, has affirmed its validity on two separate occasions, most recently in February 2009. The '906 Patent and the '985 Patent may be collectively referred to hereafter as "the patents".

**ANSWER TO COMPLAINT PARAGRAPH 30:**

Sun admits that the '906 Patent is entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects with a hypermedia document" and appears on its face to have been issued on November 17, 1998. Sun admits that the '985 Patent is entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" and appears on its fact to have been issued on October 6, 2009. Sun is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 31:**

Eolas has an exclusive license to the patents that includes, without limitation, the following: (a) all exclusionary rights under the patents, including, but not limited to, (i) the exclusive right to exclude others from making, using, offering for sale, or selling products embodying the patented inventions throughout the United States or importing such products into the United States, and (ii) the exclusive right to exclude others from using and otherwise practicing methods embodying the patented inventions throughout the United States; and (b) the exclusive right to sue and seek damages for infringement of any of the exclusionary rights identified above.

**ANSWER TO COMPLAINT PARAGRAPH 31:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 32:**

On information and belief, Adobe has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.adobe.com and tv.adobe.com and maintained on servers located in and/or accessible from the United States under the control of Adobe; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Flash and Shockwave; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 32:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 33:**

On information and belief, Amazon has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States,

without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 33:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 34:**

On information and belief, Apple has directly or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.apple.com and maintained on servers located in and/or accessible from the United States under the control of Apple; (ii) software, including, without limitation, browser software and software that allows content to be interactively presented in and/or served to browsers, including, without limitation, QuickTime, Safari for Windows, and Safari for the Mac; (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing; and/or (iv) Apple desktop and laptop computers.

**ANSWER TO COMPLAINT PARAGRAPH 34:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 35:**

On information and belief, Argosy has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.argosymedical.com and www.visiblebody.com and maintained on servers located in and/or accessible from the United States under the control of Argosy; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 35:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 36:**

On information and belief, Blockbuster has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States,

without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.blockbuster.com and maintained on servers located in and/or accessible from the United States under the control of Blockbuster; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 36:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 37:**

On information and belief, CDW has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.cdw.com and maintained on servers located in and/or accessible from the United States under the control of CDW; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 37:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 38:**

On information and belief, Citigroup has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.citigroup.com and maintained on servers located in and/or accessible from the United States under the control of Citigroup; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 38:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 39:**

On information and belief, eBay has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.ebay.com and maintained on servers located in and/or accessible from the United States under the control of eBay; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or

served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 39:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 40:**

On information and belief, Frito-Lay has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via [www.frito-lay.com](www.frito-lay.com) and maintained on servers located in and/or accessible from the United States under the control of Frito-Lay; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 40:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 41:**

On information and belief, Go Daddy has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United

States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via  and maintained on servers located in and/or accessible from the United States under the control of Go Daddy; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 41:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 42:**

On information and belief, Google has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via [www.google.com](www.google.com) and maintained on servers located in and/or accessible from the United States under the control of Google; (ii) software, including, without limitation, browser software and software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Chrome for Windows and Chrome for the Mac; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 42:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 43:**

On information and belief, J.C. Penney has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jcpennybrands.com and maintained on servers located in and/or accessible from the United States under the control of J.C. Penney; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 43:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 44:**

On information and belief, JPMorgan Chase has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including,

without limitation, the web pages and content accessible via www.jpmorgan.com and maintained on servers located in and/or accessible from the United States under the control of JPMorgan Chase; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 44:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 45:**

On information and belief, New Frontier Media has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.mainlinereleasing.com and maintained on servers located in and/or accessible from the United States under the control of New Frontier Media; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 45:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 46:**

On information and belief, Office Depot has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.officedepot.com and maintained on servers located in and/or accessible from the United States under the control of Office Depot; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 46:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 47:**

On information and belief, Perot Systems has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.perotsystems.com and maintained on servers located in and/or accessible from the United States under the control of Perot Systems; (ii) software, including, without limitation, software that allows content to be

interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 47:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 48:**

On information and belief, Playboy has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.playboy.com and maintained on servers located in and/or accessible from the United States under the control of Playboy; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 48:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 49:**

On information and belief, Rent-A-Center has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United

States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.rentacenter.com and maintained on servers located in and/or accessible from the United States under the control of Rent-a-Center; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 49:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 50:**

On information and belief, Staples has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.staples.com and maintained on servers located in and/or accessible from the United States under the control of Staples; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 50:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 50 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 51:**

On information and belief, Sun Microsystems has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via [www.sun.com](http://www.sun.com) and maintained on servers located in and/or accessible from the United States under the control of Sun Microsystems; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Java and JavaFX; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 51:**

Sun denies the allegations contained in paragraph 51.

**COMPLAINT PARAGRAPH 52:**

On information and belief, Texas Instruments has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via [www.ti.com](http://www.ti.com) and maintained on servers located in and/or accessible from the United States under the control of Texas

Instruments; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 52:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 53:**

On information and belief, Yahoo has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via [www.yahoo.com](www.yahoo.com) and maintained on servers located in and/or accessible from the United States under the control of Yahoo; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 53:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 54:**

On information and belief, YouTube has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or

indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via [www.youtube.com](www.youtube.com) and maintained on servers located in and/or accessible from the United States under the control of YouTube; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

**ANSWER TO COMPLAINT PARAGRAPH 54:**

Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint, and therefore denies them.

**COMPLAINT PARAGRAPH 55:**

On information and belief, the Defendants have knowledge of the '906 Patent and have not ceased their infringing activities. The Defendants' infringement of the '906 Patent has been and continues to be willful and deliberate.

**ANSWER TO COMPLAINT PARAGRAPH 55:**

Sun denies the allegations contained in paragraph 55 as related to Sun. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint as they pertain to any other defendant, and therefore denies them.

**COMPLAINT PARAGRAPH 56:**

As a direct and proximate consequence of the acts and practices of the Defendants in infringing and/or inducing the infringement of one or more claims of the '906 Patent and one or more claims of the '985 Patent, Eolas has been, is being, and, unless such acts and practices are

enjoined by the Court, will continue to suffer injury to its business and property rights.

## ANSWER TO COMPLAINT PARAGRAPH 56:

Sun denies the allegations contained in paragraph 56 as related to Sun. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint as they pertain to any other defendant, and therefore denies them.

## COMPLAINT PARAGRAPH 57:

As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '906 Patent and one or more claims of the '985 Patent, Eolas has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

## ANSWER TO COMPLAINT PARAGRAPH 57:

Sun denies the allegations contained in paragraph 57 as related to Sun. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint as they pertain to any other defendant, and therefore denies them.

## COMPLAINT PARAGRAPH 58:

In addition, the infringing acts and practices of the Defendants has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Eolas for which there is no adequate remedy at law, and for which Eolas is entitled to injunctive relief under 35 U.S.C. § 283.

## ANSWER TO COMPLAINT PARAGRAPH 58:

Sun denies the allegations contained in paragraph 58 as related to Sun. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

paragraph 58 of the Complaint as they pertain to any other defendant, and therefore denies them.

## IV.  PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A.      judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '906 Patent and one or more claims of the '985 Patent;

B.      A judgment and order preliminarily and permanently enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '906 Patent and the '985 Patent;

C.      A judgment and order requiring each Defendant to pay Plaintiff's damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

D.      An award of all costs of this action, including attorneys' fees and interest; and

E.      Such other and further relief as the Court deems just and equitable.

## ANSWER TO PRAYER FOR RELIEF:

Sun denies that Eolas is entitled to any relief requested in its Prayer for Relief or any

other relief.

## V.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues be determined by a jury.

## ANSWER TO DEMAND FOR JURY TRIAL:

This paragraph requires no response.

## GENERAL DENIAL

Sun denies any allegations in the Complaint not specifically admitted in Sun's responsive

pleadings above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

31

The Complaint fails to state a claim upon which relief can be granted because Sun has not performed any act or thing, and is not proposing to perform any act or thing, in violation of any rights validly belonging to Eolas under the '906 Patent or the '985 Patent (collectively, the "Eolas Patents-in-Suit").

## Second Affirmative Defense
### (Non-Infringement)

Sun has not and does not infringe the Eolas Patents-in-Suit, either directly or indirectly, literally or under the doctrine of equivalents.

## Third Affirmative Defense
### (Invalidity)

On information and belief, the subject matter of the Eolas Patents-in-Suit do not meet the requirements of 35 U.S.C. § 101, et seq., and the Eolas Patents-in-Suit therefore are invalid, void and unenforceable because they fail to meet the conditions specified in 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Fourth Affirmative Defense
### (Equitable Estoppel, Laches, Waiver and Unclean Hands)

On information and belief, Eolas' claims are barred by the equitable doctrines of estoppel, laches, waiver and/or unclean hands.

## Fifth Affirmative Defense
### (35 U.S.C. § 287)

Any claim for damages for patent infringement by Eolas is limited, at a minimum, by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

## Sixth Affirmative Defense
### (Limitation on Damages)

Eolas' claims for monetary relief, if any, are limited by 35 U.S.C. § 286.

**Seventh Affirmative Defense**
**(Improper Joinder)**

The Defendants are improperly joined.

**Eighth Affirmative Defense**
**(Injunctive Relief)**

Eolas is not entitled to injunctive relief because any injury to Eolas is not immediate or irreparable, and Eolas has an adequate remedy at law.

**Ninth Affirmative Defense**
**(Reservation of Additional Defenses)**

Sun reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

## COUNTERCLAIMS

Defendant/Counterclaimaint Sun Microsystems, Inc. ("Sun") brings the following counterclaims against Plaintiff/Counterdefendant Eolas Technology Incorporated ("Eolas") as follows:

## THE PARTIES

1.      Defendant/Counterclaimant Sun is a corporation organized under the laws of the Delaware, having its principal place of business in Santa Clara, California.

2.      Plaintiff/Counterdefendant Eolas alleges in its Complaint that it is a corporation organized and existing under the laws of Texas with a principal place of business at 313 East Charnwood Street, Tyler, Texas 75071.

## JURISDICTION AND VENUE

3.     On October 6, 2009 Eolas filed its Complaint for Patent Infringement alleging that Sun and others infringe United States Patent No. 5,838,906 ("the '906 Patent") and United States Patent No. 7,599,985 ("the '985 Patent") (collectively "the Eolas Patents-in-Suit").

4.     This Court has subject matter jurisdiction over Sun's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States. An actual, substantial and continuing justiciable controversy exists between Eolas and Sun, with respect to which Sun requires a declaration of rights. Specifically, the controversy related to the invalidity, unenforceabliety and non-infringement of the Eolas Patents-in-Suit.

5.     By filing its Complaint, Eolas has consented to the personal jurisdiction of this Court. This is an action for declaratory relief. This Court has jurisdiction over this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391, however, Sun maintains that under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses, in the interests of justice, this action should be transferred to the Northern District of California.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No 5,838,906)

7.     Sun hereby incorporates and realleges paragraphs 1 through 6 above as though fully set forth herein.

8.     Eolas has alleged, and now alleges, that Sun has been and is directly infringing the '906 Patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.sun.com

and maintained on servers located in and/or accessible from the United States under the control of Sun Microsystems; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Java and JavaFX; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing

9. Eolas has alleged, and now alleges, that Sun indirectly infringes the '906 Patent by contributing to and/or inducing infringement of the '906 Patent.

10. Eolas also contends that such alleged direct and indirect infringement has caused Eolas to suffer damages and that irreparable injury has been caused to Eolas.

11. Sun denies the allegations of Eolas referenced in preceding paragraphs 7 through 10.

12. Sun has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '906 Patent, either literally or under the doctrine of equivalents. Sun also has alleged, and hereby alleges, that it has not and presently is not actively inducing or contributing to the infringement of the '906 Patent. As such, Sun has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

13. Sun has been injured and damaged by Eolas' filing of a Complaint against Sun asserting patents that are not infringed by Sun.

14. Sun desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability and invalidity of the '906 Patent.

## SECOND COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 5,838,906)

15.    Sun hereby incorporates and realleges paragraphs 1 through 14 above as though fully set forth herein.

16.    On information and belief, the '906 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

17.    Sun has been injured and damaged by Eolas' filing of a Complaint against Sun asserting patents that are invalid.

18.    Based on the foregoing, Sun is entitled to a judgment that the '906 Patent is invalid.

## THIRD COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 7,599,985)

19.    Sun hereby incorporates and realleges paragraphs 1 through 18 above as though fully set forth herein.

20.    Eolas has alleged, and now alleges, that Sun has been and is directly infringing the '985 Patent by making, using, offering to sell, and selling within the United States, and/or importing into the United States:  (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.sun.com and maintained on servers located in and/or accessible from the United States under the control of Sun Microsystems; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Java and JavaFX; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing

21.     Eolas has alleged, and now alleges, that Sun indirectly infringes the '985 Patent by contributing to and/or inducing infringement of the '985 Patent.

22.     Eolas also contends that such alleged direct and indirect infringement has caused Eolas to suffer damages and that irreparable injury has been caused to Eolas.

23.     Sun denies the allegations of Eolas referenced in preceding paragraphs 20 through 22.

24.     Sun has alleged, and hereby alleges, that it has not infringed and presently is not infringing the '985 Patent, either literally or under the doctrine of equivalents. Sun also has alleged, and hereby alleges, that it has not and presently is not actively inducing or contributing to the infringement of the '985 Patent. As such, Sun has alleged, and hereby continues to allege, that it is not liable for damages arising from the claimed infringement.

25.     Sun has been injured and damaged by Eolas' filing a Complaint against Sun asserting patents that are not infringed by Sun.

26.     Sun desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability and invalidity of the '985 Patent.

## **FOURTH COUNTERCLAIM**

### **(Declaration of Invalidity of U.S. Patent No. 7,599,985 Patent)**

27.     Sun hereby incorporates and realleges paragraphs 1 through 26 above as though fully set forth herein.

28. On information and belief, the '985 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

29. Sun has been injured and damaged by Eolas filing of a Complaint against Sun asserting patents that are invalid.

30. Based on the foregoing, Sun is entitled to a judgment that the '985 Patent is invalid.

## JURY DEMAND

Sun demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant prays for relief as follows:

A. That Eolas' Complaint be dismissed in its entirety with prejudice and that Eolas take nothing thereon;

B. That Eolas' request for injunctive relief against Sun be denied;

C. For an entry of judgment declaring that each of the asserted claims of the Eolas' Patents-in-Suit are invalid, void, and without force and effect;

D. For an entry of judgment declaring that Sun has not infringed and does not infringe, either directly, contributorily or through inducement, literally or under the doctrine of equivalents, any of the claims of the Eolas Patents-in-Suit;

E. That Sun be awarded its costs, disbursements and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285, and other provisions of law;

F. That Sun be granted such other and further relief as the Court deems just and proper.

Dated:  December 17, 2009

Respectfully submitted,

/s/ Eric H. Findlay
Eric H. Findlay (Bar No. 00789886)
efindlay@findlaycraft.com
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703
Telephone:  (903) 534-1100
Facsimile:  (903) 534-1137

Mark D. Fowler (Bar No. CA-124235)
mark.fowler@dlapiper.com
William G. Goldman (Bar No. CA-203630)
bill.goldman@dlapiper.com
**DLA PIPER US LLP**
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone:  (650) 833-2000
Facsimile:  (650) 833-2001

Kathryn B. Riley (Bar No. CA-211187)
kathryn.riley@dlapiper.com
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101
Telephone:  (619) 699-2700
Facsimile:  (619) 764-6692

**Attorneys for Defendant**
**SUN MICROSYSTEMS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2009, I electronically filed the foregoing filing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ Eric H. Findlay
Eric H. Findlay