UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES, INC. *Plaintiff,* v. ADOBE SYSTEMS, INC., ET AL., *Defendants.* | Civil Action No. 6:09-CV-446 LED JURY TRIAL DEMANDED |

### DEFENDANT ADOBE SYSTEMS, INC.'S ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Adobe Systems Incorporated ("Adobe"), by and through its undersigned counsel, hereby responds to the Complaint of Eolas Technologies, Inc. ("Eolas" or "Plaintiff"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows.

Adobe denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. Adobe denies that Plaintiff is entitled to the relief requested or any other.

### PARTIES

1.     Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 and therefore denies the same.

2.     Adobe admits that it is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, California 95110-2704. Adobe admits that it is registered to do business in the State of Texas and that it does business in this judicial district and elsewhere.

1

Adobe admits that it has appointed Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

3. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 and therefore denies the same.

4. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and therefore denies the same.

5. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 and therefore denies the same.

6. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 and therefore denies the same.

7. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and therefore denies the same.

8. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and therefore denies the same.

9. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 and therefore denies the same.

10. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 and therefore denies the same.

11. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 and therefore denies the same.

12. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 and therefore denies the same.

13. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 and therefore denies the same.

14. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 and therefore denies the same.

15. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 and therefore denies the same.

16. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 and therefore denies the same.

17. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 and therefore denies the same.

18. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 and therefore denies the same.

19. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 and therefore denies the same.

20. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 and therefore denies the same.

21. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 and therefore denies the same.

22. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 and therefore denies the same.

23. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 and therefore denies the same.

24. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 and therefore denies the same.

## JURISDICTION AND VENUE

25. Adobe incorporates by reference the foregoing responses, inclusive, as though set forth in full herein.

26. Adobe admits that this Complaint purports to state a claim of alleged patent infringement and that this Court has subject matter jurisdiction over patent claims.

27. Adobe admits that this Court has personal jurisdiction over Adobe for purposes of this dispute. Adobe further admits that it is registered to do business in the State of Texas and that it does business in this judicial district and elsewhere. Adobe denies the remaining allegations of paragraph 27 with respect to Adobe. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27 regarding other defendants and therefore denies the same.

28. Adobe admits that venue in this District is purportedly based on 28 U.S.C. §§ 1391(b), (c) and 1400(b), but denies that this District is the most convenient venue for adjudication of the claims raised by Eolas in this action.

## PATENT INFRINGEMENT

29. Adobe incorporates by reference the foregoing responses, inclusive, as though set forth in full herein.

30. Adobe admits that U.S. Patent 5,838,906 ("the '906 patent") is entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" and was issued by the United States Patent and Trademark Office on November 17, 1998. Adobe admits that U.S.

Patent 7,599,985 ("the '985 patent") is entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" and was issued by the United States Patent and Trademark Office on October 6, 2009. Adobe denies that either the '906 or '985 patent (collectively "the Patents-in-Suit") were duly and legally issued by the United States Patent and Trademark Office. Adobe denies the remainder of the allegations in paragraph 30.

31. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31, and therefore denies the same.

32. Adobe admits that it maintains and controls servers located in and/or accessible from the United States. Adobe admits that it owns and operates www.adobe.com and tv.adobe.com. Adobe admits that Adobe Flash Player and Adobe Shockwave Player are Adobe software products. Adobe otherwise denies the allegations of paragraph 32.

33. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33.

34. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 and therefore denies the same.

35. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35 and therefore denies the same.

36. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 36 and therefore denies the same.

37. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 37 and therefore denies the same.

38. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38 and therefore denies the same.

39. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 39 and therefore denies the same.

40. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40 and therefore denies the same.

41. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 41 and therefore denies the same.

42. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42 and therefore denies the same.

43. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43 and therefore denies the same.

44. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44 and therefore denies the same.

45. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45 and therefore denies the same.

46. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 and therefore denies the same.

47. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47 and therefore denies the same.

48. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 and therefore denies the same.

49. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 and therefore denies the same.

50. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 and therefore denies the same.

51. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 51 and therefore denies the same.

52. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 52 and therefore denies the same.

53. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 53 and therefore denies the same.

54. Adobe is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 54 and therefore denies the same.

55. Adobe denies the allegations of paragraph 55 to the extent they pertain to Adobe. Adobe otherwise is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 55 as they pertain to the other defendants and therefore denies the same.

56. Adobe denies the allegations of paragraph 56 to the extent they pertain to Adobe. Adobe otherwise is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 56 as they pertain to the other defendants and therefore denies the same.

57. Adobe denies the allegations of paragraph 57 to the extent they pertain to Adobe and denies that Eolas is entitled to any of the requested relief from or with respect to Adobe.

58. Adobe denies the allegations of paragraph 58 to the extent they pertain to Adobe and denies that Eolas is entitled to any of the requested relief from or with respect to Adobe.

## ANSWER TO PRAYER FOR RELIEF BY EOLAS

59. Adobe states that Eolas' Prayer for Relief does not require a response.

60. Adobe denies that Eolas is entitled to any relief whatsoever from Adobe, as prayed for or otherwise.

61. Adobe denies each and every allegation of the Complaint not already admitted or denied and further denies that Eolas is entitled to any relief whatsoever from Adobe on the basis of any of the purported claims for relief contained in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

62. By way of further answer, and as Affirmative Defenses to the Complaint, Adobe states as follows:

### First Affirmative Defense (Non-Infringement)

63. Adobe and the use of Adobe's products do not infringe and have never infringed any claims of the '906 or '985 patents. Adobe has not and does not infringe, contribute to the infringement of, or actively induce others to infringe any valid, enforceable claim of the Patents-in-Suit, either directly, indirectly, literally or under the doctrine of equivalents. By asserting this affirmative defense, Adobe does not assume any burden of proof.

### Second Affirmative Defense (Invalidity)

64. The claims of the '906 and '985 patents are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, 112, and 132, and the rules, regulations, and laws pertaining thereto.

### Third Affirmative Defense (Standing/Nonjoinder)

65. Eolas lacks sufficient substantial rights in the Patents-in-Suit to assert and maintain claims of patent infringement. By asserting this affirmative defense, Adobe does not assume any burden of proof.

### Fourth Affirmative Defense (Federal Government Use)

66. Plaintiff's remedies are limited by the provisions of 28 U.S.C. § 1498(a).

### Fifth Affirmative Defense (Laches/Estoppel)

67. Plaintiff is barred or limited by the doctrine of laches and/or equitable estoppel from enforcing some or all of the asserted claims of the Patents-in-Suit against Adobe.

### Sixth Affirmative Defense (Implied or Express License/Exhaustion)

68. Eolas is barred by the doctrines of implied or express license and/or exhaustion from enforcing the Patents-in-Suit against Adobe. Eolas and/or its predecessors-in-interest have licensed the Patents-in-Suit to one or more of Adobe's suppliers, customers, and/or users. Under the doctrines of patent exhaustion, implied or express license, the use or sale of products supplied by these licensees cannot give rise to liability for infringement of such licensed patents. By asserting this affirmative defense, Adobe does not assume any burden of proof.

### Seventh Affirmative Defense (Unclean Hands)

69. Eolas' purported claims against Adobe are barred by the doctrine of unclean hands.

### Eighth Affirmative Defense (No Injunction)

70. Eolas is not entitled to injunctive relief because any injury to it is not immediate or irreparable, and Eolas has an adequate remedy at law for any claims it can prove.

### Ninth Affirmative Defense (Failure To Mark)

71. On information and belief, Eolas' purported claims for relied concerning the Patents-in-Suit are limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287(a). By asserting this affirmative defense, Adobe does not assume any burden of proof.

### Tenth Affirmative Defense (Limitation On Damages)

72. Eolas' recovery for alleged infringement of the Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its complaint, pursuant to 35 U.S.C. § 286. By asserting this affirmative defense, Adobe does not assume any burden of proof.

### Eleventh Affirmative Defense (Prosecution History Estoppel)

73. Eolas is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Patents-in-Suit, from asserting any interpretation of any valid, enforceable claims of the Patents-in-Suit that would be broad enough to cover any of Adobe's products or services alleged to infringe the Patents-in-Suit, either literally or by application of the doctrine of equivalents. By asserting this affirmative defense Adobe does not assume any burden of proof.

### Twelfth Affirmative Defense (Costs)

74. Eolas is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

### Thirteenth Affirmative Defense (Reservation of Defenses)

75. Adobe expressly reserves the right to allege and assert additional defenses.

76. Adobe expressly incorporates by reference herein all defenses pled by co-defendants in this action in their respective Answers to Eolas' Complaint.

## JURY DEMAND

77. Pursuant to Local Rule CV-38.1 and Fed. R. Civ. P. 38, Adobe hereby demands a trial by jury on all issues relating to Eolas so triable in this action.

Dated: December 18, 2009   Respectfully submitted,

By: /s/David J. Healey
David J. Healey (Texas Bar No. 09327980)
E-mail: Healey@fr.com
**FISH & RICHARDSON P.C.**
1 Houston Center
1221 McKinney Street, Suite 2800
Houston, TX 77010
713-654-5300 (Telephone)
713-652-0109 (Facsimile)

OF COUNSEL:

Frank E. Scherkenbach
E-mail: Scherkenbach@fr.com
**FISH & RICHARDSON P.C.**
225 Franklin Street
Boston, MA 02110-2804
617-542-5070 (Telephone)
617-542-8906 (Facsimile)

Joseph P. Reid (*pro hac vice*)
E-mail: Reid@fr.com
Jason W. Wolff (Bar No. CA-215819)
E-mail: Wolff@fr.com
**FISH & RICHARDSON P.C.**
12390 El Camino Real
San Diego, CA 92130
858-678-5070 (Telephone)
858-678-5099 (Facsimile)

Counsel for Defendant
ADOBE SYSTEMS INCORPORATED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 18th day of December, 2009. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/David J. Healey
David J. Healey