IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § § | |
| **Adobe Systems Inc., Amazon.com, Inc. Apple Inc., Argosy Publishing, Inc., Blockbuster Inc., CDW Corp., Citigroup Inc., eBay Inc., Frito-Lay, Inc., The Go Daddy Group, Inc., Google Inc., J.C. Penney Company, Inc., JPMorgan Chase & Co., New Frontier Media, Inc., Office Depot, Inc., Perot Systems Corp., Playboy Enterprises International, Inc., Rent-A-Center, Inc., Staples, Inc., Sun Microsystems Inc., Texas Instruments Inc., Yahoo! Inc., and YouTube, LLC,** | § § § § § § § § § § § § § § § | Civil Action No. 6:09-cv-00446-LED |
| **Defendants** | § | |

### DEFENDANT FRITO-LAY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Frito-Lay, Inc. ("Frito-Lay") hereby answers the Complaint for Patent Infringement of Eolas Technologies Incorporated ("Eolas" or "Plaintiff") as follows:

### ANSWER

### I. PARTIES

1.　　Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies them.

2.　　Frito-Lay is not required to answer to the allegations contained in Paragraph 2 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay

lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, denies them.

3. Frito-Lay is not required to answer to the allegations contained in Paragraph 3 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies them.

4. Frito-Lay is not required to answer to the allegations contained in Paragraph 4 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies them.

5. Frito-Lay is not required to answer to the allegations contained in Paragraph 5 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies them.

6. Frito-Lay is not required to answer to the allegations contained in Paragraph 6 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies them.

7. Frito-Lay is not required to answer to the allegations contained in Paragraph 7 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, denies them.

8. Frito-Lay is not required to answer to the allegations contained in Paragraph 8 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and, therefore, denies them.

9. Frito-Lay is not required to answer to the allegations contained in Paragraph 9 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies them.

10. Frito-Lay admits to the allegations contained in Paragraph 10 of the Complaint.

11. Frito-Lay is not required to answer to the allegations contained in Paragraph 11 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies them.

12. Frito-Lay is not required to answer to the allegations contained in Paragraph 12 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies them.

13. Frito-Lay is not required to answer to the allegations contained in Paragraph 13 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies them.

14. Frito-Lay is not required to answer to the allegations contained in Paragraph 14 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay

lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies them.

15. Frito-Lay is not required to answer to the allegations contained in Paragraph 15 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies them.

16. Frito-Lay is not required to answer to the allegations contained in Paragraph 16 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies them.

17. Frito-Lay is not required to answer to the allegations contained in Paragraph 17 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies them.

18. Frito-Lay is not required to answer to the allegations contained in Paragraph 18 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, denies them.

19. Frito-Lay is not required to answer to the allegations contained in Paragraph 19 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies them.

20. Frito-Lay is not required to answer to the allegations contained in Paragraph 20 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies them.

21. Frito-Lay is not required to answer to the allegations contained in Paragraph 21 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies them.

22. Frito-Lay is not required to answer to the allegations contained in Paragraph 22 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies them.

23. Frito-Lay is not required to answer to the allegations contained in Paragraph 23 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies them.

24. Frito-Lay is not required to answer to the allegations contained in Paragraph 24 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies them.

## II. JURISDICTION AND VENUE

25. Frito-Lay incorporates its responses contained in Paragraphs 1-24 as though fully set forth here.

26. Frito-Lay admits that the Complaint includes claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. Frito-Lay admits that this Court has subject matter jurisdiction over this action.

27. Frito-Lay admits that it is subject to this Court's personal jurisdiction. Except as expressly admitted herein, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies them.

28. Frito-Lay admits that venue is proper with respect to Frito-Lay. Except as expressly admitted herein, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies them.

### III. PATENT INFRINGEMENT

29. Frito-Lay incorporates its responses contained in Paragraphs 1-28 as though fully set forth here.

30. From the face of the United States Patents Nos. 5,838,906 ("the '906 Patent) and 7,599,985 ("the '985 Patent"), the title and date of issuance appears to be as alleged in Paragraph 30 of the Complaint. Except as stated herein, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies them.

31. Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies them.

32. Frito-Lay is not required to answer to the allegations contained in Paragraph 32 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies them.

33. Frito-Lay is not required to answer to the allegations contained in Paragraph 33 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies them.

34. Frito-Lay is not required to answer to the allegations contained in Paragraph 34 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies them.

35. Frito-Lay is not required to answer to the allegations contained in Paragraph 35 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies them.

36. Frito-Lay is not required to answer to the allegations contained in Paragraph 36 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies them.

37. Frito-Lay is not required to answer to the allegations contained in Paragraph 37 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies them.

38. Frito-Lay is not required to answer to the allegations contained in Paragraph 38 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay

lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies them.

39. Frito-Lay is not required to answer to the allegations contained in Paragraph 39 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies them.

40. Frito-Lay denies the allegations contained in Paragraph 40, including but not limited to the allegations that it has directly and/or indirectly infringed (by inducement and/or contributory infringement), or is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent.

41. Frito-Lay is not required to answer to the allegations contained in Paragraph 41 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies them.

42. Frito-Lay is not required to answer to the allegations contained in Paragraph 42 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies them.

43. Frito-Lay is not required to answer to the allegations contained in Paragraph 43 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies them.

44. Frito-Lay is not required to answer to the allegations contained in Paragraph 44 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies them.

45. Frito-Lay is not required to answer to the allegations contained in Paragraph 45 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies them.

46. Frito-Lay is not required to answer to the allegations contained in Paragraph 46 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies them.

47. Frito-Lay is not required to answer to the allegations contained in Paragraph 47 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies them.

48. Frito-Lay is not required to answer to the allegations contained in Paragraph 48 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies them.

49. Frito-Lay is not required to answer to the allegations contained in Paragraph 49 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay

lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies them.

50. Frito-Lay is not required to answer to the allegations contained in Paragraph 50 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies them.

51. Frito-Lay is not required to answer to the allegations contained in Paragraph 51 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies them.

52. Frito-Lay is not required to answer to the allegations contained in Paragraph 52 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies them.

53. Frito-Lay is not required to answer to the allegations contained in Paragraph 53 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies them.

54. Frito-Lay is not required to answer to the allegations contained in Paragraph 54 of the Complaint because the allegations are not directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies them.

55. Frito-Lay denies the allegations contained in Paragraph 55 of the Complaint to the extent that the allegations are directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 55 directed at Defendants other than Frito-Lay, and therefore, denies them.

56. Frito-Lay denies the allegations contained in Paragraph 56 of the Complaint to the extent that the allegations are directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 56 directed at Defendants other than Frito-Lay, and therefore, denies them.

57. Frito-Lay denies the allegations contained in Paragraph 57 of the Complaint to the extent that the allegations are directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 57 directed at Defendants other than Frito-Lay, and therefore, denies them.

58. Frito-Lay denies the allegations contained in Paragraph 58 of the Complaint to the extent that the allegations are directed to Frito-Lay. Moreover, Frito-Lay lacks sufficient knowledge or information to form a belief as to the truth of the allegation contained in Paragraph 58 directed at Defendants other than Frito-Lay, and therefore, denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

59. Frito-Lay denies that Plaintiff is entitled to any of its requests for relief against Frito-Lay.

## DEFENSES

60. Frito-Lay's Defenses are set forth below. Frito-Lay undertakes the burden of proof only as to those defenses as required by law regardless of how such defenses are

denominated herein. Frito-Lay reserves the right to amend its Answer to add additional Defenses.

### FIRST DEFENSE

61. Frito-Lay has not and does not directly or indirectly (by inducement, contributory infringement, or otherwise) infringe any of the claims of the '906 Patent or the '985 Patent either literally or under the Doctrine of Equivalents.

### SECOND DEFENSE

62. The '906 Patent and the '985 Patent are invalid or void for failing to satisfy the conditions of patentability as set forth in 35 U.S.C §§100, 101, 102, 103 and/or 112.

### THIRD DEFENSE

63. Plaintiff is estopped from construing any valid claim of the '906 Patent or the '985 Patent to be infringed literally or by the Doctrine of Equivalents by any act of Frito-Lay due to the disclosures of prior art or to the admissions or statements made to the U.S. Patent and Trademark Office during prosecution of the patents in suit or because of the disclosure or language of the specification or claims thereof.

### FOURTH DEFENSE

64. Plaintiff is not entitled to recover any damages to the extent that Plaintiff, or any predecessors in interest to the '906 or the '985 Patent, or licensees thereof, failed to properly mark any of their relevant products as required by 35 U.S.C. §287 or otherwise give proper notice that Frito-Lay's actions actually infringed the '906 or the '985 Patent. Frito-Lay is not liable to Plaintiff for the acts alleged to have been performed before Frito-Lay received notice that it was allegedly infringing the '906 and/or the '985 Patent.

**FIFTH DEFENSE**

65. Frito-Lay incorporates its responses as set forth above as though fully set forth herein.

66. To the extent that Plaintiff asserts that Frito-Lay indirectly infringes, either by contributory infringement or inducement, Frito-Lay is not liable to Plaintiff for the acts alleged to have been performed before Frito-Lay knew that its actions would cause the indirect infringement.

**SIXTH DEFENSE**

67. Plaintiff's claims against Frito-Lay are improper to the extent that any allegedly infringing products are directly or indirectly provided to Frito-Lay or by Frito-Lay to an entity having an express or implied license to the '906 and/or the '985 Patent.

**SEVENTH DEFENSE**

68. On information and belief, Plaintiff's patent rights with respect to any allegedly infringing products are exhausted by virtue of an express or implied license to the '906 and/or the '985 Patent to one or more third parties.

**EIGHTH DEFENSE**

69. Plaintiff is not entitled to any injunctive relief as demanded because any injury to Plaintiff is neither immediate or irreparable, and Plaintiff has adequate remedies at law.

**NINTH DEFENSE**

70. The '985 Patent is invalid and/or unenforceable under the doctrine of prosecution laches.

## TENTH DEFENSE

71. On information and belief, and subject to further amendments as Frito Lay obtains more information during discovery, the '906 Patent and the '985 Patent are unenforceable as a result of inequitable conduct.

72. On information and belief, as recited in *Eolas Technologies, Inc. v. Microsoft Corp.*, 399 F.3d 1325 (Fed. Cir. 2005), Michael D. Doyle (Doyle), one of the inventors of the '906 Patent, knew of a browser named Viola ("Viola Browser") yet failed to disclose any information regarding that reference to the United States Patent and Trademark Office (PTO).

73. On information and belief, on August 31, 1994, Doyle asserted in a press release that researchers at the University of California had "created software for embedding interactive program objects within hypermedia documents." That same day, Wei contacted Doyle via e-mail in response to the press release. Wei alleged that his demonstration of Viola (version DX34) to Sun Microsystems engineers in May 1993 exhibited a way to embed interactive objects and transport them over the web. Wei directed Doyle in his August 31, 1994 e-mail to a document he had prepared about Viola (the "Viola paper"), which was available on the Internet at least by August 13, 1994. Doyle downloaded and read the Viola paper. In a later email exchange, Doyle attempted to obtain Wei's concession that he was not the first to invent the method for embedding interactive program objects within hypermedia documents. Additionally, Doyle asserted in the email exchange that Wei's invention was different from Doyle's invention.

74. The Federal Circuit has held that "Wei's May 7, 1993 demonstration to two Sun Microsystems employees without confidentiality agreements was a public use under [35 U.S.C. §102(b)]." *Eolas Technologies*, 399 F.3d 1325, 1335. Moreover, the Federal Circuit held that a reasonable jury could find at least claims 1 and 6 of the '906 patent obvious in light of the Viola

Browser; and a district court could find that Doyle had committed inequitable conduct by failing to disclose the Viola Browser to the PTO. *Id.* at 1335-36.

75. On information and belief, on October 17, 1994, the University of California filed the '906 patent application. In 1998, before issuance of the '906 patent, Doyle performed more research on Viola and made a folder labeled "Viola stuff." This folder included press releases of two "beta" versions of Viola from February and March of 1994.

76. Mr. Doyle and the attorneys prosecuting the application for the '906 Patent owed a duty of candor to the United States Patent and Trademark Office ("PTO") in connection with the prosecution of the '906 Patent. Mr. Doyle and/or the attorneys prosecuting the application for the '906 Patent violated their duty of candor by, on information and belief, intentionally failing to disclose the Viola browser to the PTO during the prosecution of the '906 Patent. The Viola browser would have been material to the prosecution of the '906 Patent. Therefore, the '906 Patent is unenforceable.

77. This violation of the duty of candor carries through to each of the applications claiming priority to the application for the '906 Patent, including the '985 Patent. The '906 Patent and the '985 Patent share the same specifications. On July 20, 2004, the PTO rejected the claims pending in the application that issued as the '985 Patent under the doctrine of statutory double-patenting and obviousness-type double patenting. The owner of the '985 Patent cancelled one pending claim and filed a terminal disclaimer for the remaining claims in order to overcome the double-patenting rejections. It was not argued that the pending claims were patentably distinct from the claims of the '906 Patent. Therefore, the '985 Patent is unenforceable.

## ELEVENTH DEFENSE

78. To the extent that Plaintiff's claims are based on acts performed by the Microsoft Explorer browser or a user's use thereof, there can be no direct, and, therefore, no indirect infringement due to Microsoft's purported license to the '906 Patent and/or the '985 Patent.

## TWELFTH DEFENSE

79. Plaintiff's claims are barred by the equitable doctrines of laches and/or unclean hands.

## **COUNTERCLAIMS**

80. Frito-Lay incorporates its responses as set forth above as though fully set forth herein.

81. Frito-Lay has not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '906 Patent or the '985 Patent, and has not otherwise committed any acts in violation of 35 U.S.C. §271.

82. The '906 Patent and the '985 Patent, and every claim thereof, are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. §§100, 101, 102, 103 and 112.

83. An actual controversy exists between Frito-Lay and Plaintiff concerning the alleged infringement and validity of the '906 Patent and the '985 Patent by virtue of Plaintiff's Complaint herein.

84. Frito-Lay is entitled to judgment from this Court that no claim of either the '906 Patent or the '985 Patent has been infringed by Frito-Lay, and that all claims are invalid.

85. This is an exceptional case entitling Frito-Lay to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

86. Frito-Lay continues to investigate this matter and reserves the right to amend its Answer and/or Counterclaims to assert any additional defenses or counterclaims that come to light upon further investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE Frito-Lay prays that:

87. the Court dismiss the Complaint against Frito-Lay with prejudice;

88. the Court declare that Frito-Lay has not and does not infringe the '906 Patent or the '985 Patent;

89. the Court declare that the '906 Patent and the '985 Patent are invalid;

90. the Court declare that Eolas is not entitled to any remedy or relief whatsoever against Frito-Lay;

91. the Court award Frito-Lay its costs, together with reasonable attorneys fees and all of its expenses for this suit because this is an exceptional case under 35 U.S.C. §285; and

92. the Court award Frito-Lay such other relief as this Court may deem just and proper at law or in equity.

Dated: December 23, 2009.    Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Christopher M. Joe*
Christopher M. Joe
joec@gtlaw.com
Brian Carpenter
carpenterb@gtlaw.com
Eric W. Buether
buethere@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Jeffrey K. Joyner (admitted *pro hac vice*)
joynerj@gtlaw.com
Jeffrey F. Yee (admitted *pro hac vice*)
yeej@gtlaw.com
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

**ATTORNEYS FOR DEFENDANT
FRITO-LAY, INC.**

**DEFENDANT FRITO-LAY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**    Page 18
*LA128,579,868 2 124208.010100*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 23rd day of December 2009. Any other counsel of record will be served by facsimile transmission and/or electronic mail pursuant to Local Rule CV-5(d).

>*/s/ Christopher M. Joe*
>Christopher M. Joe