# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, § § § § § § § § § § § § | | |
| Plaintiff, | | |
| vs. | § | No. 6:09-cv-00446-LED |
| ADOBE SYSTEMS INC., *et al.*, | § | Jury Trial Demanded |
| Defendants. | | |

## JPMORGAN CHASE & CO.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant JPMorgan Chase & Co. ("JPMorgan") respectfully submits this motion to dismiss for failure to state a claim and brief in support.

## I.    Introduction

Under the notice pleading requirements of the Federal Rules of Civil Procedure, a complaint must contain more than a mere recitation of the legal elements of the plaintiff's cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Yet the Complaint filed against JPMorgan by EOLAS TECHNOLOGIES, Inc. ("EOLAS") contains little more than the conclusory assertions that *unidentified* web pages and/or unidentified software and/or unidentified computer equipment infringes *some* claim of the EOLAS patents. As *Twombly* makes clear, such bare-bones recitations do not suffice to plead a viable claim in federal court.

EOLAS is the master of its own Complaint and chose to proceed in such fashion. The pleading requirements of Rule 8—and, ultimately, the Due Process Clause—are certainly not met by a pleading essentially devoid of facts. "Rule 8 … does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). In the absence of a formal amendment, which would require leave of Court, JPMorgan is entitled to dismissal for failure to state a claim.

## II.  Background

EOLAS alleges that it holds two patents, U.S. Pat. Nos. 5,838,906 (the "`906 patent") and 7,599,985 ("the '985 Patent"). Insofar as purported infringement is concerned, EOLAS's Complaint provides absolutely no description or context to these patents in its complaint. Compl. ¶30. In describing its "innovations", which are not clearly linked to the asserted patents or to purported infringement in any way, EOLAS simply states that:

> "During the past 15 years Eolas' innovations have enabled corporations around the world to enhance their products and improve their customers' website experiences by enabling browsers, in conjunction with servers, to act as platforms for fully interactive embedded applications. This advanced technology provides rich interactive online experiences for Web users worldwide.

Compl. ¶ 1. In short, EOLAS did not connect its alleged innovations to the asserted infringement or the asserted patents, and did not even identify any of the inventions claimed in those patents or relate them to the alleged infringement. *Id.* ¶¶ 1, 30.

Although the Complaint contains 58 numbered paragraphs, most of those are either generic recitations of corporate domicile or are directed to parties other than JPMorgan. The only vaguely substantive allegations involving JPMorgan are set forth in only <u>one</u> paragraph. *See* Compl. ¶¶ 44. There, EOLAS alleges:

> On information and belief, JPMorgan Chase has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) *web pages and content to be interactively presented in browsers, including,* without limitation, the web pages and content accessible via *www.jpmorgan.com* and maintained on servers located in and/or accessible from the United States under the control of JPMorgan Chase; (ii) *software*, including, without limitation,

> software *that allows content to be interactively presented in and/or served to browsers*; and/or (iii) computer equipment, including, without limitation, *computer equipment that stores, serves, and/or runs any of the foregoing*.

Compl. ¶¶ 44.

The supposedly offending interactive content on the web pages, and the supposedly offending software run by the supposedly offending computers are nowhere identified. As far as the Complaint is concerned any JPMorgan web page that has any interactive content of any sort, and any software and computers associated therewith, constitute infringement. That is simply not plausible, and as explained below, the implausibility is fatal to the Complaint.

## III.  Argument

Dismissal under Rule 12(b)(6), is proper when the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Supreme Court has interpreted Rule 8(a)(2) to mean that a complaint must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 557 (internal quotation marks and alterations omitted). A complaint that lacks such "heft" does not provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). Put another way, the "plain statement" that Rule 8(a)(2) requires is "the statement of circumstances, occurrences, and events" that support the claim asserted; the rule "does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal quotation marks omitted) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1202, pp. 94-95 (3d ed. 2004) (hereinafter Wright & Miller). Accordingly, a plaintiff must do more than plead "'a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *Id.* at 555 (quoting 5 Wright & A. Miller § 1216 at 235-36). *See also, Mass Engineered Design, Inc. v.*

*Ergotron, Inc.*, 2008 U.S. Dist. LEXIS 35577 at *18-19 (E.D. Tex., April 30, 2008) (stating that a plaintiff must plead "specific facts" and, therefore, "[a] court will… not accept as true conclusory allegations or unwarranted deductions of fact.") (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)) (internal quotes and citations omitted).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).[1] As such, it is appropriate to dismiss "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*, 129 S. Ct. at 1950.

1. <u>EOLAS's Complaint Lacks Requisite 'Heft'</u>.

EOLAS's Complaint is almost entirely devoid of factual allegations; it is almost all bones and no flesh.[2] The Complaint lists two EOLAS patents, does not describe any inventions claimed in them, but baldly alleges infringement of the patents. The Complaint does not identify

---

[1] *Twombly*'s generally applicable teachings about the degree of pleading specificity that the Federal Rules require carry particular weight in a complex case such as this one, with multiple defendants and multiple patents in dispute. The Supreme Court expressed particular concern about the exorbitant cost of antitrust litigation and the discovery process associated with it. *See Twombly*, 550 U.S. at 558. Patent litigation is obviously expensive: Noting the problem of "skyrocketing patent litigation costs," one district judge has remarked that in such suits "the discovery stage is typically the costliest stage; it is the black hole of legal costs." T. S. Ellis, III, *Distortion of Patent Economics by Litigation Costs*, in Proceedings of the 1999 Summit Conference on Intellectual Property, University of Washington, at 25. As in the antitrust and securities contexts, in the patent context it can readily be said that "to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence," courts must "tak[e] care to require allegations that reach" the requisite level of plausibility. *Twombly*, 550 U.S. at 559.

[2] That is evident from a straightforward comparison between the Complaint and the form patent infringement complaint contained in the Appendix of Forms to the Federal Rules. *See* Fed. R. Civ. P. 84; *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). Form 18 concerns a single-defendant, single-invention, single-direct infringement claim case. A case of that sort is much less complex than this one, which has multiple defendants, multiple patents, and multiple forms of infringement alleged; one would expect that the Complaint here would accordingly contain far more specific factual matter than what is alleged in Form 18. Instead, the Complaint avoid specifics. While under *McZeal*, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend", *id.* at 1357, the Eolas Complaint leaves JPMorgan completely in the dark, with the expectation that JPMorgan should forthwith cease and desist from employing any web page that has any interactive content of any sort, and any software and computers associated therewith.

any direct infringer that would be a necessary component to EOLAS's claim of indirect infringement (indirect "and/or" contributory). Nor does the Complaint alleges any facts illuminating how JPMorgan has supposedly itself directly infringed the patents, instead simply reciting the elements of the statutory cause of action and several generic abstract allegations. These abstract allegations are copied from one defendant to another, as if J.C. Penny and JPMorgan were operating the same or even similar businesses. Without concrete allegations of fact, as opposed to listings of legal terms and abstract recitations, EOLAS's Complaint cannot be said to state a plausible claim for direct infringement.[3]

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Plaintiffs whose complaints lacked "enough heft to show that the pleader is entitled to relief," 550 U.S. at 556, cannot fall back on the hope that future discovery allows them to revise their complaints to pass muster. Stating a plausible claim for relief would then be the result of discovery, rather than the necessary prerequisite required for discovery to proceed. That is not how the Federal Rules work. As the Supreme Court recognized in *Twombly*: "Some threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase." *Id.* at 558 (internal quotation marks and alterations omitted). By moving on the pleadings at this stage in that "costly and protracted" process, the deficiencies in EOLAS's Complaint are exposed now, "at the point of minimum

---

[3] Courts have dismissed patent complaints in their entirety where, as here, they fail to adequately identify how a defendant infringed patents. *See Hewlett-Packard Co. v. Intergraph Corp.*, No. 03-2517, 2003 U.S. Dist. LEXIS 26092, at *6 (N.D. Cal. Sept. 6, 2003); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960-62 (S.D. Cal. 1996); *accord Ondeo Nalco Co. v. EKA Chemicals, Inc.*, No. 01-537, 2002 U.S. Dist. LEXIS 26195 at *5 (D. Del. June 10, 2002); *Shearing v. Optical Radiation Corp.*, No. 93-850, 30 U.S.P.Q.2d 1878, 1994 U.S. Dist. LEXIS 18937, at *3-*5 (D. Nev. Mar. 31, 1994). *See also, PA Advisors, LLC v. Google, Inc.*, 2008 U.S. Dist. LEXIS 71285 at *15-20 (E.D. Tex. Aug. 7, 2008) (discussing pleading requirements for patent infringement cases).

expenditure of time and money by the parties and the court." *Id.* (internal quotation marks omitted).

Moreover, the requirement of pleading a claim that meets the Rule 8 standard is of constitutional dimension. As the Supreme Court has explained: "The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees." *Nelson v. Adams USA Inc.*, 529 U.S. 460, 465 (2000); *see id.* at 466-67 (invalidating amended judgment against shareholder obtained based on pleading that was never amended to add shareholder as defendant; "Rule 15 *and the due process for which it provides* . . . demand a more reliable and orderly course.") (emphasis added). Thus, a complaint that does not meet Rule 8's standard of providing a "short and plain statement of the claim showing that the pleader is entitled to relief" cannot support a judgment against the defendant consistent with due process.

The relief sought by JPMorgan is both straightforward and consistent with the Federal Rules: The Court should hold EOLAS to the terms of its own Complaint dismiss the patent infringement claim against JPMorgan. The limitation that Rule 8 puts on pleaders, as enforced by the Supreme Court in *Twombly*, makes clear that a plaintiff cannot evade the allegations of its own Complaint.

2. <u>EOLAS Has Failed To Identify A Direct Infringement</u>.

EOLAS has claimed that JPMorgan indirectly infringed one or both the asserted patents, yet fails to specify "who" the direct infringer may be. Compl. ¶ 44. Without direct infringement, there can be no indirect infringement. *See Met-coil Systems Corp. v. Korners Unlimited, Inc.,* 803 F.2d 684, 687 (Fed. Cir. 1986)

### 3. EOLAS Has Failed To Plead Predicate Facts.

Direct infringement of a patent requires a party to perform all of the steps of the patented method. *Canton Bio Medical, Inc. v. Integrated Liner Technologies, Inc.*, 216 F.3d 1367, 1369-70 (Fed. Cir. 2000) ("Infringement of process inventions is subject to the 'all-elements rule' whereby each of the claimed steps of a patented process must be performed in an infringing process . . . ."). According to the Complaint, this is a case of divided or joint infringement where more than one party is performing the steps of the method claims and no facts are alleged that permits a conclusion that one party is a direct infringer or that they are joint infringers. Eolas has not alleged sufficiently that JPMorgan is a joint infringer, and has not alleged that JPMorgan carries out all the steps of the patented method. Rather, as stated in the Complaint:

> On information and belief, JPMorgan Chase has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be *interactively* presented in browsers, including, without limitation, the web pages and content accessible via www.jpmorgan.com and maintained on servers located in and/or accessible from the United States under the control of JPMorgan Chase; (ii) software, including, without limitation, software that allows content to be *interactively* presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs *any of the foregoing*.

Compl. ¶¶ 44 (emphasis added). The Complaint contains no allegation or fact which relates to the third party that is acting "interactively."

It is assumed (though there is little to base this on from the Complaint) that JPMorgan is the "server" side and Web users are the "client" side of the interactivity. Each method claim of the `906 and `985 patents requires a client workstation and a server, where the client workstation must "do" something (*e.g.*, `906 patent claim 1: "executing, at said client workstation..."). '906 patent col.17 l.1; *see also* '906 patent col.16 l.64-65, col.17 l.59; '985 patent col.16 l.65-66,

col.18 l.15-16, col.18 l.52, col.18 l.57, col.19 l.28-29, col.20 l.3-4, col.20 l.42-43, col.21 l.20, col.21 l.61, col.21 l.66, col.22 l.38-39. The Complaint is entirely silent on identifying what third party is involved in the purported infringement with JPMorgan and how or why JPMorgan exercises requisite "control" over such party so as to make the infringement claim viable. There is no allegation of facts to conclude that JPMorgan would be "vicariously responsible for the actions of the unrelated parties who carried out the other steps" of the method claim, no infringement could be found. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1375 (Fed. Cir. 2007); *see also Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008), *reh'g en banc denied* 2008 U.S. App. LEXIS 25099 (Fed. Cir. July 14, 2008), and *cert. denied*, 129 S. Ct. 1585 (2009). Only if a Court finds that one party "directed or controlled" a third party may that party be held liable for direct infringement. *BMC Resources* at 1381-2.

This case bears striking resemblance to a recent case in which a similar complaint was dismissed. In *Global Patent Holdings LLC v. Panther BRHC LLC*, 586 F. Supp. 2d 1331, *aff'd*, 2009 U.S. App. LEXIS 7792 (Fed. Cir., Apr. 1, 2009). In that case, the Court found that:

> the patented process cannot start until the remote user visits Defendant's website. Plaintiff has not alleged that these individuals visit Defendant's website under Defendant's "direction or control." Therefore, the Court cannot conclude that Defendant and the remote users are "joint infringers" under *BMC Resources*. Since Plaintiff has not alleged sufficiently that Defendant is a joint infringer, and Plaintiff has not alleged that Defendant carries out all the steps of the patented method, Plaintiff's claim for direct patent infringement must be dismissed as inadequate.

*Id*. at 1335. This is precisely the situation in EOLAS' Complaint. At least each independent method claim of the `906 and `985 patents requires, according to EOLAS' Complaint: "web pages and content to be ***interactively presented in browsers***…" and/or "software that allows content to be ***interactively presented in and/or served to browsers***." Compl. ¶¶ 44 (emphasis added). There is nothing in the Complaint about the person that uses the web browser or whether

or not such person is under the direction and control of EOLAS (as they surely are not). At least as to the method claims in the `906 and `985 patents, the infringement allegations against JPMorgan should be dismissed for this complete failure to allege necessary elements of infringement.[4]

To be sure, the Federal Rules provide that in certain cases the complaint may be amended to conform to the evidence. *See* Fed. R. Civ. P. 15(b). But in the absence of a satisfactory amendment, a deficient complaint cannot support a judgment. Allowing the plaintiff to proceed on a claim that has neither been pleaded at the outset nor presented through amendment, over the defendant's objections, itself contravenes both the Federal Rules and the due process of law those Rules "are designed to further" and that "the Constitution guarantees." *See Nelson*, 529 U.S. at 465.

Under the circumstances presented in this case, permitting EOLAS to eventually obtain a judgment based on that Complaint, would violate the Rules and amount to a violation of JPMorgan's right to due process.

## IV. Conclusion

Based on the foregoing, the Complaint should be dismissed for failure to state a claim upon which relief can be granted and Defendant, JP Morgan Chase & Co., so moves.

---

[4] And as to apparatus claims, JPMorgan is not said to satisfy the requirement for a workstation ***and*** a remote server.

| Date: December 24, 2009 | Respectfully submitted, |
|---|---|
| | /s/  *Trey Yarbrough*  |
| | Trey Yarbrough<br>Texas Bar No. 22133500<br>Debra Elaine Gunter<br>Texas Bar No. 24012752<br>YARBROUGH WILCOX, PLLC<br>100 E. Ferguson Street<br>Ste 1015<br>Tyler , TX 75702<br>Tel: (903) 595-3111<br>Fax: (903) 595-0191<br>debby@yw-lawfirm.com<br>trey@yw-lawfirm.com |
| | Joel M. Freed<br>Michael W. Connelly<br>MCDERMOTT WILL & EMERY LLP<br>600 13th Street, N.W.<br>Washington, DC   20005-3096<br>Tel: (202) 756-8327<br>Fax: (202) 756-8087 |
| | ATTORNEYS FOR DEFENDANT<br>JPMORGAN CHASE & CO. |

**Certificate of Service**

This is to certify that all counsel deemed to have consented to electronic service are being served with a copy of the foregoing motion via the Court's CM/ECF system per local rule CV-5(a)(3) on December 24, 2009.  All other counsel not so deemed will be served via fax or first class mail.

/s/ Trey Yarbrough_____
Trey Yarbrough