## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** | § § | |
| Plaintiff, | § § § § | Civil Action No. 6:09-CV-00446-LED |
| vs. | § § | |
| **Adobe Systems Inc., Amazon.com, Inc., Apple Inc., Argosy Publishing, Inc., Blockbuster Inc., CDW Corp., Citigroup Inc., eBay Inc., Frito-Lay, Inc., The Go Daddy Group, Inc., Google Inc., J.C. Penney Company, Inc., JPMorgan Chase & Co., New Frontier Media, Inc., Office Depot, Inc., Perot Systems Corp., Playboy Enterprises International, Inc., Rent-A-Center, Inc., Staples, Inc., Sun Microsystems Inc., Texas Instruments Inc., Yahoo! Inc., and YouTube, LLC** | § § § § § § § § § § § § § § § | **JURY TRIAL** |
| Defendants. | § | |

### PLAINTIFF EOLAS' RESPONSE TO DEFENDANT JPMORGAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Of the more than twenty defendants named in Plaintiff Eolas' Complaint (*see* dkt. 1), only one, JPMorgan moved to dismiss it. The reason none of the other defendants moved to dismiss is straightforward: the Complaint here breaks no new ground. Like scores of other patent cases filed in this District (and before this Court), the Complaint here accuses JPMorgan of patent infringement in the United States, identifies specific patents and accused instrumentalities, recognizes the Court's jurisdiction, and prays for damages and injunctive relief. Despite this, JPMorgan treats the Complaint as something revolutionary, and somehow

1

improper.  JPMorgan argues that *Twombly* and *Iqbal* changed the rules, abrogated the long-established pleading standards in patent cases, did away with the standard form patent complaint found in the Federal Rules and now requires a detailed pleading standard in patent cases that Eolas failed to meet in its Complaint.  JPMorgan is mistaken—and the weight of the authority shows its error.

The instant Complaint, which tracks the form patent complaint found in the Federal Rules, does not offend *Twombly* or *Iqbal*.  The Federal Circuit has explicitly considered patent complaints in light of *Twombly*, and found that compliance with the sample forms in the Federal Rules was sufficient to put a defendant on notice of the claims asserted against him.  Like the Federal Circuit, at least three recent cases from the Eastern District (and many more from other courts) have rejected the very arguments JPMorgan makes. These conclusions are not surprising: the Federal Rules offer explicit guidance by providing sample forms for patent claims. In contrast, no such guidance exists for the antitrust and *Bivens* claims that were at issue in *Twombly* and *Iqbal*.  It is hard to imagine that a sample form, provided with the Federal Rules, would fail to comply with the notice standards required by the selfsame rules.

These considerations apply with greater force in this Court, where patent holders are forced to tip their hands early in discovery.  Eolas' infringement contentions will more specifically identify the accused instrumentalities and compare the accused instrumentalities to the asserted claims of the patents-in-suit on an element-by-element basis.  While JPMorgan might prefer to receive such information along with the Complaint, such information is not included in the form pleading for patent cases, and is certainly not required to provide "fair notice" of Plaintiffs' claims under Rule 8.

Plaintiffs' Complaint provides fair notice under the Federal Rules; thus, the Court should deny JPMorgan's Motion to Dismiss in its entirety.

## I. STANDARD OF REVIEW

Motions to dismiss are purely procedural questions that do not pertain to patent law. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). For this reason, courts apply the law of regional circuits to determine if "in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id*. at 1356 (citing *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 477 (5th Cir. 2002)). "When deciding a motion to dismiss pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *PA Advisors, LLC v. Google, Inc.*, 2008 U.S. Dist. LEXIS 71285 (E.D. Tex. Aug. 7, 2008) (Folsom, J.) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)).

A motion to dismiss under Rule 12(b)(6) is generally "viewed with disfavor and is rarely granted." *FotoMedia Tech., LLC v. AOL*, No. 2:07-CV-255, 2008 WL 4135906, at *1 (E.D. Tex. Aug. 29, 2008) (Ward, J.) (citing *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).

## II. ARGUMENT AND AUTHORITIES

### A. Rule 8 Requires Only a Short and Plain Statement Showing Entitlement to Relief

The Federal Rules include Forms in an appendix that serve as guidelines for drafting complaints, including complaints for patent infringement. FED. R. CIV. P. app. Form 18. The Federal Rules state that these Forms are examples of the brevity and simplicity of the pleading

requirements. FED. R. CIV. P. 84. These Rules and Forms have long been relied on by plaintiffs when filing complaints for patent infringement in the Eastern District of Texas and other Federal jurisdictions.

For patent cases, the crux of the Complaint requires less than two dozen lines:

> **Form 18.** Complaint for Patent Infringement
> (Caption—See Form 1.)
> 1. (Statement of Jurisdiction—See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
>
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.
> (Date and sign—See Form 2.)
> (Added Apr. 30, 2007, eff. Dec. 1, 2007.)

FED. R. CIV. P. app. Form 18; *McZeal*, 501 F.3d at 1356-57. The Rules provide that the allegations in the forms are sufficient to state a claim. *See* Rule 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *McZeal*, 501 F.3d at 1356-57 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the forms contained in the appendix to the Federal Rules "plainly demonstrate" the requirements for pleadings)); *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F. Supp. 2d 1376, 1379-80

(N.D. Ga. 2007) (holding that Rule 84 controls and that the statements in Form 16 are sufficient for pleading direct, indirect, and willful infringement).

The Forms conform to the civil case pleading requirements found in Rule 8(a). That rule includes three elements that must be included in claims for relief:

> (1) a short claim or plain statement of the grounds of the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Eolas' Complaint meets the requirements of Form 18 and Rule 8(a). Specifically, Eolas alleges that (1) jurisdiction is appropriate in the Eastern District of Texas (Complaint at ¶¶ 25-28); (2) Eolas has the exclusive right to enforce the asserted patents (among other exclusive rights identified in the Complaint) (Complaint at ¶¶ 29-31); (3) "JPMorgan Chase has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States" (Complaint at ¶44); (4) the accused instrumentalities, including "web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jpmorgan.com, … software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, … computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing" infringe the asserted patents (Complaint at ¶44); and (5) JPMorgan has received actual notice of infringement (Complaint at ¶ 55). Eolas' Complaint also includes the required prayer for relief. *See* Complaint at 20-21.

Because Eolas has tracked Form 18, it has satisfied all of the requirements of the Federal Rules, and the Court should deny JPMorgan's Motion to Dismiss.

B.  **The Patent Infringement Form Pleading Does Not Offend *Twombly* or *Iqbal***

Furthermore, the patent form pleading has already been tested by *Twombly*, and passed unscathed.  In *McZeal v. Sprint Nextel Corp.*, the Federal Circuit found that pleadings in patent cases are governed by Rule 8(a) and the illustrative Forms included in the Appendix, and that use of those forms still passed muster after *Twombly*.  *Id*. at 1356-57.  The court relied on Form 18 as evidence of the information that should be included in a complaint for patent infringement and noted that "[i]t logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."[1]  *Id*. (citing *Bell Atl. Corp. v. Twombly*, 129 S. Ct. 1955, 1971 n.10 (2007).  "[A] plaintiff in a patent infringement suit is not required to specifically include each element of the claims in the asserted patent" in the pleadings.  *Id*. at 1357. *See also Taltwell, LLC v. Zonet USA Corp.*, 2007 U.S. Dist. LEXIS 93465, at *40 (E.D. Va. Dec. 19, 2007) ("[Plaintiff] need not specify which claims of the [patent] have been performed by the allegedly infringing products."). *McZeal*'s stance has been adopted by district courts in at least the Third, Fourth, Fifth, Seventh, Eighth, and Eleventh Circuits—including courts in the Eastern District of Texas.[2]

*Iqbal* noted that while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleaded regime of a prior era, . . . it does not unlock the doors of discovery for a

---

[1]  *McZeal* refers to "Form 16" instead of "Form 18" in its opinion.  The Forms were renumbered in the 2007 amendments to the Federal Rules.  Only the form number changed -- the content of "Form 16" and "Form 18" are the same.

[2]  To the extent JPMorgan argues that *McZeal* is not applicable because the plaintiff in *McZeal* was *pro se* (and more liberal pleading standards generally apply to *pro se* litigants), the argument is overcome in the following section because courts in the Third, Fourth, Fifth, Seventh, Eighth, and Eleventh Circuits -- including courts in the Eastern District -- have applied *McZeal* to cases in which plaintiffs are represented by counsel.

plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. But *Iqbal* was not a patent case—it was a *Bivens* action accusing federal agents of discriminating against Arab Muslims in detentions following the terrorist attacks of September 11, 2001. *Id*. at 1951.

While *Iqbal* applies the reasoning in *Twombly* to "all civil actions,"[3] Form 18 clearly defines the requirements for complaints in patent cases. Complaints that track Form 18 satisfy the pleading requirements of the Federal Rules. FED. R. CIV. P. 84. *McZeal*, 501 F.3d at 1356-57; *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F. Supp. 2d at 1379-80. Patent cases are unique because the claims of the asserted patents identify the apparatus, method, or system that forms the basis of the infringement. JPMorgan is on notice of Eolas' infringement allegations because the Complaint specifies the infringing instrumentalities and the patents define the infringing acts. Nothing more is required to meet the pleading requirements in Form 18 and Rule 8.

The Federal Rules do not provide a sample form or any other specific guidance for the antitrust claims in *Twombly* or the *Bivens* claims in *Iqbal*. Thus, *Twombly* and *Iqbal* did not abrogate the use of Form 18 in patent cases—nor could they. The Supreme Court recognizes that Federal Rules cannot be amended by judicial interpretation. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); *CBT Flint Partners*, 529 F. Supp. 2d at 1379 ("As a general matter, I am loathe to assume that the Supreme Court [in *Twombly*] circumvented the normal channels for amending the Federal Rules.") (citing

---

[3] *Iqbal*, 129 S. Ct. at 1953.

*Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002)). While *Twombly* and *Iqbal* may provide guidance for interpreting the Federal Rules, they do not and cannot repeal the specific pleading forms contained therein.

### C. The Eastern District Has Adopted *McZeal* and Has Denied Similar Motions

Courts in this District have followed the Federal Circuit's lead in *McZeal* on at least three separate occasions, and have uniformly found that complaints comparable to the instant complaint provide sufficient notice. In *FotoMedia Technologies, LLC v. AOL,* the Court denied a motion to dismiss, relying on Form 18, Rule 8, and *McZeal*. *See* No. 2:07-CV-255, 2008 U.S. Dist. LEXIS 109403, at *5 (E.D. Tex. Aug. 29, 2008) (Ward, J.) ("[T]he Federal Circuit recently considered the issue, albeit in the context of a *pro se* plaintiff, and rejected the argument that [*Twombly*] changed the pleading requirements of Rule 8(a) in patent infringement cases."). The *FotoMedia* Court noted that neither Rule 8 nor *McZeal* "require the pleading of each individual element of a claim for indirect infringement." *Id*. at *8.

A second Eastern District court performed a similar analysis and reached a similar result. *PA Advisors, LLC v. Google Inc*., No. 2:07-CV-480, 2008 U.S. Dist. LEXIS 71285 (E.D. Tex. Aug. 7, 2008) (Folsom, J.). In *PA Advisors*, the Court cited *McZeal* and agreed that *Twombly* did not change the pleading requirements of Rule 8. *Id.* at *18-20. The court denied defendants' motion to dismiss, finding that plaintiff "satisfied the liberal standards of Rule 8(a)." *Id*. at *19.

Even more recently, an Eastern District court again denied a motion to dismiss—further rejecting the same arguments advanced by JPMorgan. *WIAV Networks v. 3Com Corp.*, 5:09-cv-00101-DF (E.D. Tex. Dec. 15, 2009) (Folsom, J.) (order denying motion to dismiss) (attached hereto as Exhibit 1). Relying upon *McZeal*, the court denied the defendant's motion to dismiss, noting that heightened fact pleading is not required under *Twombly*. *Id*. at 5. The court went on

to explain that even after *Iqbal* and *Twombly* a complaint need not "specifically describe how [the defendant's] products practice the claimed methods or systems." *Id.*

Moreover, absence of a claim construction and evidentiary record weighs heavily against dismissing a patent plaintiff's claims in the Eastern District. *See e.g., OLA, LLC v. Builder Homesite, Inc.*, 2009 U.S. Dist. LEXIS 89766, at *11 (E.D. Tex. Sept. 29, 2009).

Eolas' Complaint meets the requirements defined by the Federal Rules, the Federal Circuit, and courts in the Eastern District of Texas. For these reasons, the Court should deny JPMorgan's Motion to Dismiss in its entirety.[4]

### III. CONCLUSION

Eolas' Complaint satisfies the notice pleading requirements of the Rule 8(a) and closely tracks the exemplary form provided in the Federal Rules. Both the Federal Circuit and courts in the Eastern District have recognized that the pleading standards set out in the Federal Rules

---

[4] As mentioned above, courts in other Circuits have adopted the Federal Circuit's holdings in *McZeal* and the Eastern District holding in *FotoMedia* in denying similar motions to dismiss and motions for more definite statements. *See, e.g.*, *Mark Iv Indus. Corp. v. Transcore, L.P.*, 2009 U.S. Dist. LEXIS 112069, at *7-9 (D. Del. Dec. 2, 2009) (rejecting the argument that *Iqbal* heightened pleading requirements for patent infringement plaintiffs, citing *McZeal*, and denying defendant's motion to dismiss); *Sharafabadi v. Univ. of Idaho*, 2009 U.S. Dist. LEXIS 110904, at *7 (W.D. Wash. Nov. 27, 2009) (citing *McZeal* and noting "[t]he Federal Circuit and a range of district courts have concluded that the sample complaint of Form 18 meets the *Twombly* standard"); *Sorenson v. Dorman Prods.*, 2009 U.S. Dist. LEXIS 109706, at *4 (S.D. Cal. Nov. 24, 2009) (citing *McZeal* and denying a motion to dismiss); *Bender v. Nokia Inc.*, 2009 U.S. Dist. LEXIS 92482, at *1 (N.D. Cal. Oct. 2, 2009) (citing *McZeal* and denying a motion to dismiss); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, 2009 U.S. Dist. LEXIS 57953, at *2 (N.D. Cal. July 8, 2009) (citing *McZeal* and denying a motion to dismiss "because the claim is pled in conformity with the Federal Rules of Civil Procedure, Appendix of Forms"); *S.O.I.T.E.C. Silicon on Insulator Tech., S.A. v. MEMC Elec. Matls.*, Inc., No. 08-292-SLR, 2009 U.S. Dist. LEXIS 13155, at *5 (D. Del. Feb. 20, 2009) (citing *FotoMedia* and holding that "[t]he complaint at bar provides the level of detail suggested by Form 18 and, therefore, passes muster"); *Sikes Cookers & Grill, Inc. v. Vidalia Outdoor Prods., Inc.*, No. 1:08-CV-0750-JOF, 2009 U.S. Dist. LEXIS 13094, at *6-10 (N.D. Ga. Feb. 19, 2009) (citing *FotoMedia*, adopting *McZeal*, and denying a motion to dismiss); *Edge Capture L.L.C. v. Lehman Bros. Holdings, Inc.*, No. 08 C 2412, 2008 U.S. Dist. LEXIS 83945, at *3-4 (N.D. Ill. Aug. 28, 2008) (adopting *McZeal* and denying a motion to dismiss allegations of both direct and indirect infringement); *Schwendimann v. Arkwright, Inc.*, No. 08-162 ADM/JSM, 2008 U.S. Dist. LEXIS 56421, at *5 (D. Minn. July 23, 2008) (denying a motion to dismiss and adopting *McZeal* as the standard likely to be applied in the Eighth Circuit); *Taltwell, LLC v. Zonet USA Corp.*, No. 3:07cv543, 2007 U.S. Dist. LEXIS 93465, at *39 (E.D. Va. Dec. 20, 2007) (adopting *McZeal* and denying a motion to dismiss); *CBT Flint Partners, LLC v. Goodmail Sys., Inc.*, 529 F. Supp. 2d 1376, 1379-81 (N.D. Ga. 2007) (holding that *Twombly* did not alter pleading standards - "especially in the patent context" in view of the Federal Rules, the Forms in the Appendix, and the Local Patent Rules that "require plaintiffs to disclose a great deal of extremely detailed information").

Austin55504      9

comport with *Twombly* and *Iqbal*. Moreover, detailed infringement contentions are a matter of course in the Eastern District of Texas, and JPMorgan will soon receive detailed information concerning the accused instrumentalities identified in Eolas' Complaint.

For these reasons, Eolas' Complaint meets all of the notice requirements in the Federal Rules, and JPMorgan's Motion to Dismiss should be denied.

DATED:  January 8, 2010.                    Respectfully submitted,

                                                  **MCKOOL SMITH, P.C.**
/s/  Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Luke McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
**ATTORNEYS FOR PLAINTIFF
EOLAS TECHNOLOGIES, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on this the 8th day of January, 2010. Local Rule CV-5(a)(3)(A).

/s/ Josh Budwin
Josh Budwin