IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** | § § | |
| Plaintiff, | § § § | Civil Action No. 6:09-CV-00446-LED |
| vs. | § § § | |
| **Adobe Systems Inc., Amazon.com, Inc., Apple Inc., Argosy Publishing, Inc., Blockbuster Inc., CDW Corp., Citigroup Inc., eBay Inc., Frito-Lay, Inc., The Go Daddy Group, Inc., Google Inc., J.C. Penney Company, Inc., JPMorgan Chase & Co., New Frontier Media, Inc., Office Depot, Inc., Perot Systems Corp., Playboy Enterprises International, Inc., Rent-A-Center, Inc., Staples, Inc., Sun Microsystems Inc., Texas Instruments Inc., Yahoo! Inc., and YouTube, LLC** | § § § § § § § § § § § § § § | **JURY TRIAL** |
| Defendants. | § | |

## EOLAS' REPLY TO DEFENDANT SUN MICROSYSTEMS, INC.'S ANSWER AND COUNTERCLAIMS

Plaintiff Eolas Technologies Incorporated ("Eolas" or "Plaintiff") hereby replies to the counterclaims set forth in Sun Microsystems, Inc.'s ("Sun") Answer and Counterclaims as follows:

## COUNTERCLAIMS

### The Parties

1.  On information and belief, based solely on Sun's response to paragraph 21 of Eolas' Complaint, Eolas admits the allegations in paragraph 1 of Sun's Counterclaims.

2.  Eolas admits the allegations in paragraph 2 of Sun's Counterclaims.

## JURISDICTION AND VENUE

3. Eolas admits the allegations in paragraph 3 of Sun's Counterclaims.

4. Eolas admits that Sun's counterclaims arise under the Patent Laws of the United Sates, Title 35, United States Code. Eolas admits that the jurisdiction of this court is proper over these counterclaims. Eolas admits that there is an actual and justiciable controversy between Eolas and Sun. Except as so admitted, Eolas denies the allegations in paragraph 4 of Sun's Counterclaims.

5. Eolas admits that this Court has personal jurisdiction over it. Except as so admitted, Eolas denies the allegations in paragraph 5 of Sun's Counterclaims.

6. Eolas admits that venue is proper in this District, and in the Tyler Division. Except as so admitted, Eolas denies the allegations in paragraph 6 of Sun's Counterclaims.

## FIRST COUNTERCLAIM

### Declaration of Non-Infringement of U.S. Patent No. 5,838,906

7. Paragraph 7 of Sun's Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

8. Eolas admits that it filed the Complaint against Sun and other defendants on October 6, 2009 and that the Complaint as filed on October 6, 2009 contains the allegations recited. Except as so admitted, Eolas denies the allegations in paragraph 8 of Sun's Counterclaims.

9. Eolas admits that it filed the Complaint against Sun and other defendants on October 6, 2009 and that the Complaint as filed on October 6, 2009 contains the allegations

recited. Except as so admitted, Eolas denies the allegations in paragraph 9 of Sun's Counterclaims.

10. Eolas admits that it filed the Complaint against Sun and other defendants on October 6, 2009 and that the Complaint as filed on October 6, 2009 contains the allegations recited. Except as so admitted, Eolas denies the allegations in paragraph 10 of Sun's Counterclaims.

11. Paragraph 11 of Sun's Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

12. Paragraph 12 of Sun's Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

13. Eolas denies the allegations in paragraph 13 of Sun's Counterclaims.

14. Paragraph 14 of Sun's Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

## SECOND COUNTERCLAIM

### Declaration of Invalidity of U.S. Patent No. 5,838,906

15. Paragraph 15 of Sun's Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

16. Eolas denies the allegations in paragraph 16 of Sun's Counterclaims.

17. Eolas denies the allegations in paragraph 17 of Sun's Counterclaims.

18. Eolas denies the allegations in paragraph 18 of Sun's Counterclaims.

## THIRD COUNTERCLAIM

### Declaration of Non-Infringement of U.S. Patent No. 7,599,985

19. Paragraph 19 of Sun's Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

20. Eolas admits that it filed the Complaint against Sun and other defendants on October 6, 2009 and that the Complaint as filed on October 6, 2009 contains the allegations recited. Except as so admitted, Eolas denies the allegations in paragraph 20 of Sun's Counterclaims.

21. Eolas admits that it filed the Complaint against Sun and other defendants on October 6, 2009 and that the Complaint as filed on October 6, 2009 contains the allegations recited. Except as so admitted, Eolas denies the allegations in paragraph 21 of Sun's Counterclaims.

22. Eolas admits that it filed the Complaint against Sun and other defendants on October 6, 2009 and that the Complaint as filed on October 6, 2009 contains the allegations recited. Except as so admitted, Eolas denies the allegations in paragraph 22 of Sun's Counterclaims.

23. Paragraph 23 of Sun's Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

24. Paragraph 24 of Sun's Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

25. Eolas denies the allegations in paragraph 25 of Sun's Counterclaims.

26. Paragraph 26 of Sun's Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

## FOURTH COUNTERCLAIM

### Declaration of Invalidity of U.S. Patent No. 7,599,985

27. Paragraph 27 of Sun's Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

28. Eolas denies the allegations in paragraph 28 of Sun's Counterclaims.

29. Eolas denies the allegations in paragraph 29 of Sun's Counterclaims.

30. Eolas denies the allegations in paragraph 30 of Sun's Counterclaims.

## SUN'S JURY DEMAND

Sun's jury demand does not contain a statement which warrants an affirmance or denial.

## SUN'S REQUESTED RELIEF

Eolas denies that Sun is entitled to the relief requested in paragraphs A-F of its Answer and Counterclaims or any other relief on its Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eolas Technologies Incorporated, prays for the following relief against Defendant Sun Microsystems, Inc.:

A. that all relief requested by Eolas in its Complaint be granted;

B. that all relief requested by Sun in its Answer and Counterclaims to Plaintiff's Complaint be denied and that Sun take nothing by way of its Counterclaims;

C. that Sun be ordered to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

D. such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

As affirmative defenses, Eolas alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Sun has failed to state a claim upon which relief can be granted, with respect to each cause of action set forth in its Answer and Counterclaims.

## SECOND AFFIRMATIVE DEFENSE

Sun has failed to state facts and/or a legal basis sufficient to permit recovery of its attorneys' fees and/or expenses for defending this suit.

## OTHER AFFIRMATIVE DEFENSES

Eolas hereby gives notice that it intends to rely upon any other defense that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

## DEMAND FOR JURY TRIAL

Eolas demands a trial by jury of any and all issues triable of right before a jury.

DATED: January 11, 2010.                    Respectfully submitted,

**MCKOOL SMITH, P.C.**
/s/ Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Luke McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
**ATTORNEYS FOR PLAINTIFF
EOLAS TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on this the 11TH day of January, 2010. Local Rule CV-5(a)(3)(A).

/s/ Josh Budwin
Josh Budwin