# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** § § | | |
| Plaintiff, § § § § | Civil Action No. 6:09-CV-00446-LED | |
| vs. § § | | |
| **Adobe Systems Inc., Amazon.com, Inc., Apple Inc., Argosy Publishing, Inc., Blockbuster Inc., CDW Corp., Citigroup Inc., eBay Inc., Frito-Lay, Inc., The Go Daddy Group, Inc., Google Inc., J.C. Penney Company, Inc., JPMorgan Chase & Co., New Frontier Media, Inc., Office Depot, Inc., Perot Systems Corp., Playboy Enterprises International, Inc., Rent-A-Center, Inc., Staples, Inc., Sun Microsystems Inc., Texas Instruments Inc., Yahoo! Inc., and YouTube, LLC** § § § § § § § § § § § § § § § | JURY TRIAL | |
| Defendants. § | | |

## EOLAS' REPLY TO DEFENDANT CDW CORPORATION'S ANSWER AND COUNTERCLAIMS

Plaintiff Eolas Technologies Incorporated ("Eolas" or "Plaintiff") hereby replies to the counterclaims set forth in CDW Corporation's ("CDW") Answer and Counterclaims as follows:

## COUNTERCLAIM

1. Paragraph 1 of CDW's Counterclaim does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

2. Eolas admits that CDW purports to bring claims for declaratory judgment and that CDW's counterclaims arise under the Patent Laws of the United States and that this Court has

1

jurisdiction over these counterclaims. Except as so admitted, Eolas denies the allegations in paragraph 2 of CDW's Counterclaim.

3. On information and belief, based solely on CDW's response to paragraph 7 of Eolas' Complaint, Eolas admits the allegations in paragraph 3 of CDW's Counterclaim.

4. Eolas admits the allegations in paragraph 4 of CDW's Counterclaim.

5. Eolas admits the allegations in paragraph 5 of CDW's Counterclaim.

6. Eolas admits that this Court has personal jurisdiction over it and that venue is proper in this District, and in the Tyler Division. Except as so admitted, Eolas denies the allegations in paragraph 6 of CDW's Counterclaim.

## Count I

## Declaratory Judgment of Non-Infringement Regarding U.S. Patent No. 5,838,906

7. Paragraph 7 of CDW's Counterclaim does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

8. Eolas admits the allegations in paragraph 8 of CDW's Counterclaim.

9. Paragraph 9 of CDW's Counterclaim does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

10. Eolas admits the allegations in paragraph 10 of CDW's Counterclaim.

11. Eolas denies the allegations in paragraph 11 of CDW's Counterclaim.

## Count II

**Declaratory Judgment of Patent Invalidity Regarding U.S. Patent No. 5,838,906**

12. Paragraph 12 of CDW's Counterclaim does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

13. Eolas admits the allegations in paragraph 13 of CDW's Counterclaim.

14. Eolas denies the allegations in paragraph 14 of CDW's Counterclaim.

15. Eolas admits the allegations in paragraph 15 of CDW's Counterclaim.

16. Eolas denies the allegations in paragraph 16 of CDW's Counterclaim.

## Count III

**Declaratory Judgment of Non-Infringement Regarding U.S. Patent No. 7,599,985**

17. Paragraph 17 of CDW's Counterclaim does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

18. Eolas admits the allegations in paragraph 18 of CDW's Counterclaim.

19. Paragraph 19 of CDW's Counterclaim does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

20. Eolas admits the allegations in paragraph 20 of CDW's Counterclaim.

21. Eolas denies the allegations in paragraph 21 of CDW's Counterclaim.

## Count IV

## Declaratory Judgment of Patent Invalidity Regarding U.S. Patent No. 7,599,985

22. Paragraph 22 of CDW's Counterclaim does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

23. Eolas admits the allegations in paragraph 23 of CDW's Counterclaim.

24. Eolas denies the allegations in paragraph 24 of CDW's Counterclaim.

25. Eolas admits the allegations in paragraph 25 of CDW's Counterclaim.

26. Eolas denies the allegations in paragraph 26 of CDW's Counterclaim.

## CDW'S REQUESTED RELIEF

Eolas denies that CDW is entitled to the relief requested in paragraphs A-F of its Answer and Counterclaims or any other relief on its Answer and Counterclaims.

## CDW'S JURY DEMAND

CDW's jury demand does not contain a statement which warrants an affirmance or denial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eolas Technologies Incorporated, prays for the following relief against Defendant CDW Corporation:

A. that all relief requested by Eolas in its Complaint be granted;

B. that all relief requested by CDW in its Answer and Counterclaims to Plaintiff's Complaint be denied and that CDW take nothing by way of its Counterclaims;

C. that CDW be ordered to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

D. such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

As affirmative defenses, Eolas alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

CDW has failed to state a claim upon which relief can be granted, with respect to each cause of action set forth in its Counterclaim.

### SECOND AFFIRMATIVE DEFENSE

CDW has failed to state facts and/or a legal basis sufficient to permit recovery of its attorneys' fees and/or expenses for defending this suit.

### OTHER AFFIRMATIVE DEFENSES

Eolas hereby gives notice that it intends to rely upon any other defense that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

### DEMAND FOR JURY TRIAL

Eolas demands a trial by jury of any and all issues triable of right before a jury.

DATED:  January 11, 2010.                         Respectfully submitted,

**MCKOOL SMITH, P.C.**
/s/  Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Luke McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
**ATTORNEYS FOR PLAINTIFF
EOLAS TECHNOLOGIES, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on this the 11th day of January, 2010. Local Rule CV-5(a)(3)(A).

/s/ Josh Budwin
Josh Budwin
