# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| Eolas Technologies Incorporated, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:09-CV-00446-LED |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| Adobe Systems Inc., Amazon.com, Inc., | § | JURY TRIAL |
| Apple Inc., Argosy Publishing, Inc., | § | |
| Blockbuster Inc., CDW Corp., | § | |
| Citigroup Inc., eBay Inc., Frito-Lay, Inc., | § | |
| The Go Daddy Group, Inc., Google Inc., | § | |
| J.C. Penney Company, Inc., JPMorgan | § | |
| Chase & Co., New Frontier Media, Inc., | § | |
| Office Depot, Inc., Perot Systems Corp., | § | |
| Playboy Enterprises International, Inc., | § | |
| Rent-A-Center, Inc., Staples, Inc., Sun | § | |
| Microsystems Inc., Texas Instruments Inc., | § | |
| Yahoo! Inc., and YouTube, LLC | § | |
| | § | |
| Defendants. | § | |

## EOLAS' REPLY TO DEFENDANT THE GO DADDY GROUP INC.'S ANSWER AND COUNTERCLAIMS

Plaintiff Eolas Technologies Incorporated ("Eolas" or "Plaintiff") hereby replies to the counterclaims set forth in The Go Daddy Group Inc.'s ("Go Daddy") Answer and Counterclaims as follows:

## COUNTERCLAIMS

### The Parties

69.     On information and belief, based solely on paragraph 11 of Go Daddy's Answer and Counterclaims as pleaded by Go Daddy, Go Daddy is an Arizona corporation and has a principal place of business in Arizona.

70.     Eolas admits the allegations in paragraph 70 of Go Daddy's Answer and Counterclaims.

<u>**Jurisdiction**</u>

71.     Eolas admits that Go Daddy's counterclaims arise under the Patent Laws of the United Sates, Title 35, United States Code.  Eolas admits that the jurisdiction of this Court is proper over these counterclaims.  Except as so admitted, Eolas denies the allegations in paragraph 71 of Go Daddy's Answer and Counterclaims.

72.     Eolas admits that venue is proper in this District, and in the Tyler Division. Except as so admitted, Eolas denies the allegations in paragraph 72 of Go Daddy's Answer and Counterclaims.

<u>**Count I**</u>

<u>**Declaratory Relief Regarding Non-Infringement**</u>

73.     Eolas admits that there is an actual and justiciable controversy between Eolas and Go Daddy regarding the infringement of the '906 patent.  Except as so admitted, Eolas denies the allegations in paragraph 73 of Go Daddy's Answer and Counterclaims.

74.     Paragraph 74 of Go Daddy's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial.  To the extent any response is warranted, Eolas responds as follows: denied.

75.     Eolas admits that there is an actual and justiciable controversy between Eolas and Go Daddy regarding the infringement of the '985 patent.  Except as so admitted, Eolas denies the allegations in paragraph 75 of Go Daddy's Answer and Counterclaims.

76.     Paragraph 76 of Go Daddy's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial.  To the extent any response is warranted, Eolas responds as follows: denied.

## Count II

## Declaratory Relief Regarding Invalidity

77.     Eolas admits that there is an actual and justiciable controversy between Eolas and Go Daddy regarding the validity of the '906 patent.  Except as so admitted, Eolas denies the allegations in paragraph 77 of Go Daddy's Answer and Counterclaims.

78.     Paragraph 78 of Go Daddy's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial.  To the extent any response is warranted, Eolas responds as follows: denied.

79.     Eolas admits that there is an actual and justiciable controversy between Eolas and Go Daddy regarding the validity of the '985 patent.  Except as so admitted, Eolas denies the allegations in paragraph 79 of Go Daddy's Answer and Counterclaims.

80.     Paragraph 80 of Go Daddy's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial.  To the extent any response is warranted, Eolas responds as follows: denied.

## Count III

## Declaratory Relief Regarding Uneforceability

81.     Eolas admits that there is an actual and justiciable controversy between Eolas and Go Daddy regarding the enforceability of the '906 patent and the '985 patent.  Except as so admitted, Eolas denies the allegations in paragraph 81 of Go Daddy's Answer and Counterclaims.

82. Paragraph 82 of Go Daddy's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

## GO DADDY'S REQUESTED RELIEF

Eolas denies that Go Daddy is entitled to the relief requested in paragraphs A-K of its Answer and Counterclaims or any other relief on its Counterclaims.

## GO DADDY'S JURY DEMAND

Go Daddy's jury demand does not contain a statement which warrants an affirmance or denial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eolas Technologies Incorporated, prays for the following relief against Defendant The Go Daddy Group, Inc.:

A. that all relief requested by Eolas in its Complaint be granted;

B. that all relief requested by Go Daddy in its Answer and Counterclaims to Plaintiff's Complaint be denied and that Go Daddy take nothing by way of its Counterclaims;

C. that Go Daddy be ordered to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

D. such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

As affirmative defenses, Eolas alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Go Daddy has failed to state a claim upon which relief can be granted, with respect to each cause of action set forth in its Answer and Counterclaims.

## SECOND AFFIRMATIVE DEFENSE

Go Daddy has failed to state facts and/or a legal basis sufficient to permit recovery of its attorneys' fees and/or expenses for defending this suit.

## OTHER AFFIRMATIVE DEFENSES

Eolas hereby gives notice that it intends to rely upon any other defense that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

## DEMAND FOR JURY TRIAL

Eolas demands a trial by jury of any and all issues triable of right before a jury.

DATED: January 11, 2010.

Respectfully submitted,

**MᴄKᴏᴏʟ Sᴍɪᴛʜ, P.C.**

/s/  Mike McKool

Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Luke McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
**MᴄKᴏᴏʟ Sᴍɪᴛʜ, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**MᴄKᴏᴏʟ Sᴍɪᴛʜ, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
**ATTORNEYS FOR PLAINTIFF
EOLAS TECHNOLOGIES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on this the 11TH day of January, 2010. Local Rule CV-5(a)(3)(A).

/s/ Josh Budwin
Josh Budwin