IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** § | | |
| § | | |
| Plaintiff, § | Civil Action No. 6:09-CV-00446-LED | |
| § | | |
| § | | |
| vs. § | | |
| § | | |
| **Adobe Systems Inc., Amazon.com, Inc.,** § | JURY TRIAL | |
| **Apple Inc., Argosy Publishing, Inc.,** § | | |
| **Blockbuster Inc., CDW Corp.,** § | | |
| **Citigroup Inc., eBay Inc., Frito-Lay, Inc.,** § | | |
| **The Go Daddy Group, Inc., Google Inc.,** § | | |
| **J.C. Penney Company, Inc., JPMorgan** § | | |
| **Chase & Co., New Frontier Media, Inc.,** § | | |
| **Office Depot, Inc., Perot Systems Corp.,** § | | |
| **Playboy Enterprises International, Inc.,** § | | |
| **Rent-A-Center, Inc., Staples, Inc., Sun** § | | |
| **Microsystems Inc., Texas Instruments Inc.,** § | | |
| **Yahoo! Inc., and YouTube, LLC** § | | |
| § | | |
| Defendants. § | | |

**EOLAS' REPLY TO DEFENDANT OFFICE DEPOT, INC.'S ANSWER AND COUNTERCLAIMS**

Plaintiff Eolas Technologies Incorporated ("Eolas" or "Plaintiff") hereby replies to the counterclaims set forth in Office Depot, Inc.'s ("Office Depot") Answer and Counterclaims as follows:

**COUNTERCLAIMS**

**The Parties**

65. On information and belief, based solely on Office Depot's response to paragraph 16 of Eolas' Complaint, Eolas admits the allegations in paragraph 65 of Office Depot's Answer and Counterclaims.

1

66. Eolas admits the allegations in paragraph 66 of Office Depot's Answer and Counterclaims.

### Jurisdiction and Venue

67. Eolas admits that Office Depot's counterclaims arise under the Patent Laws of the United Sates, Title 35, United States Code. Eolas admits that the jurisdiction of this court is proper over these counterclaims. Eolas admits that venue is proper in this District, and in the Tyler Division. Except as so admitted, Eolas denies the allegations in paragraph 67 of Office Depot's Answer and Counterclaims.

68. Eolas admits that this Court has personal jurisdiction over it. Except as so admitted, Eolas denies the allegations in paragraph 68 of Office Depot's Answer and Counterclaims.

### Count I

### Declaratory Judgment of Non-Infringement of the '906 Patent

69. Eolas admits that there is an actual and justiciable controversy between Eolas and Office Depot regarding the infringement of the '906 patent. Except as so admitted, Eolas denies the allegations in paragraph 69 of Office Depot's Answer and Counterclaims.

70. Paragraph 70 of Office Depots's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

71. Eolas denies the allegations in paragraph 71 of Office Depot's Answer and Counterclaims.

## Count II

### Declaratory Judgment of Invalidity of the '906 Patent

72. Paragraph 72 of Office Depot's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

73. Eolas admits that there is an actual and justiciable controversy between Eolas and Office Depot regarding the validity of the '906 patent. Except as so admitted, Eolas denies the allegations in paragraph 73 of Office Depot's Answer and Counterclaims.

74. Paragraph 74 of Office Depots's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

75. Eolas denies the allegations in paragraph 75 of Office Depot's Answer and Counterclaims.

## Count III

### Declaratory Judgment of Non-Infringement of the '985 Patent

76. Eolas admits that there is an actual and justiciable controversy between Eolas and Office Depot regarding the infringement of the '985 patent. Except as so admitted, Eolas denies the allegations in paragraph 76 of Office Depot's Answer and Counterclaims.

77. Paragraph 77 of Office Depots's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

78. Eolas denies the allegations in paragraph 78 of Office Depot's Answer and Counterclaims.

## Count IV

## Declaratory Judgment of Invalidity of the '985 Patent

79. Paragraph 79 of Office Depot's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

80. Eolas admits that there is an actual and justiciable controversy between Eolas and Office Depot regarding the validity of the '985 patent. Except as so admitted, Eolas denies the allegations in paragraph 80 of Office Depot's Answer and Counterclaims.

81. Paragraph 81 of Office Depots's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

82. Eolas denies the allegations in paragraph 82 of Office Depot's Answer and Counterclaims.

## OFFICE DEPOT'S REQUESTED RELIEF

Eolas denies that Office Depot is entitled to the relief requested in paragraphs a-g of its Answer and Counterclaims or any other relief on its Counterclaims.

## OFFICE DEPOTS' JURY DEMAND

Office Depot's jury demand does not contain a statement which warrants an affirmance or denial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eolas Technologies Incorporated, prays for the following relief against Defendant Office Depot, Inc.:

A. that all relief requested by Eolas in its Complaint be granted;

B. that all relief requested by Office Depot in its Answer and Counterclaims to Plaintiff's Complaint be denied and that Office Depot take nothing by way of its Counterclaims;

C. that Office Depot be ordered to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

D. such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

As affirmative defenses, Eolas alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Office Depot has failed to state a claim upon which relief can be granted, with respect to each cause of action set forth its Answer and Counterclaims.

## SECOND AFFIRMATIVE DEFENSE

Office Depot has failed to state facts and/or a legal basis sufficient to permit recovery of its attorneys' fees and/or expenses for defending this suit.

## OTHER AFFIRMATIVE DEFENSES

Eolas hereby gives notice that it intends to rely upon any other defense that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

## DEMAND FOR JURY TRIAL

Eolas demands a trial by jury of any and all issues triable of right before a jury.

DATED: January 11, 2010.                    Respectfully submitted,

**MCKOOL SMITH, P.C.**
/s/ Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Luke McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
**ATTORNEYS FOR PLAINTIFF
EOLAS TECHNOLOGIES, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on this the 11th day of January, 2010. Local Rule CV-5(a)(3)(A).

/s/ Josh Budwin
Josh Budwin