IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** | § § | |
| Plaintiff, | § § § | Civil Action No. 6:09-CV-00446-LED |
| vs. | § § § | |
| **Adobe Systems Inc., Amazon.com, Inc., Apple Inc., Argosy Publishing, Inc., Blockbuster Inc., CDW Corp., Citigroup Inc., eBay Inc., Frito-Lay, Inc., The Go Daddy Group, Inc., Google Inc., J.C. Penney Company, Inc., JPMorgan Chase & Co., New Frontier Media, Inc., Office Depot, Inc., Perot Systems Corp., Playboy Enterprises International, Inc., Rent-A-Center, Inc., Staples, Inc., Sun Microsystems Inc., Texas Instruments Inc., Yahoo! Inc., and YouTube, LLC** | § § § § § § § § § § § § § § § § | **JURY TRIAL** |
| Defendants. | § | |

### EOLAS' REPLY TO DEFENDANT FRITO-LAY, INC.'S ANSWER AND ADDITIONAL DEFENSES

Plaintiff Eolas Technologies Incorporated ("Eolas" or "Plaintiff") hereby replies to the counterclaims set forth in Frito-Lay, Inc.'s ("Frito-Lay") Answer and Counterclaims as follows:

### DEFENSES

60. Paragraph 60 of Frito-Lay's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

1

## FIRST DEFENSE

61. Eolas denies the allegations in paragraph 61 of Frito-Lay's Answer and Counterclaims.

## SECOND DEFENSE

62. Eolas denies the allegations in paragraph 62 of Frito-Lay's Answer and Counterclaims.

## THIRD DEFENSE

63. Eolas denies the allegations in paragraph 63 of Frito-Lay's Answer and Counterclaims.

## FOURTH DEFENSE

64. Eolas denies the allegations in paragraph 64 of Frito-Lay's Answer and Counterclaims.

## FIFTH DEFENSE

65. Paragraph 65 of Frito-Lay's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

66. Eolas denies the allegations in paragraph 66 of Frito-Lay's Answer and Counterclaims.

## SIXTH DEFENSE

67. Eolas denies the allegations in paragraph 67 of Frito-Lay's Answer and Counterclaims.

**SEVENTH DEFENSE**

68. Eolas denies the allegations in paragraph 68 of Frito-Lay's Answer and Counterclaims.

**EIGHTH DEFENSE**

69. Eolas denies the allegations in paragraph 69 of Frito-Lay's Answer and Counterclaims.

**NINTH DEFENSE**

70. Eolas denies the allegations in paragraph 70 of Frito-Lay's Answer and Counterclaims.

**TENTH DEFENSE**

71. Eolas denies the allegations in paragraph 71 of Frito-Lay's Answer and Counterclaims.

72. Eolas admits that a publicly available opinion issued by the Federal Circuit Court of Appeals cited as *Eolas Technologies, Inc. v. Microsoft, Corp.,* 399 F.3d 1325,1330 (Fed. Cir. 2005) contains the following statement:

> Michael D. Doyle (Doyle), one of the inventors of the '906 patent, knew of Viola yet did not disclose any information regarding that reference to the United States Patent and Trademark Office (PTO).

Except as expressly admitted, Eolas denies the allegations in paragraph 72 of Frito-Lay's Answer and Counterclaims.

73. Eolas admits that a publicly available opinion issued by the Federal Circuit Court of Appeals cited as 399 F.3d 1325, 1330 (Fed. Cir. 2005) contains the following statement:

> Michael D. Doyle (Doyle), one of the inventors of the '906 patent, knew of Viola yet did not disclose any information regarding that reference to the United States Patent and Trademark Office (PTO). On August 31, 1994, Doyle issued a press release to an e-mail list

> indicating that researchers at the University of California had "created software for embedding interactive program objects within hypermedia documents." That same day, Wei contacted Doyle via e-mail in response to the press release. Wei alleged that his May 1993 demonstration of Viola (version DX34) to Sun Microsystems engineers exhibited a way to embed interactive objects and transport them over the web. Wei directed Doyle to his paper about Viola (the Viola paper), which was available on the Internet at least by August 13, 1994. Doyle downloaded and read the paper. In a later email exchange, Doyle attempted to get Wei to concede that he was not the first to invent. Additionally, Doyle told Wei the inventions were different.

The opinion speaks for itself, and thus no further response is required. Except as expressly admitted, Eolas denies the remaining allegations in paragraph 73 of Frito-Lay's Answer and Counterclaims.

74. Eolas admits that a publicly available opinion issued by the Federal Circuit Court of Appeals cited as 399 F.3d 1325, 1335 (Fed. Cir. 2005) contains the following statement:

> In sum, with respect to the district court's prior art rulings, this court finds: the district court erred in finding as a matter of law that DX34 was abandoned, suppressed or concealed within the meaning of section 102(g); Wei's May 7, 1993 demonstration to two Sun Microsystems employees without confidentiality agreements was a public use under section 102(b); and the district court erred in its JMOL that DX37 did not as a matter of law anticipate or render the '906 patent obvious. As a result, this court remands for additional proceedings on these issues.

The opinion speaks for itself, and thus no further response is required. Except as expressly admitted, Eolas denies the remaining allegations in paragraph 74 of Frito-Lay's Answer and Counterclaims.

75. Eolas admits that the '906 patent application was filed on October 17, 1994. Eolas also admits that the District Court issued a publicly available ruling (Docket Number 491) in the action (N.D.Ill. 1:99-cv-626) which states:

> Doyle created a file to hold all the information he found in 1998 about the Viola browser, and he labeled his file "Viola stuff." The "Viola Stuff" file included descriptions of two "beta" releases of the Viola browser, a version 3.0 release in February 1994, and a version 3.1 release in March 1994. There were public announcements in both cases of Internet addresses where "source and binary" code for the Viola browser could be found. He also found extensive links for various purported "demos" of the Viola browser's capabilities.

The ruling speaks for itself, and thus no further response is required. Except as expressly admitted, Eolas denies the remaining allegations in paragraph 75 of Frito-Lay's Answer and Counterclaims.

76. Eolas admits that Dr. Doyle and the attorneys prosecuting the application for the '906 patent owed a duty of candor and good faith to the United States Patent and Trademark Office ("PTO") in connection with the prosecution of the '906 patent. Except as expressly admitted, Eolas denies the remaining allegations in paragraph 76 of Frito-Lay's Answer and Counterclaims.

77. Eolas admits that the '906 patent and the '985 patent share the same specification and that the '985 patent claims priority through the '906 patent. Eolas admits that during the prosecution of the application that led to the '985 patent the Patent Office issued an office action on or about July 20, 2004 and that a response to this office action was filed by the patent-owner. The publicly-available office action and response speak for themselves and no further response is required. Except as expressly admitted, Eolas denies the remaining allegations in paragraph 77 of Frito-Lay's Answer and Counterclaims.

**ELEVENTH DEFENSE**

78. Eolas denies the allegations in paragraph 78 of Frito-Lay's Answer and Counterclaims.

## TWELFTH DEFENSE

79. Eolas denies the allegations in paragraph 79 of Frito-Lay's Answer and Counterclaims.

## COUNTERCLAIMS

80. Paragraph 80 of Frito-Lay's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

81. Eolas denies the allegations in paragraph 81 of Frito-Lay's Answer and Counterclaims.

82. Eolas denies the allegations in paragraph 82 of Frito-Lay's Answer and Counterclaims.

83. Eolas admits the allegations in paragraph 83 of Frito-Lay's Answer and Counterclaims.

84. Eolas denies the allegations in paragraph 84 of Frito-Lay's Answer and Counterclaims.

85. Eolas denies the allegations in paragraph 85 of Frito-Lay's Answer and Counterclaims.

86. Paragraph 86 of Frito-Lay's Answer and Counterclaims does not contain a statement which warrants an affirmance or denial. To the extent any response is warranted, Eolas responds as follows: denied.

## FRITO-LAY'S REQUESTED RELIEF

Eolas denies that Frito-Lay is entitled to the relief requested in paragraphs 87-92 of its Answer and Counterclaims or any other relief on its Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eolas Technologies Incorporated, prays for the following relief against Defendant Frito-Lay, Inc.:

A. that all relief requested by Eolas in its Complaint be granted;

B. that all relief requested by Frito-Lay in its Answer and Counterclaims to Plaintiff's Complaint be denied and that Frito-Lay take nothing by way of its Counterclaims;

C. that Frito-Lay be ordered to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

D. such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

As affirmative defenses, Eolas alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Frito-Lay has failed to state a claim upon which relief can be granted, with respect to its Counterclaims set forth in paragraphs 80-86 of its Answer and Counterclaims.

## SECOND AFFIRMATIVE DEFENSE

Frito-Lay has failed to state facts and/or a legal basis sufficient to permit recovery of its attorneys' fees and/or expenses for defending this suit.

## **OTHER AFFIRMATIVE DEFENSES**

Eolas hereby gives notice that it intends to rely upon any other defense that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

## **DEMAND FOR JURY TRIAL**

Eolas demands a trial by jury of any and all issues triable of right before a jury.

DATED: January 14, 2010.  Respectfully submitted,

**MCKOOL SMITH, P.C.**
/s/ Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Luke McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
**ATTORNEYS FOR PLAINTIFF
EOLAS TECHNOLOGIES, INC.**

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic services on this the 14th day of January, 2010.  Local Rule CV-5(a)(3)(A).

                                            /s/ Josh Budwin
                                            Josh Budwin