IN THE UNITED STATES DISTRICT COURT   DRAFT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 6:09-cv-00446-LED |
| ADOBE SYSTEMS INC., *et al.*, | § | Jury Trial Demanded |
| Defendants. | § | |
| | § | |

**JPMORGAN CHASE & CO.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant JPMorgan Chase & Co. ("JPMorgan") respectfully submits this reply to Plaintiff's opposition to its motion to dismiss for failure to state a claim.

**I.     Introduction**

Plaintiff's opposition states general rules of law but ignores the facts here applicable, thus missing the point of JPMorgan's motion. Nothing in the general pleading standards recited by Plaintiff authorizes a complaint that fails to place JPMorgan on due process notice of what JPMorgan must defend.

Although in some hypothetical patent case a mere reference to electric motors might satisfy due process notice, the Complaint against JPMorgan does not. There is no notice of what is the supposedly offending interactive content on the web pages, or what is the supposedly offending software run by the supposedly offending computers.

Plaintiff does not deny, as JPMorgan's moving papers state, that the Complaint says no more than that any JPMorgan web page that has any interactive content of any sort, and any software and computers associated therewith, constitute infringement. That is not due process notice of what JPMorgan must defend. And Plaintiff's opposition cannot make it so by simply

ignoring that issue, or by observing that JPMorgan is the only defendant moving to dismiss-- an observation that only highlights Plaintiff's failure to understand its duty to put each defendant, individually, on notice of its allegedly offending conduct.

**II.   Argument**

*A.   Rule 8 requires a more precise statement than Plaintiff has provided.*

Plaintiff's opposition begins by comparing its Complaint to a sample complaint related to "making selling and using electric motors.." (Opposition at 4.) The technologies at issue in this case are abundantly more complex, and the alleged infringement implicates a number of different parties whose conduct with respect to the patented processes differ. In any event, that the mere reference to an electric motor in a hypothetical, completely unrelated case, might satisfy Fed. R. Civ. P. 8 and due process, does not mandate the conclusion that Plaintiff's Complaint is sufficient even thought it admittedly fails to identify the supposedly offending interactive content on JPMorgan 's web pages, or the supposedly offending software run by the supposedly offending computers.

The hypothetical complaint of form 18 could have quite appropriately been notice that all of the hypothetical defendant's electric motors were accused of infringement. But here it is not plausible that all JPMorgan web pages that have any interactive content of any sort, or that all software and computers associated therewith, can constitute infringement. It was therefore incumbent on Plaintiff to specify the supposedly offending interactive content on JPMorgan 's web pages, and the supposedly offending software run by the supposedly offending computers.

To be clear, while form 18 itself may be sufficient as a "one size fits all" recipe for patent complaints, at the very least, Plaintiff must identify what "electric motors" are alleged to constitute the infringement. Plaintiff has failed to that here, and its assertions that it was not

required to do so run counter to the very due process interests Rule 8 and Form 18 are designed to protect.

In *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007), the court confirmed that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." Id. at 1357. The court did not authorize pleading insufficient facts. Yet, in the opposition papers, as in the Complaint, Plaintiff makes no attempt to shed any light on the offending interactive content on JPMorgan 's web pages, or the supposedly offending software run by the supposedly offending computers.

Plaintiff's fallback position (Opposition at 8) is a misplaced reliance on *WIAV Networks v. 3Com Corp.*, 5:09-cv-00101-DF (E.D. Tex. Dec. 15, 2009) (Folsom, J.) (order denying motion to dismiss). Plaintiff says that the court, in reliance upon *McZeal*, concluded that heightened fact pleading is not required under *Twombly*. However, even a cursory reading of *WIAV Networks* suggests that the Plaintiff there provided a more detailed statement of its claims. The decision references an amended complaint submitted by plaintiff WIAV Networks in which the Defendant's specific accused products, including model names and numbers, were identified for each asserted patent. (Decision at 4-5). Clearly, Plaintiff's Complaint here has not provided anything remotely approaching that level of specificity.

Moreover, the *WIAV Networks* court agreed with the relevant case law requiring that a complaint for patent infringement to "describe[] the means by which the defendants allegedly infringe." *Id.*, Citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). The means here are not identified. Rather, Plaintiff has meticulously avoided identifying what interactive content or what software and computers associated therewith

supposedly constitutes infringement. In the absence of a more definite statement, Plaintiff's claims against JPMorgan should be dismissed.

Plaintiff has also failed to come to grips with the Complaint's failure to set forth sufficient facts giving rise to direct infringement or sufficient facts giving rise to indirect infringement, instead simply invoking both types cloaked in the Complaint's generalities. The opposition continues to ignore that without direct infringement, there can be no indirect infringement, and that the claim of indirect infringement is here deficient for failure to specify who the direct infringer may be. The opposition, like the Complaint, similarly remains silent about what third party is involved in the purported infringement with JPMorgan and how or why JPMorgan exercises requisite "control" over such party so as to make viable any direct infringement claim against JPMorgan.

> **B.** *The assertion that later procedures will shed light on core contentions does not relieve Plaintiff from pleading requirements.*

One of the themes in Plaintiff's opposition it that Plaintiff's future production and future compliance with local rules will shed light on the bases for its claims. Plaintiff's assertion that this somehow overcomes deficiencies in its Complaint is directly at odds with the Federal rules and with the Supreme Courts ruling in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Indeed, *Twombly* makes it clear that the historical liberal pleading requirements that plaintiffs enjoyed in combating Rule 12(b)(6) motions <u>cannot</u> be employed to grant Plaintiffs immunity from dismissal when faced with a Complaint's deficiencies. That a defendant might be put on notice at some point in the future does not discharge pleading requirements. "It is no answer to say that a claim just shy of plausible entitlement can be weeded out early in the discovery process…." *Twombly*, 550 U.S. 544, 546 (2007). Accordingly, absent amendment, Plaintiff's claims against JPMorgan fall short and should be dismissed.

### III. Conclusion

For the reasons set forth in its initial moving papers, and for the additional reasons that appear above, JPMorgan respectfully requests that the Court grant the motion and dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6).

Date: January 15, 2010

Respectfully submitted,

/s/ *Trey Yarbrough*

Trey Yarbrough
Texas Bar No. 22133500
Debra Elaine Gunter
Texas Bar No. 24012752
YARBROUGH WILCOX, PLLC
100 E. Ferguson Street Ste 1015
Tyler , TX 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
debby@yw-lawfirm.com
trey@yw-lawfirm.com

Joel M. Freed
Michael W. Connelly
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Tel: (202) 756-8327
Fax: (202) 756-8087

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE & CO.

### Certificate of Service

This is to certify that all counsel deemed to have consented to electronic service are being served with a copy of the foregoing motion via the Court's CM/ECF system per local rule CV-5(a)(3) on January 19, 2010. All other counsel not so deemed will be served via fax or first class mail.

/s/ *Trey Yarbrough*