# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:09-CV-00446-LED |
| | § | |
| vs. | § | |
| | § | |
| **Adobe Systems Inc., Amazon.com, Inc.,** | § | JURY TRIAL |
| **Apple Inc., Argosy Publishing, Inc.,** | § | |
| **Blockbuster Inc., CDW Corp.,** | § | |
| **Citigroup Inc., eBay Inc., Frito-Lay, Inc.,** | § | |
| **The Go Daddy Group, Inc., Google Inc.,** | § | |
| **J.C. Penney Company, Inc., JPMorgan** | § | |
| **Chase & Co., New Frontier Media, Inc.,** | § | |
| **Office Depot, Inc., Perot Systems Corp.,** | § | |
| **Playboy Enterprises International, Inc.,** | § | |
| **Rent-A-Center, Inc., Staples, Inc., Sun** | § | |
| **Microsystems Inc., Texas Instruments Inc.,** | § | |
| **Yahoo! Inc., and YouTube, LLC** | § | |
| | § | |
| Defendants. | § | |

## EOLAS' SUR-REPLY IN OPPOSITION TO DEFENDANT JPMORGAN CHASE & CO.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff Eolas Technologies Inc. ("Eolas") files this sur-reply in opposition to defendant JPMorgan Chase & Co.'s ("JPMorgan") motion to dismiss ("motion").

## I.  INTRODUCTION

JPMorgan's Reply concedes that Eolas' complaint complied with the "general pleading standards recited by plaintiff" in its Opposition to JPMorgan's motion. Dkt. 205 at 1. Recognizing that Eolas' Complaint complied with the applicable pleading standards mandated by the Federal Rules (and the form patent complaint contained in Form 18), JPMorgan reverts to generalized due process arguments. *Id*. Yet, JPMorgan never explains the fundamental shortcoming of its motion: by complying with the pleading standards mandated by the Federal Rules, Eolas has undoubtedly placed JPMorgan on notice of what it must defend,[1] and therefore has satisfied JPMorgan's due process concerns.

JPMorgan's Reply also largely fails to address, let alone distinguish, the plethora of authority from this jurisdiction and other jurisdictions cited in Eolas' Opposition. These authorities have uniformly rejected the same *Twombly* and *Iqbal* arguments JPMorgan makes. *See* dkt. 184 at 8-9 and fn. 4. Of the three Eastern District of Texas cases and more than ten cases from other jurisdictions that Eolas discussed in its Opposition, JPMorgan addresses only one (*WIAV Networks*, discussed *infra*) and ignores the others. The reason for this omission is straightforward: *Twombly* and *Iqbal* did not rewrite the Federal Rules nor did they affect the sufficiency of the form complaint for patent infringement contained in Form 18.

JPMorgan asks this Court to create new law by holding that Form 18 is inadequate for use in patent suits. The Federal Circuit held the opposite: by following Form 18, Eolas has complied with *Twombly* and the Federal Rules, thereby affording JPMorgan due process.

## II.  FORM 18 SATISFIES *IQBAL* AND *TWOMBLY*

The pleading requirements exemplified by Form 18 do not present a high bar, and as explained in Eolas' Opposition, Eolas' Complaint clears this hurdle. Dkt. 184 at 2-5. Eolas' Complaint identifies the asserted patents and the patented technology. Eolas' Complaint also

---

[1] In fact, JPMorgan recites knowledge of what it must defend: "JPMorgan web page[s] that [have] interactive content of any sort, and any software and computers associated therewith, constitute infringement." Dkt. 205 at 1.

alleges that JPMorgan makes, sells, or uses "web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via *www.jpmorgan.com*, . . . software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, . . . computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing" which infringe the asserted patents and prays for relief. *Id*. (emphasis added); s*ee also* Complaint (dkt. 1) at ¶¶ 25-31, 44 and 55. Nothing more is required. By tracking Form 18, Eolas' Complaint provides fair notice under the Federal Rules.[2]

JPMorgan largely acknowledges that Eolas' Complaint tracks Form 18. *See* dkt. 205 at 2. Yet, it asserts (with no support) that because the technology here is "abundantly more complex" than the electric motors discussed in Form 18, Eolas' reliance on Form 18 is somehow misplaced. *Id*. JPMorgan is wrong.[3] In *McZeal*, the Federal Circuit expressly approved the sufficiency of Form 18 post-*Twombly*. In applying Fifth Circuit law, the Federal Circuit cited Form 18 as exemplary of the pleading requirements under *Twombly* and the Federal Rules that are applicable to patent infringement actions—including this one. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). As JPMorgan acknowledges, the court relied on Form 18 in holding that "[i]t logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *Id*. (citing *Twombly*, 127 S. Ct. at 1971). Contrary to JPMorgan's assertions, Eolas' Complaint is at least as detailed (if not more detailed) than the one that passed muster in *McZeal*—placing JPMorgan on clear notice of what it must defend. *See also* fn. 1, *supra*.[4]

---

[2] As Eolas explained in its Opposition, the additional detail that JPMorgan apparently seeks—but never expressly identifies—will be provided pursuant to P.R. 3-2 in the form of Eolas' Infringement Contentions. Dkt. 184 at 2.

[3] The technology at issue in *McZeal* was wireless telephones, which are also "complex." Yet, the Federal Circuit found the *McZeal* plaintiff's complaint was sufficient under Fifth Circuit law because he alleged that "[t]he defendant's INTERNATIONAL WALKIE TALKIE machine physically have [sic] or perform all of the basic elements contained in the patent claims of the plaintiff and further infringes under the doctrine of equivalents…" *McZeal*, 501 F.3d at 1357 (Fed. Cir. 2007). Eolas Complaint is at least this detailed—if not more so.

[4] JPMorgan asserts that Eolas' Complaint fails to identify "what 'electric motors' are alleged to constitute the infringement." Dkt. 205 at 2. Leaving aside that Form 18 merely identifies "electric motors" in general as the infringing instrumentality (and does not specify specific models or types of electric motors) (*see* dkt. 184 at 4), Eolas' Complaint *does* identify "what" JPMorgan instrumentalities constitute the infringement. *E.g.* "web pages and

Courts in the Eastern District of Texas (and around the country) have continually and uniformly applied *McZeal* to uphold the sufficiency of Complaints which—like Eolas'—track Form 18 and to deny motions like JPMorgan's. *See* dkt. 184 at 8-9 (discussing *FotoMedia Tech., LLC v. AOL*, No. 2:07-CV-255, 2008 WL 4135906, at *2-3 (E.D. Tex. Aug. 29, 2008) (Ward, J.); *PA Advisors, LLC v. Google Inc.*, No. 2:07-CV-480, 2008 U.S. Dist. LEXIS 71285 at *18-*20 (E.D. Tex. Aug. 7, 2008) (Folsom, J.); and *WIAV Networks v. 3Com Corp.*, 5:09-cv-00101-DF (E.D. Tex. Dec. 15, 2009) (Folsom, J.)); *see also See* dkt. 184 at fn. 4 (citing more than ten cases from across the country). JPMorgan cites *no* contrary authority and does not even endeavor to distinguish *any* of this authority with the exception of *WIAV Networks.*

JPMorgan's attempt to distinguish *WIAV Networks* misses the mark. While JPMorgan asserts—apparently without actually verifying—that the opinion in *WIAV Networks* "suggests" that there was a more detailed pleading in that case than here (*see* dkt. 205 at 3), the facts show otherwise. The substance of *WIAV Networks* infringement allegations—which the court upheld—are, if anything, less detailed than those at issue here. *Cf.* ¶44 of Eolas' complaint (Eolas' allegations against JPMorgan) with ¶44 of *WIAV Networks'* Amended Complaint (attached hereto as Exhibit 1).[5] JPMorgan also ignores the central tenet of the opinion in *WIAV Networks*, namely that "heightened fact pleading is not required in *Twombly*." *WIAV Networks v. 3Com Corp.*, 5:09-cv-00101-DF (E.D. Tex. Dec. 15, 2009) (Folsom, J.) (order denying motion to dismiss) (attached as Exhibit 1 to Eolas' Opp., dkt. 184).

The inescapable conclusion from the plethora of authority cited and relied upon by Eolas (and not addressed by JPMorgan) is that neither *Iqbal* nor *Twombly* changed the requirements for

---

content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via *www.jpmorgan.com* . . .," the software to serve those web pages to browsers and the computer equipment needed to serve those web pages. Complaint (dkt. 1) at ¶ 44 (emphasis added). This is more detail than the form requires.

[5] *WIAV Networks'* Amended Complaint describes the infringing instrumentalities as "including wireless networking devices, such as the MSR series of wireless routers (e.g., MSR 20-15)." *See* Exhibit 1 at ¶44. By way of comparision, Eolas's Complaint identifies the infringing JPMorgan instrumentalities as "(i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jpmorgan.com and maintained on servers located in and/or accessible from the United States under the control of JPMorgan Chase; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing." *See* Complaint (dkt. 1) at ¶44.

pleading patent infringement. Complaints—like Eolas'—which track Form 18 are sufficient to put a defendant on notice of what it must defend. JPMorgan's due process concerns are misplaced, and the Court should deny its motion.[6]

## III. EVEN ABSENT *MCZEAL*, THE COMPLAINT HERE SATISFIES *IQBAL*

*Iqbal* does not change the pleading standard enunciated in *Twombly*, but rather applies *Twombly* to a *Bivens* action, and confirms that *Twombly* applies to all civil cases. *See Iqbal*, 129 S. Ct. at 1950-51 ("Under *Twombly*'s construction of Rule 8, we conclude that the respondent's complaint [fails to state a claim.]"); *id*. at 1953 ("Our decision in *Twombly* expounded the pleading standard 'in all civil actions[.]'"). Thus, for the same reasons that complaints which track Form 18 provide sufficient notice under *Twombly* in light of *McZeal*, Eolas' compliance with Form 18 is likewise sufficient under *Iqbal*.

*Iqbal* recognizes that its teachings are flexible and context-specific. *See Iqbal*, 129 S. Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *id*. at 1948 (recognizing that the elements that a litigant must plead depend on the claim at issue). Eolas' Complaint states a plausible claim for relief and thus satisfies *Iqbal*. Specifically, Eolas' assertion that JPMorgan infringes the asserted patents by providing web pages with interactive content such as those "accessible via www.jpmorgan.com," the software to serve those web pages to browsers and the computer equipment needed to serve those web pages is a plausible claim for relief. *See* Complaint (dkt. 1) at ¶ 44. *See also Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

By claiming the factual use of the patented technology by JPMorgan, and specifically identifying the patented technology, Eolas has pleaded factual content that allows the Court to

---

[6] Even without the guidance of *McZeal*, the Federal Rules state that the sample forms, including Form 18, are sufficient to state a claim. *See* Rule 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (the forms contained in the appendix to the Federal Rules "plainly demonstrate" the requirements for pleadings).

draw the reasonable inference that JPMorgan is liable for the misconduct alleged. *See Iqbal*, 129 S. Ct. at 1949. This satisfies *Iqbal.*

## IV. FORM 18 IS SUFFICIENT FOR INDIRECT INFRINGEMENT

JPMorgan also implies that Eolas must plead something *extra* to plead indirect infringement. *See* dkt. 205 at 4. JPMorgan is again incorrect. Eolas' Complaint has put JPMorgan on notice that its actions, whether acting alone or in concert with others, infringe Eolas' patents. Nothing more is required.

In fact, the Eastern District has affirmed the sufficiency of Form 18 for indirect infringement. The *FotoMedia* court noted that neither Rule 8 nor *McZeal* "require[s] the pleading of each individual element of a claim for indirect infringement." *FotoMedia Technologies, LLC v. AOL,* No. 2:07-CV-255, 2008 U.S. Dist. LEXIS 109403, at *2 (E.D. Tex. Aug. 29, 2008) (Ward, J). The *FotoMedia* Court held that there is "no merit" to the argument advanced by the defendant there (and JPMorgan here) because the level of detail approved by Form 18 is sufficient for pleadings of direct, indirect, and willful infringement. *FotoMedia*, No. 2:07-CV-255, 2008 WL 4135906, at *2 ("[T]he appropriate vehicles for clarification of the allegations are the disclosures mandated by the Local Patent Rules and discovery conducted under the Federal Rules . . ."). JPMorgan's assertions about indirect infringement are misplaced.

## V. CONCLUSION

Eolas' Complaint satisfies the notice pleading requirements of the Rule 8(a)(2) and tracks the exemplary Form 18 provided by the Federal Rules, thereby placing JPMorgan on adequate notice of what it must defend. The Federal Circuit, courts in the Eastern District and courts around the country have consistently and uniformly concluded that the pleading standards set out in the Federal Rules satisfy *Twombly*. Because *Iqbal* makes it clear that *Twombly* applies to all civil cases, *Iqbal* did not change these conclusions. For all of these reasons, JPMorgan's due process concerns are unfounded and the Court should deny JPMorgan's motion.[7]

---

[7] If the Court were inclined to grant JPMorgan's motion, then, as JPMorgan suggests on page 4 of its Reply, Eolas respectfully requests leave to amend its Complaint. *See* dkt. 205 at 4 ("absent amendment . . .").

| Dated: January 22, 2010 | **MCKOOL SMITH, P.C.** |
| --- | --- |
| | /s/ Mike McKool |
| | Mike McKool |
| | Lead Attorney |
| | Texas State Bar No. 13732100 |
| | mmckool@mckoolsmith.com |
| | Douglas Cawley |
| | Texas State Bar No. 04035500 |
| | dcawley@mckoolsmith.com |
| | Luke McLeroy |
| | Texas State Bar No. 24041455 |
| | lmcleroy@mckoolsmith.com |
| | **MCKOOL SMITH, P.C.** |
| | 300 Crescent Court, Suite 1500 |
| | Dallas, Texas 75201 |
| | Telephone: (214) 978-4000 |
| | Telecopier: (214) 978-4044 |
| | Sam F. Baxter |
| | Texas State Bar No. 01938000 |
| | sbaxter@mckoolsmith.com |
| | **McKool Smith, P.C.** |
| | 104 E. Houston St., Ste. 300 |
| | P.O. Box O |
| | Marshall, Texas 75670 |
| | Telephone: (903) 923-9000 |
| | Telecopier: (903) 923-9095 |
| | Kevin L. Burgess |
| | Texas State Bar No. 24006927 |
| | kburgess@mckoolsmith.com |
| | Steven J. Pollinger |
| | Texas State Bar No. 24011919 |
| | spollinger@mckoolsmith.com |
| | Josh W. Budwin |
| | Texas State Bar No. 24050347 |
| | jbudwin@mckoolsmith.com |
| | **MCKOOL SMITH, P.C.** |
| | 300 West Sixth Street, Suite 1700 |
| | Austin, Texas 78701 |
| | Telephone: (512) 692-8700 |
| | Telecopier: (512) 692-8744 |
| | **ATTORNEYS FOR PLAINTIFF EOLAS TECHNOLOGIES, INC.** |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on this the 22nd day of January, 2010. Local Rule CV-5(a)(3)(A).

/s/ Josh Budwin<br>Josh Budwin