## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES, INC., | |
| Plaintiff, | |
| vs. | Civil Action No. 6:09-cv-446-LED |
| ADOBE SYSTEMS, INC., ET AL., | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

**DEFENDANTS ADOBE SYSTEMS, INC., AMAZON.COM, INC., APPLE INC.,
BLOCKBUSTER INC., EBAY INC., THE GO DADDY GROUP, INC., GOOGLE INC.,
NEW FRONTIER MEDIA, INC., PLAYBOY ENTERPRISES INTERNATIONAL, INC.,
SUN MICROSYSTEMS INC., YAHOO! INC., AND YOUTUBE, LLC'S
MOTION TO TRANSFER TO THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................ 1

II.    STATEMENT OF FACTS ................................................................................. 2

       A.    Eolas ........................................................................................................ 2

       B.    The Patents-in-Suit ................................................................................. 2

       C.    The Defendants ....................................................................................... 3

       D.    Key Prior Art Witnesses ........................................................................ 4

III.   ARGUMENT ...................................................................................................... 6

       A.    This Action Should Be Transferred to the Northern District of California ............ 6

             1.    This Action Could Have Been Brought in the Northern District of California ................ 6

             2.    The Private Interest Factors Support Transfer to Northern California ....... 7

                 a.    Relative Ease of Access to Sources of Proof ................................... 7

                 b.    Availability of Compulsory Process to Secure Attendance of Witnesses ....... 8

                 c.    Cost of Attendance for Willing Witnesses ................................ 10

             3.    The Public Interest Factors Support Transfer to Northern California ...... 12

                 a.    Administrative Difficulties Flowing From Court Congestion ...... 12

                 b.    Local Interest in Having Localized Disputes Decided at Home ... 12

       B.    To the Extent That the Inclusion of Any Particular Defendant Is Viewed as an Obstacle to Transfer, That Defendant Should Be Severed ................... 14

IV.   CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

Page(s)

CASES

*Balthasar Online, Inc. v. Network Solutions, LLC*,
   654 F. Supp. 2d 546 (E.D. Tex. 2009) .......................................................................7, 14, 15

*Broadcast Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*,
   No. CV 06-1190JFWSSX, 2006 WL 1582091 (C.D. Cal. June 6, 2006) .............................13

*Colt Def. LLC v. Heckler & Koch Def., Inc.*,
   No. 2:04cv258, 2004 U.S. Dist. LEXIS 28690 (E.D. Va. Oct. 22, 2004) .............................15

*Eolas Tech., Inc. v. Microsoft Corp.*,
   399 F.3d 1325 (Fed. Cir. 2005).................................................................................. passim

*Gemini IP Tech., LLC v. Hewlett-Packard Co.*,
   No. 07-C-205-S, 2007 WL 2050983 (W.D. Wisc. July 16, 2007) .........................................13

*Greenville Communications, LLC v. Verizon Communications, Inc.*,
   No. 4:07CV66-P-B, 2007 WL 2452642 (N.D. Miss. Aug. 27, 2007) ....................................13

*Hoffman v. Blaski*,
   363 U.S. 335 (1960).............................................................................................................6

*In re Genentench, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)....................................................................................10, 12

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009)............................................................................................13

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009)..................................................................................1, 8, 13

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (en banc) ......................................................................... passim

*Liaw Su Teng v. Skaarup Shipping Corp.*,
   743 F.2d 1140 (5th Cir. 1984) ...........................................................................................14

*Mobil Oil Corp. v. W.R. Grace & Co.*,
   334 F. Supp. 117 (S.D. Tex. 1971) ................................................................................14, 15

*MyMail, Ltd. v. America Online, Inc.*,
   223 F.R.D. 455 (E.D. Tex. 2004)........................................................................................15

*Reid v. General Motors Corp.*,
　　240 F.R.D. 260 (E.D. Tex. 2007)..........................................................................................14

*SMDK Corp. v. Creative Labs, Inc.*,
　　No. 2:08-CV-26, 2009 WL 5246268 (E.D. Tex. Dec. 11, 2009) ....................................2, 8, 10

*Surfer Internet Broadcasting of Miss., LLC v. XM Satellite Radio Inc.*,
　　No. 4:07CV034, 2008 WL 1868426 (N.D. Miss. Apr. 4, 2008) ...........................................13

*Toshiba Corp. v. Hynix Semiconductor, Inc.*,
　　No. Civ.A.3:04-CV-2391-L, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005).........................14

*Van Dusen v. Barrack*,
　　376 U.S. 612 (1964)............................................................................................................13

STATUTES

28 U.S.C. § 1391 ...........................................................................................................................7

28 U.S.C. § 1400 ...........................................................................................................................7

28 U.S.C. § 1404 ................................................................................................................. passim

35 U.S.C. § 102 .....................................................................................................................5, 6, 9

35 U.S.C. § 103.............................................................................................................................6

OTHER AUTHORITIES

Fed. R. Civ. P. 20 ........................................................................................................................14

Fed. R. Civ. P. 21 ........................................................................................................................14

Fed. R. Civ. P. 45 ..........................................................................................................................8

I.      <u>INTRODUCTION</u>

The Federal Circuit has repeatedly instructed that "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer."  *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (citing cases).  This is such a case.  Here, the vast majority of the key parties and witnesses, including numerous significant third-party witnesses, are located in or around Silicon Valley, within the jurisdiction of the U.S. District Court for the Northern District of California:

- The patent owner, The Regents of the University of California, is located in the Northern District of California.

- The claimed inventions were allegedly conceived and reduced to practice in the Northern District of California, and two of the three named inventors continue to reside there.

- The patent attorneys responsible for prosecuting the patents-in-suit are located in the Northern District of California.

- The only specifically-accused products in the Complaint—Apple computers, the Safari and Chrome browsers and other software (QuickTime, Flash Player, Shockwave Player, Java, and JavaFX)—were developed in the Northern District of California and the companies that design, develop, sell, or otherwise provide those products—Adobe, Apple, Google, and Sun Microsystems—are all headquartered in the Northern District of California, as are defendants eBay, Yahoo!, and YouTube.

- An important prior art software browser program, the Viola-WWW software, was developed in the Northern District of California and demonstrated to Sun Microsystems engineers there.[1]  Numerous third-party witnesses with information concerning the Viola-WWW prior art also reside there.

- Other important third-party witnesses related to the prior art live and work in the Northern District of California.

---

[1] *See Eolas Tech., Inc. v. Microsoft Corp*., 399 F.3d 1325, 1329-30, 1332-36 (Fed. Cir. 2005) (providing extensive discussion of the Viola WWW prior art, and aspects of the invalidity and inequitable conduct defenses that will be asserted in this action based on Viola).

In contrast, there is no colorable argument that this district is a more convenient forum for resolving the global issues of infringement and invalidity underlying this dispute.  Despite its recent efforts to establish connections to this district, Eolas itself has no meaningful ties to Eastern Texas.  For example, Eolas can show no research and development activities or witnesses related to patents in this district.  *See SMDK Corp. v. Creative Labs, Inc.*, No. 2:08-CV-26, 2009 WL 5246268, at *1 (E.D. Tex. Dec. 11, 2009) (Folsom, J.).  The fact that Eolas named several entities located in Plano, Texas as defendants in this action, based on unidentified functions available through their websites, is of little moment and cannot defeat transfer.  Transfer to the U.S. District Court for the Northern District of California should be ordered.

## II.   STATEMENT OF FACTS

### A.   Eolas

Eolas identifies itself as a Texas corporation.  Compl. ¶ 1.  But Eolas only reincorporated in Texas on July 13, 2009—less than three months prior to filing this action.  Ex. 1.[2]  Prior to July 2009, Eolas had been a Delaware corporation with its headquarters in various locations in Illinois, most recently Evanston, Illinois.  Ex. 2.  Eolas's management includes Chairman and Director Michael D. Doyle, Chief Executive Officer Mark C. Swords, Chief Legal Officer James L. Stetson, and two outside directors, none of whom are believed to be residing in Texas.  Exs. 3-4.  Doyle is believed to reside in Wheaton, Illinois.  Ex. 4.  Swords and Stetson are Illinois (and not Texas) attorneys who joined Eolas from the Chicago office of Baker & McKenzie.  Exs. 5-6.

### B.   The Patents-in-Suit

Eolas asserts U.S. Patent Nos. 5,838,906 ("the '906 patent") and 7,599,985 ("the '985 patent").  Both patents claim priority to U.S. Patent Application No. 08/324,443, and name as

---

[2] Citations to "Ex. __" as used herein are citations to the exhibits to the Declaration of Teague I. Donahey in Support of Defendants' Motion to Transfer, submitted herewith.

inventors Doyle, David C. Martin, and Cheong S. Ang.  Doyle, Martin, and Ang allegedly invented the subject matter disclosed in that application while they were employed by the University of California, San Francisco ("UCSF").  Ex. 7.  Both Martin and Ang are believed to be living and working in the Northern District of California.  Exs. 8-11, 75.  The patents are assigned to The Regents of the University of California, located in Oakland, in the Northern District of California.  Exs. 12-14.  Eolas is merely a licensee.  Compl. ¶ 31.

Attorneys of the San Francisco, California office of Townsend and Townsend and Crew LLP ("Townsend") originally prosecuted the '906 patent, in particular:  (1) Charles J. Kulas, presently an attorney of Trellis Intellectual Property Law Group, PC, located in Palo Alto, California (Ex. 15); (2) Michael E. Woods, now an attorney of the Patent Law Offices of Michael E. Woods, with a place of business in San Rafael, California (Ex. 16); (3) Charles E. Krueger ("Krueger"), currently an attorney of the Law Offices of Charles E. Krueger, located in Walnut Creek, California (Ex. 17).  In addition to prosecuting the '906 patent, Krueger was also primarily responsible for prosecuting the director-ordered reexamination of the '906 patent, *Ex Parte* Reexamination No. 90/006,831 ("the '831 reexamination"); the third-party requested reexamination of the '906 patent, *Ex Parte* Reexamination No. 90/007,858 ("the '858 reexamination"); and the '985 patent.  Exs. 18-21.  Palo Alto, San Rafael, and Walnut Creek are all communities located within the Northern District of California.

C.     **The Defendants**

Eolas's Complaint alleges that the patents-in-suit are infringed by certain unspecified Apple laptop and desktop computers and certain identified software:  the Flash Player and Shockwave Player software of Adobe Systems Incorporated (San Jose, California) ("Adobe") (Compl. ¶¶ 2, 32); the QuickTime and Safari software of Apple Inc. (Cupertino, California) ("Apple") (Compl ¶¶ 4, 34); the Chrome web browser software of Google Inc. (Mountain View,

3

California) ("Google") (Compl. ¶¶ 12, 42); and the Java and JavaFX software of Sun

Microsystems, Inc. (Santa Clara, California) ("Sun") (Compl. ¶¶ 21, 51).  Apple's Safari and

Google's Chrome are Internet web browsers, which are applications used to view HTML

documents over the world wide web.  Exs. 22-23.  Adobe's Flash Player and Shockwave Player,

Apple's QuickTime, and Sun's Java and JavaFX are software products that can be used with web

browsers.  Exs. 24-28.  All of the expressly-identified computer products and software programs

were developed in the Northern District of California, and numerous witnesses knowledgeable

about the design, development, and sales of those products and programs reside and/or work

there.  Declaration of Darin Adler in Support of Defendants' Motion to Dismiss ("Adler Decl.")

¶¶ 6, 8; Declaration of Jeetendra Kaul in Support of Defendants' Motion to Transfer ("Kaul

Decl.") ¶¶ 4-5, 7; Declaration of Jason W. Wolff in Support of Defendants' Motion to Transfer

("Wolff Decl.") ¶¶ 3-21; Declaration of Google Inc. and YouTube, LLC in Support of

Defendants' Motion to Dismiss ("Setty Decl.") ¶¶ 5-7.

In addition, Eolas has accused all of the other Defendants of infringement based on

unidentified and unexplained aspects of the operation and use of their Internet websites.  *See*

Compl. ¶¶ 3-24.  Many of these other Defendants have offices, branches, and other facilities in

Northern California.  Declaration of Steven Mansour in Support of Defendants' Motion to

Transfer ("Mansour Decl.") ¶¶ 2-4; Declaration of Mark Risher in Support of Defendants'

Motion to Transfer ("Risher Decl.") ¶¶ 2; Setty Decl. ¶¶ 3, 6; *see also* Exs. 29-39.

### D.    Key Prior Art Witnesses

Viola-WWW is a browser for the World Wide Web created by Pei-Yuan Wei ("Wei"), an

individual who resides in the Northern District of California.  *See Eolas*, 399 F.3d at 1329.  Wei

conceived the idea of embedding interactive objects within a webpage and completed an early

version of his Viola browser while living in Berkeley, California, which is located in the

4

Northern District of California.  Ex. 55 at 2249:2-2250:17.  In 1992, Dale Dougherty

("Dougherty") at O'Reilly & Associates ("O'Reilly"), a leading publisher of computer manuals

and books located in the Northern District of California, learned about Viola and recruited Wei

to join the company.  *Id.* at 2251:10-2252:4.  Wei's job was to continue developing the Viola

browser to allow O'Reilly to distribute information over the World Wide Web.  *Id.*  In May

1993, Wei demonstrated Viola to two engineers from Sun, Karl Jacob and James Kempf, at the

offices of O'Reilly in Berkeley, California.  *Id.* at 2278:8-2279:24; *see also* Kaul Decl. ¶ 7.

According to the Federal Circuit, this demonstration of Viola was "public use" under 35 U.S.C.

§ 102(b).  *See Eolas*, 399 F.3d at 1334-35.  Later in May 1993, Wei posted an updated version of

Viola on a publicly-accessible website and sent an e-mail to Kempf at Sun inviting Kempf to

download the code, which Kempf did.  Ex. 39 at 2415:13-2416:21.  The Regents previously

characterized Viola as "key" to an invalidity defense.  Ex. 7.  Indeed, Viola was critical to the

question of validity of the '906 patent in prior litigation, as the Federal Circuit remanded the case

to determine invalidity in view of the Viola prior art.  *See Eolas*, 399 F.3d at 1335.  That case

settled in 2007 before a new trial (in the Northern District of Illinois) could be held.[3]

Marc Andreessen was a co-developer of the famed NCSA Mosaic browser, key prior art

discussed in the asserted patents, and a correspondent with Wei concerning the relevant

functionality in the Viola-WWW browser.  Ex. 55 at 2253:1-22; Ex. 56.  Andreesen resides in

Palo Alto, California, which is located in the Northern District of California.  Ex. 57.

Bill Janssen was a participant in the 1993 on-line discussions concerning designs for

browsers displaying embedded content, and is the author of the prior art reference, "Re: HTML +

---

[3] None of the current Defendants were involved in the prior litigation, in which the Microsoft
Internet Explorer browser was accused.  That case ended long before the amended claims of the
'906 patent were issued during reexamination or the '985 patent claims were allowed or issued.

support for eqn & Postscript," www-talk email list, 1 page (June 14, 1993). This posting was cited as invalidating prior art under 35 U.S.C. 102(b)/103(a) during the reexamination proceeding in which the '906 patent claims were amended in 2008. Ex. 20. Janssen is located in Palo Alto, California, within the Northern District of California. Ex. 58.

George Toye is the author of the prior art reference ("SHARE: A Methodology and Environment for Collaborative Product Development," Proceedings, Second Workshop on Enabling Technologies: Infrastructure for Collaborative Enterprises, 1993, IEEE, pp. 33-47, April 22), which was a basis for the rejection of all claims of the '906 patent during reexamination and the '985 patent during prosecution. Exs. 19, 21. Toye lives and works in Foster City, California, which is also in the Northern District of California. Exs. 59-60.

III.     ARGUMENT

   A.     **This Action Should Be Transferred to the Northern District of California**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Because the relevant facts here clearly demonstrate that transfer is appropriate, there is good cause to transfer this action to the Northern District of California. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

   1.     **This Action Could Have Been Brought in the Northern District of California**

The threshold inquiry in the transfer analysis is to determine whether the plaintiff's claims "might have been brought" in the proposed transferee district. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). A *prima facie* case for personal jurisdiction over the defendants in the

transferee district is sufficient to establish this factor.[4]  *Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F. Supp. 2d 546, 551 (E.D. Tex. 2009) (Folsom, J.).  Here, most of the Defendants are either headquartered in Silicon Valley or have facilities in Northern California.  *See* Adler Decl. ¶ 2; Kaul Decl. ¶ 2; Mansour Decl. ¶ 2; Risher Decl. ¶ 2; Setty Decl. ¶¶ 2-3; Wolff Decl. ¶ 3; Exs. 29-39.  Under Eolas's apparent theory of personal jurisdiction, the websites maintained by the remaining Defendants subject them to jurisdiction in this district.  *See* Compl. ¶ 27; *see also* Exs. 40-54.  These websites are just as available in California as they are in Texas.  Eolas cannot plausibly contest the propriety of jurisdiction in California over these Defendants (such as Amazon or Go Daddy), since it avers that jurisdiction exists in Texas over those same Defendants on the same basis.  *See* Compl. ¶ 27.

### 2. The Private Interest Factors Support Transfer to Northern California

Whether to transfer to another district where the action might have been brought turns on several private and public interest factors.  The private interest factors to be considered in determining whether transfer under § 1404(a) is proper are:  (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *Volkswagen*, 545 F.3d at 315.  Here, all of the private interest factors overwhelmingly favor transfer.

### a. Relative Ease of Access to Sources of Proof

This factor concerns the location of documents and physical evidence.  *See Volkswagen*, 545 F.3d at 316.  "In patent infringement cases, the bulk of the relevant evidence usually comes

---

[4] Because this is a patent infringement case, venue is proper in any district where the defendants reside.  28 U.S.C. § 1400(b).  Here, all of the Defendants are corporations (*see* Compl. ¶¶ 2-24), and accordingly all Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time this action was commenced.  28 U.S.C. § 1391(c).

from the accused infringer.  Consequently, the place where the defendant's documents are kept

weighs in favor of transfer to that location."  *Nintendo*, 589 F.3d at 1199 (quoting *In re

Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).  The location of an alleged infringer's

research and development-related documents and evidence is an important factor to consider, for

example.  *See Nintendo*, 589 F.3d at 1199; *SMDK*, 2009 WL 5246368, at *1.  Here, the

documents related to the design, development, manufacture, and sale of the only specifically-

identified accused products and software are located in the Northern District of California.  *See

Adler Decl. ¶ 6; Kaul Decl. ¶¶ 4-5; Setty Decl. ¶ 5; Wolff Decl. ¶¶ 3, 10.  Documents in the

possession of key third parties, discussed below, are also located in the Northern District of

California.  Importantly, such documents are believed to include the key Viola-WWW browser

source code from 1993, as well as other critical Viola-related prior art documents from that time

period.  *See generally Eolas*, 399 F.3d at 1329-30, 1332-36.  On the other hand, Defendants are

unaware of any key documents or tangible evidence physically located in this district.

Accordingly, this factor weighs in favor of transfer to the Northern District of California.

> **b.**      **Availability of Compulsory Process to Secure Attendance of
> Witnesses**

This factor focuses on the ability of the courts to subpoena witnesses for deposition

and/or trial under Fed. R. Civ. P. 45.  *See Volkswagen*, 545 F.3d at 316.  Here, a number of key

non-party witnesses are subject to the subpoena power of the Northern District of California[5]:

---

[5] In addition to the witnesses listed in the following table, the declarations filed in support
identify numerous non-party former employee witnesses located in Northern California who
were responsible for developing the allegedly infringing technologies, including those who could
establish that the technology was independently developed.  *See, e.g.*, Adler Decl. ¶ 11; Kaul
Decl. ¶ 7; Wolff Decl. ¶¶ 4-9, 10-16, 17-20.

| Witness | Location | Relationship to Action |
|---|---|---|
| Marc Andreessen | Palo Alto, California | Prior Art Witness |
| Cheong S. Ang | Los Altos, California | Named Inventor |
| Dale Dougherty | Sebastopol, California | Prior Art Witness |
| Karl Jacob | Tiburon, California | Prior Art Witness |
| Bill Janssen | Palo Alto, California | Prior Art Witness |
| James Kempf | San Jose, California | Prior Art Witness |
| Charles E. Krueger | Walnut Creek, California | Patent Prosecution Attorney |
| Charles Kulas | Palo Alto, California | Patent Prosecution Attorney |
| David C. Martin | San Jose, California | Named Inventor |
| O'Reilly Media, Inc. | Sebastopol, California | Prior Art Witnesses |
| The Regents of the University of California | Oakland, California | Patent Owner |
| Townsend | San Francisco, California | Patent Prosecution Attorneys |
| George Toye | Foster City, California | Prior Art Witnesses |
| Pei-Yuan Wei | Newark, California | Prior Art Witness |
| Michael E. Woods | San Rafael, California | Patent Prosecution Attorney |

*See* Exs. 8-11, 15-17, 57-71, 75.  In particular, Defendants will demonstrate that the asserted patents are invalid under, *inter alia*, 35 U.S.C. § 102(g) because any "invention" was actually made by Pei Wei first, in connection with his Viola-WWW browser.  *See generally Eolas*, 399 F.3d at 1329-30, 1332-36.  Wei also told the Eolas inventor, Doyle, about his Viola browser long prior to the filing of the original application for the patents-in-suit, but Doyle never informed the PTO of the existence of Viola in the original prosecution, and the failure to do so has been alleged to constitute inequitable conduct.  *See generally id.*  Wei's testimony is expected to be critical to these issues.  Moreover, his testimony will be corroborated by the testimony from others most knowledgeable about the development of the Viola-WWW browser, such as Wei's supervisor, Dale Dougherty, and two former Sun engineers, James Kempf and Karl Jacob, to

whom Wei demonstrated his browser software on May 7, 1993.  All of these third-party

witnesses are located in the Northern District of California.  *See, e.g.*, Exs. 8-11, 15-17, 57-71;

Kaul Decl. ¶ 7.  Absent the availability of compulsory process, there is no guarantee that any of

these witnesses will incur the burden of travelling from California to Texas to attend trial.  Thus,

transfer is not only appropriate, it is imperative for a fair trial.  *See Genentech*, 566 F.3d at 1344

("It is clear from the parties' filings below that inequitable conduct, infringement, and invalidity

might be issues at trial.  The petitioners have identified witnesses relevant to those issues, and the

identification of those witnesses weighs in favor of transfer."); *SMDK*, 2009 WL 5246368, at *1

("Several purportedly prior art products were developed in California, and Defendants identify

several non-party witnesses that have knowledge of purportedly invalidating prior art.").

### c. Cost of Attendance for Willing Witnesses

Under this factor, the Fifth Circuit has adopted the "100-mile rule":  "When the distance

between an existing venue for trial of a matter and a proposed venue under section 1404(a) is

more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship

to the additional distance to be traveled."  *Volkswagen*, 545 F.3d at 317.  Simply put, "it is more

convenient for witnesses to testify at home."  *Id.*

Here, the allegedly infringing products include certain unspecified Apple computers and

certain identified Adobe, Apple, Google, and Sun software.  The participation of the Adobe,

Apple, Google, and Sun engineers responsible for that software will therefore have significance.

All of these Defendants are headquartered in the Northern District of California, and based on

Defendants' current understanding of Eolas's allegations, almost all of the relevant engineers and

employees reside and/or work there.  Adler Decl. ¶¶ 6, 8; Kaul Decl. ¶¶ 4-5, 7; Setty Decl. ¶ 7;

Wolff Decl. ¶¶ 3-21.  As Tyler, Texas is almost 2000 miles from the San Francisco Bay Area, it

would represent a significant inconvenience for these witnesses.  Defendants eBay, Yahoo, and

YouTube are also headquartered in Northern California, and their employees would be similarly inconvenienced.  Mansour Decl. ¶¶ 2-11; Risher Decl. ¶¶ 2, 4-6, 8; Setty Decl. ¶¶ 3, 6-8. Relevant employees of other Defendants are based on the West Coast and would also be inconvenienced.  Declaration of Sean Scott in Support of Defendants' Motion to Transfer ¶ ¶ 2-13; Declaration of Marc D. Callipari in Support of Defendants' Motion to Transfer to the U.S. District Court for the Northern District of California Pursuant to 28 U.S.C. § 1404(a) ¶¶ 4-7.

Although Eolas has also included a number of other Defendants from miscellaneous locations around the United States, including four in this district, none of those Defendants make any of the software identified in the Complaint.  Instead, they simply provide certain Internet web pages, unidentified aspects of which are apparently alleged to infringe.  They are unlikely to have a significant number of relevant witnesses in comparison to the number of witnesses identified above in relation to the patent, the prior art, and the specifically-identified accused products.  And if these Defendants' contacts are not considered, either because they are severed or because this Court recognizes that their joinder in this action is precisely the type of venue-manipulation tactic that the Federal Circuit has rejected, the case for transfer becomes even more compelling.  *See infra* pp. 14-15.

Finally, Eolas itself is a small operation with only a handful of employees.  The documents on file with the Texas authorities indicate that the individuals associated most closely with Eolas continue to reside in the Chicago area.  Exs. 1, 4.  While Chicago is closer as the crow flies to Tyler, Texas than to Northern California, it is possible to take a direct airline flight from Chicago to San Francisco, Oakland, or San Jose on a major airline that takes less than five hours. Ex. 72.  In contrast, flying from Chicago to Tyler requires a layover in Dallas/Fort Worth and the total trip is frequently longer than five hours.  *Id.*  Accordingly, taking all of the relevant

witnesses into consideration, it is readily apparent that this factor weighs in favor of transfer.

### 3.    The Public Interest Factors Support Transfer to Northern California

In conducting the transfer analysis, the Court must also consider the following public interest factors:  (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *See Volkswagen*, 545 F.3d at 315.  The first factor is speculative, the second factor weighs heavily in favor of transfer, and the remaining factors are not applicable here.

### a.    Administrative Difficulties Flowing From Court Congestion

This factor focuses on the speed with which a case reaches disposition.  *See Genentech*, 566 F.3d at 1347.  Time of disposition is not predictable, and therefore this factor tends to be speculative.  *See id.*  For example, statistics show that the Northern District of California, on average, disposes of cases more quickly than this district, but on the other hand that time to trial is longer in the Northern District of California than it is here.  *Compare* Ex. 73 *with* Ex. 74.  In any event, time of disposition is not a significant consideration where, as here, other factors weigh heavily in favor of transfer.  *See Genentech*, 566 F.3d at 1347.

### b.    Local Interest in Having Localized Disputes Decided at Home

The public interest in having local disputes settled at home "weighs heavily" in favor of transfer to the Northern District of California.  *Volkswagen*, 545 F.3d at 317.  The patent owner is the University of California.  The claimed inventions were allegedly made at the University of California, San Francisco.  Two of the three named inventors reside in the Northern District of California.  The attorneys that prosecuted the patents-in-suit reside and practice in the Northern District of California.  Numerous Defendants, including Adobe, Apple, Google, and Sun—the

Defendants that make the only specifically-identified accused products—have their headquarters and principal places of business in the Northern District of California.  Important prior art (*e.g.*, the Viola-WWW browser software) was developed by Pei Wei in the Northern District of California while he was living in Berkeley, California or working at O'Reilly Media in the Northern District of California.  Wei currently resides in the Northern District of California.  As shown above, numerous other witnesses are also located in the Northern District of California.

In contrast, this suit has little, if anything, to do with Texas.  Though Eolas reincorporated in Texas several months prior to filing suit, the substance of Eolas—*e.g.*, the people that operate the business—appear to reside and work in Illinois.  *See supra* p. 2.  Given that Eolas's contacts with Texas are insubstantial, there is no significant local interest in having this dispute resolved in this district.  *See Nintendo*, 589 F.3d at 1198.[6]  Nor does Eolas's inclusion of a handful of Defendants located in this district, apparently based upon unspecified aspects of their websites, change that conclusion.  As the Federal Circuit recently confirmed, Section 1404(a) "should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just."  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 625 (1964)).  Under any other view, the transfer statute could be routinely evaded in any case involving Internet technology simply by vaguely

---

[6] *See also, e.g., Surfer Internet Broadcasting of Miss., LLC v. XM Satellite Radio Inc.*, No. 4:07CV034, 2008 WL 1868426, at *3 (N.D. Miss. Apr. 4, 2008) (finding argument that plaintiff's chosen forum was a significant factor "unconvincing" where plaintiff incorporated in Mississippi only "seven days before the institution of this lawsuit, and does not appear to do substantial business in Mississippi or employ Mississippi residents"); *Gemini IP Tech., LLC v. Hewlett-Packard Co.*, No. 07-C-205-S, 2007 WL 2050983, at *1 (W.D. Wisc. July 16, 2007) (similar holding); *Greenville Communications, LLC v. Verizon Communications, Inc.*, No. 4:07CV66-P-B, 2007 WL 2452642, at *3 (N.D. Miss. Aug. 27, 2007) (similar holding); *Broadcast Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*, No. CV 06-1190JFWSSX, 2006 WL 1582091, at *3 (C.D. Cal. June 6, 2006) (similar holding).

alleging infringement against a peripheral, geographically-chosen website operator.  It would defeat the purpose of 28 U.S.C. § 1404(a) to permit plaintiffs to manipulate venue based on a calculated selection of local companies based on unidentified operations of Internet websites.

**B.      To the Extent That the Inclusion of Any Particular Defendant Is Viewed as an Obstacle to Transfer, That Defendant Should Be Severed**

As demonstrated above, the Court should transfer the entire action to the Northern District of California, and the Court need not address the issue of severance of parties under Fed. R. Civ. P. 21.  But should transfer not be deemed proper as to one or more of the Defendants for jurisdictional reasons or otherwise, the claims against any such Defendant(s) should be severed so that transfer of the remaining claims can proceed.

It is well-established that "[i]f . . . suit might have been brought against one or more defendants in the court to which transfer is sought, the claims against those defendants may be severed and transferred while the claims against the remaining defendant, for whom transfer would not be proper, are retained."  *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147 (5th Cir. 1987).  This is particularly true where the patent infringement claims asserted against any remaining defendants may be secondary to the primary infringement claims to be severed and transferred.  *See, e.g.*, *Balthasar*, 654 F. Supp. 2d at 552-53; *Toshiba Corp. v. Hynix Semiconductor, Inc.*, 2005 WL 2415960, at *4 (N.D. Tex. 2005); *Mobil Oil Corp. v. W.R. Grace & Co.*, 334 F. Supp. 117, 122 (S.D. Tex. 1971).  Indeed, severance is required where, as here, defendants are not properly joined.[7]  *See* Fed. R. Civ. P. 20(a)(2); Fed. R. Civ. P. 21; *Reid v. General Motors Corp.*, 240 F.R.D. 260, 263 (E.D. Tex. 2007) (Folsom, J.) (holding that "[a]llegations of infringement against two unrelated parties based on different acts do not arise

---

[7] The Court need not reach the issue of misjoinder, however, if it grants severance as a matter of discretion or grants transfer without reaching the severance issue.

from the same transaction" and should be severed); *see also Colt Def. LLC v. Heckler & Koch Def., Inc.*, No. 2:04cv258, 2004 U.S. Dist. LEXIS 28690, at *13 (E.D. Va. Oct. 22, 2004) (noting "overwhelming" authority favoring severance of disparate defendants); *but see MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 456-57 (E.D. Tex. 2004) (declining to adopt "per se rule" of misjoinder).  Finally, a stay of any retained claims would preserve judicial economy.

The Southern District of Texas has explained why it is frequently important for courts to sever some defendants in order to effectuate transfer:

> This procedure is eminently reasonable.  Absent this power a
> federal court would be unable to curtail the powers of a plaintiff to
> thwart justice by his joinder of a peripherally connected defendant
> to an action for the sole purpose of accentuating the burdens of
> trial upon a defendant who otherwise would have been entitled to a
> § 1404(a) transfer.

*Mobil Oil Corp.*, 334 F. Supp. at 122; *see also Balthasar*, 654 F. Supp. 2d at 552-53 (where claims against Texas defendants were added to avoid transfer, action was transferred to California with the exception of the Texas-oriented claims, which were retained).  Moreover, the Court should not encourage plaintiffs to subject businesses located in this forum (*e.g.*, Frito-Lay, J.C. Penney, Perot Systems, and Rent-A-Center) to burdensome and costly lawsuits solely for venue purposes.  *See id.*  For such reasons, Eolas's inclusion of a handful of Defendants located in this district, based upon unspecified aspects of their websites, should not impede transfer.

## IV.  CONCLUSION

This Court should not be saddled with a case that belongs elsewhere, and the Defendants and third-party witnesses should not be burdened with litigation 2000 miles from its focal point. The Court should transfer this action to the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).  Pursuant to Local Rule 7(g), oral argument is hereby requested.

Dated:  February 10, 2010

                                                  /s/Richard A. Cederoth

David T. Pritikin
dpritikin@sidley.com
Richard A. Cederoth
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036

Theodore W. Chandler
tchandler@sidley.com
SIDLEY AUSTIN LLP
555 W. Fifth Street
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

Teague I. Donahey
tdonahey@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California  94104
Telephone:  (415) 772-1200
Facsimile:  (415) 772-7400

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas  75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Attorneys for Defendant
APPLE INC.

                                                  /s/David J. Healey

David J. Healey
Texas State Bar No. 09327980
Healey@fr.com

FISH & RICHARDSON P.C.
1 Houston Center
1221 McKinney Street, Suite 2800
Houston, Texas  77010
Telephone:  (713) 654-5300
Facsimile:  (713) 652-0109

OF COUNSEL:
Frank E. Scherkenbach
Scherkenbach@fr.com
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts  02110-2804
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906

Joseph P. Reid
Reid@fr.com
Jason W. Wolff
Wolff@fr.com
FISH & RICHARDSON P.C.
12390 EI Camino Real
San Diego, California  92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Attorneys for Defendant
ADOBE SYSTEMS INC.

/s/Douglas Lumish
Douglas Lumish
doug.lumish@weil.com
Matthew D. Powers
matthew.powers@weil.com
Jared Bobrow
jared.bobrow@weil.com
Joseph H. Lee
joseph.lee@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California  94065
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100

Christian J. Hurt
Texas State Bar No. 24059987
christian.hurt@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas  77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511

Attorneys for Defendants
AMAZON.COM, INC., EBAY INC., AND
YAHOO! INC.

/s/David Kent Wooten
_____
David Kent Wooten
Texas State Bar No. 24033477
dwooten@velaw.com
VINSON & ELKINS L.L.P.
1001 Fannin Street
2500 First City Tower
Houston, Texas  77002
Telephone:  (713) 758-2222
Facsimile:  (713) 615-5216

Scott Wayne Breedlove
Texas State Bar No. 00790361
sbreedlove@velaw.com
VINSON & ELKINS L.L.P.
2001 Ross Avenue
3700 Trammell Crow Center
Dallas, Texas  75201-2975
Telephone:  (214) 220-7993
Facsimile:  (214) 999-7993

Attorneys for Defendant
BLOCKBUSTER INC.

/s/Neil J. McNabnay
_____
Thomas M. Melsheimer
Texas State Bar No. 13922550
melsheimer@fr.com
Neil J. McNabnay
Texas State Bar No. 24002583
mcnabnay@fr.com

J. Nicholas Bunch
Texas State Bar No. 24050352
bunch@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone:  (214) 747-5070
Facsimile:  (214) 747-2091

Attorneys for Defendant
THE GO DADDY GROUP, INC.

                              /s/Scott T. Weingaertner
_____

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846

Scott T. Weingaertner
sweingaertner@kslaw.com
Robert F. Perry
rperry@kslaw.com
Christopher C. Carnaval
ccarnaval@kslaw.com
Mark H. Francis
mfrancis@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

Attorneys for Defendants
GOOGLE INC. AND YOUTUBE, LLC

19

/s/Dwayne L. Mason

Dwayne L. Mason
Texas State Bar No. 00787977
dmason@akingump.com
Tara M. Williams
Texas State Bar No. 24043999
twilliams@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas  77002
Telephone:  (713) 220-5800
Facsimile:  (713) 236-0822

Attorneys for Defendant
NEW FRONTIER MEDIA, INC.


/s/Avelyn M. Ross

David B. Weaver
Texas State Bar No. 00798576
dweaver@velaw.com
Avelyn M. Ross
Texas State Bar No. 24027871
aross@velaw.com
Gentry C. McLean
Texas State Bar No. 24046403
gmclean@velaw.com
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Telephone: (512) 542-8400
Facsimile: (512) 236-3218

Attorneys for Defendant
PLAYBOY ENTERPRISES INTERNATIONAL,
INC.


/s/Eric H. Findlay

Eric H. Findlay
Texas State Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703

Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Mark D. Fowler
mark.fowler@dlapiper.com
William G. Goldman
bill.goldman@dlapiper.com
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone: (650) 833-2000
Facsimile: (650) 833-2001

Kathryn B. Riley
kathryn.riley@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 699-2700
Facsimile: (619) 764-6692

Attorneys for Defendant
SUN MICROSYSTEMS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 10th day of February, 2010.

/s/Duy D. Nguyen
_____

## CERTIFICATE OF CONFERENCE

I hereby certify that a meet-and-confer conference occurred on February 9, 2010 between Brian Craft of Findlay Craft, LLP for the moving defendants and Sam Baxter of McKool Smith for plaintiff. The discussions have conclusively ended in an impasse leaving an open issue for the Court to resolve.  The Motion is opposed.

/s/Brian Craft
_____