# EXHIBIT 7

# Questions and Answers about UC/Eolas patent infringement suit against Microsoft
0000-00-00                                                                    Email this article

Questions and Answers about UC/Eolas patent infringement suit against Microsoft

**Q. What is the patented technology that was at issue in the case?**
A. The patented technology is a key component of the interactivity available on the Internet today. It allows web page developers to embed interactive programs in Web pages. A browser, equipped with the University of California's patented technology, is able to deliver that interactivity to the user. For example, the technology is used often with stock information, video players, games, virtual real estate tours and other interactive content on the Web. The patent allows the Web to be a platform for fully interactive embedded applications.

**Q. How did this invention come about?**
A. In 1993, as part of the Innovative Software Systems Group at the UC San Francisco campus, researchers Michael Doyle, David Martin and Cheong Ang were working to transform how scientific information was created, accessed and published. As part of their research, they began to explore the possibility of expanding the sciences by allowing scientists to read not only what was published online but to interact with that data. While early Web participants struggled to implement helper applications, Doyle and his team were already examining the potential of the Web to become a platform for fully interactive embedded applications. The UC patent originated from this research.

**Q. If the patent relates to browser technology, why was the Windows product discussed during the case?**
A. Microsoft bundled its Internet Explorer Web browser with its Windows product and made them an integrated, single product. Microsoft viewed bundling Internet Explorer with Windows as essential to garnering browser market share, which Microsoft viewed as critical to preserving its Windows franchise.

**Q. Why wasn't UC a plaintiff at the beginning of the case?**
A. UC joined the lawsuit when Microsoft made allegations that Eolas could not proceed in its name alone. UC joined because it is an important lawsuit. The University expects to be fairly compensated for use of its patented technology.

**Q. Won't this patent put a stranglehold on the Internet?**
A. UC seeks fair compensation for the use of the technology made by Microsoft's Internet Explorer Web browser — use which has allowed Microsoft to garner majority share in the browser market and, in so doing, reap billions of dollars in profits.

**Q. What is the relationship between UC and Eolas?**
A. Eolas has had exclusive rights to the technology since 1994. Under the terms of the license agreement with UC, Eolas is to pay the University for products it makes under the patent and for licenses it grant under the patent.

**Q. Why didn't Microsoft license the technology from UC?**
A. Microsoft was contacted in 1994, along with a number of other companies, regarding the technology. UC cannot speculate as to why Microsoft never pursued licensing opportunities then.

**Q. Why did UC give Eolas exclusive rights to the technology?**
A. In 1994, UC decided that Eolas, founded by Doyle, best understood the technology and was in the best position to bring the technology into the commercial marketplace. While the patent application was pending, Microsoft and others adopted the technology for use in its products. The result was that, by the time the patent issued, Eolas had been crowded out of the marketplace.

**Q. I understand that a key part of Microsoft's defense was thrown out of the case?**
A. One of Microsoft's defenses related to its claim that UC's patent is invalid because a Mr. Pei Wei invented the technology prior to UC's inventors. Following presentation of that evidence by Microsoft at trial, the judge determined that, as a matter of law, no jury could find for Microsoft on that issue.

**Q. What happens next?**
A. There will be post-trial proceedings, which will include an accounting for Microsoft sales occurring after September 2001, the cut-off date for damages determined by the jury. UC and Eolas will also seek prejudgment interest. Microsoft will have an opportunity to appeal the final judgment to the Federal Circuit Court of Appeals, although university counsel feels confident that the Federal Circuit will uphold the final determination.



ADD THIS TO YOUR SOCIAL BOOKMARKS
Blink · Digg · Google · Spurl · Del.icio.us · Furl · Simpy · Y! MyWeb · Facebook · Newsvine · Slashdot · Technorati

© 2007 Regents of the University of California
· 1111 Franklin St., Oakland, CA 94607-5200

Site best viewed in IE 5, Netscape 6 or higher. Update browser