# EXHIBIT 20



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,858 | 12/22/2005 | 5838906 | 6620-66570-01 | 4371 |

| 30080 | 7590 | 02/09/2006 |
|---|---|---|

LAW OFFICE OF CHARLES E. KRUEGER
P.O. BOX 5607
WALNUT CREEK, CA 94596-1607

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 02/09/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Order Granting / Denying Request For Ex Parte Reexamination** | 90/007,858 | 5838906 |
| | Examiner | Art Unit |
| | St. John Courtenay III | 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>22 December 2005</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO-1449,    c)☐ Other: _____

1. ☒ The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐ The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

St. John Courtenay III
Primary Examiner
Art Unit: 3992

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)         Office Action in *Ex Parte* Reexamination         Part of Paper No. 20060119

| Office Action in Ex Parte Reexamination | Control No. 90/007,858 | Patent Under Reexamination 5838906 |
|---|---|---|
| | Examiner Joseph R. Pokrzywa | Art Unit 3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a☐ Responsive to the communication(s) filed on _____.  b☐ This action is made FINAL.
c☐ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire **2** month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I  THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☒ Notice of References Cited by Examiner, PTO-892.   3. ☐ Interview Summary, PTO-474.
2. ☒ Information Disclosure Statement, PTO/SB/08.       4. ☒ *PTO-1449*.

Part II  SUMMARY OF ACTION

1a. ☒ Claims *1-10* are subject to reexamination.
1b. ☐ Claims _____ are not subject to reexamination.
2.  ☐ Claims _____ have been canceled in the present reexamination proceeding.
3.  ☐ Claims _____ are patentable and/or confirmed.
4.  ☒ Claims *1-10* are rejected.
5.  ☐ Claims _____ are objected to.
6.  ☐ The drawings, filed on _____ are acceptable.
7.  ☐ The proposed drawing correction, filed on _____ has been (7a)☐ approved (7b)☐ disapproved.
8.  ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All  b)☐ Some*  c)☐ None   of the certified copies have
    1☐ been received.
    2☐ not been received.
    3☐ been filed in Application No. _____.
    4☐ been filed in reexamination Control No. _____.
    5☐ been received by the International Bureau in PCT application No. _____.
    * See the attached detailed Office action for a list of the certified copies not received.
9.  ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.
10. ☐ Other: _____

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-466 (Rev. 08-06)   Office Action in Ex Parte Reexamination   Part of Paper No. 20070615

# DETAILED ACTION

## *Reexamination*

1. Claims 1-10 of U.S. Patent Number 5,838,906 (hereafter "the '906 Patent") are subject to reexamination.

2. A previous reexamination certificate for the '906 Patent (in reexamination number 90/006,831) was issued June 6, 2006.

## *Information Disclosure Statement*

3. The references listed in the Information Disclosure Statements submitted on 6/12/07, 5/1/07, 1/29/07, 1/23/07, 1/22/07, 1/10/07, 11/6/06, 9/18/06, and 8/24/06 have been considered by the examiner (see attached PTO/SB/08As and PTO-1449s).

4. The examiner notes that MPEP 2256, under the heading "Prior Art Patents and Printed Publications Reviewed by Examiner in Reexamination" states, in part:

> Where patents, publications, and other such items of information are submitted by a party (patent owner or requester) in compliance with the requirements of the rules, **the requisite degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information citation has explained the content and relevance of the information**. The initials of the examiner placed adjacent to the citations on the form PTO/SB/08A and 08B or its equivalent, without an indication to the contrary in the record, do not signify that the information has been considered by the examiner any further than to the extent noted above. [emphasis added]

Further, MPEP 609.05(b) states:

> The information contained in information disclosure statements which comply with both the content requirements of 37 CFR 1.98 and the requirements, based on the time of filing the statement, of 37 CFR 1.97 will be considered by the examiner. Consideration by the examiner of the information submitted in an IDS means that **the examiner will consider the documents in the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search**. The initials of the examiner placed adjacent to the citations on the ** PTO/SB/08A and 08B or its equivalent mean that the information has been considered by the examiner to the extent noted above. [emphasis added]

With this, the examiner notes that with the large number of references submitted in the above noted PTO/SB/08As and PTO-1449s, the references were considered to at least the "degree to which the party filing the information citation has explained the content and relevance of the information", and in "the same manner as other documents in Office search files are considered by the examiner while conducting a search of the prior art in a proper field of search".

## *Discussion of Prior Art Cited in the Request for Reexamination*

5. The Request for Reexamination filed 12/22/05 (as seen on page 24 of the Request) alleges that independent claims 1 and 6 are anticipated by "Janssen" (noted as Exhibit B), as "would have been understood in the context of the general knowledge in the art evidenced by Raggett II, Mosaic, and X Window System art". Additionally, the Request alleges that claims 1 and 6 are obvious over the references of "The Mosaic Admitted Prior Art", "Raggett II" (noted as Exhibit C), and the reference of "Janssen". It is noted that the Janssen reference is a posted response to the post made in the reference of Raggett II, both being posts in the www-talk email list. However, assuming that the Janssen posting and the Raggett II posting were both

adequately indexed and available to qualify as prior art printed publications, a rejection of independent claims 1 and 6 cannot be made because of the reasons that follow.

6.  The examiner also notes that the previous reexamination proceeding (reexamination number 90/006,831) stated that the claims of the '906 Patent were patentable over a combination of references which included the Mosaic Admitted Prior Art and the Raggett II references, as well as two other references. As noted in the previous reexamination proceeding in the Office paper dated 1/20/06, on page 3 the examiner at that time stated:

> "...the cited four-way combination of the patent owner's admitted prior art (APA), Berners-Lee, Raggett I, and Raggett II, 'does not explicitly teach of a method that 'enables interactive processing of said object.' The combination teaches a method that embeds static objects, as opposed to dynamic objects, with distributed hypermedia documents.'"

Further, the examiner of the previous reexamination proceeding noted on page 5 of the same paper above that:

> "...it is the browser application (i.e., not an executable application separate from the browser application that makes the active areas "interactive" by waiting for a user input, typically in the form of a mouse click."

| Ex Parte Reexamination Interview Summary | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/007,858 | 5838906 |
| | Examiner | Art Unit |
| | Joseph R. Pokrzywa | 3992 |

All participants (USPTO personnel, patent owner, patent owner's representative):

(1) *Joseph R. Pokrzywa (USPTO)*      (3) *Charles E. Krueger*

(2) *Sue Lao, Roland Foster (USPTO)*      (4) *Michael D. Doyle*

Date of Interview: *06 September 2007*

Type: a)☐ Telephonic   b)☐ Video Conference
c)☒ Personal (copy given to: 1)☐ patent owner    2)☒ patent owner's representative)

Exhibit shown or demonstration conducted: d)☒ Yes    e)☐ No.
If Yes, brief description: *Patent Owner presented a PowerPoint presentation and an animation of the language of independent claim 6.*

Agreement with respect to the claims f)☐ was reached. g)☐ was not reached. h)☒ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to..."

Claim(s) discussed: *1 and 6*.

Identification of prior art discussed: *the "Viola" reference, the "Cohen" reference (U.S. Patent 5,367,621), and the "NCSA Mosaic" reference*.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
*See Continuation Sheet.*

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached. Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED. **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

JOSEPH R. POKRZYWA
PRIMARY EXAMINER

cc: Requester (if third party requester)      Examiner's signature, if required

Continuation of Description of the general nature of what was agreed to if an agreement was reached, or any other comments:

The Patent Owner first noted that the claimed invention of the '906 Patent was reduced to practice prior to August 16, 1994, being the date of the Viola reference, and the Patent Owner intends to submit documents under 37 CFR 1.131 to establish invention of the claimed subject matter prior to the effective date of the Viola reference.

With respect to the Cohen reference, the Patent Owner discussed differences in the claimed invention and the teachings of Cohen. Particularly, the Patent Owner stated that Cohen does not teach of the specific claimed features of: interactive processing, an embed text format, a display within the browser window, and type information used by the browser to identify and locate. Each of these features were further individually discussed in detail.

The examiner noted that upon submission of a response to the previous Office action, which incorporates these arguments, the examiner would review and reconsider the current art rejections.

JOSEPH R. POKRZYWA
PRIMARY EXAMINER

ROLAND G. FOSTER
CRU EXAMINER-AU 3992

OPQA



# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re reexamination control number:<br><br>90/007,858<br><br>Filed: 12/22/2005<br><br>Patent No: 5,838,906 | Examiner: POKRZYWA, JOSEPH R<br><br>Art Unit: 3992<br><br>PATENT OWNER'S STATEMENT OF<br>THE SUBSTANCE OF THE INTERVIEW |

Commissioner for Patents
Alexandria, VA 22313-1450

DATE: 2007-SEPT-06

ATTENDEES: Examiners Pokryzwa, Lao, and Foster; Inventor Dr. Michael D. Doyle; Attorney of Record Charles E. Krueger.

EXHIBITS AND DEMONSTRATIONS: PowerPoint Slide presentation (Attached) and an animation of the language of independent claim 6.

CLAIMS DISCUSSED: Independent claims 1 and 6.

REFERENCES DISCUSSED: The Viola reference, Mosaic and the Cohen patent.

SUMMARY: Dr. Doyle displayed an animation of claim 6 and the elements and limitations of that claim were discussed with the examiners. A PowerPoint slide presentation was given by Dr. Doyle demonstrating a reduction to practice of the subject matter of claim 6 prior to the alleged effective date of the Viola reference and pointing out elements and limitations of claim 6 not expressly found or inherently described in the Cohen reference.

Respectfully submitted,

Charles E. Krueger
Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER
P.O. Box 5607
Walnut Creek, CA 94596
Tel: (925) 944-3320 / Fax: (925) 944-3363

56155 U.S. PTO
10/01/07

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re reexamination control number: | Examiner: POKRZYWA, JOSEPH R. |
| 90/007,858 | Art Unit: 3992 |
| Filed: 12/22/2005 | Response after Non-Final Rejection |
| Patent No: 5,838,906 | |

Commissioner for Patents
Alexandria, VA 22313-1450

Sir:

In response to the Office Action mailed 07/30/2007, please consider the following remarks:

## REMARKS

This is the second reexamination of U.S. Patent No. 5,838,906 ("the '906 patent"). The first reexamination was a Director Ordered Reexamination, Control No. 90/006,831 ("the first reexamination") which resulted in issuance of a Reexamination Certificate without amending the claims. Shortly after the NIRC was posted on the PAIR page the present reexamination ("the second reexamination") was requested.

The '906 patent has been involved in a related litigation, EOLAS TECHNOLOGIES, INC. and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, Plaintiffs, v. MICROSOFT CORPORATION, Defendant., Northern Dist. of Ill, No. 99 C 626, Judge Rebecca R. Pallmeyer presiding. This litigation has been settled, and Microsoft has licensed the '906 patent.

The '906 patent was also involved in Interference 105,563 McK declared 05/24/2007. This interference has been resolved in favor of the '906 patent.

The claim construction set forth in the Markman ruling in the related litigation, affirmed by the United States Court of Appeals for the Federal Circuit, is utilized in the following arguments and remarks.

Claims 1-10 have been reexamined and are now pending in the application. Reexamination and reconsideration of all outstanding rejections and objections is requested.

Claims 1-10 are rejected under 35 U.S.C. §102 based on two different references. These rejections will be referred to below as the Viola rejection and the Cohen rejection.

In the Viola rejection, claims 1-10 are rejected under 35 U.S.C. §102 as being anticipated by "A Brief Overview of the VIOLA Engine, and its applications" written by Pei

Doyle et al.
Control No. 90/007,858
Page 21

### Claim 1

Claim 1 recites a method including the same limitations argued above with respect to the patentability of claim 6. Accordingly, claim 1 is not anticipated by Cohen as enabled by Mosaic.

### Dependent Claims

Claims 2-5 depend on claim 1 and are thus allowable for the same reasons as claim 1. Claims 7-10 depend on claim 6 and are thus allowable for the same reasons as claim 6.

### CONCLUSION

In view of the foregoing, Applicants believe all claims now pending in this Reexamination are not anticipated by the cited references. The issuance of a formal Notice of Intent to Issue Reexamination Certificate (NIRC) at an early date is respectfully requested.

If the Examiner believes a telephone conference would expedite prosecution of this Reexamination, please telephone the undersigned at (925) 944-3320.

Respectfully submitted,

Charles E. Krueger
Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER
P.O. Box 5607
Walnut Creek, CA 94596
Tel: (925) 944-3320 / Fax: (925) 944-3363

| Ex Parte Reexamination Interview Summary | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/007,858 | 5838906 |
| | Examiner | Art Unit |
| | JOSEPH R. POKRZYWA | 3992 |

All participants (USPTO personnel, patent owner, patent owner's representative):

(1) <u>Joseph R. Pokrzywa</u>  (3) <u>Charles Krueger</u>

(2) <u>consulted Sue Lao & Roland Foster</u>  (4) <u>David Cochran</u>

Date of Interview: <u>6/3/08 & 5/9/08</u>

Type: a)☒ Telephonic   b)☐ Video Conference
c)☐ Personal (copy given to: 1)☐ patent owner   2)☐ patent owner's representative)

Exhibit shown or demonstration conducted: d)☒ Yes   e)☐ No.
If Yes, brief description: <u>Facsimile of Patent Owner's proposed amendment</u>

Agreement with respect to the claims f)☐ was reached.  g)☐ was not reached.  h)☒ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to..."

Claim(s) discussed: <u>1</u>.

Identification of prior art discussed: <u>Cohen (U.S. Patent Number 5,367,621)</u>.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
<u>Discussed the proposed amendment presented by the Patent Owner. The proposed amendment appears to overcome the reference of Cohen, as upon initial review, Cohen is unclear if an end-user directly interacts with the object, rather than the "interactive processing" as claimed. The examiner will reconsider the rejection fully upon filing of a formal amendment.</u>

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims patentable, if available, must be attached. Also, where no copy of the amendments that would render the claims patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. (See MPEP § 2281). IF A RESPONSE TO THE LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW (37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED. **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

JOSEPH R POKRZYWA
PRIMARY EXAMINER
CRU - AU 3992

cc: Requester (if third party requester)  Examiner's signature, if required

PATENT
Attorney Docket No. 006-1-5

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re reexamination control number: 90/007,858 | Examiner: POKRZYWA, JOSEPH R |
| Filed: 12/22/2005 | Art Unit: 3992 |
| Patent No: 5,838,906 | PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW |

Commissioner for Patents
Alexandria, VA 22313-1450

DATE: 5/9/2008 and 6/3/2008

TYPE: Telephonic

ATTENDEES: Examiner Pokryzwa, Attorney of Record Charles E. Krueger and associated attorney David Cochran.

EXHIBITS AND DEMONSTRATIONS: None.

CLAIMS DISCUSSED: Independent claims 1 and 6.

REFERENCES DISCUSSED: Cohen.

SUMMARY: An amendment to claims 1 and 6 was proposed to overcome the outstanding rejection. The examiner indicated that upon initial review the amendment appears to overcome the rejection based on the Cohen reference.

Respectfully submitted,

Charles E. Krueger
Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER
P.O. Box 5607
Walnut Creek, CA 94596
Tel: (925) 944-3320 / Fax: (925) 944-3363

06/25/2008 JWHITFIE 00000001 90007858
01 FC:1821          630.00 OP

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Reexamination Control No: 90/007,858 | Examiner: POKRZYWA, JOSEPH R. |
| Filing Date: 12/22/2005 | Art Unit: 3992 |
| Patent No: 5,838,906 | AMENDMENT AFTER FINAL |

Commissioner for Patents
Alexandria, VA 22313-1450

5   Sir:

In response to the Office Action mailed 04/18/2008, please amend the application as follows:

**Amendments to the Claims** begin on page 2 of this paper.

10   **Remarks/Conclusion** begins on page 10 of this paper.

Doyle et al.
Reexamination Control No. 90/007,858
Page 12

If the Examiner believes a telephone conference would expedite prosecution, please telephone the undersigned at 925-944-3320.

Respectfully submitted,

Charles E. Krueger
Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER
P.O. BOX 5607
WALNUT CREEK, CA 94596
TEL: 925-944-3320  FAX: 925-944-3363
EMAIL: ckrueger@sbcglobal.net

PTO/SB/31 (01-08)
Approved for use through 07/31/2008. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| NOTICE OF APPEAL FROM THE EXAMINER TO THE BOARD OF PATENT APPEALS AND INTERFERENCES | Docket Number (Optional) 006-1-5 | | U.S. PTO |
|---|---|---|---|

| I hereby certify that this correspondence is being facsimile transmitted to the USPTO or deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to "Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450" [37 CFR 1.8(a)] on ___July 15, 2008___ Signature _____ Typed or printed name  Sharon D. Krueger | In re Application of PATENT NO. 5,838,906 |  |
|---|---|---|
| | Application Number REX 90/007,858 | Filed 12/22/2005 |
| | For | |
| | Art Unit 3992 | Examiner Pokrzywa, Joseph R. |

Applicant hereby **appeals** to the Board of Patent Appeals and Interferences from the last decision of the examiner.

The fee for this Notice of Appeal is (37 CFR 41.20(b)(1))          $ 510

☐ Applicant claims small entity status. See 37 CFR 1.27. Therefore, the fee shown above is reduced by half, and the resulting fee is:          $ _____

☐ A check in the amount of the fee is enclosed.

☒ Payment by credit card. Form PTO-2038 is attached.

☐ The Director has already been authorized to charge fees in this application to a Deposit Account. I have enclosed a duplicate copy of this sheet.

☐ The Director is hereby authorized to charge any fees which may be required, or credit any overpayment to Deposit Account No. _____. I have enclosed a duplicate copy of this sheet.

☐ A petition for an extension of time under 37 CFR 1.136(a) (PTO/SB/22) is enclosed.

**WARNING**: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

I am the

☐ applicant/inventor.

☐ assignee of record of the entire interest.
See 37 CFR 3.71. Statement under 37 CFR 3.73(b) is enclosed.
(Form PTO/SB/96)

☒ attorney or agent of record.
Registration number ___30,077___

☐ attorney or agent acting under 37 CFR 1.34.
Registration number if acting under 37 CFR 1.34. _____

Signature: _____
Charles E. Krueger
Typed or printed name

(925) 944-3320
Telephone number

July 15, 2008
Date

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

07/21/2008 KDOZIER         00000003 90007858

☐ *Total of _____ forms are submitted.          01 FC:1401          510.00 OP

This collection of information is required by 37 CFR 41.31. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11, 1.14 and 41.6. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PATENT

Attorney Docket No. 006-1-5

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re reexamination Control No: 90/007,858 <br> Filing Date: 12/22/2005 <br> Patent No: 5,838,906 | Examiner: POKRZYWA, JOSEPH R <br> Art Unit: 3992 <br> REQUEST FOR EXTENSION OF TIME UNDER 37 CFR §1.550 |

Commissioner for Patents
Alexandria, VA 22313-1450

Sir:

A one-month extension of time is requested to file an Appeal Brief. The petition fee set forth in 37 CFR 1.17(g) is attached hereto. As required by MPEP §2265, the following is a statement of the reasons for the request, including a statement of the action the patent owner has taken, and why in spite of the action taken thus far the additional time is needed.

### STATEMENT OF ACTION THE PATENT OWNER HAS TAKEN

Subsequent to receiving the Final Rejection mailed on 4/18/2008 counsel for the patent owner prepared proposed amended claims 1 and 6 to overcome the stated grounds of rejection.

Patent counsel called the examiner on 5/9/2008 requesting that the examiner consider the proposed amended claims. The proposed amendment was faxed to the examiner the same day.

An Interview Summary was mailed 6/3/2008 stating that "The proposed amendment appears to overcome the reference of Cohen, as upon initial review, Cohen is unclear if an end-user directly interacts with object, rather than the "interactive processing" as claimed. The examiner will reconsider the rejection fully upon filing of a formal amendment". Patent counsel filed a formal Amendment After Final on 6/17/2008 presenting claims 1 and 6 in the form of the previously

Reexamination Control No. 90/007,858
Page 3

## CONCLUSION

In view of the foregoing, additional time is needed so that the issues to be appealed are determined before commencing preparation of an appeal brief. The deadline for filing the appeal brief is less than four weeks away and the patent owner has not been informed of the examiner's position regarding the Amendment After Final. Please call undersigned when the decision on this request is made because of the short period before the appeal brief is currently due to be filed.

Respectfully submitted,

Charles E. Krueger
Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER
P.O. Box 5607
Walnut Creek, CA 94596
Tel: (925) 944-3320 / Fax: (925) 944-3363

PATENT
Attorney Docket No. 006-1-5

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re reexamination control number: | Examiner: POKRZYWA, JOSEPH R |
| 90/007,858 | Art Unit: 3992 |
| Filed: 12/22/2005 | PATENT OWNER'S STATEMENT OF THE SUBSTANCE OF THE INTERVIEW |
| Patent No: 5,838,906 | |

Commissioner for Patents
Alexandria, VA 22313-1450

DATE: 2008-AUG-28

ATTENDEES (by telephone): Examiner Pokryzwa and Attorney of Record Charles E. Krueger.

EXHIBITS AND DEMONSTRATIONS: None.

CLAIMS DISCUSSED: None.

REFERENCES DISCUSSED: None.

SUMMARY: Mr. Krueger called the examiner to inquire when an office action ruling on the patent owner's response to the final rejection would be mailed. The patent owner's concerns regarding the short time period until the due date of an appeal brief on September 18 were communicated to the examiner. The examiner stated that his work was completed but he did not know when the office action would be mailed. The examiner thought it would be the week of September 1. The examiner also stated that no appeal brief would be required because the patent owner's response to the final rejection had overcome the outstanding rejection. Accordingly, the office action would either include a NIRC or a new rejection that would reopen prosecution.

Respectfully submitted,

Charles E. Krueger
Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER
P.O. Box 5607
Walnut Creek, CA 94596
Tel: (925) 944-3320 / Fax: (925) 944-3363