| Office Action Summary | Application No. 10/217,955 | Applicant(s) DOYLE ET AL. |
|---|---|---|
| | Examiner Andrew Caldwell | Art Unit 2151 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>09 June 2002</u>.
2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4)☒ Claim(s) <u>1-3</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>1-3</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All   b)☐ Some * c)☐ None of:
        1.☐ Certified copies of the priority documents have been received.
        2.☐ Certified copies of the priority documents have been received in Application No. _____.
        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
    Paper No(s)/Mail Date <u>6</u>.
4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 1-04)                Office Action Summary                Part of Paper No./Mail Date 7

## Remarks

Claims 1-3.

This application is a continuation of U.S. Patent App. 08/324,443, now U.S. Patent 5,838,906, which is currently being reexamined (90/006,831). All references in the parent and reexamination files have been considered. Any references considered and any searches made in the reexamination application should be considered to have been made in this application.

Copies of the references cited on the Form 892 accompanying this Office action have not been provided since the applicants were already mailed copies with the most recent Office action in the reexamination.

## Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

This application currently names joint inventors. In considering patentability of the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of the various claims was commonly owned at the time any inventions covered therein were made absent any evidence to the contrary.

**The Prior Art as Applied to Claims 1-10:**

Berners-Lee, T., et al., Hypertext Markup Language (HTML), Internet Draft, IETF, pages 1-40, (June 1993).

Raggett, D., HTML+ (Hypertext Markup Language), (July 23, 1993). Hereinafter referred to as "Raggett I."

Raggett, D., Posting of Dave Raggett, dsr@hplb.hpl.hp.com towww-talk@nxocOl.cern.ch (WWW-TALK public mailing list), (Posted June 14, 1993). Hereinafter referred to as "Raggett II."

Toye, G., et al., SHARE : A Methodology and Environment for Collaborative Product Development, Proceedings, Second Workshop on Enabling Technologies: Infrastructure for Collaborative Enterprises, 1993, IEEE, pp. 33-47, April 22, 1993.

Claims 1-10 are rejected under 35 U.S.C. 103(a) as being unpatentable over the admitted prior art in the `906 patent and the newly cited teachings of Berners-Lee, Raggett I, Raggett II, and Toye.

Regarding claim 2, the admitted prior art teaches a portion of the claimed invention of claim 2, namely a computer program product comprising:

"at least one client workstation" (**See USP `906: Figure 2, element 130; Col. 4, Lines 32-40 which indicate that "small computer" 130 can be a client**) "and one network server" (**See USP `906: Figure 2, element 132**) "coupled to a network environment" (**See USP `906: Figure 2, element 100 Internet**), "wherein the network environment is a distributed hypermedia environment" (**See USP `906: Col. 5 lines 24-25**);

"computer readable program code for causing said client workstation to execute a browser application" (**See USP `906: Col. 3 lines 9-13**), "that parses a first distributed hypermedia document to identify text formats included in the distributed hypermedia document and for responding to predetermined text formats to initiate processing specified by the text formats" (**See USP `906: Col. 1, lines 1-Col. 3, line 51, with particular emphasis on Col. 2, line 63-Col. 3, line 25 showing a browser executing on client that parses and then displays a hypermedia document; where the user clicks on a link/image icon causing the**

MAR 1 1 2005

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Examiner: Caldwell, A. T. |
| DOYLE et al. | Art Unit: 2154 |
| Application No.: 10/217,955 | Response |
| Filed: August 9, 2002 | |
| For: DISTRIBUTED HYPERMEDIA METHOD AND SYSTEM FOR AUTOMATICALLY INVOKING EXTERNAL APPLICATION PROVIDING INTERACTION AND DISPLAY OF EMBEDDED OBJECTS WITHIN A HYPERMEDIA DOCUMENT | |

Commissioner for Patents
Alexandria, VA 22313-1450

5   Sir:

In response to the Office Action mailed 09/09/2004, please consider the following remarks:

**Amendments to the Claims** begin on page 2 of this paper.

10  **Remarks/Conclusion** begin on page 5 of this paper.

1

## CONCLUSION

In view of the foregoing, Applicants believe all claims now pending in this Application are in condition for allowance. The issuance of a formal Notice of Allowance at an early date is respectfully requested.

If the Examiner believes a telephone conference would expedite prosecution of this Application, please telephone the undersigned at (925) 944-3320.

Respectfully submitted,

Charles E. Krueger
Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER
P.O. Box 5607
Walnut Creek, CA 94596
Tel: (925) 944-3320 / Fax: (925) 944-3363

PTO/SB/26 (09-04)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

MAR 11 2005

| TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION OVER A "PRIOR" PATENT | Docket Number (Optional) 006-1-4 |
|---|---|

In re Application of: Doyle, et al.

Application No.: 10/217,955

Filed: 08/09/2002

For: DISTRIBUTED HYPERMEDIA METHOD AND SYSTEM FOR AUTOMATICALLY INVOKING EXTERNAL APPLICATION PROVIDING INTERACTION AND DISPLAY OF EMBEDDED OBJECTS WITHIN A HYPERMEDIA DOCUMENT

The owner*, __Regents of the University of California__, of __100__ percent interest in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term **prior patent** No. __5,838,906__ as the term of said prior patent is defined in 35 U.S.C. 154 and 173, and as the term of said **prior patent** is presently shortened by any terminal disclaimer. The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the **prior patent** are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of the term of any patent granted on the instant application that would extend to the expiration date of the full statutory term as defined in 35 U.S.C. 154 and 173 of the **prior patent**, "as the term of said **prior patent** is presently shortened by any terminal disclaimer," in the event that said **prior patent** later:
  expires for failure to pay a maintenance fee;
  is held unenforceable;
  is found invalid by a court of competent jurisdiction;
  is statutorily disclaimed in whole or terminally disclaimed under 37 CFR 1.321;
  has all claims canceled by a reexamination certificate;
  is reissued; or
  is in any manner terminated prior to the expiration of its full statutory term as presently shortened by any terminal disclaimer.

Check either box 1 or 2 below, if appropriate.

1. ☐ For submissions on behalf of a business/organization (e.g., corporation, partnership, university, government agency, etc.), the undersigned is empowered to act on behalf of the business/organization.

  I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

2. ☑ The undersigned is an attorney or agent of record. Reg. No. __30,077__

_____    March 7, 2005
             Signature                                                        Date

                    Charles E. Krueger
                   Typed or printed name

                                                                (925) 944-3320
                                                               Telephone Number

☑ Terminal disclaimer fee under 37 CFR 1.20(d) included.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

*Statement under 37 CFR 3.73(b) is required if terminal disclaimer is signed by the assignee (owner).
Form PTO/SB/96 may be used for making this certification. See MPEP § 324.

This collection of information is required by 37 CFR 1.321. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

03/14/2005 EAREGAY1 00000040 10217955
02 FC:2814                65.00 OP

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Examiner: DONAGHUE, LARRY D |
| Doyle et al. | Art Unit: 2154 |
| Application No.: 10/217,955 | SUPPLEMENTAL AMENDMENT AFTER NON-FINAL REJECTION |
| Filed: 08/09/2002 | |
| For: DISTRIBUTED HYPERMEDIA METHOD AND SYSTEM FOR AUTOMATICALLY INVOKING EXTERNAL APPLICATION PROVIDING INTERACTION AND DISPLAY OF EMBEDDED OBJECTS WITHIN A HYPERMEDIA DOCUMENT | |

Commissioner for Patents
Alexandria, VA 22313-1450

Sir:

In response to the Office Action mailed 09/09/2004, please amend the application as follows:

**Amendments to the Claims** begin on page 2 of this paper.

**Remarks/Conclusion** begins on page 14 of this paper.

## CONCLUSION

In view of the foregoing, Applicants believe all claims now pending in this Application are in condition for allowance. The issuance of a formal Notice of Allowance at an early date is respectfully requested.

If the Examiner believes a telephone conference would expedite prosecution of this application, please telephone the undersigned at (925) 944-3320.

Respectfully submitted,

/Charles E. Krueger/

Charles E. Krueger
Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER
P.O. Box 5607
Walnut Creek, CA 94596
Tel: (925) 944-3320 / Fax: (925) 944-3363

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

Doyle et al.

Application No.: 10/217,955

Filed: 08/09/2002

For: DISTRIBUTED HYPERMEDIA METHOD AND SYSTEM FOR AUTOMATICALLY INVOKING EXTERNAL APPLICATION PROVIDING INTERACTION AND DISPLAY OF EMBEDDED OBJECTS WITHIN A HYPERMEDIA DOCUMENT

Examiner: DONAGHUE, LARRY D

Art Unit: 2154

Request for Removal of Suspension

Commissioner for Patents
Alexandria, VA 22313-1450

Sir:

Prosecution of the referenced application was suspended by the Patent Office for 6 months on 07/01/2008 for the reason that "the outcome of reexamination number 90/007,858 has a material bearing on the patentability of the claims in this application". It is stated that upon expiration of the period of suspension or termination of the reexamination, applicant should make an inquiry as to the status of the application.

Attached hereto is the Notice of Intent to Issue Ex Parte Reexamination Certificate (NIRC) was mailed 09/10/2008 which terminates reexamination 90/007,858.

It is respectfully requested that the suspension of prosecution be removed and that prosecution of the application is continued at the earliest possible date.

       If the Examiner believes a telephone conference would expedite prosecution of this application, please telephone the undersigned at (925) 944-3320.

                                             Respectfully submitted,

                                             /Charles E. Krueger/

                                             Charles E. Krueger
                                             Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER
P.O. Box 5607
Walnut Creek, CA 94596
Tel: (925) 944-3320 / Fax: (925) 944-3363

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:

    Doyle et al.

Application No.: 10/217,955

Filed: 08/09/2002

For: DISTRIBUTED HYPERMEDIA METHOD AND SYSTEM FOR AUTOMATICALLY INVOKING EXTERNAL APPLICATION PROVIDING INTERACTION AND DISPLAY OF EMBEDDED OBJECTS WITHIN A HYPERMEDIA DOCUMENT

Examiner:   DONAGHUE, LARRY D

Art Unit:   2154

SUPPLEMENTAL AMENDMENT

Commissioner for Patents
Alexandria, VA 22313-1450

Sir:

    In response to the Office Action mailed 09/09/2004, please amend the application as follows:

    **Amendments to the Claims** begin on page 2 of this paper.

    **Remarks/Conclusion** begins on page 17 of this paper.

## CONCLUSION

In view of the foregoing, Applicants believe all claims now pending in this Application are in condition for allowance. The issuance of a formal Notice of Allowance at an early date is respectfully requested.

If the Examiner believes a telephone conference would expedite prosecution of this application, please telephone the undersigned at (925) 944-3320.

Respectfully submitted,

/Charles E. Krueger/

Charles E. Krueger
Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER

P.O.Box 5607

Walnut Creek, CA 94596

Tel: (925) 944-3320 / Fax: (925) 944-3363



PATENT

Attorney Docket No. 006-1-4

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of:<br><br>Doyle et al.<br><br>Application No.: 10/217,955<br><br>Filed: 08/09/2002<br><br>For: DISTRIBUTED HYPERMEDIA METHOD AND SYSTEM FOR AUTOMATICALLY INVOKING EXTERNAL APPLICATION PROVIDING INTERACTION AND DISPLAY OF EMBEDDED OBJECTS WITHIN A HYPERMEDIA DOCUMENT | Examiner: DONAGHUE, LARRY D<br><br>Art Unit: 2454<br><br>Comments on Statement of Reasons for Allowance |

Commissioner for Patents
Alexandria, VA 22313-1450

Sir:

Applicant acknowledges with appreciation the Notice of Allowance and Patent Term Adjustment mailed March 20, 2009.

Two typographical errors were noted as follows.

In the examiner's statement of reasons for allowance "Re exam 90/007,838" should read "Re exam 90/007,8_5_8."

Also, in the Notice of Allowability, item number two, "The allowed claims are 4-49" should read "The allowed claims are 4-_50_." Claim 50 was presented in the amendment filed 02/05/2009 and depends on allowed claim 47.

Respectfully submitted,

Charles E. Krueger
Reg. No. 30,077

LAW OFFICE OF CHARLES E. KRUEGER
P.O. Box 5607
Walnut Creek, CA 94596
Tel: (925) 944-3320 / Fax: (925) 944-3363