IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:09-cv-00446 |
| vs. | § § | Judge Leonard Davis |
| ADOBE SYSTEMS INC., et al., | § § | Jury Trial Demanded |
| Defendants. | § § § § | |

## DECLARATION OF JEETENDRA KAUL IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER

I, Jeetendra Kaul, do state and declare as follows:

1. I am Vice President, Client Software Group, at Defendant Sun Microsystems, Inc. ("Sun") in Santa Clara, CA. I have been employed by Sun since October 15, 2001. I make this declaration in support of Defendants' Motion to Transfer, filed herewith. Unless otherwise stated, the matters contained in this declaration are of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. Sun is a Delaware corporation headquartered in Santa Clara, California.

3. I understand that Plaintiff Eolas Technologies Inc. alleges that "Sun Microsystems has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985

Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.sun.com and maintained on servers located in and/or accessible from the United States under the control of Sun Microsystems; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Java and JavaFX; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing."

4. Sun has approximately 4,600 employees who work in its headquarters in Santa Clara, California, and in its offices in Menlo Park, CA, many of whom are involved on projects related to the accused products. Based on information that Sun has gathered to date, I understand that at least the following 12 employees in Santa Clara and Menlo Park, California have relevant knowledge about the development, operation, and marketing of the accused products:

| Employee Name | Location | Title/Department |
|---|---|---|
| James Gosling | Santa Clara, CA | Vice President and Fellow, Client Software Group |
| Octavia Tanase | Santa Clara, CA | Software Engineering Director, Client Software Group |
| Craig Gering | Santa Clara, CA | Software Engineering Director, Client Software Group |
| Nandini Ramani | Santa Clara, CA | Software Engineering Director, Client Software Group |

| Employee Name   | Location        | Title/Department                                         |
|-----------------|-----------------|----------------------------------------------------------|
| John Pampuch    | Santa Clara, CA | Software Engineering Director, Client Software Group     |
| John Burkey     | Santa Clara, CA | Engineer, Client Software Group                          |
| Jeannette Hung  | Santa Clara, CA | Software Engineering Director, Client Software Group     |
| Mark Reinhold   | Santa Clara, CA | Principal Engineer, Client Software Group                |
| Martin Lister   | Santa Clara, CA | Software Engineering Director, Client Software Group     |
| Michael Eldredge| Santa Clara, CA | Software Engineering Director, Client Software Group     |
| Paramvir Singh  | Santa Clara, CA | Software Marketing Director                              |
| David Bryant    | Santa Clara, CA | Software Marketing Director                              |

5. The research, design, and development for each of the accused products took place in Sun's facilities in Santa Clara, California. Virtually all of Sun's business documents and records relating to the research, design, and development of the accused products are similarly located in and around Santa Clara, California. To the extent the accused products are not available for free, the decisions regarding marketing, sales, and pricing of the accused products were made by Sun personnel located in Sun's facilities in Santa Clara, California. Upon information and belief, there are no foreseeable Sun documents, electronically stored information, tangible things, and premises regarding the accused products within the Eastern District of Texas.

6. Litigating this matter in the Eastern District of Texas would place a great strain on the responsible Sun employees and unnecessarily hamper their business operations. The prospect of attending trial across the country in Tyler, Texas is much more burdensome than attending the same trial in courthouses in San Francisco, Oakland, or San Jose, California, all of which are located in close proximity to Sun's headquarters in Santa Clara, California. Key personnel would have to contend with cross-country travel and an extended leave of absence. The travel overhead to appear at trial in Tyler, Texas would require witnesses to have to be away from their jobs even on days they are not testifying or preparing to testify at trial. By contrast, if trial were in San Francisco, Oakland, or San Jose, California, the disruption would be relatively minor, since employees and the company would not lose significant time, and the employees could work out of their local office when not required for trial.

7. Based on the list of accused products and the information that Sun has gathered to date, the following former Sun employees may have relevant knowledge regarding the design and/or development of potentially relevant products and prior art. Based on currently available information, each of these former employees resides in Northern California, within the Northern District of California:

(a) Karl Jacob. Sun understands based on *Eolas Technologies v. Microsoft Corp.*, 399 F.3d 1325, 1329, 1332-1333 (Fed. Cir. 2005) and Trial Tr. 2278-80, July 28, 2003 that Mr Jacob, Software Manager, witnessed a demonstration of the prior art Viola Browser on May 7, 1993 in San Francisco, CA.

(b) James Kempf. Sun understands based on *Eolas Technologies v. Microsoft Corp.*, 399 F.3d 1325, 1329, 1332-1333 (Fed. Cir. 2005) and Trial Tr. 2278-80, July 28, 2003

that Mr Kempf, Senior Staff Software Engineer, witnessed a demonstration of the prior art Viola Browser on May 7, 1993 in San Francisco, CA.

(c)     Timothy Lindholm. Mr Lindholm, formerly a Distinguished Engineer – Java Software, has information related to the design and development of the accused products.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 13, 2010 in Santa Clara, CA.

                                                            _____
                                                                    Jeetendra Kaul