IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | § § § § | |
| Plaintiff, | § § | Civil Action No. 6:09-cv-00446 |
| vs. | § § | Judge Leonard Davis |
| ADOBE SYSTEMS INC., et al., | § § | Jury Trial Demanded |
| Defendants. | § § § | |

## DECLARATION OF SEAN SCOTT IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER

I, Sean Scott, do state and declare as follows:

1. I am employed as a Director in the Retail Customer Experience group of Defendant Amazon.com, Inc. ("Amazon.com") in Seattle, Washington. I make this declaration in support of Defendants' Motion to Transfer, filed herewith. Unless otherwise stated, the matters contained in this declaration are of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. Amazon.com is a Delaware corporation headquartered in Seattle, Washington. Amazon.com runs an ecommerce website at www.amazon.com, through which it (or other third party merchants), offers millions of products for sale throughout the world.

3. I understand that Plaintiff Eolas Technologies Inc. alleges that "Amazon.com has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is

continuing to infringe, directly and/or indirectly, the '906 patent and/or the '985 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon.com; (ii) software, including without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing" (collectively "accused products and services").

4. Amazon.com has approximately 4900 employees who work in its headquarters in Seattle, Washington, many of whom are involved on projects related to the accused products and features.

5. Employees of various departments within Amazon.com develop the products and features that we believe Eolas accuses in this case. These departments include Retail Customer Experience, of which I am a Director, Music, Video-on-Demand, and Advertising.

6. Almost all of the approximately 200 software developers within the Retail Customer Experience department whose job functions might relate to the accused products work at Amazon.com's offices in Seattle, Washington. A small fraction of these software developers are located outside the United States, but these developers report to and work at the direction of software developers that work at Amazon.com's Seattle, Washington offices.

7. Similarly, the vast majority of software developers employed within the Advertising, Music, and Video-on-Demand departments of Amazon.com whose job functions relate to the accused products work at Amazon.com's offices in Seattle, Washington.

8. For each of these departments within Amazon.com, the research, design, and development for each of the accused products took place in Amazon.com's facilities in Seattle, Washington. Virtually all of Amazon.com's business documents and records relating to the research, design, and development of the accused products are similarly located in Seattle, Washington.

9. In addition to the Amazon.com employees working on the accused products and services mentioned in the above paragraphs, additional software developers, not directly employed by Amazon.com, have worked on and have knowledge of at least some of the accused products and features. These additional developers are based in San Francisco, California.

10. None of the computers that serve Amazon.com's website are located in Texas.

11. Records relating to the usage and access of the webservers are maintained in Seattle, Washington.

12. Upon information and belief, there are no foreseeable witnesses, documents, electronically stored information, tangible things, and premises regarding the accused products within the Eastern District of Texas.

13. Litigating this matter in the Eastern District of Texas would place a great strain on the responsible Amazon.com employees and unnecessarily hamper their business operations. The prospect of attending trial across the country in Tyler, Texas is much more burdensome than attending the same trial in courthouses in San Francisco, Oakland, or San Jose, California, all of which are significantly closer to Amazon.com's headquarters in Seattle, Washington. Key personnel would have to contend with cross-country travel and an extended absence from the workplace. The travel required to appear at trial in Tyler, Texas would require witnesses to have to be away from their jobs even on days they are not testifying or preparing to testify at trial. By

contrast, if trial were in San Francisco, Oakland, or San Jose, California, the disruption would be relatively minor, since employees and the company would not lose significant time.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 25, 2010 in Seattle, Washington.

                                                      Sean Scott