Case 6:09-cv-00446-LED  Document 241  Filed 03/18/10  Page 1 of 12 PageID #: 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** | § § | |
| Plaintiff, | § § § | Civil Action No. 6:09-cv-446 |
| vs. | § § § | |
| **Adobe Systems Inc., Amazon.com, Inc., Apple Inc., Blockbuster Inc., CDW Corp., Citigroup Inc., eBay Inc., Frito-Lay, Inc., The Go Daddy Group, Inc., Google Inc., J.C. Penney Company, Inc., JPMorgan Chase & Co., New Frontier Media, Inc., Office Depot, Inc., Perot Systems Corp., Playboy Enterprises International, Inc., Rent-A-Center, Inc., Staples, Inc., Sun Microsystems Inc., Texas Instruments Inc., Yahoo! Inc., and YouTube, LLC** | § § § § § § § § § § § § | **JURY TRIAL** |
| Defendants. | § | |

**EOLAS' MOTION FOR EXTENSION OF TIME UNTIL JUNE 18, 2010 TO FILE ITS <u>RESPONSE TO MOVING DEFENDANTS' MOTION TO TRANSFER</u>**

Plaintiff Eolas Technologies, Inc. ("Eolas") files this Motion for Extension of Time Until June 18, 2010 to File its Response To Defendants' Adobe Systems, Inc., Amazon.com, Inc., Apple, Inc., Blockbuster, Inc., Ebay, Inc., The Go Daddy Group, Inc., Google, Inc., New Frontier Media, Inc., Playboy Enterprises International, Inc., Sun Microsystems, Inc., Yahoo!, Inc., YouTube, LLC, CDW Corporation and JPMorgan Chase & Co., Inc.[1] (collectively, "Moving Defendants") Motion to Transfer.

No discovery has yet occurred in this case.  The parties are presently negotiating the Docket Control and Discovery Orders.  *See e.g.* dkt. 240.  Eolas respectfully requests an extension of time of three months to allow it the time needed to take limited discovery related to the venue issue from the twenty-two defendants.  This discovery is needed to present the Court with the full factual record required to properly evaluate the venue factors that Moving Defendants' have put at-issue in their Motion.[2]

## I.   INTRODUCTION

Of the twenty-three parties to this case (twenty-two Defendants and Eolas), seven (including Eolas) reside in Texas, seven are alleged to reside in the Northern District of California ("NDCA"), and the remaining nine are geographically dispersed across the U.S.  Eight Defendants did not join Moving Defendants' Motion.[3]  Five of these eight Non-Moving Defendants are, like Eolas, headquartered in Texas.  All told, sixteen parties to this case do not reside in the NDCA.  Thus, one need not look beyond the face of Moving Defendants' Motion to see that the NDCA is not clearly more convenient than the Eastern District of Texas ("EDTX").

---

[1] CDW Corporation joined the Motion to Transfer (*see* dkt. 215) as did J.P.Morgan Chase & Co. (*see* dkt. 216).

[2] Citigroup, Inc., Frito-Lay, Inc., J.C. Penney Company, Inc., Office Depot, Inc., Perot Systems Corp., Rent-A-Center, Inc., Staples, Inc., and Texas Instruments, Inc. did not join Moving Defendants' Motion and are collectively referred to herein as "Non-Moving Defendants."

[3] Although non-California Defendants Blockbuster, Go Daddy, Playboy, CDW and JPMorgan joined Moving Defendants' Motion, none of them provided a declaration or other information related to the location of sources of proof.   Go Daddy is based in Arizona (http://www.godaddy.com/gdshop/about.asp?ci=9079), Playboy is headquartered in Chicago (http://www.playboyenterprises.com/), CDW is headquartered is in Vernon Hills, IL (http://www.cdw.com/content/about/locations-maps-directions.asp#6), JPMorgan is headquartered in New York City (http://investor.shareholder.com/jpmorganchase/index.cfm), and Blockbuster is headquartered in Plano, Texas.

Moving Defendants' Motion presents a one-sided sliver of the venue issue, comprised of "cherry picked" evidence ostensibly favoring the NDCA but excluding substantial sources of proof not tied to that forum.  Many of the factual assertions upon which Moving Defendants' Motion rests are unsupported.  Some are demonstrably untrue.  Given the evident shortcomings of Moving Defendants' Motion and the early stage of this case, Eolas seeks an extension of time to obtain, through narrowly focused discovery, the evidence necessary to provide the Court with a complete picture of the facts pertinent to the venue-transfer analysis.

Some of the holes in Moving Defendants' Motion are readily apparent.  For example, Moving Defendants fail to address sources of proof related to the non-California Defendants, including the eight Non-Moving Defendants, six of whom are headquartered in Texas.  Moving Defendants likewise ignore evidence material to major issues in the case, such as damages, direct and indirect infringement, sales of the accused products, and the location of Defendants' customers.  The discovery that Eolas seeks an extension to pursue will uncover the location of these and other sources of proof that Moving Defendants' Motion ignores.

The declarations that Moving Defendants offer in support of their Motion suffer from similar defects, but Eolas has not yet had the opportunity to question the declarants regarding the basis and content of their statements.  The right to cross-examination is fundamental and important, particularly so here, where omissions and incongruities in the declarations call into question their completeness and overall accuracy.   The extension that Eolas seeks will provide time within which Eolas can depose Moving Defendants' declarants, further developing the record upon which the Court will base its ruling.

Moving Defendants' Motion should be decided by considering all sources of material proof, not on the basis of the narrow, one-sided, and sometimes inaccurate view of the evidence that Moving Defendants have presented.  The discovery Eolas contemplates is narrowly tailored to present the Court with a fair and complete view of the entire body of evidence pertinent to proper resolution of Moving Defendants' Motion.

## II. ARGUMENT AND AUTHORITIES

### A. Eolas' Request For Time To Conduct Focused Discovery Is Justified By The Incomplete And Inaccurate Nature Of Moving Defendants' Motion

No discovery has yet occurred in this case. The Docket Control and Discovery Orders have yet to be agreed to. *See e.g.* dkt. 240. Nonetheless, Moving Defendants' Motion raises multiple factual issues—in the form of questions regarding the completeness and accuracy of its factual underpinnings—that warrant granting Eolas' request for an extension of time to pursue focused venue-related discovery. By granting Eolas' request, the Court would exercise its discretion in favor of deciding Moving Defendants' Motion with a clear view of all pertinent facts, not the myopic view that Moving Defendants' Motion presents.[4]

#### 1. Moving Defendants' Motion Improperly Ignores Evidence Not Associated With The NDCA

This case involves a wide range of issues, including infringement, validity, and damages. This case also involves twenty-two defendants. The sources of proof material to those issues and the defendants are located throughout the country, including within Texas. Yet Moving Defendants' Motion—based in large part on an alleged connection between select sources of proof and the NCDA—improperly disregards the wealth of material evidence not connected to the NDCA.

As an initial matter, the Moving Defendants' Motion largely fails to discuss the fifteen Defendants (of twenty-two total Defendants) *not* located in California.[5] These non-California Defendants are located throughout the country. In fact, six of the non-California Defendants are based in Texas and in the EDTX: Texas Instruments is headquartered in Dallas, with "8,800

---

[4] As the Fifth Circuit has repeatedly instructed, "[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (*quoting Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). *See also Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 220 (5th Cir. 2000).

[5] Moving Defendants' attempts to focus on certain parties to the exclusion of others is inappropriate for the purposes of venue analysis. *See e.g. Data, LLC v. Packeteer*, Inc., No. 6-08-cv-00144, 2009 U.S. Dist. LEXIS 81067, at *26-27 (E.D. Tex. Mar. 5, 2009) (denying defendants motion to transfer and noting "[a]t this point in the litigation, there are thirteen parties and without weighing the substantive evidence, the Court is unable to make a determination of the parties' relative importance to this case and the relative inconvenience of litigating in this District based thereon.").

3

employees in North Texas;"[6] Perot Systems is headquartered in Plano, Texas;[7] Frito-Lay is headquartered in Plano, Texas;[8] J.C. Penney is headquartered in Plano, Texas with at least five stores in the EDTX;[9] Blockbuster is headquartered in Dallas, Texas[10] with at least three stores in Tyler and many more in the EDTX[11]; and Rent-a-Center is headquartered in Plano, Texas with at least ten stores in the EDTX.[12]  The other nine non-California Defendants are located in the Midwest, in the Pacific Northwest, Florida, the Southwest, and on the East Coast.  The following map illustrates this geographic diversity:



**Locations of the Moving and Non-Moving Defendants**

In view of the foregoing, there is no *a priori* reason to believe that the location of material evidence will more clearly favor the NDCA over the EDTX.  Moving Defendants' Motion does not account for the fifteen non-California Defendants, but the discovery Eolas seeks will, by ascertaining the location of *each* Defendant's relevant evidence and witnesses.

---

[6] http://www.ti.com/corp/docs/investor/downloads/TI_FactSheet.pdf
[7] http://www.perotsystems.com/ContactUs
[8] http://www.fritolay.com/about-us/most-common-questions.html#10
[9] http://www.jcpenney.net/about/default.aspx
[10] http://investor.blockbuster.com/phoenix.zhtml?c=99383&p=irol-faq#38563
[11] http://www.blockbuster.com/storelocator/
[12] http://www6.rentacenter.com/Company-Information.html

4

In addition to glossing over the location of the fifteen non-California Defendants, Moving Defendants' Motion disregards entire aspects of the case. For example, Moving Defendants' Motion does not discuss sources of proof relevant to damages issues, let alone where such evidence is located. Given the geographical diversity of the Moving and Non-Moving Defendants' corporate structures (with many Defendants incorporated in Delaware), it is likely that the location of damages documents and witnesses does not clearly favor the NDCA over the EDTX. The discovery that Eolas' requested extension would permit will remove all doubt.

Similarly, Moving Defendants' Motion does not provide a basis for concluding that all evidence material to Eolas' direct and indirect infringement claims is located in California. For instance, Moving Defendants' Motion does not consider the location of all of the accused web sites, the servers that provide them, documents describing the structure and operation of the accused web sites, or the locations of the persons who create, maintain, and test the accused web sites and servers. Nor does Moving Defendants' Motion account for the substantial amount of documentary and testimonial evidence relevant to contributory and induced infringement. The extension of time Eolas seeks will allow it to fill these and other holes left in the evidentiary landscape by Moving Defendants' Motion.

### 2. Eolas is Entitled To Cross-Examine Moving Defendants' Declarants

"In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly*, 397 U.S. 254, 269 (U.S. 1970). This rule has generally been applied by Courts in the Fifth Circuit. *See e.g. United States v. McKenna*, 791 F. Supp. 1101, 1107 (E.D. La. 1992). Because no discovery has yet occurred, Eolas has not yet had the opportunity to cross-examine any of the witnesses who offered declarations in support of Moving Defendants' Motion. Cross-examination in this case is not just a procedural formality—multiple omissions and incongruities within the declarations suggest that by deposing the declarants, Eolas may discover evidence that undermines the factual underpinnings of Moving Defendants' Motion.

First, the declarations of several entities (*e.g.*, Apple, eBay, Yahoo) state that the parties have operations in Texas. In fact, Yahoo states that it has 108 employees in "Richardson, Texas." Decl. of Mark Risher (dkt. 214-84) at 2. Yahoo does not say what these 108 employees do in Texas, nor does Yahoo provide the basis for its statement that "relevant information" from the Richardson, Texas offices is "likely cumulative of information" from Yahoo's California offices. Similarly, Apple admits that it maintains "two retail stores in the Eastern District of Texas, in the cities of Plano and Frisco." Decl. of Darin Adler (dkt. 214-78) at 5. Apple's retail stores sell the accused products. Ex. 1. Apple also admits that it "has employees outside Cupertino, California, including in Texas." Decl. of Darin Adler (dkt. 214-78) at 3. Apple's declaration is silent, however, as to how many employees it has in Texas, what those employees do and what information they are likely to have. Apple also omits from its declaration the following facts recently recited in an order from Judge Clark denying its motion to transfer in another case:

> [O]ne of Apple's four worldwide campuses is located in Austin, Texas. Apple's Operations and Sales divisions operate out of the Austin campus. Austin is in the Western District of Texas, which is immediately adjacent to this District.

*Personal Audio, LLC v. Apple, Inc.*, No. 9:09-CV-111, 2010 U.S. Dist. LEXIS 11899 (E.D.Tex. Feb. 11, 2010) (Clark, J.). Like Yahoo and Apple, eBay also admits to having business operations outside of the NDCA, with at least one employee in Texas. Decl. of Steven Mansour (dkt. 214-83) at 3. Eolas should be permitted to cross-examine each declarant with respect to these and other statements to ascertain the extent of the Moving Defendants' ties to Texas and the EDTX specifically.

Second, even though Eolas has not had the opportunity to cross-examine any of the declarants, some of the information they have provided is controverted by other sources. For example, eBay states that "no eBay web servers that store and serve content for the www.eBay.com website are located in Texas." Decl. of Steven Mansour (dkt. 214-83) at 3. Leaving aside the carefully worded nature of this phrase, Eolas has discovered, using publicly-

6

available tools, that the http://developers.ebay.com domain is hosted on servers located in San Antonio, Texas. Ex. 2. Eolas contends that eBay uses its http://developers.ebay.com domain to directly infringe and to induce infringement of the patents-in-suit. These inaccuracies and omissions suggest that discovery from the other declarants may unveil additional errors and oversights.

Third, the declarations are largely silent as to the location of marketing and financial documents and personnel. Because many of the defendants are headquartered outside of California and many are non-California corporations, it is likely that much pertinent evidence and many material witnesses reside outside of the NDCA. The extension of time will permit discovery that will shed light on this issue.

Fourth, while the declarations of the Moving Defendants are similar in many respects, they differ in some fundamental ways. For example, some declarants (*e.g.* Apple, eBay, and Amazon) affirmatively state they have no web servers in Texas, while the declarations of the other parties are silent on this point, suggesting that those parties may operate servers or other computing facilities in Texas or outside of the NDCA. The extension of time Eolas requests will permit discovery of these unknown facts.

In addition, Moving Defendants provide a declaration from Jason Wolff, an outside attorney for, and not an employee of, Adobe. Decl. of Jason W. Wolff (dkt. 214-87) at 1. Mr. Wolff's declaration does not appear to be based on his personal knowledge. Rather, Mr. Wolff appears to have obtained the information contained in his declaration from discussions with unnamed and unidentified persons, as well as from unidentified documents and things. Eolas should be permitted an opportunity to cross-examine Mr. Wolff regarding the basis of his understanding, to cross-examine the persons who provided Mr. Wolff with the information reflected in his declaration, the persons he identifies therein and the documents and things he reviewed and relied upon to form the opinions he expresses.

Given the omissions, inaccuracies, and unsupported assertions identified above, the extension of time Eolas seeks will also afford it an opportunity to develop the facts surrounding

7

the venue factors the Court must weigh to judge the merit of Moving Defendants' arguments, prior to responding to the substance of those arguments. *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406 (9th Cir. 1977) (observing that discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.") (internal quotation and citation omitted); *ICON Health and Fitness, Inc. v. Horizon Fitness Inc.,* 2009 WL 5531525 (E.D. Tex., Nov. 10, 2008) (citing *Healix Infusion Therapy, Inc. v. Helix Health LLC,* No. H-08-0337, 2008 WL 1883546, at *11 (S.D. Tex., Apr. 25, 2008)).

### B. The Discovery That Eolas Seeks Is Narrowly Tailored To The Venue Issue

No discovery has yet occurred in this case. Nonetheless, Eolas has prepared discovery requests narrowly focused on the venue factors that the Court must weigh in deciding Moving Defendants' Motion and plans to serve those requests as soon as permitted.[13]

As discussed herein, Eolas' discovery is directed to providing the Court with a complete and accurate picture of the sources of proof pertinent to resolution of the Moving Defendants' Motion. In that vein, Eolas' discovery requests will be directed to the cross-examination of Moving Defendants' declarants and will also be directed to identifying and locating each Defendant's documents and witnesses that bear on key issues, such as damages and direct and indirect infringement. Eolas believes that with the cooperation of each of the twenty-two Defendants, it can complete that limited discovery within the period of the requested three-month extension.

### III. SHOULD THE COURT DENY THIS MOTION, EOLAS WILL RESPOND TO THE SUBSTANCE OF MOVING DEFENDANTS' MOTION

This Motion is a motion for extension of time to allow for discovery regarding the venue issues implicated by Moving Defendants' Motion. Accordingly, Eolas has not attempted to address herein the substance of Moving Defendants' assertions—many of which, as set forth

---

[13] The parties presently plan to file their Agreed (or at least proposed) Docket Control and Discovery Orders on Monday March 22, 2010 (a mere four days after the March 18, 2010 filing of this Motion for Extension of Time). *See* dkt. 240. Eolas' presently plans to serve its discovery requests shortly thereafter.

8

Austin57459

above, lack support or are inaccurate. Nonetheless, should the Court deny Eolas the extension of time it seeks herein, Eolas is prepared to respond to the substance of Moving Defendants' Motion, based on the current, albeit incomplete, record.

## IV.     CONCLUSION

For the forgoing reasons, Eolas respectfully requests that the Court grant this Motion, as well as any additional relief the Court deems appropriate.

9

Dated: March 18, 2010.

**MCKOOL SMITH, P.C.**
/s/ Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Luke McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
EOLAS TECHNOLOGIES, INC.**

Austin57459

## CERTIFICATE OF CONFERENCE

Counsel for Eolas has conferred with counsel for each of the Defendants regarding the relief requested in this Motion. Counsel for Adobe indicated that Adobe would not oppose to an extension of eight weeks, and if eight weeks proved insufficient, would not oppose a further extension to twelve weeks. Counsel for CDW indicated that CDW would not oppose to an extension of ten weeks. Counsel for the remaining Defendants indicated that they are opposed to the relief requested in this Motion.

/s/ Josh Budwin
Josh Budwin

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A) on March 18, 2010.

/s/ Josh Budwin
Josh Budwin