**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **Eolas Technologies Inc.,** | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 6:09-cv-446 |
| **Adobe Systems Inc., et al.** | § § § | |
| Defendants. | § § | |

**JOINT AGREED DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** No later than April 14, 2010, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A. the correct names of the parties to the lawsuit;

    B the name, address, and telephone number of any potential parties;

    C. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    D. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

    E. any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    F. any settlement agreements relevant to the subject matter of this action;

    G. any statement of any party to the litigation;

2. **Additional Disclosures.** Each party, without awaiting a discovery request, shall provide to every other party the following information to the extent not already provided:

   A. the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules as modified by the Court's Docket Control Order;

   B. to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules,[1] beginning no later than May 3, 2010, and concluding no later than August 4, 2010, and without awaiting a discovery request, a production on a rolling basis of a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure of documents may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties, or other agreeable locations, instead of requiring each side to furnish paper copies of the disclosure materials. Except as set forth below, the parties' production pursuant to this subsection will include: (i) hard copy files maintained in centralized repositories by the parties in the ordinary course of business; (ii) electronic files on shared and/or group storage/servers maintained and used by the parties in the ordinary course of business that are determined by the producing party to be relevant to those additionally pleaded claims or defenses involved in this action, subject to the parties meeting and conferring on lists of search terms to be utilized in searching the electronic files; and (iii) files from both hard copy and electronic sources maintained in the ordinary course of business for any current or former individual employee of a party listed in the initial disclosures of that party (including any amendments thereto), those current or former individual employees who are provided for deposition (pursuant to either Rule 30(b)(1) or Rule 30(b)(6)), those current or former individual employees of a party that that party has identified by name in interrogatory responses or a declaration as having information relevant to any of the claims or defenses in this litigation. Notwithstanding the foregoing, the parties additionally agree to meet and confer in good faith regarding the further production of physical documents and/or electronic files related to any other current or former employee of that party identified through discovery as having relevant information. The parties agree that production pursuant to this subsection will not require individual employees' PDAs, smartphones, Blackberry® devices, voicemails, instant messages, diaries or calendars to be searched or produced absent further order or agreement for good cause shown, and only after the scope of production with respect to such media or devices has been agreed to by the parties or decided by court order. Source code production for any accused product will be subject

---

[1] The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

        to a separate agreement or order though source code production must be completed prior to July 16, 2010; and

    C.     within forty-five (45) days after the Scheduling Conference a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.     **Testifying Experts.** For any testifying expert, by the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

    A.     The expert's name, address, and telephone number;

    B.     The subject matter on which the expert will testify;

    C.     If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;

    D.     If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:

        (1)     the report and disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B);

        (2)     all documents, tangible things, reports, models, or data compilations considered by the expert in forming any and all opinions that the witness will express;

        (3)     the expert's current resume and bibliography; and

        (4)     the disclosures required by Local Rule CV-26(b)(1);

    E.     Notwithstanding the foregoing, the following shall be non-discoverable:

        (1)     drafts of any report required under Federal Rule of Civil Procedure 26(a)(2)(B), regardless of the form in which the draft is recorded; and

        (2)     communications between the party's attorney (or an agent of the party's attorney) and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications: (i) relate to compensation for the expert's

       study or testimony; (ii) constitute facts or data that the party's attorney (or an agent of the party's attorney) provided to the testifying expert and that such expert relied upon in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney (or an agent of the party's attorney) provided to the testifying expert and that such expert relied on in forming the opinions to be expressed. Nothing herein shall permit a party to shield any otherwise discoverable documents or things from discovery by forwarding them to a testifying expert or by having a testifying expert collect or obtain them.

4. **Discovery Limitations.** Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with the following limitations:

   A. **Written Discovery**

   (1) Plaintiff may serve up to ten (10) interrogatories stated identically to all Defendants and fifteen (15) interrogatories stated individually to each individual Defendant. Defendants may collectively serve up to ten (10) common interrogatories stated identically on Plaintiff and may each individually serve up to fifteen (15) additional interrogatories on Plaintiff.

   (2) Plaintiff may serve up to thirty (30) requests for admission stated identically to all Defendants and ten (10) requests for admission stated individually to each individual Defendant. Defendants may collectively serve up to thirty (30) common requests for admission stated identically on Plaintiff and may each individually serve up to ten (10) additional requests for admission on Plaintiff. Notwithstanding the foregoing, there shall be no limitations on the number of requests for admission any party may use solely for the purpose of authentication of evidence.

   B. **Fact Depositions of Parties and Non-Parties**

   (1) The total number of non-expert deposition hours taken by Plaintiff, including Rule 30(b)(6) depositions, third-party depositions, and other individual depositions, shall not exceed 350 hours. No more than one-hundred (100) total deposition hours can be taken of a single Defendant, of which no more than fifty (50) Rule 30(b)(6) deposition hours can be taken of a single Defendant.

   (2) The total number of non-expert deposition hours taken by Defendants, individually or collectively, including Rule 30(b)(6) depositions, third-party depositions, and other individual depositions, shall not exceed 350 hours. Pursuant to Rule 30(a)(1), Defendants collectively may depose each of the named inventors on the patents-in-suit, and each attorney of record for the

       prosecution thereof, for up to fourteen (14) hours in their individual capacities. Pursuant to Rule 30(b)(6), Defendants collectively may depose Plaintiff for up to fifty (50) hours.

(3) Any party may elicit Rule 30(b)(1) testimony from a witness designated as a Rule 30(b)(6) witness during any deposition taken pursuant to Rule 30(b)(6), provided the questioning attorney clearly indicates on the record that the relevant questions are being directed to the witness in his or her individual capacity. Similarly, in order to ensure a clear record, and notwithstanding limitations on deposition objections contained in Local Rule CV-30, counsel representing a witness designated as a Rule 30(b)(6) witness may object to questions eliciting Rule 30(b)(1) testimony as "Objection, outside the scope of the Rule 30(b)(6) topics for which the witness was designated" or a similar objection.

(4) If a Defendant is permitted by agreement or court order to take a 30(b)(6) deposition on Plaintiff's infringement contentions, this time shall not come out of the defendants' collective fifty (50) hours for 30(b)(6) deposition testimony, and any such deposition shall not exceed seven (7) hours. For the amount of time that Defendant uses in any such deposition, the plaintiff shall have an additional amount of 30(b)(6) deposition time as to that Defendant equal to the amount of time used by Defendant in such deposition.

If Plaintiff is permitted by agreement or court order to take a 30(b)(6) deposition from a Defendant on invalidity contentions, this time shall not come out of Plaintiff's fifty (50) hours for 30(b)(6) deposition testimony as to that defendant, and any such deposition shall not exceed seven (7) hours. For the amount of time that Plaintiff uses in any such deposition, the Defendant being deposed shall have an additional amount of 30(b)(6) deposition time as to Plaintiff equal to the amount of time used by Plaintiff in such deposition.

This is not a comment, admission or concession on whether or not such depositions are appropriate.

(5) Except as set forth above, the duration of depositions shall be governed by Rule 30(d)(1).

C. **Expert Depositions**

The deposition of any expert witness testifying in his capacity as an expert shall be limited to seven (7) hours per expert report or disclosure, with the following exceptions. To the extent an expert report or disclosure of any expert witness testifying on behalf of Plaintiff is addressed to alleged activities (*e.g.*, alleged

infringement or damages) of more than one Defendant, such expert may be deposed for an additional three (3) hours per additional Defendant addressed, not to exceed thirty-five (35) hours regardless of the number of Defendants addressed, and in no event shall any one Defendant depose such expert concerning such report or disclosure for more than seven (7) hours. To the extent an expert report or disclosure of any expert witness testifying on behalf of multiple Defendants is addressed to alleged activities (e.g., alleged infringement or damages) of more than one Defendant, such expert may be deposed for up to three (3) additional hours per additional Defendant addressed not to exceed thirty-five (35) hours regardless of the number of Defendants addressed, and in no event shall Plaintiff depose such expert concerning the alleged activities of any one particular Defendant addressed in such report or disclosure for more than seven (7) hours.

Where the expert report or disclosure of an expert witness testifying on behalf of Plaintiff is addressed to alleged activities (e.g., alleged infringement or damages) of more than one Defendant, in an attempt to make sure that each Defendant is provided with a reasonable opportunity to ask non-duplicative questions of Plaintiff's expert(s), the parties agree to meet and confer in an attempt to make sure that each Defendant is afforded a reasonable opportunity to ask such non-duplicative questions, under the expert discovery limitations set forth previously. If, after the parties meet and confer, no agreement is reached, then a Defendant may move the Court, for additional deposition time, in addition to the expert discovery limitations set forth previously, to ask its non-duplicative questions.

D. **Reasonable Modifications**

The parties recognize that this proceeding is still in a preliminary stage and that discovery has not yet commenced. Accordingly, they agree to meet and confer in good faith about reasonable adjustments to any of the preceding limits as discovery progresses. Furthermore, to the extent the parties are unable to reach agreement, any party may move to modify these limitations for good cause.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The parties agree that they need not exchange privilege logs identifying privileged documents or attorney work product generated on or after the date the Complaint in this action was filed, *i.e.*, October 6, 2009. Any party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel its response to the motion, including any proof in the form of declarations or affidavits to

support its assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by the date provided in the Docket Control Order.

6. **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party may present at trial as follows:

   A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

   B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

   C. An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

   By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5 or electronic mail.

9. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for

production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

13. **Discovery Conferences.** <u>Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.</u>

14. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

15. **Protective Orders.** A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order." A party may request that the Court issue the Protective Order. However, the parties may jointly request entry of a stipulated protective order, or a party may propose to modify the terms of the Protective Order for good cause. The Court authorizes the parties to file any document that is subject to a protective order under seal.

16. **Courtesy Paper Copies.** Paper copies will not be accepted by this Court unless specifically requested.

17. **Hearing Notebooks.** With the exception of providing notebooks to the appointed technical advisor, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.

18. **Electronic Service.** The Parties may serve documents, pleadings, correspondence and other things electronically in lieu of service by U.S. Mail. If the document, pleading, correspondence or other item is too large to be served electronically, then a cover letter or other similar notification shall be served electronically and the document, pleading, correspondence or other item shall be served by Federal Express for next day delivery.

**So ORDERED and SIGNED this 2nd day of April, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**