# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **Eolas Technologies Incorporated,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| **Adobe Systems Inc., Amazon.com, Inc., Apple** § | |
| **Inc., Argosy Publishing, Inc., Blockbuster Inc.,** § | Cause No.  6:09-cv-446 |
| **CDW Corp., Citigroup Inc., eBay Inc., Frito-** § | |
| **Lay, Inc., The Go Daddy Group, Inc., Google** § | Jury Trial |
| **Inc., J.C. Penney Company, Inc., JPMorgan** § | |
| **Chase & Co., New Frontier Media, Inc., Office** § | |
| **Depot, Inc., Perot Systems Corp.,  Playboy** § | |
| **Enterprises International, Inc., Rent-A-Center,** § | |
| **Inc., Staples, Inc., Sun Microsystems Inc., Texas** § | |
| **Instruments Inc., Yahoo! Inc., and YouTube,** § | |
| **LLC** § | |
| § | |
| Defendants. § | |

## DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S
## FIRST AMENDED ANSWER TO THE PATENT INFRINGEMENT COMPLAINT OF
## PLAINTIFF EOLAS TECHNOLOGIES INCORPORATED

Defendant Texas Instruments Incorporated ("TI") hereby files its First Amended Answer to the Complaint for Patent Infringement of Eolas Technologies Incorporated ("Eolas" or "Plaintiff") as follows:

### I. PARTIES

1.  TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies them.

2.  The allegations of paragraph 2 are not directed to TI, and therefore no answer is required.  TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. The allegations of paragraph 3 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4. The allegations of paragraph 4 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

5. The allegations of paragraph 5 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and therefore denies them.

6. The allegations of paragraph 6 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7. The allegations of paragraph 7 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. The allegations of paragraph 8 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies them.

9. The allegations of paragraph 9 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them.

10. The allegations of paragraph 10 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies them.

11. The allegations of paragraph 11 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. The allegations of paragraph 12 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. The allegations of paragraph 13 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14. The allegations of paragraph 14 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15. The allegations of paragraph 15 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16. The allegations of paragraph 16 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17. The allegations of paragraph 17 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18. The allegations of paragraph 18 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.

19. The allegations of paragraph 19 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20. The allegations of paragraph 20 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21. The allegations of paragraph 21 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22. TI admits to the allegations contained in paragraph 22 of the Complaint.

23. The allegations of paragraph 23 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

24. The allegations of paragraph 24 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

## II. JURISDICTION AND VENUE

25. TI incorporates its responses contained in the paragraphs above as though fully set forth here.

26. TI admits that the Complaint includes claims of patent infringement that arise under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. TI admits that this Court has subject matter jurisdiction over this action.

27. Solely with respect to TI, TI admits that it is subject to this Court's personal jurisdiction.

28. Solely with respect to TI, TI admits that venue is proper.

## III. PATENT INFRINGEMENT

29. TI incorporates its responses contained in the paragraphs above as though fully set forth here.

30. From the face of the United States Patents 5,838,906 ("the '906 Patent) and 7,599,985 ("the '985 Patent"), the title and date of issuance seems to be as alleged in paragraph 30 of the Complaint. Beyond that, TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies these allegations.

31. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies these allegations.

32. The allegations of paragraph 32 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33. The allegations of paragraph 33 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore denies them.

34. The allegations of paragraph 34 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore denies them.

35. The allegations of paragraph 35 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore denies them.

36. The allegations of paragraph 36 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore denies them.

37. The allegations of paragraph 37 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore denies them.

38. The allegations of paragraph 38 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies them.

39. The allegations of paragraph 39 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore denies them.

40. The allegations of paragraph 40 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore denies them.

41. The allegations of paragraph 41 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and therefore denies them.

42. The allegations of paragraph 42 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42, and therefore denies them.

43. The allegations of paragraph 43 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43, and therefore denies them.

44. The allegations of paragraph 44 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44, and therefore denies them.

45. The allegations of paragraph 45 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45, and therefore denies them.

46. The allegations of paragraph 46 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46, and therefore denies them.

47. The allegations of paragraph 47 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, and therefore denies them.

48. The allegations of paragraph 48 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and therefore denies them.

49. The allegations of paragraph 49 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore denies them.

50. The allegations of paragraph 50 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, and therefore denies them.

51. The allegations of paragraph 51 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, and therefore denies them.

52. TI denies the allegations contained in paragraph 52, including but not limited to the allegations that it has directly and/or indirectly infringed, or is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent.

53. The allegations of paragraph 53 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, and therefore denies them.

54. The allegations of paragraph 54 are not directed to TI, and therefore no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54, and therefore denies them.

55. TI denies the allegations contained in paragraph 55 of the complaint.

56. TI denies the allegations contained in paragraph 56 of the complaint. To the extent that the allegations contained in paragraph 56 are directed at Defendants other than TI, no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations against Defendants other than TI contained in paragraph 56, and therefore denies them.

57. TI denies the allegations contained in paragraph 57 of the complaint. To the extent that the allegations contained in paragraph 57 are directed at Defendants other than TI, no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations against Defendants other than TI contained in paragraph 57, and therefore denies them.

58. TI denies the allegations contained in paragraph 58 of the complaint. To the extent that the allegations contained in paragraph 58 are directed at Defendants other than TI, no answer is required. TI is without knowledge or information sufficient to form a belief as to the truth of the allegations against Defendants other than TI contained in paragraph 58, and therefore denies them.

## PLAINTIFF'S REQUEST FOR RELIEF

TI denies that Plaintiff is entitled to any of its requests for relief against TI.

## AFFIRMATIVE DEFENSES

TI's Affirmative Defenses are provided below.  TI reserves the right to amend its Answer to add additional Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

59. TI restates its responses as set forth above as if separately set forth herein.

60. TI has not and does not directly or indirectly (such as by inducement or contributory infringement) infringe any of the claims of the '906 Patent or the '985 Patent either literally or under the Doctrine of Equivalents.

## SECOND AFFIRMATIVE DEFENSE

61. TI restates its responses as set forth above as if separately set forth herein

62. The '906 Patent and the '985 Patent are invalid or void for failing to satisfy the conditions of patentability as set forth in 35 U.S.C §§100, 101, 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE

63. TI restates its responses as set forth above as if separately set forth herein.

64. Eolas is estopped from construing any valid claim of the '906 Patent or the '985 Patent to be infringed literally or by the Doctrine of Equivalents by any act of TI due to the disclosures of prior art or to the admissions or statements made to the U.S. Patent and Trademark Office during prosecution of the patents in suit or because of the disclosure or language of the specification or claims thereof.

## FOURTH AFFIRMATIVE DEFENSE

65. TI restates its responses as set forth above as if separately set forth herein.

66. To the extent that Eolas, or any predecessors in interest to the '906 Patent or the '985 Patent, failed to properly mark any of their relevant products as required by 35 U.S.C. §287

or otherwise give proper notice that TI's actions actually infringed the '906 Patent and the '985 Patent, TI is not liable to Eolas for the acts alleged to have been performed before TI received notice that it was infringing the '906 Patent and the '985 Patent.

### FIFTH AFFIRMATIVE DEFENSE

67. TI restates its responses as set forth above as if separately set forth herein.

68. To the extent that Eolas asserts that TI indirectly infringes, either by contributory infringement or inducement, TI is not liable to Eolas for the acts alleged to have been performed before TI knew that its actions would cause the indirect infringement.

### SIXTH AFFIRMATIVE DEFENSE

69. TI restates its responses as set forth above as if separately set forth herein.

70. Eolas' claims against TI are improper to the extent that any allegedly infringing products are directly or indirectly provided to TI or by TI to an entity having an express or implied license to the '906 Patent and/or the '985 Patent.

### SEVENTH AFFIRMATIVE DEFENSE

71. TI restates its responses as set forth above as if separately set forth herein.

72. Eolas is not entitled to any injunctive relief as demanded because any injury to Eolas is neither immediate nor irreparable, and Eolas has adequate remedies at law.

### EIGHTH AFFIRMATIVE DEFENSE

73. TI restates its responses as set forth above as if separately set forth herein.

74. The '906 Patent and the '985 Patent are unenforceable by reasons of inequitable conduct.

75. Upon belief and information, the '985 Patent is a continuation of the '906 Patent having similar claims.

76. Upon belief and information, Eolas alleges that Regents of the University of California owns the right, title, interest to the '906 Patent and the '985 Patent, and Eolas alleges it is a licensee of the '906 Patent and the '985 Patent.

77. Upon belief and information, Mr. Pei-Yuan Wei ("Wei") had developed the Viola browser on or before May 7, 1993 and the revised Viola browser on or before May 31, 1993.

78. Upon belief and information, Wei demonstrated the Viola browser to two of Defendant Sun Microsystems Inc.'s Engineers on May 7, 1993.

79. Upon belief and information, Wei made the revised Viola browser available for public download and informed one of Defendant Sun Microsystems Inc.'s Engineers of its availability on May 31, 1993.

80. Upon belief and information, Michael Doyle ("Doyle") (who is listed as the principal inventor on the face of the '906 Patent and the face of the '985 Patent) posted a press release on an Internet mailing list on August 30, 1994, describing the features of a browser that is believed to be described in the '906 Patent and the '985 Patent.

81. Upon belief and information, Wei responded to the press release in an email to Doyle informing Doyle of the existence of the Viola browser and a paper by Wei entitled "A Brief Overview of the Viola Engine, and its Applications", which was dated August 16, 1994 and which was available publicly at http://scam.xcf.berlceley.edul~wei/Viola/ViolaIntro.html/ ("Paper").

82. Upon belief and information, there were numerous email exchanges between Wei and Doyle regarding the Viola browser and Doyle's browser where Wei disputed Doyle's claims to have the first browser to be interactive with an external application.

83. Upon belief and information, Doyle collected information about the Viola browser and maintained this information in a file labeled "Viola stuff." The information maintained in this file is believed to include various demonstrations of the capabilities of the Viola browser and/or the revised Viola browser.

84. During the prosecution of the application that resulted in the '906 Patent, Doyle failed to disclose the existence of the Viola browser, the revised Viola browser, and the Paper.

85. In 1999, Eolas filed a patent infringement suit against Microsoft Corporation ("Microsoft") alleging that Microsoft's Internet Explorer infringed one or more claims of the '906 Patent.

86. After the '906 Patent issued and during a portion of pendency of Eolas' patent infringement suit against Microsoft, two reexamination were performed on the '906 Patent (Serial No. 90/006,831 and Serial No. 90/007,858).

87. During the reexamination for Serial No. 90/006,831, the Examiner was provided with the source code for the revised Viola browser, which included 1,030 files.

88. During the reexamination for Serial No. 90/006,831 in a Notice of Intent to Issue a Reexam Certificate dated January 20, 2006, the Examiner performed a detailed comparison between the source code of the revised Viola browser to provide a rationale for affirmation of Claims 1-10.

89. During the reexamination for Serial No. 90/007,858 in an Office Action dated July 30, 2007, the Examiner rejected all of Claims 1-10 in view of the Paper indicating that the Paper is a material reference. The Examiner stating at page 14 of the Office Action, dated July 30, 2007 that:

> Claims 1-10 are rejected under 35 U.S.C. 102(e) as being anticipated by "A Brief Overview of the VIOLA Engine, and its applications", written by Pei Wei, pages

TT 05441 – TT 05600, which include the "Viola in a Nutshell: the Viola World Wide Web Toolkit", from http://scam.xcf.berkeley.edu/~wei/viola/book, having the date August 16, 1994, as seen on page 05450, being included on the Information Disclosure Statement dated 8/24/06 as Citation Number "CL", being the Defendant's Trial Exhibit Number 95 (hereafter referred to as "Viola").

90. During the reexamination for Serial No. 90/007,858 in an Interview Summary Action dated July 30, 2007, the Examiner summarized an Examiner interview, stating:

> The Patent Owner first noted that the claimed invention of the '906 Patent was reduced to practice prior to August 16, 1994, being the date of the Viola reference, and the Patent Owner intends to submit documents under 37 CFR 1.131 to establish invention of the claimed subject matter prior to the effective date of the Viola reference.

91. During the reexamination for Serial No. 90/007,858 in a Final Rejection dated April 18, 2008, the Examiner withdrew the rejection in view of the Paper because of the filing of a declaration under 37 C.F.R. §1.131. The Examiner stated at page 3 of the Final Rejection dated April 18, 2008:

> With this, the Declaration filed on 10/1/07 under 37 CFR 1.131 is sufficient to overcome the Viola reference utilized in the rejection noted in the Office action dated 7/30107. The examiner notes that the Viola reference lists on the first page, titled "The Viola Home Page" (being TT 05441), that "Vintage Viola screendumps" are included from "applications of the old viola (1991)". However, the examiner cannot find any other documents in the record that disclose the specific teachings of the Viola browser, as described in the previous Office action dated 7/30107, that establish a date prior to August 16, 1994. Therefore, the rejection of claims 1-10, as indicated in the previous Office action under 35 U.S.C. 102(e), as being anticipated by Viola, has been withdrawn.

92. Upon belief and information and regardless of whether the claims of the '906 Patent were ultimately determined to be patentable over the Paper and information regarding the revised Viola browser, both the Paper and information regarding Viola browser were material to patentability, and Doyle's behavior of actively withholding material prior art until reexamination and after years of litigation is believed to constitute an intent to deceive the U.S. Patent and Trademark Office.

93.     Therefore, both the '906 Patent and the '985 Patent were procured by inequitable conduct.

## COUNTERCLAIMS

94.     TI restates its responses as set forth above as if separately set forth herein.

95.     TI has not directly or indirectly infringed, contributed to or induced infringement of any valid or enforceable claim of the '906 Patent or the '985 Patent, and has not otherwise committed any acts in violation of 35 U.S.C. §271.

96.     The '906 Patent and the '985 Patent are invalid for failing to meet the conditions for patentability as set forth in 35 U.S.C. §§100, 101, 102, 103 and 112.

97.     The '906 Patent and the '985 Patent are unenforceable by reason of inequitable conduct.

98.     An actual controversy exists between TI and Eolas concerning the alleged infringement and validity of the '906 Patent and the '985 Patent by virtue of Eolas' complaint herein.

99.     TI is entitled to judgment from this Court that neither the '906 Patent nor the '985 Patent are infringed by TI and that both are invalid.

100.    TI is entitled to judgment from this Court that neither the '906 Patent nor the '985 Patent unenforceable.

101.    This is an exceptional case entitling TI to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. §285.

102.    TI continues to investigate this matter and reserves the right to amend its Answer and/or Counterclaims to assert any additional defenses or counterclaims that come to light upon further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE TI prays that:

103. the Court dismiss the Complaint against TI with prejudice;

104. the Court declare that TI has not and does not infringe the '906 Patent or the '985 Patent;

105. the Court declare that the '906 Patent and the '985 Patent are invalid;

106. the Court declare that the '906 Patent and the '985 Patent are unenforceable;

107. the Court declare that Eolas is not entitled to any remedy or relief whatsoever against TI;

108. the Court award TI its costs, together with reasonable attorneys fees and all of its expenses for this suit because this is an exceptional case under 35 U.S.C. §285; and

109. the Court award TI such other relief as this Court may deem just and proper.

        Respectfully submitted,

*/s/ Amanda A. Abraham*
TEXAS INSTRUMENTS INCORPORATED,
By its attorneys,
Carl R. Roth
cr@rothfirm.com
Brendan C. Roth
br@rothfirm.com
Amanda A. Abraham
aa@rothfirm.com
THE ROTH LAW FIRM, P.C.
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: (903) 935-1665
Facsimile: (903) 935-1797

**ATTORNEYS FOR DEFENDANT
TEXAS INSTRUMENTS INCORPORATED**

Of Counsel
Jay C. Johnson
Larry C. Schroeder
Mark A. Valetti
TEXAS INSTRUMENTS INCORPORATED
P.O. Box 655474 Mail Station 3999
Dallas, TX 75265
Telephone: (972)917-5640
Facsimile: (972)917-4418

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 14th day of April, 2010. Any other counsel of record will be served by facsimile transmission and/or first class mail.

*Amanda A. Abraham*
Amanda A. Abraham