# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 6:09-cv-446** |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **Adobe Systems Inc., Amazon.com, Inc.,** | § | **JURY TRIAL** |
| **Apple Inc., Blockbuster Inc., CDW Corp.,** | § | |
| **Citigroup Inc., eBay Inc., Frito-Lay, Inc.,** | § | |
| **The Go Daddy Group, Inc., Google Inc.,** | § | |
| **J.C. Penney Company, Inc., JPMorgan** | § | |
| **Chase & Co., New Frontier Media, Inc.,** | § | |
| **Office Depot, Inc., Perot Systems Corp.,** | § | |
| **Playboy Enterprises International, Inc.,** | § | |
| **Rent-A-Center, Inc., Staples, Inc., Sun** | § | |
| **Microsystems Inc., Texas Instruments** | § | |
| **Inc., Yahoo! Inc., and YouTube, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## EOLAS' REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOVING DEFENDANTS' MOTION TO TRANSFER

Austin58295

## I.   Introduction

Eolas filed its Motion for Extension of Time (*dkt.* 241) (hereafter "Motion"), that pointed out various shortcomings in Moving Defendants' Motion to Transfer (*dkt*. 214).[1]   In their Opposition to Eolas' Motion (*dkt*. 248), the Moving Defendants do not address any of these shortcomings, which include: (i) Moving Defendants' failure to address sources of proof related to the non-California Defendants (including the eight Non-Moving Defendants[2], five of whom are headquartered in Texas); and (ii) the omissions and incongruities in the Moving Defendants' declarations.

Moving Defendants concede that they "are not opposed to Eolas taking . . . 'limited' and 'narrowly-tailored' discovery concerning the factors relevant to transfer of venue . . . ." *Dkt.* 248 at 1.   Thus, the only issue in dispute is how much time Eolas should be afforded to take this discovery from the twenty-two defendants.   Moving Defendants' propose until May 21, 2010, and Eolas proposes until June 18, 2010. To date, no Defendant has provided the requested discovery or provided a substantive response to Eolas' notices.   As set forth herein, Eolas does not believe that an extension of time until May 21, 2010 will afford it sufficient time to conduct the discovery it has already requested.

## II.   Defendants Have Not Yet Provided The Discovery Eolas Requested

Eolas served its limited and narrowly-tailored discovery requests and deposition notices on March 24, 2010.   Eolas requested the following venue-related discovery from Moving Defendants: (i) documents (*see*, *e.g.* Ex. 1); (ii) a 30(b)(6) deposition (*see*, *e.g.* Ex. 2); and (iii) a 30(b)(1) deposition of the declarants (*see*, *e.g.* Ex. 3).   Eolas requested the following venue-related discovery from the Non-Moving Defendants: (i) documents (*see*, *e.g.* Ex. 4) and (ii) a

---

[1] Adobe Systems, Inc., Amazon.com, Inc., Apple, Inc., Blockbuster, Inc., eBay, Inc., The Go Daddy Group, Inc., Google, Inc., New Frontier Media, Inc., Playboy Enterprises International, Inc., Sun Microsystems, Inc., Yahoo!, Inc., YouTube, LLC, CDW Corporation and JPMorgan Chase & Co., Inc. are collectively referred to herein as "Moving Defendants." (Sun Microsystems is now known as Oracle America Inc).
[2] Citigroup, Inc., Frito-Lay, Inc., J.C. Penney Company, Inc., Office Depot, Inc., Perot Systems Corp., Rent-A-Center, Inc., Staples, Inc., and Texas Instruments, Inc. did not join Moving Defendants' Motion and are collectively referred to herein as "Non-Moving Defendants."

30(b)(6) deposition (*see*, *e.g.* Ex. 5).  The Moving Defendants put venue at issue, and it will take time to obtain this discovery from the twenty-two defendants to this action.

Moving Defendants propose "a firm deadline of May 21, 2010," just over five weeks in the future.  Yet, to date, no Defendant (moving or non-moving) has substantively responded to Eolas' notices, provided the requested discovery, or offered any witness for deposition.[3]  In light of this inaction, Moving Defendants' proposed deadline is not reasonable.

The discovery Eolas noticed contemplates the following schedule:  (i) Defendants produce the requested documents during the month of April (*see*, *e.g.* Exs. 1 and 4); (ii) Eolas reviews the produced documents and takes the requested depositions during the month of May (*see*, *e.g.* Exs. 2, 3, and 5).  As noticed by Eolas, the depositions would proceed on the following schedule (with many depositions "double-tracked"):

| DEFENDANT/DEPONENT | 30(B)(1) | 30(B)(6) | DATE/TIME |
|---|---|---|---|
| **Apple Inc.** (Moving Defendant) | | X | May 3, 2010 (2:00 pm) |
| Darin Adler (declarant) | X | | May 3, 2010 (10:00 am) |
| **New Frontier Media** (Moving Defendant) | | X | May 4, 2010 (2:00 pm) |
| Marc Callipari (declarant) | X | | May 4, 2010 (10:00 am) |
| **Sun Microsystems** (Moving Defendant) | | X | May 5, 2010 (2:00 pm) |
| Jeetendra Kaul (declarant) | X | | May 5, 2010 (10:00 am) |
| **eBay Inc.** (Moving Defendant) | | X | May 6, 2010 (2:00 pm) |
| Steven Mansour (declarant) | X | | May 6, 2010 (10:00 am) |
| **Yahoo! Inc.** (Moving Defendant) | | X | May 7, 2010 (2:00 pm) |
| Mark Risher (declarant) | X | | May 7, 2010 (10:00 am) |
| **Amazon.com, Inc.** (Moving Defendant) | | X | May 10, 2010 (2:00 pm) |
| Sean Scott (declarant) | X | | May 10, 2010 (10:00 am) |
| **Google Inc.** (Moving Defendant) | | X | May 11, 2010 (2:00 pm) |
| Prasad Setty (declarant) | X | | May 11, 2010 (10:00 am) |
| **Adobe Systems** (Moving Defendant) | | X | May 12, 2010 (2:00 pm) |
| Jason W. Wolff  (declarant) | X | | May 12, 2010 (10:00 am) |
| **Blockbuster Inc.** (Moving Defendant) | | X | May 13, 2010 (10:00 am) |
| **CDW Corporation** (Moving Defendant) | | X | May 14, 2010 (10:00 am) |
| **Citigroup Inc.** | | X | May 17, 2010 (10:00 am) |
| **Frito-Lay, Inc.** | | X | May 18, 2010 (10:00 am) |

---

[3] To be fair, several Defendants provided non-substantive responses.  Moving Defendant Blockbuster, a corporation with its principal place of business in Texas, complained that the requested discovery is overly burdensome—despite putting venue at issue.  Ex. 6.  Several Non-Moving Defendants orally requested 30-day extensions to respond to the discovery.  Eolas is working with these Non-Moving Defendants, but no extension is possible under the Moving Defendants' proposal.

| DEFENDANT/DEPONENT | 30(B)(1) | 30(B)(6) | DATE/TIME |
|---|---|---|---|
| **Go Daddy** (Moving Defendant) | | X | May 19, 2010 (10:00 am) |
| **J.C. Penney Company, Inc.** | | X | May 20, 2010 (10:00 am) |
| **JPMorgan Chase** (Moving Defendant) | | X | May 21, 2010 (10:00 am) |
| **Office Depot, Inc.** | | X | May 24, 2010 (10:00 am) |
| **Perot Systems Corp.** | | X | May 25, 2010 (10:00 am) |
| **Playboy** (Moving Defendant) | | X | May 26, 2010 (10:00 am) |
| **Rent-A-Center, Inc.** | | X | May 27, 2010 (10:00 am) |
| **Staples, Inc.** | | X | May  28, 2010 (10:00 am) |
| **Texas Instruments Inc.** | | X | May 31, 2010 (10:00 am) |
| **YouTube, LLC** (Moving Defendant) | | X | June 1, 2010 (10:00 am) |

Despite Moving Defendants' assertions that "a firm deadline of May 21, 2010 is more than reasonable," even if Defendants provided discovery pursuant to the schedule requested by Eolas, the discovery Eolas seeks would be complete by the beginning of June 2010 at the earliest. Thus, Eolas' proposed extension until June 18, 2010 is reasonable for at least the following reasons: (i) it permits time to conduct the depositions; (ii) it provides ample time for the Defendants to produce the requested documents in advance of the noticed depositions; and (iii) it affords Eolas a reasonable opportunity to consider the discovery received in order to include it in its substantive response to Moving Defendants' Motion to Transfer.  Thus, Eolas' proposed June 18, 2010 date is more reasonable than Moving Defendants' proposal, which unduly compresses the schedule for venue-related discovery.

### III.    The *Saleh* Case Is Inapplicable

Moving Defendants rely on the inapposite and non-binding *Saleh* case in support of their Opposition.  As a threshold matter, the Southern District of California in the *Saleh* case applied Ninth Circuit law related to a class action brought by citizens of Iraq against U.S.-based contractors, alleging abuse that occurred in prisons run by the defendants in Iraq.  *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1159 (S.D. Cal. 2005).  The Court found that because plaintiffs were citizens of Iraq, under controlling Ninth Circuit law, it was "appropriate to give less deference to a foreign plaintiff's forum choice."  *Id*. at 1157.  The Court also found that "the Ninth Circuit, like other courts, has noted that the weight to be given the plaintiff's choice of forum is discounted where the action is a class action."  *Id*.  None of these factors are applicable

to this case, a patent infringement action involving a Texas plaintiff and twenty-two defendants located around the country, with seven parties (six defendants and plaintiff Eolas) located in Texas—the current venue of this case.  *See dkt.* 241 at 3-5.

The Court in *Saleh* further noted that "plaintiffs here are not faced with the prospect of trying to meet their burden of presenting evidence that is peculiarly within the defendant's possession."  *Id.* at 1170.  Here—while it is Defendants' burden to prove that the transferee forum is more convenient than the current forum—Eolas is faced with the prospect of responding to the substance of Moving Defendants' assertions without the benefit of "evidence that is peculiarly within the defendant's possession."  As Eolas explained in its Motion, at least the following evidence is solely within the possession of the Defendants:

- Location of the sources of proof (*e.g.,* documents, witness, etc.) to a wide range of issues, including infringement and validity.  *Dkt.* 241 at 3.

- Information about Moving Defendants' operations in Texas.  The declarations of several Moving Defendants admit operations in Texas, but provide no information about those operations.  *Id.* at 6.  One defendant, Apple, neglected to mention its "worldwide campus in Austin" in its declaration.  *Id.*

- Accuracy of the Moving Defendants' statements of fact.  The declaration of eBay, for example, states there are "no eBay web servers that store and serve content for the www.eBay.com website are located in Texas."  *Id.*  Eolas has discovered eBay servers which appear to be in Texas.  *Id.* at 6-7.

- Location of marketing and financial damages related proof (*e.g.,* documents, witness, etc.) as to any of the Defendants.  *Id.* at 7.  None of the Defendants provided this information.

Moreover, since the time of Eolas' Motion, Eolas discovered that Defendant Sun Microsystems (now Oracle America, Inc.) has at least three separate facilities in the greater Dallas area (two in Dallas, TX and one in Hurst, TX) and a campus in Austin, TX.  Exs. 7 and 8. Despite these operations in Texas, the declaration offered by Sun—like the declaration of Apple discussed above—omits these Texas operations and simply states "[u]pon information and belief, there are no foreseeable Sun documents, electronically stored information, tangible things, and premises regarding the accused products within the Eastern District of Texas."  Decl. of Kaul,

*dkt.* 214-82 at 3.  The knowledge of the activities that take place at Sun's three Texas facilities is uniquely within Defendant Sun's possession.

As Eolas explains in its Motion, the Fifth Circuit has repeatedly instructed that "[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (*quoting Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).  Similarly, Courts in the Fifth Circuit generally apply the rule announced by the Supreme Court that "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly,* 397 U.S. 254, 269 (U.S. 1970); *United States v. McKenna*, 791 F. Supp. 1101, 1107 (E.D. La. 1992).  Moving Defendants do not challenge this authority, but instead rely on inapposite and non-binding authority such as the *Saleh* case from the Southern District of California discussed above.

Here, where the Defendants do not contest Eolas' entitlement to the discovery it has noticed, but rather quibble with how much time Eolas needs to take that discovery, the Court should afford Eolas until June 18, 2010 to take the discovery for the reasons discussed above.

## IV.    Conclusion

As set forth herein, and in Eolas' Motion, Eolas respectfully requests the Court exercise its discretion and provide Eolas until June 18, 2010 to respond to Moving Defendants' Motion to Transfer.

Dated:  April 15, 2010.

**MCKOOL SMITH, P.C.**

/s/  Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Luke McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFF
EOLAS TECHNOLOGIES, INC.**

Austin58295

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A) on April 15, 2010.

/s/ Josh Budwin
Josh Budwin

Austin58295