**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **EOLAS TECHNOLOGIES, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.7** | § | **CASE NO. 6:09-CV-446** |
| | § | **PATENT CASE** |
| **ADOBE SYSTEMS, INC., et al** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

JPMorgan Chase & Co.'s Motion to Dismiss for Failure to State a Claim (Docket No. 175) is before the Court. Having considered the parties' written submissions, the Court **GRANTS** the motion in part.

## BACKGROUND

In its Complaint, Eolas Technologies Incorporated accuses twenty-three defendants of infringing U.S. Patent No. 5,838,906, entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document," and U.S. Patent No. 7,599,985, entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document."

Only JPMorgan Chase moves to dismiss Eolas's complaint. In its substantive paragraph regarding JPMorgan's infringement, Eolas alleges:

On information and belief, JPMorgan Chase has directly and/or indirectly infringed

1

(by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jpmorgan.com and maintained on servers located in and/or accessible from the United States under the control of JPMorgan Chase; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

JPMorgan contends these allegations are insufficient under *Twombly* and *Iqbal* because Eolas does not identify a direct infringer over which JPMorgan has control for its indirect infringement claims and does not specify how JPMorgan directly infringes the patents.

## APPLICABLE LAW

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether the complaint

states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the

simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84.  Form 18 provides a sample

complaint for patent infringement and does not require extensive factual pleading:

> (Caption—See Form 1.)
> 1. (Statement of Jurisdiction--See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.
> (Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements

of the 2006 form, then Form 16).

The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of

complying with Form 18.  To hold otherwise would render Rule 84 and Form 18 invalid.  This

cannot be the case.  *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal

Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal*, 501 F. at 1360

(Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules

of Civil Procedure, we would be required to find that a bare allegation of literal infringement in

accordance with Form 16 would be sufficient under Rule 8 to state a claim.  One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted); *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . .  Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms.").  *But see Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18).

Thus, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face.  *See* Fed. R. Civ. P. 84.  However, a complaint that does not perfectly comply with Form 18 may still suffice to state a claim that is plausible on its face.  The Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense.  *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

Eolas's direct infringement claims against JPMorgan comply with Form 18 and therefore satisfy Rule 8's pleading requirements.  Although JPMorgan contends that Eolas does not adequately specify how JPMorgan directly infringes, Eolas does identify the accused instrumentality as JPMorgan's website.  Given the nature of the patents, this is a sufficient identification.

However, Eolas's indirect infringement claims do not satisfy Rule 8.  Form 18 does not expressly address indirect infringement claims, and courts are split on the pleading requirements of indirect infringement.  *Compare PA Advisors v. Google Inc.*, 2008 WL 4136426 at *8 (E.D. Tex.

Aug. 8, 2008)(Folsom, J.) (granting a motion for more definite statement requiring the plaintiff to at least generically identify the end user) *with Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, Mag.) (denying motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement).   Although Rule 8 does not require detailed factual support for each element of indirect infringement, Eolas has not alleged a direct infringer in relation to its indirect infringement claims.   *See PA Advisors*, 2008 WL 4136426 at *8 (requiring only the pleading of direct infringers and not other "material elements"); *Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906.   Accordingly, Eolas's indirect infringement claim does not state a claim for indirect infringement that is plausible on its face.

## CONCLUSION

Eolas's direct infringement claim against JPMorgan satisfies Rule 8, but its indirect infringement claim does not.   Accordingly, the Court **GRANTS** in part JPMorgan's motion to dismiss and **GRANTS** Eolas leave to amend its complaint within fifteen days.

**So ORDERED and SIGNED this 6th day of May, 2010.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**