## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

EOLAS TECHNOLOGIES INCORPORATED,

       Plaintiff,

   v.

ADOBE SYSTEMS INC., ET AL,

     Defendants.

CASE NO. 6:09-cv-446 (LED)

Hon. Leonard E. Davis

JURY

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Eolas Technologies, Inc. ("Eolas" or "Plaintiff") and Defendants Adobe Systems Inc., Amazon.com, Inc., Apple Inc., Blockbuster Inc., CDW Corp., Citigroup Inc., eBay Inc., Frito-Lay, Inc., The Go Daddy Group, Inc., Google Inc., J.C. Penney Company, Inc., JPMorgan Chase & Co., New Frontier Media, Inc., Office Depot, Inc., Perot Systems Corp., Playboy Enterprises International, Inc., Rent-A-Center, Inc., Staples, Inc., Oracle America, Inc. (formerly known as Sun Microsystems Inc.), Texas Instruments Inc., Yahoo! Inc., and YouTube, LLC (collectively, "Defendants") respectfully request that the Court enter a Protective Order

The parties have largely reached agreement on the form of the Protective Order.  There are two remaining disputes needing resolution by the Court.  First, the parties dispute section 5(b) and, specifically, whether the patent prosecution bar included in section 5(a) should be applicable in reexamination proceedings involving U.S. Patent No. 5,838,906 or U.S. Patent No. 7,599,985 (collectively, "Patents-in-Suit").  Second, the parties dispute whether and to what extent Plaintiff may share one defendant's confidential information with other co-defendants under section 1(b).  The parties have met and conferred in good faith but are unable to resolve these issues.

## 1.  Disputed Provisions

### a.  Prosecution Bar

Plaintiff proposes including the following provision in the Protective Order:

> 5(b).  Because patent claims cannot be broadened during a reexamination, a reexamination of the Patents-in-Suit shall not trigger the patent prosecution bar of Section 5(a) above.

Defendants object to the inclusion of this provision, and propose the following:

> 5(b).        For purposes of this section, and for the avoidance of doubt, a reexamination of a Patent-in-Suit shall be deemed a prosecution of a patent claiming the subject matter disclosed in the Patents-in-Suit, and,

accordingly, the prosecution bar contained in Paragraph 5(a) shall apply to any such reexamination.

**b.  Disclosure of one party's confidential information to other parties**

Plaintiff proposes including the following provision in the Protective Order:

1(b). Plaintiff may disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the prior written consent of the Defendant that produced the Protected Material, provided that Plaintiff marks such disclosure with the same confidentiality designation as utilized by the disclosing party and provided that Plaintiff follows the provisions of Paragraph 22(a).

Defendants object to the inclusion of this provision, and propose the following:

1(b).  Notwithstanding the provisions of this Protective Order, and subject to the provisions of Paragraph 22(a), Plaintiff shall in good faith use reasonable efforts to avoid disclosing a Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means. In the event that such disclosure can not be avoided without undue burden on Plaintiff, the following shall apply: (i) If Plaintiff intends to disclose a Defendant's Protected Material through oral argument in Court at a pre-trial hearing, or during the course of trial, paragraph 17(c) shall apply; (ii) If Plaintiff intends to disclose a Defendant's Protected Material through deposition, Plaintiff shall notify Defendants sufficiently in advance of such deposition to ensure that the Defendant whose Protected Material may be disclosed has a fair opportunity to object to the presence of any other Defendant or Defendants at the deposition; (iii) If Plaintiff intends to disclose a Defendant's Protected Material through Court filings, expert reports, discovery requests, discovery responses, or any other means, Plaintiff and the Defendant whose Protected Material will be disclosed shall meet and confer to discuss appropriate procedures for preventing unnecessary and potentially harmful disclosure of such Protected Material on certain other Defendants while reducing any administrative burdens on Plaintiff.

No other provisions of the competing Proposed Protective Orders are disputed.  The Proposed Protective Order including the disputed language for Sections 5(b) and 1(b) is attached as Exhibit A.

## 2. Argument with respect to Prosecution Bar

### a. Plaintiff's Argument

The '906 patent has already been subjected to two reexaminations.  Some of the defendants in this case (*e.g.* Adobe) urged the first reexamination.  Accordingly, it is likely that one or more of the defendants will again seek a reexamination of the patents-in-suit as part of their litigation strategy.  In light of this history, Eolas' proposal recognizes that any subsequent reexamination of the patents-in-suit would require the participation of its litigation counsel, expert witnesses and in-house counsel — those persons with the most knowledge of the patents-in-suit and their validity.  This proposal is reasonable and warranted by the facts and circumstances presented herein.

The parties have agreed to a prosecution bar for prosecution-related activities other than reexamination of the patents-in-suit.  *See* Exhibit A at ¶ 5(a).  This agreed prosecution bar — together with the other agreed provisions of the protective order — ensures those who have access to confidential information do not use that information when prosecuting patents.  *Wi-Lan, Inc. v. Acer, Inc.*, Nos. 2:07-CV-473, 2:07-CV-474 (TJW), 2009 U.S. Dist. LEXIS 53918, at *15 (E.D. Tex. June 23, 2009) (citing *U.S. Steel Corp. v. United States*, 730 F. 2d 1465, 1468 (Fed. Cir. 1984)).  The agreed portions of the protective order also provide safeguards preventing Eolas' counsel from revealing defendants' confidential information to any reexamination counsel or agent (*i.e.* those not authorized to receive such information).  *See* Exhibit A at ¶¶ 8-11.  Additionally, Eolas may not use defendants' confidential information for any purpose other than the litigation.  *Id*. at ¶¶ 1(a), 6(a).

"[T]he district court must balance th[e] risk [of inadvertent disclosure] against the potential harm to the opposing party from restrictions imposed on that party's right to have the

benefit of counsel of its choice" to determine the scope of the prosecution bar. *In re Deutsche Bank Trust Co. Ams.,* 605 F.3d 1373, 1380 (Fed. Cir. 2010) (citations omitted).  The risk that the confidential information of a defendant will be disclosed, even inadvertently, in reexamination of the patents-in-suit is exceedingly small — especially in light of the aforementioned safeguards already built into the agreed portions of the protective order.  Reexaminations proceed as a matter of public record and the procedures of the Patent Office restrict the activities that occur during a reexamination.  Conversely, barring Eolas' litigation counsel, expert witnesses and in-house counsel — those persons most familiar with the patents-in-suit and the validity arguments made as part of the litigation and prior reexaminations of the '906 patent — imposes an undue burden on Eolas.  Accordingly, this balancing does not favor extending the prosecution bar to reexamination proceedings.

With respect to a prosecution bar, each party has a burden of proof.  The Federal Circuit held that the defendants, as the "party seeking the imposition of a patent prosecution bar" are required to "show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *In re Deutsche Bank,* 605 F.3d at 1381.  It also held that, Eolas, as the party opposing the imposition of the bar, is required to show two things:

> (1)  that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decision making related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and
>
> (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.

*Id*.  Eolas can make the required showing, the defendants cannot.

As to the first prong, given the other protections of the agreed protective order, together with the fact that "sections 305 and 314 of the patent statute expressly curtail the scope of the reexamination" (*see Pall Corp. v. Entegris, Inc.,* No. 05-CV-5894, 2008 U.S. Dist. LEXIS 96682, at *14 (E.D.N.Y. Nov. 26, 2008)), it is highly unlikely that participation in reexamination proceedings by Eolas' litigation counsel, expert witnesses and in-house counsel will risk inadvertent use of confidential information learned in litigation.   This Court has already recognized this fact, noting "[c]laims can only be narrowed during reexamination; they cannot be broadened. This is very different from patent prosecution where claim scope is being initially determined. Thus, the risk of harm to Apple is already greatly limited." *Mirror Worlds, LLC v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 70092 at *5 (E.D. Tex. Aug. 11, 2009) (Davis, J.).

As to the second prong, Eolas would face substantial injury if its litigation counsel, expert witnesses and in-house counsel were excluded from reexamination.   These persons have the "knowledge necessary to help reexamination counsel respond to the PTO" and their participation therein "would lessen the financial burden" on Eolas if the patents were put in reexamination again.  *Hochstein v. Microsoft Corp*., No. 04-73071, 2008 U.S. Dist. LEXIS 72750, at *10, 11 (E.D. Mich. Sept. 24, 2008).  This too has already been recognized by this Court, noting that "the Court has serious concerns about a policy that would encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defend a patent in two separate venues with two teams of attorneys." *Mirror Worlds*, 2009 U.S. Dist. LEXIS at *6.

This is not an issue of first impression for the Court.  In *i4i Limited Partnership v. Microsoft Corp.*, No. 6:07-cv-00113-LED, slip op. at 2 (E.D. Tex. Sept. 8, 2009) (Davis, J.) the

Court held, in the context of a request for litigation counsel and their expert to participate in an interview with the patent examiner as part of a reexamination of the patent-in-suit, that:

> The Court ORDERS that (1) McKool Smith and Dr. Rhyne may attend and participate in interviews with the USPTO examiner, (2) Dr. Rhyne may submit a declaration on behalf of i4i to the USPTO, and (3) McKool Smith and Dr. Rhyne may assist reexamination counsel in responding to actions and decisions of the USPTO during the reexamination process and any appeals related thereto, provided that McKool Smith and Dr. Rhyne may not reveal Microsoft's confidential information to the USPTO or any reexamination counsel or agent and McKool Smith and Dr. Rhyne may not use Microsoft's confidential information for any purpose other than the litigation. *See Mirror Worlds, LLC v. Apple, Inc.,* No. 6:08-cv-88, 2009 U.S. Dist. LEXIS 70092 (E.D. Tex. Aug. 11, 2009) (Davis, J.).

Similarly, in *Mirror Worlds*, the Court found that:

> In light of Mirror Worlds' stipulation and for the reasons given above, the risk of inadvertent misuse of Apple's confidential information does not outweigh the prejudice to Mirror Worlds if the prosecution bar is applied to the reexamination proceedings. While there may be situations that warrant excluding litigation counsel from participating in reexamination proceedings, Apple has not met its burden to show that this is one of those situations. Accordingly, the Court DENIES Apple's motion.

*Mirror Worlds*, 2009 U.S. Dist. LEXIS at *6.   The same standard from these cases should control here.   Eolas' litigation counsel, expert witnesses and in-house counsel should be permitted to participate in the reexamination of the patents-in-suit, provided they abide by the other provisions of the protective order.[1]   For the foregoing reasons, Eolas' proposal on the Protective Order should be adopted.

---

[1] Other Courts analyzing this issue have also determined that a prosecution bar should not apply to reexamination proceedings.  *Pall Corp.*, 2008 U.S. Dist. LEXIS at *12, 14, 19, 20 (finding that the prosecution bar did not extend to reexamination proceedings given (i) the little risk of litigation counsel misusing confidential information given that sections 305 and 314 of the patent statute expressly curtail the scope of the reexamination, (ii) that the prosecution bar contained no express reexamination prohibition; thus, it was the defendant that "must establish a compelling need to expand the Protective Order"; and (iii) that the confidential information would be irrelevant, as the reexamination proceeding only implicates matters in the public record—the patent and prior art); *Kenexa BrassRing Inc. v. Taleo Corp*., No. 07-521-SLR, 2009 U.S. Dist. LEXIS 12002, at *5, 5 n.1, 6 (D. Del. Feb. 18, 2009) (finding that the prosecution bar did not

### b.  Defendants' Argument

The Federal Circuit recently articulated the standard for determining whether to apply a prosecution bar.  *See In re Deutsche Bank Trust Co. Americas and Total Bank Solutions, LLC*, 605 F.3d 1373, 1375 (Fed. Cir. 2010) (granting mandamus to resolve "an important issue of first impression in which courts have disagreed," *i.e.,* when and how a patent prosecution bar should be applied).

Defendants respectfully request that this Court enter Defendants' provision, consistent with *In re Deutsche Bank*, precluding any counsel for Eolas that reviews Defendants' confidential technical information from participating in the prosecution of the claims of the Patents-in-Suit during a reexamination proceeding, to prevent the intentional or inadvertent use of Defendants' confidential information.  Given the significant risk of harm to Defendants, there is no reason why Eolas would need to involve its litigation counsel in a reexamination anyway – Eolas previously used different counsel for patent prosecutions and reexaminations (Ex. B-1, B-2, B-3, B-4[2]) as well as its prior litigation involving one of the Patents-in-Suit (Ex. B-5).

---

extend to the reexamination because (i) "[t]he scope of the claims cannot be enlarged by amendment in reexamination"; (ii) the "reexamination involves only the patent and the prior art, defendant's confidential information is basically irrelevant to the reexamination"; and (iii) "defendant filed the request for an inter partes reexamination of one of plaintiff's patents-in-suit, the reexamination is part and parcel of the instant case");  *Hochstein,* 2008 U.S. Dist. LEXIS at *10, 11 (finding good cause for allowing participation);  *Document Generation Corp. v. Allscripts, LLC*, No. 6:08-CV-470, 2009 U.S. Dist. LEXIS 52874, at *3, 8 (E.D. Tex. June 23, 2009) (finding proposed protective order did not need to prohibit the patentee's litigation counsel from participating in reexamination proceedings); and *Crystal Image Tech., Inc. v. Mitsubishi Elec. Corp.*, No. 08-307, 2009 U.S. Dist. LEXIS 32972, at *9 (W.D. Pa. Apr. 17, 2009) (finding that it would allow the plaintiff's litigation counsel to participate in the reexamination).

[2] Citations to "Ex. __" as used herein are citations to the exhibits to the Declaration of Christopher C. Carnaval in Support of Defendants' Motion for Entry of Defendants' Proposed Protective Order, submitted herewith.

### i.  Applicable Law

Counsel may be barred from representing clients in certain matters before the U.S. Patent & Trademark Office ("USPTO") when its role as "competitive decision maker" during prosecution may cause it to inadvertently use material subject to a protective order for inappropriate purposes.  *See In re Deutsche Bank*, 605 F.3d at 1377-78; *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1467-68 (Fed. Cir. 1984).  *In re Deutsche Bank* explains that an attorney's substantial involvement in patent prosecution may constitute competitive decision-making, and often raises "an unacceptable risk of inadvertent disclosure."  605 F.3d at 1379-80.

> [M]any attorneys involved in litigation are more substantially engaged with prosecution.  Such involvement may include . . . *strategically amending or surrendering claim scope during prosecution*.  For these attorneys, competitive decisionmaking may be a regular part of their representation, and the opportunity to control the content of patent applications and the direction and scope of protection sought in those applications may be significant. . . . *Such attorneys would not likely be properly exempted from a patent prosecution bar*.[3]

*Id.* at 1380 (emphases added).  Indeed, "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so."  *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980) (quoted in *In re Deutsche Bank*, 605 F.3d at 1378).

Reexamination proceedings are, of course, a species of the patent prosecution activities discussed in *In re Deutsche Bank*, and there is no legal basis to treat reexamination proceedings differently.  Indeed, on at least two occasions, Judge Ward has found that protective orders

---

[3] *In re Deutsche Bank* therefore declined to adopt the reasoning set forth in several prior district court cases that the risk of harm from improper or inadvertent use of confidential information during reexamination is minimal because claim scope cannot be enlarged during reexamination. *Compare Id.* at 1380 *with Pall Corp. v. Entegris, Inc.*, No. 05-CV-5894, 2008 U.S. Dist. LEXIS 96682 (E.D.N.Y. Nov. 26, 2008), and *Document Generation Corp. v. Allscripts, LLC*, No. 6:08-CV-470, 2009 U.S. Dist. LEXIS 52874 (E.D. Tex. June 23, 2009).

including prosecution bars applied to reexaminations. *See Microunity Sys. Eng'g., Inc. v. Dell, Inc.*, No. 2:04-CV-120 (E.D. Tex. Aug. 17, 2005) (Order, Dkt. No. 156); *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW, 2006 WL 3741891, at *7 (E.D. Tex. Dec. 19, 2006) ("[t]he purpose of the prosecution bar is to prevent outside counsel from using, even inadvertently, confidential information obtained in the lawsuit for purposes outside the lawsuit (*e.g.,* drafting claims during patent prosecution). ***This is true even if the result of the reexamination is narrower claim language.***" (emphasis added)).

The risk of inadvertent disclosure or competitive use of confidential information learned during litigation must be balanced against the potential harm to an opposing party caused by restrictions imposed on its right to have the benefit of counsel of its choice. *In re Deutsche Bank*, 605 F.3d at 1380. A party seeking to impose a prosecution bar must show that the information triggering the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of protected information. *Id.* at 1381. Further, a party seeking an exemption from a patent prosecution bar must show that an individual attorney's involvement in prosecution activities will *not* "implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation," and that the potential injury to one party from restrictions imposed on that party's right to counsel of its own choosing outweighs the potential injury to an opposing party caused by inadvertent use of that opposing party's sensitive information. *Id.*

### ii.  The prosecution bar should apply to reexamination proceedings

In view of the Federal Circuit's test in *In re Deutsche Bank*, the Court should adopt Defendants' Proposed Protective Order, under which the prosecution bar of Section 5(a) includes

reexamination of a Patent-in-Suit.   First, the bar would only be triggered by technical information, because knowledge of that type of information could potentially affect the prosecution of patent applications or reexaminations before the USPTO.  *See id.* at 1381. Second, the bar would prohibit "the prosecution of any patent *claims*" during a reexamination of a Patent-in-Suit.  Prosecuting patent claims involves influencing or controlling the direction or scope of protection sought and therefore presents a significant opportunity for competitive decision-making on the part of the prosecuting attorney.  *See id.* at 1380.  Prosecuting patent claims differs from the administrative or managerial work of reporting office actions, filing ancillary paperwork, or staffing projects.  *See id.* at 1379-80.  Finally, the proposed prosecution bar extends for just one year after final resolution of this litigation and applies only to patent claims claiming the subject matter disclosed in the Patents-in-Suit.

That claim scope can only be narrowed during reexamination is not a basis for rejecting a prosecution bar.  *See In re Deutsche Bank*, 605 F.3d at 1380; *Visto Corp.*, 2006 WL 3741891, at *7; *Microunity Sys. Eng'g.*, Order, at 1.  In fact, the possibility of strategic claim narrowing based on Defendants' confidential information is exactly the kind of problem that necessitates the use of a prosecution bar.  In the absence of a prosecution bar on reexaminations, an attorney may intentionally or even inadvertently rely on confidential technical information disclosed in a lawsuit, avoiding new prior art with additional claims limitations that reflect confidential features in the defendant's products. [4]  Thus, counsel's representation of Eolas before the USPTO in a reexamination of a Patent-in-Suit, if allowed, would "implicate competitive decisionmaking

---

[4] Eolas suggests prohibiting its outside counsel from "prosecuting" a reexamination, but allowing that same outside counsel "participate in" the reexamination.  Without further explanation, there is no practical distinction between "prosecuting" and "participating in."  The risk to Defendants remains the same.

related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation." *In re Deutsche Bank*, 605 F.3d at 1381.

The potential for injury, if any, to Eolas from restrictions on its choice of litigation and prosecution counsel is remote. According to the Federal Circuit, a district court should consider "the extent and duration of counsel's past history in representing the client before the PTO, the degree of the client's reliance and dependence on that past history, and the potential difficulty the client might face if forced to rely on other counsel for the pending litigation or engage other counsel to represent it before the PTO." *Id.* Eolas did not use its current litigation counsel during prosecution of the Patents-in-Suit, the reexamination proceedings, or the prior litigation involving one of the Patents-in-Suit. (Ex. B-1, B-2, B-3, B-4, B-5.) During the two previous reexaminations, Eolas used separate reexamination and litigation counsel, *neither of which was the McKool Smith law firm*. Eolas would not be harmed if required to rely, as it has in the past, on counsel other than its litigation counsel in the event of another reexamination of a Patent-in-Suit. For these reasons, Defendants respectfully request that the Court enter Defendants' version of the Prosecution Bar.

### 3. Argument with respect to disclosure of confidential information to other parties

#### a. Plaintiff's Argument

Defendants' proposal seeks to impose additional, and unwarranted, administrative and logistical restrictions which fall more heavily on Eolas than defendants. Eolas, and each of the defendants, have already agreed to be bound by the agreed provisions of the protective order. These agreed provisions already protect the Protected Material of each party and require all parties (regardless of which party made the disclosure) to treat the Protected Material as such (*see* Exhibit A at ¶¶ 2(h), 7-11), limit the use of Protected Material to purposes related to this litigation (*see id.* at ¶¶ 1(a), 6(a)), require each person who receives Protected Material to agree

to be bound by the protective order (*see id.* at ¶¶ 8-11), impose limitations on how Protected Material may be used (*see id.* at ¶ 6(a)), impose limitations on who can receive Protected Material (*see id.* at ¶¶ 8(b)-(c), 9(b)-(c), 10(b)-(c), 11(b)-(c)), and impose limitations on  how Protected Material may be used in Court (*see id.* at ¶ 17).   These protections are sufficient to protect the confidential information of one party if it is disclosed to another party.

The problem with defendants' proposal can be illustrated with an example.  If Eolas were to utilize one infringement expert to render an infringement report addressing the Protected Material of more than one defendant — and despite the fact that Eolas would already be required to designate the report under the proper level of confidentiality — Eolas would nonetheless be required to go through and redact on a defendant-by-defendant basis the Protected Material of the other defendants.  This would result in multiple versions of the same report.  But there is no reason to impose this burden because the report would already be designated under the proper level of confidentiality.  Therefore, even if the Protected Material of more than one defendant were included in the same expert report, the Protected Material would only be disclosed to persons already authorized to receive it (*e.g.* outside counsel and experts of the defendants) and subject to the other protections of the protective order.

As another example, some of the prior art produced by some of the defendants is marked as Protected Material.  If Eolas were to have its expert review and opine on this prior art, Eolas would be unable to provide its rebuttal expert report on validity issues to each defendant. Instead, Eolas would again be required to go through and redact on the prior art Protected Material before disclosing its rebuttal expert report to the other defendants — despite the fact that Eolas would already be required to designate the report under the proper level of confidentiality.   As was true in the earlier example, because the report would already be

designated under the proper level of confidentiality, the Protected Material would only be disclosed to persons already authorized to receive it (*e.g.* outside counsel and experts) and subject to the other protections of the protective order.

Defendants' professed concern that some are competitors with respect to each other ignores the reality that the protective order already has substantial safeguards built into it.  For example, Google and Oracle are engaged in other litigation where they are adverse to each other. Google's professed concern that Oracle may obtain and use its Protected Material in that case ignores that the already-agreed provisions limit the use of Protected Material to purposes related solely to this litigation.  Exhibit A at ¶¶ 1(a), 6(a).  Similarly, while Apple and Google may be competitors in technology, there is little risk that technical information disclosed by Apple in this case will make it into the hands of Google employees developing Google products.  This is because the already-agreed provisions of the protective order impose limitations on who can receive Protected Material.  *See id*. at ¶¶ 8(b)-(c), 9(b)-(c), 10(b)-(c), 11(b)-(c).

In light of the substantial protections already afforded by the agreed portions of the protective order, defendants' proposal introduces additional and unwarranted limitations which fall disproportionately on Eolas.  Eolas' proposal should therefore be adopted.

### b.  Defendants' Argument

Defendants respectfully request that the Court enter their proposed language for Paragraph 1(b) of the Proposed Protective Order.  Defendants do not wish to impose any unnecessary or unreasonable burdens on Plaintiff.  Rather, Defendants seek to avoid the unnecessary and harmful disclosure of one Defendant's Protected Material to another Defendant, a significant concern given that many of the twenty-two Defendants in this case are direct competitors in technology markets at issue in this case and will likely be adverse to each other in

future cases.  (For example, Defendants Oracle-Sun and Google are currently engaged in a patent infringement suit in California.)  Defendants' proposed language addresses these concerns while minimizing Plaintiff's potential administrative burdens.  Plaintiff's decision to sue twenty-two defendants in one action should not mean that it can freely and unilaterally disseminate a defendant's confidential information to the other twenty-one parties when it is convenient.

Defendants' approach is reasonable and flexible, requiring only that Plaintiff use "reasonable efforts" to avoid the disclosure of one Defendant's Protected Material to another Defendant.  To the extent any such efforts would impose undue burdens on Plaintiff, several additional provisions would apply depending on the intended method of disclosure:

- First, Plaintiff and Defendants already agreed that pursuant to Paragraph 17(c), Plaintiff should notify a Defendant if it intends to use its Protected Material at a pre-trial hearing if such Material was not attached as an exhibit to any briefing, and  Paragraph 17(c) further requires the parties to meet-and-confer prior to trial concerning Plaintiff's intended use of a Defendant's Protected Material at trial.   Paragraph 17(c) also emphasizes that "it is the burden of the Producing Party whose documents or materials are being used to make arrangements with the Court to ensure that its Protected Material remains confidential."

- Second, to the extent Plaintiff intends to disclose Protected Material at a deposition, Plaintiff need only provide sufficient notice so that a Defendant whose Protected Material will be disclosed has a fair opportunity to object to the presence of any other Defendant at the deposition.  This requirement is therefore similar to the already agreed upon requirements of Paragraph 17(c), which relates to hearings and trials but not depositions.

- Third, to the extent Plaintiff intends to make such a disclosure through any written means (*e.g.,* pleadings, expert reports, discovery requests), Defendants' proposal merely requires

that Plaintiff meet-and-confer with the Defendant whose Protected Material will be

disclosed to discuss appropriate procedures for making such a disclosure, and in reaching

an agreement, the parties must weigh the harm to Defendant resulting from unnecessary

disclosure against the administrative burdens on Plaintiff in avoiding that disclosure.

None of these provisions, which refer to or are based on other agreed-upon provisions, or merely

require that the parties meet-and-confer, impose any undue hardship on Plaintiff.

Plaintiff takes the position that Defendants' proposal is not needed in view of the

remainder of the Proposed Protective Order, which Plaintiff believes already addresses any

concerns Defendants' might have.  Defendants disagree.  For example, while Paragraph 17(c)

may address disclosures at pre-trial hearings and trial, it does not extend to depositions.  In

addition, while Paragraphs 1(a) and 6(a) prohibit the use of Protected Material for purposes other

than litigating the present case, Defendants' need safeguards for the same reasons described with

respect to the prosecution bar.  *See FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980)

(quoted in *In re Deutsche Bank*, 605 F.3d at 1378) ("[I]t is very difficult for the human mind to

compartmentalize and selectively suppress information once learned, no matter how well-

intentioned the effort may be to do so.").

Defendants believe that their proposal provides a fair and reasonable balance between

Plaintiff's and Defendants' interests.  It represents a compromise between Plaintiff's proposal

and the language previously included in Paragraph 1(b).  Defendants' proposal would not impose

burdens on Plaintiff any greater than what Plaintiff has already agreed to elsewhere in the

Proposed Protective Order.  Though not ideal to Defendants, Defendants believe that their

proposal provides adequate protection.  Defendants therefore respectfully request that the Court

adopt Defendants' proposed language for Paragraph 1(b) of the Proposed Protective Order.

DATED:  September 3, 2010

Respectfully submitted,

/s/ Mike McKool *(with permission by Michael E. Jones)*

Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Luke McLeroy
Texas State Bar No. 24041455
lmcleroy@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

*Attorneys for Plaintiff Eolas Technologies, Inc.*

By:   /s/ Jason W. Wolff *(with permission by Michael E. Jones)*

David J. Healey
   <Healey@fr.com>
FISH & RICHARDSON P.C.
1 Houston Center
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone:   (713) 654-5300
Facsimile:   (713) 652-0109

OF COUNSEL:

Frank E. Scherkenbach
   <Scherkenbach@fr.com>
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone:   (617) 542-5070
Facsimile:   (617) 542-8906

Jason W. Wolff
   <Wolff@fr.com>
Joseph P. Reid *(pro hac vice)*
   <Reid@fr.com>
FISH & RICHARDSON P.C.
12390 EI Camino Real
San Diego, CA 92130
Telephone:   (858) 678-5070
Facsimile:   (858) 678-5099

*Attorneys for Defendant Adobe Systems Inc.*

By:   /s/ Joseph H. Lee *(with permission by Michael E. Jones)*

Douglas Lumish (*pro hac vice*)
    &lt;doug.lumish@weil.com&gt;
Jared Bobrow (*pro hac vice*)
    &lt;jared.bobrow@weil.com&gt;
Joseph H. Lee (*pro hac vice*)
    &lt;joseph.lee@weil.com&gt;
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:      (650) 802-3000
Facsimile:      (650) 802-3100

Christian J. Hurt (Bar No. 24059987)
    &lt;christian.hurt@weil.com&gt;
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone:      (713) 546-5000
Facsimile:      (713) 224-9511

*Attorneys for Defendant and Counterclaimant Amazon.com, Inc.*

17

By:   /s/ Richard A. Cederoth *(with permission by Michael E. Jones)*

David T. Pritikin (*pro hac vice*)
    <dpritikin@sidley.com>
Richard A. Cederoth (*pro hac vice*)
    <rcederoth@sidley.com>
Shubham Mukherjee (*pro hac vice*)
    <smukherjee@sidley.com>
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
Telephone:     (312) 853-7000
Facsimile:     (312) 853-7036

Teague I. Donahey (*pro hac vice*)
    <tdonahey@sidley.com>
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California  94104
Telephone:     (415) 772-1200
Facsimile:     (415) 772-7400

Theodore W. Chandler (*pro hac vice*)
    <tchandler@sidley.com>
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:     (213) 896-6000
Facsimile:     (213) 896-6600

Duy D. Nguyen (*pro hac vice*)
    <ddnguyen@sidley.com>
SIDLEY AUSTIN LLP
1801 Page Mill Road, Suite 110
Palo Alto, California  94304
Telephone:     (650) 565-7000
Facsimile:     (650) 565-7100

Eric M. Albritton (Bar No. 00790215)
    <ema@emafirm.com>
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas  75606
Telephone:     (903) 757-8449
Facsimile:     (903) 758-7397

*Attorneys for Defendant and Counterclaimant Apple Inc.*

By:   /s/ Scott Breedlove *(with permission by Michael E. Jones)*

Scott Breedlove (Bar No. 00790361)
    < sbreedlove@velaw.com>
VINSON & ELKINS LLP
2001 Ross Ave
3700 Trammell Crow Center
Dallas, TX 75201-2975
Telephone:      (214) 220-7993
Facsimile:      (214) 999-7993

David Kent Wooten (Bar No. 24033477)
    < dwooten@velaw.com>
VINSON & ELKINS LLP
2500 First City Tower
1001 Fannin Street
Houston, TX 77002
Telephone:      (713) 758-2222
Facsimile:      (713) 615-5216

*Attorneys for Defendant and Counterclaimant Blockbuster Inc.*

By:   /s/ Thomas L. Duston *(with permission by Michael E. Jones)*

Thomas L. Duston *(pro hac vice)*
    <tduston@marshallip.com>
Anthony S. Gabrielson *(pro hac vice)*
    <agabrielson@marshallip.com>
Scott A. Sanderson *(pro hac vice)*
    <ssanderson@marshallip.com>
MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Telephone:  (312) 474-6300
Facsimile:    (312) 474-0448

Eric H. Findlay (Bar No. 00789886)
    <efindlay@findlaycraft.com>
Brian Craft (Bar No. 04972020)
    <bcraft@findlaycraft.com>
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703
Telephone:    (903) 534-1100
Facsimile:    (903) 534-1137

*Attorneys for Defendant and Counterclaimant CDW LLC*

By:   /s/ M. Scott Fuller *(with permission by Michael E. Jones)*

    Edwin R. DeYoung (Bar No. 05673000)
        <edeyoung@lockelord.com>
    Roy W. Hardin (Bar No. 08968300)
        <rhardin@lockelord.com>
    Roger Brian Cowie (Bar No. 00783886)
        <rcowie@lockelord.com>
    M. Scott Fuller (Bar No. 24036607)
        <sfuller@lockelord.com>
    Galyn Gafford (Bar No. 24040938)
        <ggafford@lockelord.com>
    LOCKE LORD BISSELL & LIDDELL LLP
    2200 Ross Avenue, Suite 2200
    Dallas, Texas 75201-6776
    Telephone:      (214) 740-8000
    Facsimile:       (214) 740-8800

    *Attorneys for Defendant Citigroup Inc.*

By:   /s/ Joseph H. Lee *(with permission by Michael E. Jones)*

    Douglas Lumish (*pro hac vice*)
        <doug.lumish@weil.com>
    Jared Bobrow (*pro hac vice*)
        <jared.bobrow@weil.com>
    Joseph H. Lee (*pro hac vice*)
        <joseph.lee@weil.com>
    WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
    Redwood Shores, CA 94065
    Telephone:      (650) 802-3000
    Facsimile:       (650) 802-3100

    Christian J. Hurt (Bar No. 24059987)
        <christian.hurt@weil.com>
    WEIL, GOTSHAL & MANGES LLP
    700 Louisiana, Suite 1600
    Houston, TX 77002
    Telephone:      (713) 546-5000
    Facsimile:       (713) 224-9511

    *Attorneys for Defendant and Counterclaimant eBay Inc.*

By:   /s/ Jeffrey F. Yee *(with permission by Michael E. Jones)*

Jeffrey K. Joyner (*pro hac vice*)
   <joynerj@gtlaw.com>
Jeffrey F. Yee (*pro hac vice*)
   <yeej@gtlaw.com>
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone:      (310) 586-7700
Facsimile:      (310) 586-7800

Christopher M. Joe (Bar No. 00787770)
   <chrisjoe@bjciplaw.com>
Brian Carpenter (Bar No. 03840600)
   <brian.carpenterb@bjciplaw.com>
Eric W. Buether (Bar No. 03316880)
   <eric.buethere@bjciplaw.com>
BUETHER JOE & CARPENTER, LLP
1700 Pacific, Suite 2390
Dallas, Texas 75201
Telephone:      (214) 466-1270
Facsimile:      (214) 635-1842

*Attorneys for Defendant and Counterclaimant Frito-Lay, Inc.*


By:   /s/ Neil J. McNabnay *(with permission by Michael E. Jones)*

Thomas M. Melsheimer (Bar No. 13922550)
   <txm@fr.com>
Neil J. McNabnay (Bar No. 24002583)
   <njm@fr.com>
J. Nicholas Bunch (Bar No. 24050352)
   <bunch@fr.com>
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone:      (214) 747-5070
Facsimile:      (214) 747-2091

*Attorneys for Defendant and Counterclaimant The Go Daddy Group, Inc.*

22

By:   /s/ Christopher C. Carnaval *(with permission by Michael E. Jones)*

Scott T. Weingaertner *(pro hac vice)*
    <sweingaertner@kslaw.com>
Robert F. Perry *(pro hac vice)*
    <rperry@kslaw.com>
Christopher C. Carnaval *(pro hac vice)*
    <ccarnaval@kslaw.com>
Mark H. Francis *(pro hac vice)*
    <mfrancis@kslaw.com>
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222


Michael E. Jones (Bar No. 10929400)
    <mikejones@potterminton.com>
Allen F. Gardner (Bar No. 24043679)
    <allengardner@potterminton.com>
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone:    (903) 597-8311
Facsimile:    (903) 593-0846

*Attorneys for Defendant Google Inc.*

By:   /s/ Jeffrey F. Yee *(with permission by Michael E. Jones)*

Jeffrey K. Joyner (*pro hac vice*)
   <joynerj@gtlaw.com>
Jeffrey F. Yee (*pro hac vice*)
   <yeej@gtlaw.com>
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone:     (310) 586-7700
Facsimile:     (310) 586-7800

Christopher M. Joe (Bar No. 00787770)
   <chrisjoe@bjciplaw.com>
Brian Carpenter (Bar No. 03840600)
   <brian.carpenterb@bjciplaw.com>
Eric W. Buether (Bar No. 03316880)
   <eric.buethere@bjciplaw.com>
BUETHER JOE & CARPENTER, LLP
1700 Pacific, Suite 2390
Dallas, Texas 75201
Telephone:     (214) 466-1270
Facsimile:     (214) 635-1842

*Attorneys for Defendant and Counterclaimant
J.C. Penney Company, Inc.*

By:   /s/ Joel M. Freed *(with permission by Michael E. Jones)*

Joel M. Freed *(pro hac vice)*
    <jfreed@mwe.com>
Stephen K. Shahida
    <sshahida@mwe.com>
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC 20005-3096
Telephone:    (202) 756-8327
Facsimile:    (202) 756-8087

Trey Yarbrough (Bar No. 22133500)
    <trey@yw-lawfirm.com>
Debra Elaine Gunter (Bar No. 24012752)
    <debby@yw-lawfirm.com>
YARBROUGH WILCOX, PLLC
100 E. Ferguson Street
Ste 1015
Tyler, TX 75702
Telephone:    (903) 595-3111
Facsimile:    (903) 595-0191

*Attorneys for Defendant and Counterclaimant JPMorgan Chase & Co.*

By:   /s/ Michael Simons *(with permission by Michael E. Jones)*

Michael Simons (Bar No. 24008042)
    <msimons@akingump.com>
AKIN GUMP STRAUSS HAUER & FELD LLP
300 West 6th Street, Suite 2100
Austin, Texas 78701
Telephone:    (512) 499-6253
Facsimile:    (512) 499-6290

*Attorney for Defendant New Frontier Media, Inc.*

By:   /s/ Brett E. Bachtell *(with permission by Michael E. Jones)*
_____

Kenneth J. Jurek
    <kjurek@mwe.com>
Suzanne M. Wallman
    <swallman@mwe.com>
Brett E. Bachtell
    <bbachtell@mwe.com>
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700

David M. Stein (Bar No. 00797494)
    <dstein@mwe.com>
MCDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 500
Irvine, California 92612-7108
Telephone:     (949) 851-0633
Facsimile:     (949) 851-9348

J. Thad Heartfield (Bar No. 09346800)
    <thad@jth-law.com>
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone:     (409) 866-3318
Facsimile:     (409) 866-5789

*Attorneys for Defendant and Counterclaimant Office Depot, Inc.*

By:   /s/ Douglas M. Kubehl *(with permission by Michael E. Jones)*

Barton E. Showalter (Bar No. 00788408)
   <bart.showalter@bakerbotts.com>
Douglas M. Kubehl (Bar No. 00796909)
   <doug.kubehl@bakerbotts.com>
David O. Taylor (Bar No. 24042010)
   <david.taylor@bakerbotts.com>
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone:      (214) 953-6500
Facsimile:      (214) 953-6503

*Attorneys for Defendant and Counterclaimant Perot Systems Corp.*

By:   /s/ Gentry C. McLean *(with permission by Michael E. Jones)*

David B. Weaver (Bar No. 00798576)
   <dweaver@velaw.com>
Avelyn M. Ross (Bar No. 24027871)
   <aross@velaw.com>
Gentry C. McLean (Bar No. 24046403)
   <gmclean@velaw.com>
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Tel: (512) 542-8400
Fax: (512) 236-3218

*Attorneys for Defendant Playboy Enterprises International, Inc.*

By:   /s/ Jeffrey F. Yee *(with permission by Michael E. Jones)*

Jeffrey K. Joyner (*pro hac vice*)
    <joynerj@gtlaw.com>
Jeffrey F. Yee (*pro hac vice*)
    <yeej@gtlaw.com>
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California 90404
Telephone:   (310) 586-7700
Facsimile:   (310) 586-7800

Christopher M. Joe (Bar No. 00787770)
    <chrisjoe@bjciplaw.com>
Brian Carpenter (Bar No. 03840600)
    <brian.carpenterb@bjciplaw.com>
Eric W. Buether (Bar No. 03316880)
    <eric.buethere@bjciplaw.com>
BUETHER JOE & CARPENTER, LLP
1700 Pacific, Suite 2390
Dallas, Texas 75201
Telephone:   (214) 466-1270
Facsimile:   (214) 635-1842

*Attorneys for Defendant and Counterclaimant Rent-A-Center, Inc.*

By:   /s/ Daniel V. Williams *(with permission by Michael E. Jones)*

Mark G. Matuschak (*pro hac vice*)
    <mark.matuschak@wilmerhale.com>
Donald R. Steinberg (*pro hac vice*)
    <donald.steinberg@wilmerhale.com>
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone:      (617) 526-6000
Facsimile:      (617) 526-5000

Kate Hutchins (*pro hac vice*)
    <kate.hutchins@wilmerhale.com>
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10011
Telephone:      (212) 230-8800
Facsimile:      (212) 230-8888

Daniel V. Williams, (*pro hac vice*)
    <daniel.williams@wilmerhale.com>
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:      (202) 663-6000
Facsimile:      (202) 663-6363

Michael E. Richardson (Bar No. 24002838)
    <mrichardson@brsfirm.com>
BECK REDDEN & SECREST
1221 McKinney, Suite 4500
Houston, TX 77010
Telephone:      (713) 951-6284
Facsimile:      (713) 951-3720

*Attorneys for Defendant Staples, Inc.*

By:   /s/ Kathryn B. Riley *(with permission by Michael E. Jones)*

Mark D. Fowler *(pro hac vice)*
   <mark.fowler@dlapiper.com>
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone:    (650) 833-2000
Facsimile:    (650) 833-2001

Kathryn B. Riley (*pro hac vice*)
   <kathryn.riley@dlapiper.com>
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101
Telephone:    (619) 699-2700
Facsimile:    (619) 764-6692

Eric H. Findlay (Bar No. 00789886)
   <efindlay@findlaycraft.com>
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703
Telephone:    (903) 534-1100
Facsimile:    (903) 534-1137

*Attorneys for Defendant and Counterclaimant Oracle America, Inc. (formerly known as Sun Microsystems, Inc.)*

By:   /s/ Amanda A. Abraham *(with permission by Michael E. Jones)*

Carl R. Roth (Bar No. 17312000)
    <cr@rothfirm.com>
Brendan C. Roth (Bar No. 24040132)
    <br@rothfirm.com>
Amanda A. Abraham (Bar No. 24055077)
    <aa@rothfirm.com>
THE ROTH LAW FIRM, P.C.
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone:    (903) 935-1665
Facsimile:    (903) 935-1797

*Attorneys for Defendant  and Counterclaimant Texas Instruments Incorporated*


By:   /s/ Joseph H. Lee *(with permission by Michael E. Jones)*

Douglas Lumish *(pro hac vice)*
    <doug.lumish@weil.com>
Jared Bobrow *(pro hac vice)*
    <jared.bobrow@weil.com>
Joseph H. Lee *(pro hac vice)*
    <joseph.lee@weil.com>
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:    (650) 802-3000
Facsimile:    (650) 802-3100

Christian J. Hurt (Bar No. 24059987)
    <christian.hurt@weil.com>
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone:    (713) 546-5000
Facsimile:    (713) 224-9511

*Attorneys for Defendant  and Counterclaimant Yahoo! Inc.*

By:   /s/ Christopher C. Carnaval *(with permission by Michael E. Jones)*

Scott T. Weingaertner *(pro hac vice)*
    <sweingaertner@kslaw.com>
Robert F. Perry *(pro hac vice)*
    <rperry@kslaw.com>
Christopher C. Carnaval *(pro hac vice)*
    <ccarnaval@kslaw.com>
Mark H. Francis *(pro hac vice)*
    <mfrancis@kslaw.com>
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222


Michael E. Jones (Bar No. 10929400)
    <mikejones@potterminton.com>
Allen F. Gardner (Bar No. 24043679)
    <allengardner@potterminton.com>
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
Telephone:    (903) 597-8311
Facsimile:    (903) 593-0846

*Attorneys for Defendant YouTube, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class U.S. mail on this 3rd day of September 2010.

*/s/ Michael E. Jones* _____

## CERTIFICATE OF CONFERENCE

I certify that the parties have met on several occasions and conferred in good faith in an attempt to reach an agreement regarding the terms of the proposed Protective Order. The parties were unable to reach such an agreement. Accordingly, the parties jointly file this Motion for Entry of a Protective Order.

*/s/ Christopher C. Carnaval (with permission by Michael E. Jones)*