# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| Eolas Technologies Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:09-cv-446 (LED) |
| | § | |
| Adobe Systems Inc., et al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

### PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1.     Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.     The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.     Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret

nature of such Confidential Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

## 1.      **PURPOSES AND LIMITATIONS**

(a)      Protected Material designated under the terms of this Order shall be used by a Receiving Party solely for this litigation, and shall be used only for purposes of litigating this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)      Subject to the provisions of Paragraph 22(a), no Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production.

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| Plaintiff may disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the prior written consent of the Defendant that produced the Protected Material, provided that Plaintiff marks such disclosure with the same confidentiality designation as utilized by the disclosing party and provided that Plaintiff follows the | Notwithstanding the provisions of this Protective Order, and subject to the provisions of Paragraph 22(a), Plaintiff shall in good faith use reasonable efforts to avoid disclosing a Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means. In the event that such disclosure can not be avoided without undue burden on Plaintiff, the following shall |

2

| | |
|---|---|
| provisions of Paragraph 22(a). | apply: (i) If Plaintiff intends to disclose a Defendant's Protected Material through oral argument in Court at a pre-trial hearing, or during the course of trial, Paragraph 17(c) shall apply; (ii) If Plaintiff intends to disclose a Defendant's Protected Material through deposition, Plaintiff shall notify Defendants sufficiently in advance of such deposition to ensure that the Defendant whose Protected Material may be disclosed has a fair opportunity to object to the presence of any other Defendant or Defendants at the deposition; (iii) If Plaintiff intends to disclose a Defendant's Protected Material through Court filings, expert reports, discovery requests, discovery responses, or any other means, Plaintiff and the Defendant whose Protected Material will be disclosed shall meet and confer to discuss appropriate procedures for preventing unnecessary and potentially harmful disclosure of such Protected Material on certain other Defendants while reducing any |

3

| | administrative burdens on Plaintiff. |
|---|---|

(c)     The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery.  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other parties that it is withdrawing or changing the designation.

2.     **<u>DEFINITIONS</u>**

(a)     "Confidential Source Code" means information (regardless of how generated, stored, or maintained) or tangible things that constitute confidential, proprietary, and/or trade secret Source Code.

(b)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

(c)     "Open Source Code" means information (regardless of how generated, stored, or maintained) or tangible things that consist entirely of publicly available Source Code that may be subject to the terms of any applicable open-source licenses, including but not limited to those licenses identified in Paragraph 12 of this Order.

(d)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates, employees, and staff of such counsel to whom

it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks, or (iii) independent attorneys contracted to assist outside counsel in connection with this action. Outside Counsel does not include attorneys who are employees of any Party or any affiliate of any Party.

(e)     "Patents-in-Suit" means U.S. Patent Nos. 5,838,906 ("the '906 patent") and 7,599,985 ("the '985 patent"), and any other patent asserted in this litigation, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(f)     "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel.

(g)     "Producing Party" means any Party or other third-party entity who discloses or produces any Discovery Material in this action.

(h)     "Protected Material" means any Discovery Material that is designated as "Confidential," "Confidential –Attorneys' Eyes Only," "Confidential –Attorneys' Eyes Only – Source Code," "Confidential –Attorneys' Eyes Only – Restricted," or "Open Source Code" as provided for in this Order.

(i)     "Receiving Party" means any Party who receives Discovery Material.

(j)     "Source Code" means computer code, formulas, engineering specifications, or schematics that defines or otherwise describe in detail the algorithms or structure of software or hardware designs. Source code includes computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings

and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and similarly sensitive implementation details.

(k)     "Technical Protected Material" means any Protected Material that discloses, directly or indirectly, any design, development, structure, function, operation, manufacture, testing, or use of any software or hardware product.

### 3.   COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a) and 6(e), as modified by the Local Rules for the Eastern District of Texas.

### 4.   SCOPE

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in Court or in other settings that might reveal Protected Material.

(b)     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing, provided the Party complies with Section 17 herein.

6

(d)     This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.     **PATENT PROSECUTION BAR**

(a)     <u>In General</u>.  Any Technical Protected Material is automatically subject to a prosecution bar.   Any person who reviews or otherwise learns the contents of Technical Protected Material produced by another Party may not participate, directly or indirectly, in the prosecution of any patent claims on behalf of any party, whether party to this action or not (other than on behalf of the party who produced the Technical Protected Material at issue), claiming the subject matter disclosed in the Patents-in-Suit from the time of receipt of such information through and including one (1) year following the entry of a final non-appealable judgment or order or the complete settlement of all claims against the Party or Parties whose Technical Protected Material was received or reviewed.

(b)     <u>Reexamination</u>.

| Plaintiff's Proposal | Defendants' Proposal |
|---|---|
| Because patent claims cannot be broadened during a reexamination, a reexamination of the Patents-in-Suit shall not trigger the patent prosecution bar of Section 5(a) above. | For purposes of this section, and for the avoidance of doubt, a reexamination of a Patent-in-Suit shall be deemed a prosecution of a patent claiming the subject matter disclosed in the Patents-in-Suit, and, accordingly, the prosecution bar contained in Paragraph 5(a) shall apply to any such reexamination. |

7

**6.      ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)      <u>Basic Principles</u>.  Protected Material shall be kept within the continental United States.  At no time shall Protected Material, whether in paper or electronic format or otherwise, be permitted to leave the continental United States.  Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution (including reexamination) or acquisition, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.  Notwithstanding this paragraph and Section 5, above, nothing in this Order shall be construed to prevent any individual from engaging in the mere activity of providing prior art references to an attorney prosecuting any Patent-in-Suit.

(b)      <u>Secure Storage</u>. Protected Material must be stored and securely maintained in the continental United States by a Receiving Party at a location controlled by the Receiving Party in a manner that ensures that access is limited to the persons authorized under this Order.

(c)      <u>Legal Advice Based on Protected Material</u>. Nothing in this Order shall be construed to prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose, summarize, or otherwise convey the meaning or contents of the Protected Material itself except as provided in this Order.

(d)    Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; or (e) pursuant to Order of the Court.

7.    **DESIGNATING PROTECTED MATERIAL**

(a)    Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL –ATTORNEYS' EYES ONLY," "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE," "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED," or "OPEN SOURCE CODE."

(b)    Written Discovery and Documents and Tangible Things.  Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on at least the cover page of the written material prior to production.  Other tangible things not produced in documentary form may be designated by affixing the appropriate designation on a cover page for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored.  In the event that original

9

documents that do not constitute Confidential Source Code or Restricted Material are produced for inspection, the Producing Party may produce the documents for inspection under a temporary designation communicated in writing by the Producing Party, provided that the documents are re-designated as necessary by placing the appropriate legend on the documents during the copying process.   Regarding documents and tangible things that constitute Confidential Source Code or Restricted Material, such documents and things shall be inspected, designated, and produced according to the provisions of Paragraph 13 herein.

    (c) <u>Depositions and Testimony</u>.   Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.   All information disclosed during a deposition shall be deemed CONFIDENTIAL –ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material.   In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order.   In the event the deposition is videotaped or recorded by other video means, the original and all copies of the videotape or other video media shall be marked by the video technician to indicate that the contents of the videotape or other video media are subject to this Order, (*e.g.* by including a label on the videotape or other video media which contains the appropriate confidentiality designation). Counsel for any Producing Party shall have the right to exclude from oral depositions, other

than the deponent, deponent's counsel, the questioning counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(d)     Information Not Reduced to Any Physical Form.  For information not reduced to any documentary, tangible, or physical form, or which cannot be conveniently designated as set forth in Paragraphs 7(b) or 7(c) above, the Producing Party must inform the Receiving Party of the designation of such information in writing.

## 8.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)     A  Producing  Party  may  designate  Discovery  Material  as "CONFIDENTIAL" if it contains or reflects confidential, proprietary and/or commercially sensitive information.

(b)     Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel;

(ii)    Subject to section (c) of this paragraph, up to two (2) in-house counsel for the Receiving Party (including in-house counsel for any parent companies of the Receiving Party) with responsibility for managing this litigation, to whom disclosure is reasonably necessary for this litigation, and who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

11

(iii)     Any expert or consultant, and their necessary support personnel, retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 14(b) below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

(v)     The Court, jury, and Court personnel (under seal or with other suitable precautions determined by the Court);

(vi)     Graphics, translation, design, and/or trial consulting services  by a Party to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

(vii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)     Any other person with the prior written consent of the Producing Party.

(c)     Notwithstanding section (b)(ii) of this paragraph, Discovery Material designated as "CONFIDENTIAL" by a Defendant Producing Party may not be disclosed to the

in-house counsel of any Defendant Receiving Party (including in-house counsel for any affiliates of that Defendant Receiving Party) without written consent of the Defendant Producing Party.

(d)     A Receiving Party may disclose arguments and materials derived from a Producing Party's Discovery Material designated as "CONFIDENTIAL" (e.g., summaries or abstractions) to mock jurors who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other party).   A Receiving Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, originals or copies of as-produced documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL."   A Receiving Party making a disclosure under this sub-paragraph shall use all reasonable efforts to ensure that the identity of the Producing Party whose Discovery Material is being disclosed is not revealed.

## 9.     DISCOVERY MAT ERIAL DESIGNAT ED AS "   CONFIDENTIAL – ATTORNEYS'                    EYES ONLY"

(a)     A   Producing   Party   may   designate   Discovery   Material   as "CONFIDENTIAL –ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.   The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information,

sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)   Discovery Material produced in this case with a designation of "HIGHLY CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" shall be treated as if such documents and things were designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Protective Order.

(c)   Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)   The Receiving Party's Outside Counsel;

(ii)   Any expert or consultant, and their necessary support personnel, retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 14(b) below;

(iii)   Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

(iv)   The Court, jury, and court personnel (under seal or with other suitable precautions determined by the Court);

14

(v)      Graphics, translation, design, and/or trial consulting services retained by a Party to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order;

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)    Any other person with the prior written consent of the Producing Party.

(d)      A Receiving Party may disclose arguments and materials derived from a Producing Party's Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (e.g., summaries or abstractions) to mock jurors who have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms and conditions of this Order (said signed acknowledgement for mock jurors need not be provided to counsel for any other party).  A Receiving Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, originals or copies of as-produced documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  A Receiving Party making a disclosure under this sub-paragraph shall use all reasonable efforts to ensure that the identity of the Producing Party whose Discovery Material is being disclosed is not revealed.

**10.    DISCOVERY MAT ERIAL DESIGNAT ED AS "CONFIDE    NTIAL -
ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)    A Producing Party may designate Discovery Materials as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes Confidential Source Code.

(b)    Nothing in this Order shall be construed as a representation or admission that Confidential Source Code is properly discoverable in this action, or to obligate any party to produce any Confidential Source Code.

(c)    Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 13 below, and may be disclosed, subject to Paragraph 13 below, solely to:

(i)    The Receiving Party's Outside Counsel;

(ii)    For the Confidential Source Code of any one Producing Party, up to four (4) outside experts or consultants, and their necessary support personnel retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) each such person, including his or her staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, (b) each such person, including his or her staff, has specifically been identified as eligible to access Confidential Source Code under Paragraph 14(b) below, and (c) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 14(b) below.  To the extent the Receiving Party seeks to have additional experts or consultants obtain access to a particular Producing Party's Confidential Source Code, the Parties shall meet and confer in good faith;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

(iv)    The Court, jury, and court personnel (under seal or with suitable precautions determined by the Court);

(v)    Graphics and design services to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order; and

(vi)    Any other person with the prior written consent of the Producing Party.

## 11.    DISCOVERY MAT  ERIAL DESIGNAT  ED AS "CONFIDE      NTIAL - ATTORNEYS'              EYES ONLY - RESTRICTED"

(a)    In limited circumstances, and only where the disclosure of information implicates national security and/or law enforcement concerns, and only upon prior written agreement of both the Producing Party and the Receiving Party, Discovery Material that comprises or includes extremely confidential and/or sensitive information may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED."  Any Discovery Material falling within this category shall be referred to herein as "Restricted Material."

(b)    Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY - RESTRICTED" shall be subject to the provisions set forth in Paragraph 13 below, and may be disclosed, subject to Paragraph 13 below, solely to:

(i)    The Receiving Party's Outside Counsel;

17

(ii)     For the Restricted Material of any one Producing Party, up to four (4) outside experts or consultants, and their necessary support personnel, retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) each such person, including his or her staff, is a citizen of the United States of America; (b) each such person, including his or her staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, (c) each such person, including his or her staff, has specifically been identified as eligible to access Restricted Material under Paragraph 14(b) below, and (d) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 14(b) below.  To the extent the Receiving Party seeks to have additional experts or consultants obtain access to a particular Producing Party's Restricted Material, the Parties shall meet and confer in good faith;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

(iv)    The Court, jury, and court personnel (under seal or with suitable precautions determined by the Court);

(v)    Graphics and design services to whom disclosure is reasonably necessary for this litigation, provided that each such person, including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order; and

(vi)    Any other person with the prior written consent of the Producing

Party.

### 12.    DISCOVERY M ATERIAL DESIGNAT ED AS "OPEN S OURCE CODE"

The use of any Open Source Code contained within documents or other things designated

as "OPEN SOURCE CODE" may be subject to the terms of any applicable Open Source Code

licenses, including but not limited to the Berkeley Software Distribution ("BSD") License, the

Massachusetts Institute of Technology ("MIT") License, the GNU Lesser General Public License

("LGPL"), the Microsoft Public License ("Ms-PL"), and the Mozilla Public License

("MPL")/GNU General Public License ("GPL")/LGPL tri-license, but shall otherwise be used as

any other publicly available information would be used during the ordinary course of litigation.

### 13.    DISCLOSURE AND RE VIEW OF  CONFIDENTIAL SOURCE CODE AND RESTRICTED MATERIAL

(a)    Any Confidential Source Code or Restricted Material that a Producing

Party produces shall be made available for inspection in electronic format at a single, secure site

at the Producing Party's discretion, either (i) an office of its Outside Counsel, (ii) an office of the

Producing Party, or (iii) at another location mutually agreed by the Parties.  Each Producing

Party shall make their relevant Confidential Source Code or Restricted Material available for

inspection no later than the date specified in the Joint Agreed Discovery Order, as modified by

the July 15, 2010 Order Granting Motion for Extension of Time to Complete Discovery, unless

otherwise agreed to between the Producing Party and Receiving Party.  Should the Receiving

Party identify, in writing, additional relevant Confidential Source Code or Restricted Material

not previously made available for inspection by a Producing Party, the Producing Party shall

have twenty-one (21) days from the identification of such additional relevant Confidential Source Code or Restricted Material to make it available for inspection, unless otherwise agreed.

(b)     Confidential Source Code that is designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" and Restricted Material that is designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY - RESTRICTED" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Confidential Source Code and Restricted Material shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Confidential Source Code or Restricted Material outside or away from the computer on which the Confidential Source Code or Restricted Material is provided for inspection (the "Source Code Computer").  The Source Code Computer will be made available for inspection during regular business hours (*e.g.*, 9 am to 5 pm), unless otherwise agreed by the parties.  The Producing Party shall install tools that are sufficient for viewing and searching the Confidential Source Code or Restricted Material produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's Outside Counsel and/or experts may request that commercially available software tools for viewing and searching Confidential Source Code or Restricted Material be installed on the Source Code Computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to

20

perform its review of the Confidential Source Code or Restricted Material consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the software tools available for use on the Source Code Computer.

(ii)   The Producing Party may not configure its Confidential Source Code or Restricted Material in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Confidential Source Code or Restricted Material or allows the Producing Party to monitor the Receiving Party's inspection (*e.g.*, key logging, video capture, etc.).

(iii)   No recording devices, recordable media or other electronic devices (including but not limited to sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, BlackBerry® devices, Dictaphones, or telephone jacks) will be permitted inside the Confidential Source Code and Restricted Material review room.   Nor shall any non-electronic devices capable of similar functionality be permitted inside the Confidential Source Code and Restricted Material review room.

(iv)   The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Confidential Source Code or Restricted Material.  Any such notes shall be subject to the provisions of sub-paragraph 13(c)(x), below.

(v)   The Producing Party shall allow printing of paper copies of Confidential Source Code or Restricted Material at the time of inspection by the Receiving Party.

21

The Producing Party shall make available a printer and a reasonable amount of paper for use with the printer.  The Receiving Party shall only print those limited portions of the code specifically necessary to a specific case preparation activity.  To the extent reasonably practicable, the Receiving Party shall include on each printed page an identification of the file name, file path, and any other identifying information necessary to identify each portion of code printed; otherwise, the Receiving Party shall keep a log that correlates each page printed with such identifying information.  At the conclusion of each review session conducted by the Receiving Party, the pages printed by the Receiving Party shall be collected by the Producing Party.  The Producing Party shall thereafter Bates number, copy, and label "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party.  If the Producing Party objects that the printed portions are excessive and/or not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within two (2) business days.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution within five (5) business days of the conclusion of the meet and confer process of whether the printed source code in question is excessive and/or not reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the Producing Party shall provide one (1) copyset of such pages to the Receiving Party within two (2) business days and shall retain one (1) copyset.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)     All persons who will review a Producing Party's Confidential Source Code or Restricted Material on behalf of a Receiving Party shall be identified in writing to the Producing Party in conjunction with any written request to inspect Confidential Source Code or Restricted Material and no less than five (5) business days in advance of any such inspection.  Such identification shall be in addition to any disclosure required under Paragraph 14 of this order. All persons viewing Confidential Source Code or Restricted Material shall, each day they view Confidential Source Code or Restricted Material, sign a log that will include the names of persons who enter the locked room to view the Confidential Source Code or Restricted Material and when they first enter and finally depart on a given day.  The Producing Party shall be entitled to receive a copy of the log.

(vii)     Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

(viii)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Confidential Source Code or Restricted Material from the Source Code Computer including, without limitation, copying, removing, or transferring the Confidential Source Code or Restricted Material onto any other computers or peripheral equipment.  The Receiving Party will not transmit any Confidential Source Code or Restricted Material in any way from the location of the Confidential Source Code or Restricted Material inspection.

(ix)	The Receiving Party's Outside Counsel may make no more than three (3) paper copies of any page of the Confidential Source Code or Restricted Material received from a Producing Party pursuant to Paragraph 13(c)(v), not including copies attached to Court filings or used at depositions.  To the extent the Receiving Party seeks to make additional paper copies of a particular Producing Party's Confidential Source Code or Restricted Material, the Parties shall meet and confer in good faith.  Electronic copies of Confidential Source Code or Restricted Material may not be made without prior written consent of the Producing Party, except to the extent necessary to e-file a document with the Court (subject to section 17, below).  In no event may copies of Confidential Source Code or Restricted Material be scanned using optical character recognition ("OCR") or similar technology.

(x)	The Receiving Party's Outside Counsel and any person receiving a copy of any Confidential Source Code or Restricted Material, or notes related to such Confidential Source Code or Restricted Material, shall maintain and store any paper copies of the Confidential Source Code or Restricted Material, or notes, in the United States, at their place of work, in a manner that prevents duplication of or unauthorized access to the Confidential Source Code or Restricted Material, or notes, including, without limitation, storing the Confidential Source Code or Restricted Material, or notes, in a locked room or cabinet at all times when it is not in use.  Any paper copies of such Confidential Source Code or notes related to such Confidential Source Code shall be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."  Any paper copies of such Restricted Material or notes related to such Restricted Material shall be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED."

24

(xi)     All cumulative paper or electronic copies of Confidential Source Code or Restricted Material shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition).  Copies of Confidential Source Code or Restricted Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xii)    Images or copies of Confidential Source Code or Restricted Material shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.

(c)     Access to and review of Confidential Source Code or Restricted Material shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case and shall occur in the United States.  No person shall review or analyze any Confidential Source Code or Restricted Material for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing Confidential Source Code or Restricted Material in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation.

14.    **NOTICE OF DISCLOSURE**

(a)     Experts or consultants receiving Protected Material shall not be a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party.

(b)     Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 8(b)(vi), 9(c)(ii), 9(c)(iii), 9(c)(vi), 10(c)(ii), 10(c)(v), 11(c)(ii), or 11(c)(v) ("Person"), the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes:  (i) the name, residence address, and country of citizenship of the Person; (ii) the present employer and title of the Person; and for any Person described in Paragraphs 8(b)(iii), 9(c)(iii), 10(c)(ii), or 11(c)(ii), (iii) an up-to-date curriculum vitae of the Person, including but not limited to an identification of all the Person's past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; (iv) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years; and (v) an identification of any patents or applications for patents in which the Person is identified as an inventor or applicant, in which the Person is involved in the prosecution or maintenance thereof, or in which the Person has any pecuniary interest.  The party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.

(c)     Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  Any such objection must set forth in detail the grounds on which it is based.  The objecting Party's consent to a Person shall not be unreasonably withheld.  In the absence of an objection at the end of the ten (10) day period, the person shall be deemed approved under this Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.  If

the Producing Party objects to disclosure to the Person within such ten (10) day period, the parties shall meet and confer via telephone or in person within three (3) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials of the objecting party shall not be disclosed to the Person  in question until the objection is resolved by the Court.

(d)     Failure to initially object to a Person shall not preclude a party from later objecting to continued access by that Person for good cause.  If an objection is made, the parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The Person may continue to have access to information that was provided such Person prior to the date of the objection.  If an objection is made, however, no further Protected Material shall be disclosed to the Person until the matter is resolved by the Court or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

(e)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the proposed Person will, advertently or inadvertently, use or disclose

Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(f)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

## 15.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall particularly identify the grounds for the objection.   Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.   The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.   The Parties' entry into this Order shall not preclude or prejudice any Party from arguing for or against any designation, establish any

28

presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Producing Party that designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### 16.    <u>SUBPOENAS OR COURT ORDERS</u>

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Producing Party with an opportunity to move for a protective order regarding the production of confidential materials.  If a Producing Party does not take steps to prevent disclosure of such documents within fourteen (14) days of the date written notice is given, the Party to whom the subpoena or other request is directed may produce such documents in response thereto.

### 17.    <u>FILING AND USE OF PROTECTED MATERIAL IN COURT</u>

(a)    Absent written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)     Notwithstanding the foregoing, any Party is authorized under E.D. Tex. L.R. CV-5(a)(7) to file under seal with the Court in this proceeding any brief, document or materials that are designated as Protected Material under this Order.

(c)     Where Protected Material is used at a hearing on a dispositive motion or at trial, it is the burden of the Producing Party whose documents or materials are being used to make arrangements with the Court to ensure that its Protected Material remains confidential; however, where Protected Material is to be used at a pre-trial hearing (*e.g.*, on a dispositive motion) by a Party other than the Producing Party, and such Protected Material was not attached as an exhibit to any pre-hearing briefing, the Party must notify the Producing Party sufficiently in advance of such use to enable the Producing Party to make arrangements with the Court to ensure that its Protected Material remains confidential.  The Parties shall meet and confer prior to trial to discuss procedures for maintaining the confidentiality of Protected Material during the course of trial.  In addition, the Parties will not oppose any request by the Producing Party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Material.

## 18.     <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>

(a)     The inadvertent production by a party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected and/or otherwise not subject to discovery in this matter, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party.  The Producing Party shall provide the Receiving Party with a privilege log of any such returned material that identifies the basis for it being withheld from production.

(c)     Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.

### 19.   INADVERTENT FAILURE TO DESIGNATE

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order promptly after the Producing Party learns of the inadvertent failure to so designate.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate.  Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph (c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Protected    Material    produced    without    the    designation    of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED," or "OPEN SOURCE CODE" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error.  If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED," or "OPEN SOURCE CODE" designation.  Notwithstanding the above, such subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL –ATTORNEYS' EYES ONLY," "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED" materials while the materials were not marked "CONFIDENTIAL," "CONFIDENTIAL –ATTORNEYS' EYES ONLY," "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED" from engaging in the activities set forth in Paragraph 6(b).

## 20.     <u>INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER</u>

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

## 21.   <u>TERMINATION OF LITIGATION</u>

After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.

(a)     <u>Jurisdiction</u>.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this litigation.

(b)     <u>Destruction or Return of Protected Material</u>.  Within sixty (60) calendar days after termination of this litigation with respect to a Producing Party, whether such termination arises from dismissal with respect to the Producing Party, judgment against the Producing Party (including exhaustion of all appeals or settlement), or otherwise, any Receiving

Party that has received Protected Material from the terminated Producing Party shall destroy or return the same to the Producing Party.  If the Protected Material is destroyed, the Receiving Party shall promptly notify the Producing Party of such destruction in writing.

(c)     <u>Retention of Protected Material</u>.   Notwithstanding the provisions of Paragraph 21(b) above, Outside Counsel for a Receiving Party or Receiving Parties to this litigation may retain a copy of any pleading, transcript (for each deposition, hearing, and trial), discovery responses, and any exhibits thereto, and attorney work product, regardless of whether it includes or details Protected Material, except that a Receiving Party's Outside Counsel shall not retain Protected Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED" or documents or things including or detailing Protected Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – RESTRICTED."   Any documents or things retained by Outside Counsel pursuant to this provision shall remain subject to this Order.

22.     **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek modification of the Order by the Court in the future, to seek access to a Producing Party's Protected Material, or to apply to the Court at any time for additional protection.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein. Furthermore, without application to this Court, any Producing Party may enter into a written

agreement releasing any Receiving Party from one or more requirements of this Order, even if the conduct subject to the release would otherwise violate the terms herein.

(b)   Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(c)   Subject to Applicable Copyrights.  Documents or other things produced in this litigation, regardless of their designation, are subject to any applicable copyrights held by the Producing Party.

(d)   Nonparty Use of This Protective Order.   A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Material pursuant to the terms of this Protective Order. A nonparty's use of the Protective Order to protect its Protected Material does not entitle that nonparty access to the Protected Material produced by any Party in this case.

(e)   Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.  This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(f)      <u>Burdens of Proof</u>.   Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g)      <u>Modification by Court</u>.   This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice, or upon motion of a party for good cause shown.

**SO ORDERED.**

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Eolas Technologies Inc. v. Adobe Systems Inc., et al.*, Civil Action No. 6:09-cv-446 (E.D. Tex.).  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order, including any proceedings related to contempt.

As required by Paragraph 11 of the Order (if applicable), I understand that I may not review material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" – RESTRICTED" unless I am a citizen of the United States of America.

In accordance with Paragraph 14 of the Order (if applicable) I have attached my resume, curriculum vitae, and the other information required under Paragraph 14 to this executed Confidentiality Agreement.

I also agree that absent written consent from the Producing Party, no Protected Materials from any Producing Party, nor materials derived therefrom, will leave the United States of America in any form.

Name of Individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____