## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **EOLAS TECHNOLOGIES, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:09-CV-446** |
| | § | **PATENT CASE** |
| **ADOBE SYSTEMS, INC., et al** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Defendant JPMorgan Chase & Co.'s ("JPMorgan") Motion to Dismiss Plaintiff's Indirect Infringement Claims (Docket No. 309). Having considered the parties' written submissions, the Court **DENIES** the motion.

This is JPMorgan's second motion to dismiss Plaintiff Eolas Technologies Incorporated's ("Eolas") indirect infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 6, 2010, the Court granted Defendant's first motion to dismiss as to Eolas's indirect infringement claims and granted Eolas leave to file an amended complaint. Docket No. 282.[1] The Court held that, taken as a whole, Eolas's indirect infringement claims did not state a claim for indirect infringement that was plausible on its face. *Id*. Specifically, Eolas's claims did not identify a direct infringer in reference to its indirect infringement claims. *Id*.

Eolas filed its amended complaint, stating the following regarding indirect infringement:

On information and belief, JPMorgan Chase has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or

---

[1] The Court denied JPMorgan's motion to dismiss Eolas's direct infringement claims.

otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jpmorgan.com and maintained on servers located in and/or accessible from the United States under the control of JPMorgan Chase; (ii) software, including without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing. **JPMorgan Chase indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). JPMorgan Chase has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of the '906 Patent and/or the '985 Patent. JPMorgan Chase indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, JPMorgan Chase contributes to the direct infringement of users of said web pages, software, and computer equipment.**

Docket No. 285, ¶ 42 (changes to original complaint are bolded). JPMorgan now moves to dismiss the indirect infringement claims in the amended complaint under Federal Rule of Civil Procedure 12(b)(6) arguing that Eolas's amended complaint fails to adequately state a claim under the *Twombly* plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). JPMorgan contends that Eolas's complaint is still insufficient because the complaint is missing critical elements of each type of indirect infringement. Specifically, with regard to Eolas's claim of inducement, JPMorgan contends Eolas should cite specific instances of direct infringement, as well as specific intent by JPMorgan. Docket No. 309, at 2. With regard to Eolas's claim of contributory infringement, JPMorgan contends Eolas must reference a specific sale of the product instead of general references to "selling" or "offering for sale." *Id*. at 2.

Eolas responds that its amended complaint provides the information identified as lacking in the Court's prior order. Eolas contends that it has now sufficiently identified a direct infringer

because it referenced "users of the web pages, software, and computer equipment identified above to directly infringe." Docket No. 333, at 2.

Taken as whole, Eolas's indirect infringement claims in its amended complaint sufficiently comply with *Twombly* and the Court's May 6, 2010 order. Eolas's complaint gives JPMorgan sufficient information to defend its case. Rule 8 does not require detailed factual support for each element of indirect infringement. Additionally, the Court does not require in a complaint the specificity that Patent Rule 3-1 requires, as that would go far beyond Rule 8's requirements. Eolas has adequately pled its claims under Rule 8(a)(2) and *Twombly*. Accordingly, the Court **DENIES** Defendant's motion.

**So ORDERED and SIGNED this 13th day of December, 2010.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**