# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Eolas Technologies Incorporated,<br><br>*Plaintiff*,<br><br>vs.<br><br>Adobe Systems Inc.; Amazon.com, Inc.; Apple Inc.; CDW Corp.; Citigroup Inc.; eBay Inc.; Frito-Lay, Inc.; The Go Daddy Group, Inc.; Google Inc.; J.C. Penney Corporation, Inc.; JPMorgan Chase & Co.; New Frontier Media, Inc.; Office Depot, Inc.; Perot Systems Corp.; Playboy Enterprises International, Inc.; Rent-A-Center, Inc.; Staples, Inc.; Sun Microsystems, Inc.; Texas Instruments Inc.; Yahoo! Inc.; and YouTube, LLC,<br><br>*Defendants*.<br><br>Adobe Systems Inc.; Amazon.com, Inc.; Apple Inc.; CDW LLC; eBay Inc.; Frito-Lay, Inc.; The Go Daddy Group, Inc.; Google Inc.; J.C. Penney Corporation, Inc.; JPMorgan Chase & Co.; New Frontier Media, Inc.; Office Depot, Inc.; Perot Systems Corp.; Playboy Enterprises International, Inc.; Rent-A-Center, Inc.; Staples, Inc.; Oracle America, Inc. f/k/a Sun Microsystems, Inc.; Texas Instruments Inc.; Yahoo! Inc.; and YouTube, LLC,<br><br>*Counterclaimants*,<br><br>vs.<br><br>Eolas Technologies Incorporated,<br><br>*Counterdefendant*. | No. 6:09-cv-00446-LED (filed Oct. 6, 2009) |

**<u>ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT OF INDEFINITENESS</u>**

Upon consideration of Defendants' Motion for Partial Summary Judgment of Indefiniteness (Feb. 4, 2011), and the Court being fully advised in the matter, IT IS HEREBY ORDERED THAT:

1. Defendants' motion is granted.

2. The following claims are indefinite because they are insolubly ambiguous about whether the "additional instructions" must reside on the "network server" or the "client workstation": Claims 12 and 14 of U.S. Patent No. 5,838,906. *See* 35 U.S.C. § 112, ¶ 2; *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008).

3. The following claims are indefinite because they are drafted to cover both an apparatus and a method of using that apparatus: Claims 6–8 and 13–14 of U.S. Patent No. 5,838,906, and claims 28–31 of U.S. Patent No. 7,599,985. *See* 35 U.S.C. § 112, ¶ 2; *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005).

4. If § 112, ¶ 6 does not apply, then the following claims are indefinite because they use purely functional language: Claims 6–8 and 13–14 of U.S. Patent No. 5,838,906, and claims 16–31 and 40–43 of U.S. Patent No. 7,599,985. *See* U.S.C. § 112, ¶ 2; *Gen. Elec. Co. v. Wabash Appliance Corp.*, 304 U.S. 364, 371 (1938).

5. If § 112, ¶ 6 applies, then the following claims are indefinite because they lack corresponding structure for an "executable application" that enables an end-user to "directly interact" with an object at the "first location": Claims 6–8 and 13–14 of U.S. Patent No. 5,838,906, and claims 16–31 and 40–43 of U.S. Patent No. 7,599,985. *See* U.S.C. § 112, ¶ 2; *Aristocrat Techs. Australia PTY Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1334–36 (Fed. Cir. 2008).

SO ORDERED.