# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF TEXAS

## TYLER DIVISION

| | |
|---|---|
| Eolas Technologies Incorporated, )<br><br>*Plaintiff*, )<br><br>vs. )<br><br>Adobe Systems Inc.; Amazon.com, Inc.; Apple )<br>Inc.; CDW Corp.; Citigroup Inc.; eBay Inc.; )<br>Frito-Lay, Inc.; The Go Daddy Group, Inc.; )<br>Google Inc.; J.C. Penney Corporation, Inc.; )<br>JPMorgan Chase & Co.; New Frontier Media, )<br>Inc.; Office Depot, Inc.; Perot Systems Corp.; )<br>Playboy Enterprises International, Inc.; Rent-A- )<br>Center, Inc.; Staples, Inc.; Sun Microsystems, )<br>Inc.; Texas Instruments Inc.; Yahoo! Inc.; and )<br>YouTube, LLC, )<br><br>*Defendants*. )<br> )<br> )<br>Adobe Systems Inc.; Amazon.com, Inc.; Apple )<br>Inc.; CDW LLC; eBay Inc.; Frito-Lay, Inc.; The )<br>Go Daddy Group, Inc.; Google Inc.; J.C. Penney )<br>Corporation, Inc.; JPMorgan Chase & Co.; New )<br>Frontier Media, Inc.; Office Depot, Inc.; Perot )<br>Systems Corp.; Playboy Enterprises )<br>International, Inc.; Rent-A-Center, Inc.; Staples, )<br>Inc.; Oracle America, Inc. f/k/a Sun )<br>Microsystems, Inc.; Texas Instruments Inc.; )<br>Yahoo! Inc.; and YouTube, LLC, )<br><br>*Counterclaimants*, )<br><br>vs. )<br><br>Eolas Technologies Incorporated, )<br><br>*Counterdefendant*. )<br> )| No. 6:09-cv-00446-LED (filed Oct. 6, 2009) |

## DEFENDANTS' REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT OF INDEFINITENESS [DOCKET NO. 568]

## <u>TABLE OF CONTENTS</u>

A.     The following claims are indefinite under *IPXL*:  '906 claims 6–8 and 13–14, and '985 claims 28–31 ....................................................................................... 1

B.     If § 112, ¶ 6 does not apply, then the following claims are indefinite because they use purely functional language:  claims 6–8 and 13–14 of the '906 patent, and claims 16–31 and 40–43 of the '985 patent ................................ 3

C.     If § 112, ¶ 6 applies, then the following claims are indefinite under *Aristocrat*:  claims 6–8 and 13–14 of the '906 patent, and claims 16–31 and 40–43 of the '985 patent ................................................................................ 4

## TABLE OF AUTHORITIES

### Cases

*Am. Med. Sys., Inc. v. Laser Peripherals, LLC*,
    712 F. Supp. 2d 885 (D. Minn. 2010) ................................................................. 4

*Ariba, Inc. v. Emptoris, Inc.*,
    No. 07-90, 2008 WL 3482521 (E.D. Tex. Aug. 7, 2008) (Clark, J.) ......................... 1, 2, 3

*Aristocrat Techs. Australia PTY Ltd. v. Int'l Game Tech.*,
    521 F.3d 1328 (Fed. Cir. 2008) .......................................................................... 4

*Enzo Biochem, Inc. v. Applera Corp.*,
    599 F.3d 1325 (Fed. Cir. 2010), *reh'g denied*, 605 F.3d 1347 (Fed. Cir. 2010),
    *petition for cert. filed*, 79 U.S.L.W. 3228 (U.S. Sept. 23, 2010) (No. 10-426) ................. 4

*Ex Parte Miyazaki*,
    89 U.S.P.Q.2d 1207 (BPAI 2008) ....................................................................... 4

*Ex Parte Rodriguez*,
    92 U.S.P.Q.2d 1395 (BPAI 2009) ....................................................................... 4

*Fantasy Sports Props. v. Sportsline.com, Inc.*,
    287 F.3d 1108 (Fed. Cir. 2002) .......................................................................... 1

*Finjan, Inc. v. Secure Computing Corp.*,
    626 F.3d 1197 (Fed. Cir. 2010) .......................................................................... 1

*Fonar Corp. v. Gen. Elec. Co.*,
    107 F.3d 1543 (Fed. Cir. 1997) .......................................................................... 4

*Halliburton Energy Servs., Inc. v. M-I LLC*,
    514 F.3d 1244 (Fed. Cir. 2008) .......................................................................... 4

*Halliburton Oil Well Cementing Co. v. Walker*,
    329 U.S. 1 (1946) .......................................................................................... 3

*In re Katz Interactive Call Processing Patent Litig.*,
    ___ F.3d ___, No. 2009-1450, 2011 WL 607381 (Fed. Cir. Feb. 18, 2011) ................. 1, 3

*IPXL Holdings, LLC v. Amazon.com, Inc.*,
    430 F.3d 1377 (Fed. Cir. 2005) .......................................................................... 1, 2, 3

*Personalized Media Commc'ns, LLC v. ITC*,
    161 F.3d 696 (Fed. Cir. 1998) ........................................................................... 4

### Statutes

35 U.S.C. § 112, ¶ 1 ......................................................................................... 4

35 U.S.C. § 112, ¶ 2 ......................................................................................... 3, 4

35 U.S.C. § 112, ¶ 6 ............................................................................................................... 3, 4

# EXHIBITS[1]

Ex. J:    Letter from plaintiff stating that "it will no longer assert the following claims against any Defendant in the above-captioned matter: U.S. Patent No. 5,838,906: Claims 12 and 14; U.S. Patent No. 7,599,985: Claims 29, 30 and 31" (Feb. 18, 2011)

Ex. K:    Letter from plaintiff stating that "claims 24 and 28 are claims in which the software-related limitations are satisfied solely by software plug-ins or the executable application." (Feb. 11, 2011)

Ex. L:    Plaintiff's infringement contentions for the '985 patent against Adobe Systems Inc., one of the few "software" defendants in the case (Mar. 5, 2010)

Ex. M:    Plaintiff's infringement contentions for the '906 patent against Perot Systems Corp., one of the many "website" defendants in the case (Mar. 5, 2010)

---

[1] Exhibits A to I were attached to Defendants' opening brief (Feb. 4, 2011) [Docket No. 568].

## REPLY

The Court should grant partial summary judgment of indefiniteness with respect to claims 6–8 and 13–14[2] of the '906 patent and claims 16–31 and 40–43 of the '985 patent.

### A.  The following claims are indefinite under *IPXL*:  '906 claims 6–8 and 13–14, and '985 claims 28–31

Last week the Federal Circuit reaffirmed the rule that a claim is indefinite if it covers both an apparatus and a method of use.  *See In re Katz Interactive Call Processing Patent Litig.*, __ F.3d __, No. 2009-1450, 2011 WL 607381, at *9 (Fed. Cir. Feb. 18, 2011) (relying on *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005)).  In *Katz*, the Federal Circuit held that "[the asserted claims] create confusion as to when direct infringement occurs because they are directed both to systems and to actions performed by 'individual callers.'  [The asserted] claims therefore fall squarely within the rationale of *IPXL* and are indefinite."  *Id.*  The holding in *Katz* directly supports Defendants' indefiniteness argument.  *See* Mot. at 5–6.

Eolas is incorrect that "Defendants argue that the active language used in claims 6–8 of the '906 patent ('*for causing*') and claim 28 of the '985 patent ('*operable to*') import *method* steps into *apparatus* claims."  Opp'n at 3.[3]  To be clear, Defendants' argument is not based on the use of "for causing" or "operable to," but on method steps in separate "wherein" clauses, as in *Katz* and *Ariba*.  *See* Mot. at 5–6.  Defendants recognize that claims that describe the *capabilities* or *function* of an apparatus are not prohibited by *IPXL* or *Katz*.  Thus most of Eolas's brief is wasted trying to defeat an argument that Defendants are not making.  *See* Opp'n at 2–5.[4]

The method steps in claim 28 of the '985 patent do not describe the *capabilities* or

---

[2] Eolas is no longer asserting claims 12 and 14 of the '906 patent, *see* Ex. J, so Defendants hereby withdraw without prejudice their motion for summary judgment that those claims are insolubly ambiguous about whether the "additional instructions" must reside on the "network server" or the "client workstation," thus shortening Defendants' opening brief from 13 pages to 11 pages.  *See* Mot. at 1–3.

[3] Unless stated otherwise, all emphasis in quotes throughout this brief has been added.

[4] Two of the cases cited by Eolas do not even address invalidity at all:  *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1205 (Fed. Cir. 2010) and *Fantasy Sports Props. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1117–18 (Fed. Cir. 2002).

*function* of the claimed apparatus. The claimed apparatus is an "executable application," as Eolas recently emphasized in a letter to Defendants: "[C]laims 24 and 28 are claims in which the software-related limitations are satisfied ***solely*** by software plug-ins or the ***executable application***." Ex. K. For example, Eolas has accused Adobe Acrobat of being an "executable application." *See* Ex. L at 202–03. But all of the method steps in claim 28 must be performed by a separate "***browser***," not the claimed "executable application." *See* Fact No. 4 ("is utilized by the browser to identify and locate," "is automatically invoked by the browser," etc.). Claim 28 violates the rule of *IPXL* because it is unclear whether infringement would occur upon making/using/selling the accused "executable application" (e.g., Adobe Acrobat) or only after the separate "***browser***" has used the executable application to perform the claimed method steps: "The problem is that one of the key elements of [the claim] is a method step that is conducted by some person or system ***other*** than the claimed device." *Ariba, Inc. v. Emptoris, Inc.*, No. 07-90, 2008 WL 3482521, at *7 (E.D. Tex. Aug. 7, 2008) (Clark, J.) (granting summary judgment of indefiniteness). Eolas tries to distinguish *Ariba* on the basis that "human action was explicitly required by the language of the claims," Opp'n at 5–6, but the quote above from *Ariba* shows that the holding did not turn on whether there was "human action," but rather whether "a method step . . . is conducted by some person ***or system <u>other</u>*** than the claimed device."

Claim 6 of the '906 patent violates the rule of *IPXL* for similar reasons. The claimed apparatus is "[a] computer program product," but all of the method steps in claim 6 must be performed by a "browser." *See* Fact No. 3 ("utilized by said browser to identify and locate," "is parsed by said browser to automatically invoke," etc.). Eolas has asserted that a website is a "computer program product." *See, e.g.*, Ex. M at 107 ("Perot Systems' website comprises a computer program product"). Claim 6 violates the rule of *IPXL* because it is unclear whether infringement would occur upon making/using/selling the accused website, or only after the separate "browser" has used the website to perform the claimed method steps. Indeed, most of the 21 defendants in this case ***only*** operate websites; they do not make or sell browsers. Again, "[t]he problem is that one of the key elements of [the claim] is a method step that is conducted

by some person or system *other* than the claimed device." *Ariba*, 2008 WL 3482521, at *7.

In short, the method steps to be performed by the *browser* do not describe the capabilities or function of the alleged "executable application" in claim 28 of the '985 patent (e.g., Adobe Acrobat), or the alleged "computer program product" in claim 6 of the '906 patent (e.g., a website). But at the same time, the steps performed by the browser cannot be ignored. Indeed, the parties have agreed that the "identify and locate" step in every claim is "performed *by the browser*." Ex. F at 3. Furthermore, the Summary of the Invention declares that "[t]he present invention provides a *method* for running embedded program objects in a computer network environment," Ex. B at 6:50–:52, and the specification states that the flowcharts in Figures 7–8 illustrate "the *method* of the present invention," Ex. B at 13:63–:64. Figure 8A, for example, provides a flowchart of the steps taken by the *browser* to "automatically invoke" the executable application. Finally, the applicants emphasized the importance of the steps performed by the browser to secure allowance of all their claims. For example, during prosecution, the applicants repeatedly overcame prior-art rejections by pointing to the the "automatically invoking" step performed by the *browser*. *See* Defendants' Claim Construction Brief at 7–8 & n.6 [Docket No. 569]. For all of these reasons, it is unclear whether infringement would occur upon making/using/selling the accused apparatus (e.g., Adobe Acrobat or a website), or only after a browser has performed the claimed method steps that were essential to patentability. That is precisely the type of confusion that resulted in the indefiniteness rulings in *IPXL* and *Katz*.

**B.   If § 112, ¶ 6 does not apply, then the following claims are indefinite because they use purely functional language:  claims 6–8 and 13–14 of the '906 patent, and claims 16–31 and 40–43 of the '985 patent**

In response to Defendants' arguments about indefiniteness due to functional claiming, Eolas cites 18 cases, but only seven of those cases actually considered an indefiniteness argument under § 112, ¶ 2 based on functional claiming.[5] Four of those cases (*Halliburton*,

---

[5] Eolas's brief spends almost four pages arguing why § 112, ¶ 6 should not apply. *See* Opp'n at 6–9. That is a claim construction issue that the parties addressed in their claim construction briefs, *see* Docket Nos. 537, 569, 581, so Defendants will not address those arguments here. Eolas's four-page argument on § 112, ¶ 6 appears to be an inappropriate attempt to circumvent the Court's page limits on claim construction briefs. *See* Docket No. 249 ("Motions to extend

*(Footnote continued)*

*Aristocrat*, *Miyazaki*, and *Rodriguez*) found claims indefinite, as discussed in Defendants' opening brief. *See* Mot. at 9–11. The other three cases are distinguishable because they did not consider anything like the broad functional language at issue in this case ("enabling," "in order to cause," "operable to cause," and "for causing").[6] *See* Fact Nos. 8–14. The functional language here makes it impossible to discern what is actually being claimed. For example, Eolas asserts that independent claims 24 and 28 of the '985 patent "are satisfied ***solely*** by software plug-ins or the executable application," while independent claims 20 and 40 of the '985 patent "are satisfied ***solely*** by server software." *See* Ex. K. Yet every claim includes numerous limitations concerning a ***browser*** application, and as noted above it was on the basis of those browser limitations that the claims were allowed during prosecution. Thus it is indefinite what these claims cover. These claims suffer from "the overbreadth inherent in open-ended functional claims . . . which effectively purport to cover any and all means so long as they perform the recited functions." *Halliburton*, 514 F.3d at 1256 n.7.

### C. If § 112, ¶ 6 applies, then the following claims are indefinite under *Aristocrat*: claims 6–8 and 13–14 of the '906 patent, and claims 16–31 and 40–43 of the '985 patent

In response to Defendants' arguments concerning *Aristocrat Technologies Australia PTY Ltd. v. International Game Technology*, 521 F.3d 1328, 1332–38 (Fed. Cir. 2008), Eolas merely states that "the corresponding structure for these claims is found in the patents' specifications." Opp'n at 10. Tellingly, Eolas's brief does not say where the relevant algorithm is found. Neither does Exhibit A to the Joint Claim Construction Statement. *See, e.g.*, Ex. H at 7, Nos. 4–5. Thus if § 112, ¶ 6 applies, it is clear these claims are indefinite under *Aristocrat*.

---

page limits will only be granted in exceptional circumstances."). Eolas's brief also cites a case about the "best mode" requirement under § 112, ¶ 1, but that is not the same as the "definiteness" requirement under § 112, ¶ 2. *See Fonar Corp. v. Gen. Elec. Co.*, 107 F.3d 1543, 1548–50 (Fed. Cir. 1997) (upholding jury verdict of no "best mode" violation).

[6] *See Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1332 (Fed. Cir. 2010) ("not interfering substantially"), *reh'g denied*, 605 F.3d 1347 (Fed. Cir. 2010) (Plager, J., dissenting), *petition for cert. filed*, 79 U.S.L.W. 3228 (U.S. Sept. 23, 2010) (No. 10-426); *Personalized Media Commc'ns, LLC v. ITC*, 161 F.3d 696, 705–07 (Fed. Cir. 1998) ("digital detector"); *Am. Med. Sys., Inc. v. Laser Peripherals, LLC*, 712 F. Supp. 2d 885, 910–12 (D. Minn. 2010) ("greater than about 90%" and "at least 90%").

DATED: February 24, 2011

By:   /s/ Jason W. Wolff
                                                        

David J. Healey
    <Healey@fr.com>
FISH & RICHARDSON P.C.
1 Houston Center
1221 McKinney Street, Suite 2800
Houston, TX  77010
Telephone:    (713) 654-5300
Facsimile:     (713) 652-0109

OF COUNSEL:

Frank E. Scherkenbach
    <Scherkenbach@fr.com>
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02110-1878
Telephone:    (617) 542-5070
Facsimile:     (617) 542-8906

Jason W. Wolff
    <Wolff@fr.com>
Joseph P. Reid *(pro hac vice)*
    <Reid@fr.com>
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:    (858) 678-5070
Facsimile:     (858) 678-5099

*Attorneys for Defendant and
Counterclaimant Adobe Systems Inc.*

By:  /s/ Edward Reines
_____

Edward Reines
   <edward.reines@weil.com>
Andrew Perito
   <andrew.perito@weil.com>
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:    (650) 802-3000
Facsimile:    (650) 802-3100

Otis W. Carroll, Jr. (Bar No. 03895700)
   <fedserv@icklaw.com>
Deborah J. Race (Bar No. 16448700)
   <drace@icklaw.com>
IRELAND CARROLL & KELLEY
6101 S. Broadway, Suite 500
Tyler, TX  75703
Telephone:    (903) 561-1600
Facsimile:    (903) 581-1071

*Attorneys for Defendant and
Counterclaimant Amazon.com, Inc.*

By:  /s/ Richard A. Cederoth

David T. Pritikin (*pro hac vice*)
  <dpritikin@sidley.com>
Richard A. Cederoth (*pro hac vice*)
  <rcederoth@sidley.com>
Shubham Mukherjee (*pro hac vice*)
  <smukherjee@sidley.com>
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
Telephone:    (312) 853-7000
Facsimile:     (312) 853-7036

Teague I. Donahey (*pro hac vice*)
  <tdonahey@sidley.com>
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA  94104
Telephone:    (415) 772-1200
Facsimile:     (415) 772-7400

Theodore W. Chandler (*pro hac vice*)
  <tchandler@sidley.com>
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013
Telephone:    (213) 896-6000
Facsimile:     (213) 896-6600

Aaron R. Bleharski (*pro hac vice*)
  <ableharski@sidley.com>
Duy D. Nguyen (*pro hac vice*)
  <ddnguyen@sidley.com>
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA  94304
Telephone:    (650) 565-7000
Facsimile:     (650) 565-7100

Eric M. Albritton (Bar No. 00790215)
  <ema@emafirm.com>
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX  75606
Telephone:    (903) 757-8449
Facsimile:     (903) 758-7397

*Attorneys for Defendant and
Counterclaimant Apple Inc.*

By:   /s/ Thomas L. Duston

Thomas L. Duston
   <tduston@marshallip.com>
Anthony S. Gabrielson
   <agabrielson@marshallip.com>
Scott A. Sanderson *(pro hac vice)*
   <ssanderson@marshallip.com>
MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 South Wacker Drive
Chicago, IL  60606-6357
Telephone:  (312) 474-6300
Facsimile:   (312) 474-0448

Eric H. Findlay (Bar No. 00789886)
   <efindlay@findlaycraft.com>
Brian Craft (Bar No. 04972020)
   <bcraft@findlaycraft.com>
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway
Suite 101
Tyler, TX  75703
Telephone:    (903) 534-1100
Facsimile:     (903) 534-1137

*Attorneys for Defendant and
Counterclaimant CDW LLC*

By:   /s/ M. Scott Fuller
_____

Edwin R. DeYoung (Bar No. 05673000)
    <edeyoung@lockelord.com>
Roy W. Hardin (Bar No. 08968300)
    <rhardin@lockelord.com>
Roger Brian Cowie (Bar No. 00783886)
    <rcowie@lockelord.com>
M. Scott Fuller (Bar No. 24036607)
    <sfuller@lockelord.com>
Galyn Gafford (Bar No. 24040938)
    <ggafford@lockelord.com>
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, TX  75201-6776
Telephone:    (214) 740-8000
Facsimile:     (214) 740-8800

Alexas D. Skucas (*pro hac vice*)
    <askucas@kslaw.com>
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036-4003
Telephone:    (212) 556-2100
Facsimile:     (212) 556-2222

Eric L. Sophir (*pro hac vice*)
    <esophir@kslaw.com>
KING & SPALDING LLP
1700 Pennsylvania Ave. NW, Suite 200
Washington, D.C.  20006-4707
Telephone:    (202) 626-8980
Facsimile:     (202) 626-3737

*Attorneys for Defendant Citigroup Inc.*

By:  /s/ Edward Reines
                                                                 

Edward Reines
    <edward.reines@weil.com>
Andrew Perito
    <andrew.perito@weil.com>
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:    (650) 802-3000
Facsimile:     (650) 802-3100

Otis W. Carroll, Jr. (Bar No. 03895700)
    <fedserv@icklaw.com>
Deborah J. Race (Bar No. 16448700)
    <drace@icklaw.com>
IRELAND CARROLL & KELLEY
6101 S. Broadway, Suite 500
Tyler, TX  75703
Telephone:    (903) 561-1600
Facsimile:     (903) 581-1071

*Attorneys for Defendant and
Counterclaimant eBay Inc.*

By:   /s/ Jeffrey F. Yee
_____

Jeffrey K. Joyner (*pro hac vice*)
   <joynerj@gtlaw.com>
Jeffrey F. Yee (*pro hac vice*)
   <yeej@gtlaw.com>
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404
Telephone:    (310) 586-7700
Facsimile:    (310) 586-7800

Christopher M. Joe (Bar No. 00787770)
   <chrisjoe@bjciplaw.com>
Brian Carpenter (Bar No. 03840600)
   <brian.carpenterb@bjciplaw.com>
Eric W. Buether (Bar No. 03316880)
   <eric.buethere@bjciplaw.com>
BUETHER JOE & CARPENTER, LLC
1700 Pacific, Suite 2390
Dallas, TX  75201
Telephone:    (214) 466-1270
Facsimile:    (214) 635-1842

*Attorneys for Defendant and
Counterclaimant Frito-Lay, Inc.*

By:  /s/ Neil J. McNabnay

    Thomas M. Melsheimer (Bar No. 13922550)
       <txm@fr.com>
    Neil J. McNabnay (Bar No. 24002583)
       <njm@fr.com>
    Carl E. Bruce (Bar No. 24036278)
       <ceb@fr.com>
    FISH & RICHARDSON P.C.
    1717 Main Street, Suite 5000
    Dallas, TX  75201
    Telephone:    (214) 747-5070
    Facsimile:      (214) 747-2091

    Proshanto Mukherji (*pro hac vice*)
       <pvm@fr.com>
    FISH & RICHARDSON P.C.
    One Marina Park Drive
    Boston, MA  02110-1878
    Telephone:    (617) 542-5070
    Facsimile:      (617) 542-8906

    *Attorneys for Defendant and Counterclaimant The Go Daddy Group, Inc.*

By: /s/ Scott T. Weingaertner
_____

Scott T. Weingaertner *(pro hac vice)*
    <sweingaertner@kslaw.com>
Robert F. Perry *(pro hac vice)*
    <rperry@kslaw.com>
Allison H. Altersohn *(pro hac vice)*
    <aaltersohn@kslaw.com>
Christopher C. Carnaval *(pro hac vice)*
    <ccarnaval@kslaw.com>
Mark H. Francis *(pro hac vice)*
    <mfrancis@kslaw.com>
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036-4003
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222


Michael E. Jones (Bar No. 10929400)
    <mikejones@potterminton.com>
Allen F. Gardner (Bar No. 24043679)
    <allengardner@potterminton.com>
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, TX  75702
Telephone:    (903) 597-8311
Facsimile:    (903) 593-0846

*Attorneys for Defendant and
Counterclaimant Google Inc.*

By:  /s/ Jeffrey F. Yee

Jeffrey K. Joyner (*pro hac vice*)
   &lt;joynerj@gtlaw.com&gt;
Jeffrey F. Yee (*pro hac vice*)
   &lt;yeej@gtlaw.com&gt;
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404
Telephone:    (310) 586-7700
Facsimile:     (310) 586-7800

Christopher M. Joe (Bar No. 00787770)
   &lt;chrisjoe@bjciplaw.com&gt;
Brian Carpenter (Bar No. 03840600)
   &lt;brian.carpenterb@bjciplaw.com&gt;
Eric W. Buether (Bar No. 03316880)
   &lt;eric.buethere@bjciplaw.com&gt;
BUETHER JOE & CARPENTER, LLC
1700 Pacific, Suite 2390
Dallas, TX  75201
Telephone:    (214) 466-1270
Facsimile:     (214) 635-1842

*Attorneys for Defendant and*
*Counterclaimant J.C. Penney Corporation,*
*Inc.*

By:  /s/ Stephen K. Shahida
_____

Stephen K. Shahida (*pro hac vice*)
   <sshahida@mwe.com>
David O. Crump (*pro hac vice*)
   <dcrump@mwe.com>
MCDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, DC  20005-3096
Telephone:    (202) 756-8327
Facsimile:    (202) 756-8087

Trey Yarbrough (Bar No. 22133500)
   <trey@yw-lawfirm.com>
Debra Elaine Gunter (Bar No. 24012752)
   <debby@yw-lawfirm.com>
YARBROUGH WILCOX, PLLC
100 E. Ferguson Street
Suite 1015
Tyler, TX  75702
Telephone:    (903) 595-3111
Facsimile:    (903) 595-0191

*Attorneys for Defendant and*
*Counterclaimant JPMorgan Chase & Co.*


By:  /s/ Michael Simons
_____

Michael Simons (Bar No. 24008042)
   <msimons@akingump.com>
AKIN GUMP STRAUSS HAUER & FELD LLP
300 West 6th Street, Suite 2100
Austin, TX  78701
Telephone:    (512) 499-6253
Facsimile:    (512) 499-6290

*Attorney for Defendant and*
*Counterclaimant New Frontier Media, Inc.*

By:   /s/ Suzanne M. Wallman
                                         

Kenneth J. Jurek
    <kjurek@mwe.com>
Suzanne M. Wallman
    <swallman@mwe.com>
Brett E. Bachtell
    <bbachtell@mwe.com>
McDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL  60606
Telephone:    (312) 372-2000
Facsimile:     (312) 984-7700

J. Thad Heartfield (Bar No. 09346800)
    <thad@jth-law.com>
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX  77706
Telephone:    (409) 866-3318
Facsimile:     (409) 866-5789

*Attorneys for Defendant and
Counterclaimant Office Depot, Inc.*

By:   /s/ Scott F. Partridge
_____

Scott F. Partridge (Bar No. 00786940)
    <scott.partridge@bakerbotts.com>
Roger J. Fulghum (Bar No. 00790724)
    <roger.fulghum@bakerbotts.com>
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana
Houston, TX  77002-4995
Telephone:    (713) 229-1234
Facsimile:      (713) 229-1522

Kevin J. Meek (Bar No. 13899600)
    <kevin.meek@bakerbotts.com>
Paula D. Heyman (Bar No. 24027075)
    <paula.heyman@bakerbotts.com>
BAKER BOTTS L.L.P.
1500 San Jacinto Center
Austin, TX  78701-4075
Telephone:    (512) 322-2500
Facsimile:      (512) 322-2501

Vernon E. Evans (Bar No. 24069688)
    <vernon.evans@bakerbotts.com>
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, TX  75201-2980
Telephone:    (214) 953-6500
Facsimile:      (214) 953-6503

Shannon Dacus (Bar No. 00791004)
    <Shannond@rameyflock.com>
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX  75702
Telephone:    (903) 597-3301
Facsimile:      (903) 597-2413

*Attorneys for Defendant and*
*Counterclaimant Perot Systems Corp.*

By:   /s/ Gentry C. McLean

David B. Weaver (Bar No. 00798576)
        <dweaver@velaw.com>
Avelyn M. Ross (Bar No. 24027871)
        <aross@velaw.com>
Gentry C. McLean (Bar No. 24046403)
        <gmclean@velaw.com>
John A. Fedock (Bar No. 24059737)
        <jfedock@velaw.com>
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX  78746-7568
Tel: (512) 542-8400
Fax: (512) 236-3218

*Attorneys for Defendant and
Counterclaimant Playboy Enterprises
International, Inc.*


By:   /s/ Jeffrey F. Yee

Jeffrey K. Joyner (*pro hac vice*)
        <joynerj@gtlaw.com>
Jeffrey F. Yee (*pro hac vice*)
        <yeej@gtlaw.com>
GREENBERG TRAURIG LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA  90404
Telephone:    (310) 586-7700
Facsimile:      (310) 586-7800

Christopher M. Joe (Bar No. 00787770)
        <chrisjoe@bjciplaw.com>
Brian Carpenter (Bar No. 03840600)
        <brian.carpenterb@bjciplaw.com>
Eric W. Buether (Bar No. 03316880)
        <eric.buethere@bjciplaw.com>
BUETHER JOE & CARPENTER, LLC
1700 Pacific, Suite 2390
Dallas, TX  75201
Telephone:    (214) 466-1270
Facsimile:      (214) 635-1842

*Attorneys for Defendant and
Counterclaimant Rent-A-Center, Inc.*

By:   /s/ Kate Hutchins
_____

Mark G. Matuschak (*pro hac vice*)
   <mark.matuschak@wilmerhale.com>
Donald R. Steinberg (*pro hac vice*)
   <donald.steinberg@wilmerhale.com>
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, MA  02109
Telephone:    (617) 526-6000
Facsimile:      (617) 526-5000

Kate Hutchins (*pro hac vice*)
   <kate.hutchins@wilmerhale.com>
WILMER CUTLER PICKERING HALE AND
DORR LLP
399 Park Avenue
New York, NY  10011
Telephone:    (212) 230-8800
Facsimile:      (212) 230-8888

Daniel V. Williams, (*pro hac vice*)
   <daniel.williams@wilmerhale.com>
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
Telephone:    (202) 663-6000
Facsimile:      (202) 663-6363

Michael E. Richardson (Bar No. 24002838)
   <mrichardson@brsfirm.com>
BECK REDDEN & SECREST
1221 McKinney, Suite 4500
Houston, TX  77010
Telephone:    (713) 951-6284
Facsimile:      (713) 951-3720

*Attorneys for Defendant and*
*Counterclaimant Staples, Inc.*

By:   /s/ Mark D. Fowler

Mark D. Fowler *(pro hac vice)*
   <mark.fowler@dlapiper.com>
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA  94303-2215
Telephone:    (650) 833-2000
Facsimile:      (650) 833-2001

Kathryn B. Riley *(pro hac vice)*
   <kathryn.riley@dlapiper.com>
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:    (619) 699-2700
Facsimile:      (619) 764-6692

Eric H. Findlay (Bar No. 00789886)
   <efindlay@findlaycraft.com>
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway
Suite 101
Tyler, TX  75703
Telephone:    (903) 534-1100
Facsimile:      (903) 534-1137

*Attorneys for Defendant and Counterclaimant Oracle America, Inc. (formerly known as Sun Microsystems, Inc.)*

By:  /s/ Carl R. Roth
_____

    Carl R. Roth (Bar No. 17312000)
       <cr@rothfirm.com>
    Brendan C. Roth (Bar No. 24040132)
       <br@rothfirm.com>
    Amanda A. Abraham (Bar No. 24055077)
       <aa@rothfirm.com>
    THE ROTH LAW FIRM, P.C.
    115 N. Wellington, Suite 200
    Marshall, TX  75670
    Telephone:    (903) 935-1665
    Facsimile:      (903) 935-1797

    *Attorneys for Defendant  and*
    *Counterclaimant Texas Instruments*
    *Incorporated*


By:  /s/ Edward Reines
_____

    Edward Reines
       <edward.reines@weil.com>
    Andrew Perito
       <andrew.perito@weil.com>
    WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
    Redwood Shores, CA  94065
    Telephone:    (650) 802-3000
    Facsimile:      (650) 802-3100

    Otis W. Carroll, Jr. (Bar No. 03895700)
       <fedserv@icklaw.com>
    Deborah J. Race (Bar No. 16448700)
       <drace@icklaw.com>
    IRELAND CARROLL & KELLEY
    6101 S. Broadway, Suite 500
    Tyler, TX  75703
    Telephone:    (903) 561-1600
    Facsimile:      (903) 581-1071

    *Attorneys for Defendant  and*
    *Counterclaimant Yahoo! Inc.*

By:   /s/ Scott T. Weingaertner

Scott T. Weingaertner (*pro hac vice*)
  <sweingaertner@kslaw.com>
Robert F. Perry (*pro hac vice*)
  <rperry@kslaw.com>
Allison H. Altersohn (*pro hac vice*)
  <aaltersohn@kslaw.com>
Christopher C. Carnaval (*pro hac vice*)
  <ccarnaval@kslaw.com>
Mark H. Francis *(pro hac vice)*
  <mfrancis@kslaw.com>
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY  10036-4003
Telephone:    (212) 556-2100
Facsimile:    (212) 556-2222


Michael E. Jones (Bar No. 10929400)
  <mikejones@potterminton.com>
Allen F. Gardner (Bar No. 24043679)
  <allengardner@potterminton.com>
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, TX  75702
Telephone:    (903) 597-8311
Facsimile:    (903) 593-0846

*Attorneys for Defendant and*
*Counterclaimant YouTube, LLC*

## SIGNATURE ATTESTATION

I hereby certify that concurrence in the service of this document has been obtained from each of the other signatories shown above.


<u>       /s/ Shubham Mukherjee        </u>
Attorney for one of the Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 24, 2011.


 /s/ Shubham Mukherjee
Attorney for one of the Defendants