IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** § | | |
| § | | |
| **Plaintiff,** § | Civil Action No. 6:09-cv-446 | |
| § | | |
| § | | |
| vs. § | | |
| § | | |
| **Adobe Systems Inc., Amazon.com, Inc.,** § | **JURY TRIAL** | |
| **Apple Inc., Argosy Publishing, Inc.,** § | | |
| **Blockbuster Inc., CDW Corp.,** § | | |
| **Citigroup Inc., eBay Inc., Frito-Lay, Inc.,** § | | |
| **The Go Daddy Group, Inc., Google Inc.,** § | | |
| **J.C. Penney Company, Inc., JPMorgan** § | | |
| **Chase & Co., New Frontier Media, Inc.,** § | | |
| **Office Depot, Inc., Perot Systems Corp.,** § | | |
| **Playboy Enterprises International, Inc.,** § | | |
| **Rent-A-Center, Inc., Staples, Inc., Sun** § | | |
| **Microsystems Inc., Texas Instruments Inc.,** § | | |
| **Yahoo! Inc., and YouTube, LLC** § | | |
| § | | |
| **Defendants.** § | | |

**PLAINTIFFS' CORRECTED THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Eolas Technologies Incorporated ("Eolas") and Plaintiff The Regents of the University of California ("Regents") file this Corrected Third Amended Complaint for patent infringement against Defendants Adobe Systems Incorporated ("Adobe"), Amazon.com, Inc. ("Amazon"), CDW Corporation ("CDW"), Citigroup Inc. ("Citigroup"), Frito-Lay, Inc. ("Frito-Lay"), Go Daddy Group, Inc. ("Go Daddy"), Google Inc. ("Google"), J.C. Penney Corporation, Inc. ("J.C. Penney"), Staples, Inc. ("Staples"), Yahoo! Inc. ("Yahoo"), and YouTube, LLC ("YouTube") (collectively "Defendants"), and allege as follows:

1

# I. PARTIES

1. Plaintiff Eolas is a corporation organized and existing under the laws of Texas, with its principal place of business at 313 East Charnwood Street, Tyler, Texas 75701. Eolas conducts leading-edge research and development to create innovative technologies in the areas of interactive embedded and distributed applications, systems, data analysis, visualization, collaboration and networking. During the past 15 years, Eolas' innovations have enabled corporations around the world to enhance their products and improve their customers' website experiences by enabling browsers, in conjunction with servers, to act as platforms for fully interactive embedded applications. This advanced technology provides rich interactive online experiences for Web users worldwide.

2. At all times herein mentioned, Plaintiff Regents was charged by state law with the duty of administering the University of California as a public trust, pursuant to Article IX § 9 of the California Constitution.

3. Upon information and belief, Adobe is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 345 Park Avenue, San Jose, California 95110-2704. Adobe may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

4. Upon information and belief, Amazon is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734. Amazon may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 6500 Harbour Heights Parkway, Mukilteo, Washington 98275.

5. Upon information and belief, CDW is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 200 North Milwaukee Avenue, Vernon Hills, Illinois 60061. CDW may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503.

6. Upon information and belief, Citigroup is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 399 Park Avenue, New York, New York 10043. Citigroup may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

7. Upon information and belief, Frito-Lay is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7701 Legacy Drive, Plano, Texas 75024-4002. On information and belief, Frito-Lay is a subsidiary of PepsiCo Inc. with its principal place of business at 700 Anderson Hill Road, Purchase, New York 10577-1401. Frito-Lay may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

8. Upon information and belief, Go Daddy is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Arizona, with its principal place of business at 14455 North Hayden Road, Suite 226, Scottsdale, Arizona 85260. Go Daddy may be served with process by serving its registered agent, Barb Rechterman, 14455 North Hayden Road, Suite 219, Scottsdale, Arizona 85260-6993.

9. Upon information and belief, Google is, and at all relevant times mentioned herein, was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701-3232.

10. Upon information and belief, J.C. Penney is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024-3612. J.C. Penney may be served with process by serving its registered agent, CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201-4240.

11. Upon information and belief, Staples is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Staples Drive, Framingham, Massachusetts 01702. Staples may be served with process by serving its registered agent, CT Corporation System, 155 Federal Street, Suite 700, Boston Massachusetts 02110-1727.

12. Upon information and belief, Yahoo is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 701 1st Avenue, Sunnyvale, California 94089. Yahoo may be served with process by serving its registered agent, CT Corporation System, 818 W. 7th Street, Los Angeles, California 90017-3407.

13. Upon information and belief, YouTube, LLC is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View,

California 94043-1351. YouTube, LLC may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 2730 Gateway Oaks Drive Suite 100, Sacramento, CA 95833.

## II. JURISDICTION AND VENUE

14. Plaintiffs repeat and re-allege the allegations in Paragraphs 1–23 as though fully set forth in their entirety.

15. This action arises under the patent laws of the United States, Title 35, United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

16. Personal jurisdiction exists generally over each of the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

17. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

## III. PATENT INFRINGEMENT

18. Plaintiffs repeat and re-allege the allegations in Paragraphs 1–17 as though fully set forth in their entirety.

5

19. United States Patent No. 5,838,906 ("the '906 Patent") entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document," and United States Patent No. 7,599,985 ("the '985 Patent") entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document" were duly and legally issued by the United States Patent and Trademark Office on November 17, 1998 ('906 Patent) and October 6, 2009 ('985 Patent) after full and fair examination and are owned by assignment by The Regents. The United States Patent and Trademark Office, after initially issuing the '906 Patent, has affirmed its validity on two separate occasions, most recently in February 2009. The '906 Patent and the '985 Patent may be collectively referred to hereafter as "the patents".

20. Eolas has an exclusive license to the patents that includes, without limitation, the following: (a) all exclusionary rights under the patents, including, but not limited to, (i) the exclusive right to exclude others from making, using, offering for sale, or selling products embodying the patented inventions throughout the United States or importing such products into the United States, and (ii) the exclusive right to exclude others from using and otherwise practicing methods embodying the patented inventions throughout the United States; and (b) the exclusive right to sue and seek damages for infringement of any of the exclusionary rights identified above.

21. On information and belief, Adobe has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States,

without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.adobe.com and tv.adobe.com and maintained on servers located in and/or accessible from the United States under the control of Adobe; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Flash and Shockwave; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

Adobe indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). Adobe has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of the '906 Patent and/or the '985 Patent. Adobe indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, Adobe contributes to the direct infringement of users of said web pages, software, and computer equipment.

22. On information and belief, Amazon has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon; (ii) software, including, without limitation, software that allows content to be interactively presented

in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

Amazon indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). Amazon has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of the '906 Patent and/or the '985 Patent. Amazon indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, Amazon contributes to the direct infringement of users of said web pages, software, and computer equipment.

23. On information and belief, CDW has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.cdw.com and maintained on servers located in and/or accessible from the United States under the control of CDW; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

CDW indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). CDW has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or

8

more claims of the '906 Patent and/or the '985 Patent. CDW indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, CDW contributes to the direct infringement of users of said web pages, software, and computer equipment.

24. On information and belief, Citigroup has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via [www.citigroup.com](www.citigroup.com) and maintained on servers located in and/or accessible from the United States under the control of Citigroup; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

Citigroup indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). Citigroup has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of the '906 Patent and/or the '985 Patent. Citigroup indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, Citigroup contributes to the direct infringement of users of said web pages, software, and computer equipment.

25. On information and belief, Frito-Lay has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.frito-lay.com and maintained on servers located in and/or accessible from the United States under the control of Frito-Lay; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

Frito-Lay indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). Frito-Lay has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of the '906 Patent and/or the '985 Patent. Frito-Lay indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, Frito-Lay contributes to the direct infringement of users of said web pages, software, and computer equipment.

26. On information and belief, Go Daddy has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including,

without limitation, the web pages and content accessible via and maintained on servers located in and/or accessible from the United States under the control of Go Daddy; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

GoDaddy indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). GoDaddy has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of the '906 Patent and/or the '985 Patent. GoDaddy indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, GoDaddy contributes to the direct infringement of users of said web pages, software, and computer equipment.

27. On information and belief, Google has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.google.com and maintained on servers located in and/or accessible from the United States under the control of Google; (ii) software, including, without limitation, browser software and software that allows content to be interactively presented in and/or served to browsers, including, without limitation, Chrome for

Windows and Chrome for the Mac; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

Google indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). Google has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of the '906 Patent and/or the '985 Patent. Google indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, Google contributes to the direct infringement of users of said web pages, software, and computer equipment.

28. On information and belief, J.C. Penney has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jcpenneybrands.com and maintained on servers located in and/or accessible from the United States under the control of J.C. Penney; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

J.C. Penney indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). J.C. Penney has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly

12

infringe one or more claims of the '906 Patent and/or the '985 Patent. J.C. Penney indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, J.C. Penney contributes to the direct infringement of users of said web pages, software, and computer equipment.

29. On information and belief, Staples has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via [www.staples.com](www.staples.com) and maintained on servers located in and/or accessible from the United States under the control of Staples; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

Staples indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). Staples has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of the '906 Patent and/or the '985 Patent. Staples indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, Staples contributes to the direct infringement of users of said web pages, software, and computer equipment.

30. On information and belief, Yahoo has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.yahoo.com and maintained on servers located in and/or accessible from the United States under the control of Yahoo; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

Yahoo indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). Yahoo has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of the '906 Patent and/or the '985 Patent. Yahoo indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, Yahoo contributes to the direct infringement of users of said web pages, software, and computer equipment.

31. On information and belief, YouTube has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including,

without limitation, the web pages and content accessible via www.youtube.com and maintained on servers located in and/or accessible from the United States under the control of YouTube; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

YouTube indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by active inducement under 35 U.S.C. § 271(b). YouTube has induced and continues to induce users of the web pages, software, and computer equipment identified above to directly infringe one or more claims of the '906 Patent and/or the '985 Patent. YouTube indirectly infringes one or more claims of the '906 Patent and/or the '985 Patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, YouTube contributes to the direct infringement of users of said web pages, software, and computer equipment.

32. On information and belief, the Defendants have knowledge of the '906 Patent and have not ceased their infringing activities. The Defendants' infringement of the '906 Patent has been and continues to be willful and deliberate.

33. As a direct and proximate consequence of the acts and practices of the Defendants in infringing and/or inducing the infringement of one or more claims of the '906 Patent and one or more claims of the '985 Patent, Plaintiffs have been, are being, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury to their business and property rights.

34. As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '906 Patent and one or more

claims of the '985 Patent, Plaintiffs have suffered, are suffering, and will continue to suffer injury and damages for which they are entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

35. In addition, the infringing acts and practices of the Defendants has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283.

## IV. PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

A. A judgment that each Defendant has infringed, directly and indirectly, one or more claims of the '906 Patent and one or more claims of the '985 Patent;

B. A judgment and order preliminarily and permanently enjoining each Defendant, its employees and agents, and any other person(s) in active concert or participation with it from infringing, directly or indirectly, the '906 Patent and the '985 Patent;

C. A judgment and order requiring each Defendant to pay Plaintiffs' damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

D. An award of all costs of this action, including attorneys' fees and interest; and

E. Such other and further relief as the Court deems just and equitable.

## V. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand that all issues be determined by a jury.

McKool 401945v2

DATED: October 28, 2011.            Respectfully submitted,

**MCKOOL SMITH, P.C.**

/s/ *Mike McKool*
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston St., Ste. 300
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Matt Rappaport
Texas State Bar No. 24070472
mrappaport@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Robert M. Parker
Texas State Bar No. 15498000
Robert Christopher Bunt
Texas Bar No. 00787165
Andrew T. Gorham
Texas State Bar No. 24012715
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687- Facsimile
rmparker@pbatyler.com
rcbunt@pbatyler.com
tgorham@pbatyler.com

**ATTORNEYS FOR PLAINTIFF
EOLAS TECHNOLOGIES INC.
AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA**

19

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on this the 28th day of October, 2011.  Local Rule CV-5(a)(3)(A).

                                      /s/ Matt Rappaport
                                      Matt Rappaport