**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:09-CV-00446-LED |
| | § | |
| vs. | § | |
| | § | |
| **Adobe Systems Inc., Amazon.com, Inc., Apple Inc., Argosy Publishing, Inc., Blockbuster Inc., CDW Corp., Citigroup Inc., eBay Inc., Frito-Lay, Inc., The Go Daddy Group, Inc., Google Inc., J.C. Penney Company, Inc., JPMorgan Chase & Co., New Frontier Media, Inc., Office Depot, Inc., Perot Systems Corp., Playboy Enterprises International, Inc., Rent-A-Center, Inc., Staples, Inc., Sun Microsystems Inc., Texas Instruments Inc., Yahoo! Inc., and YouTube, LLC** | § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' STATEMENT ON ITS DAMAGES MODEL**

Pursuant to the Court's Order dated January 10, 2012, Plaintiffs The Regents of the University of California and Eolas Technologies Inc. ("Plaintiffs") submit this pleading showing its approximate damages model. For the most part, Defendants are accused of infringing Plaintiffs patents-in-suit by including videos, product viewers, product sliders, interactive advertising, search suggest, and interactive applications on their web pages. Plaintiffs damages model is based on each Defendants' use of the infringing technology on their own web pages (although some Defendants such as Amazon and J.C. Penney have indicated they intend to attribute the value of their use to Adobe and/or Google, *see e.g.*, Dkt. Nos. 1133).

Plaintiffs employ a similar damages model for all Defendants. Plaintiffs have used the well-recognized Nash Bargaining Solution (NBS) developed by the Nobel Prize winning Princeton economist, Dr. John Nash, to calculate damages. Plaintiffs employ the NBS to measure the incremental benefit experienced by Defendants, measured as Defendants' incremental profits directly attributable to use of the patents-in-suit. This is the approach contemplated by *Georgia-Pacific* Factor 13, *i.e.* the portion of the realizable profit that should be credited to the inventions as distinguished from non-patented elements.

For each Defendant, Plaintiffs identify the revenue generated by the accused products. Based on the Defendants' operating profit margin, Plaintiffs calculate the profit generated by the accused products. Next, Plaintiffs apportion the profit attributable to the inventions disclosed in the patents-in-suit to determine the incremental benefit from the patents-in-suit. In other words, Plaintiffs identify the profit that would not exist but for Plaintiffs' invention. The apportionment factor or uplift due to the invention varies depending on the accused website/feature and is based on discovery provided by Defendants. Using the NBS, Plaintiffs determine the reasonable

1

royalty damages by sharing the incremental benefits of the patents-in-suit between Plaintiffs and each Defendant.[1]

Based on an analysis of the impact of the patents-in-suit on the revenues and profits of each Defendant, past damages based on currently available financial data are as follows: Google/YouTube -- $176.4 million; Amazon -- $135.2 million; Yahoo -- $41.8 million; J.C. Penney -- $27.7 million; Staples -- $20.2 million; CDW -- $14.7 million; Adobe -- $12.1 million; Go Daddy -- $3.6 million; Citigroup -- $6.5 million. Plaintiffs anticipate updating these figures to include damages through time of trial and, accordingly, these figures will increase by approximately fifty percent.

---

[1] Plaintiffs' damages model also includes a fixed-price component for each Defendant.

Dated: January 16, 2012.                                  **MCKOOL SMITH, P.C.**

/s/ Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Holly Engelmann
Texas State Bar No. 24040865
hengelmann@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Gretchen K. Curran
Texas State Bar No. 24055979
gcurran@mckoolsmith.com
Matthew B. Rappaport
Texas State Bar No. 24070472
mrappaport@mckoolsmith.com
J.R. Johnson
Texas State Bar No. 24070000
jjohnson@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Texas Bar No. 00787165
rcbunt@pbatyler.com
Andrew T. Gorham
Texas State Bar No. 24012715
tgorham@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687- Facsimile
**ATTORNEYS FOR PLAINTIFF
EOLAS TECHNOLOGIES INC.
AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic services on January 16, 2012.  Local Rule CV-5(a)(3)(A).

*/s/ John B. Campbell*
John B. Campbell
