## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 6:09-cv-446** |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **Adobe Systems Inc., Amazon.com, Inc.,** | § | **JURY TRIAL** |
| **Apple Inc., Blockbuster Inc., CDW Corp.,** | § | |
| **Citigroup Inc., eBay Inc., Frito-Lay, Inc.,** | § | |
| **The Go Daddy Group, Inc., Google Inc.,** | § | |
| **J.C. Penney Company, Inc., JPMorgan** | § | |
| **Chase & Co., New Frontier Media, Inc.,** | § | |
| **Office Depot, Inc., Perot Systems Corp.,** | § | |
| **Playboy Enterprises International, Inc.,** | § | |
| **Rent-A-Center, Inc., Staples, Inc., Sun** | § | |
| **Microsystems Inc., Texas Instruments** | § | |
| **Inc., Yahoo! Inc., and YouTube, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## PROPOSED JOINT FINAL PRETRIAL ORDER

This cause came before the Court for a Pretrial Conference on January 24, 2012, pursuant to the Court's Order [Doc. No. 979], Local Rule CV-16, and Rule 16 of the Federal Rules of Civil Procedure.  Subject to the other rulings made at the Pretrial Conference, the Court enters this Order.

1

## I.      UNDERLINED COUNSEL FOR THE PARTIES

**Attorneys for Plaintiffs The Regents of the University of California ("the University of California") and Eolas Technologies, Inc. ("Eolas"):**

Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Rosemary T. Snider
Texas State Bar No. 18796500
rsnider@mckoolsmith.com
Thomas G. Fasone III
Texas State Bar No. 00785382
tfasone@mckoolsmith.com
Holly Engelmann
Texas State Bar No. 24040865
hengelmann@mckoolsmith.com
Ivan Wang
Texas State Bar No. 24042679
iwang@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044


Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**McKool Smith, P.C.**
104 E. Houston Street, Suite 300
(P.O. Box 0)
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099
Voicemail: (903) 923-9095

2

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
John F. Garvish II
Texas State Bar No. 24043681
jgarvish@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Gretchen K. Curran
Texas State Bar No. 24055979
gcurran@mckoolsmith.com
Lindsay K. Martin
Texas State Bar No. 24049544
lmartin@mckoolsmith.com
J.R. Johnson
Texas State Bar No. 24070000
jjohnson@mckoolsmith.com
Chris Mierzejewski
Texas State Bar No. 24070270
cmierzejewski@mckoolsmith.com
Matthew B. Rappaport
Texas State Bar No. 24070472
mrappaport@mckoolsmith.com
James E. Quigley
Texas State Bar No. 24075810
jquigley@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Gayle Rosenstein Klein
Texas State Bar No. 00797348
gklein@mckoolsmith.com
**MCKOOL SMITH, P.C.**
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Texas Bar No. 00787165
rcbunt@pbatyler.com
Andrew T. Gorham
Texas State Bar No. 24012715
tgorham@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**<u>Attorneys for Defendants Google, Inc. and YouTube, LLC:</u>**
Douglas E. Lumish, CA State Bar No. 183863
Jeffrey G. Homrig, CA State Bar No. 215890
Joseph H. Lee, CA State Bar No. 248046
Parker C. Ankrum, CA State Bar No. 261608
**KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Tel: (650) 453-5170; Fax: (650) 453-5171
Email: dlumish@kasowitz.com
Email: jhomrig@kasowitz.com
Email: jlee@kasowitz.com
Email: pankrum@kasowitz.com

Jonathan K. Waldrop, GA State Bar No. 731103
**KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP**
1360 Peachtree St., N.E., Suite 1150
Atlanta, GA 30309
Tel: (404) 260-6080; Fax: (404) 260-6081
Email: jwaldrop@kasowitz.com

James R. Batchelder (*pro hac vice*)
Sasha G. Rao (*pro hac vice*)
Brandon H. Stroy (*pro hac vice*)
Rebecca R. Hermes (*pro hac vice*)
Lauren N. Robinson (*pro hac vice*)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, California 94303-2284
Tel: (650) 617-4000; Fax: (650) 617-4090
Email: james.batchelder@ropesgray.com

4

Email: sasha.rao@ropesgray.com
Email: brandon.stroy@ropes.gray.com
Email: lauren.robinson@ropesgray.com
Email: rebecca.hermes@ropesgray.com

Han Xu (*pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower, 800 Boylston St.
Boston, MA 02199-3600
Tel: (617) 951-7000; Fax: (617) 951-7050
Email: han.xu@ropesgray.com

Daryl Joseffer (*pro hac vice*)
Adam Conrad (*pro hac vice*)
**KING & SPALDING**
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 2006-4707
Tel: (202) 737-0500; Fax: (202) 626-3737
djoseffer@kslaw.com
aconrad@kslaw.com

Michael E. Jones, TX State Bar No. 10929400
Allen F. Gardner, TX State Bar No. 24043679
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, TX 75702
Tel: (903) 597-8311; Fax: (903) 593-0846
Email: mikejones@potterminton.com
Email: allengardner@potterminton.com

**<u>Attorneys for Defendants Amazon.com, Inc. and Yahoo! Inc.</u>:**
Edward R. Reines
Jared Bobrow
Sonal N. Mehta
Aaron Y. Huang
Andrew L. Perito
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
Email: edward.reines@weil.com
Email: jared.bobrow@weil.com
Email: sonal.mehta@weil.com
Email: aaron.huang@weil.com

Email: andrew.perito@weil.com

Doug W. McClellan
doug.mcclellan@weil.com
**WEIL, GOTSHAL & MANGES LLP**
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
Shawn A. Latchford
Texas Bar No. 24066603
Stephen W. Creekmore, IV
**HALTOM & DOAN**
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: slatchford@haltomdoan.com
Email: screekmore@haltomdoan.com

Otis Carroll (Bar No. 3895700)
Deborah Race (Bar No. 11648700)
**IRELAND, CARROLL & KELLEY, P.C.**
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: fedsery@icklaw.com

<u>**Attorneys for Adobe Systems Inc.:**</u>
David J. Healey
healey@fr.com
**FISH & RICHARDSON P.C.**
1 Houston Center
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

OF COUNSEL:
Frank E. Scherkenbach
scherkenbach@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02110-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Jason W. Wolff
wolff@fr.com
**FISH & RICHARDSON P.C.**
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Michael E. Florey
florey@fr.com
**FISH & RICHARDSON P.C.**
60 South 6th Street, Ste. 3200 RBC Plaza
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696

**<u>Attorneys for Defendant CDW LLC:</u>**
Thomas L. Duston
tduston@marshallip.com
Julianne M. Hartzell
jhartzell@marshallip.com
John R. Labbé
jlabbe@marshallip.com
Scott A. Sanderson *(pro hac vice)*
ssanderson@marshallip.com
**MARSHALL, GERSTEIN &
BORUN LLP**
6300 Willis Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

Eric H. Findlay (Bar No. 00789886)
efindlay@findlaycraft. corn
Brian Craft (Bar No. 04972020)

7

bcraft@findlaycraft.com
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Highway
Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

<u>**Attorneys for Defendant Citigroup Inc.:**</u>
Edwin R. DeYoung (Bar No. 05673000)
edeyoung@lockelord.com
Roy W. Hardin (Bar No. 08968300)
rhardin@lockelord.com
Roger Brian Cowie (Bar No. 00783886)
rcowie@lockelord.com
M. Scott Fuller (Bar No. 24036607)
sfuller@lockelord.com
Galyn Gafford (Bar No. 24040938)
ggafford@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

Eric L. Sophir *(pro hac vice)*
eric.sophir@snrdenton.com
**SNR DENTON US LLP**
1301 K Street, NW, Suite 600, East Tower
Washington, D.C. 20005
Telephone: (202) 408-6470
Facsimile: (202) 408-6399

<u>**Attorneys for Defendant The Go Daddy Group, Inc.**</u>
Thomas M. Melsheimer (Bar No. 13922550)
txm@fr.com
Neil J. McNabnay (Bar No. 24002583)
njm@fr.com
Carl E. Bruce (Bar No. 24036278)
ceb@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Proshanto Mukherji *(pro hac vice)*
pvm@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02110-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906


<u>**Attorneys for Defendant J.C. Penney Corporation**</u>:
Christopher M. Joe (Bar No. 00787770)
chrisjoe@bjciplaw.com
Brian Carpenter (Bar No. 03840600)
brian.carpenterb@bjciplaw.com
Eric W. Buether (Bar No. 03316880)
eric.buethere@bjciplaw.com
**BUETHER JOE & CARPENTER, LLC**
1700 Pacific, Suite 2390
Dallas, TX 75201
Telephone: (214) 466-1270
Facsimile: (214) 635-1842


<u>**Attorneys for Defendant Staples, Inc.**</u>:
Mark G. Matuschak *(pro hac vice)*
mark.matuschak@wilmerhale.com
Donald R. Steinberg *(pro hac vice)*
donald.steinberg@wilmerhale.com
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000


Kate Hutchins *(pro hac vice)*
kate.hutchins@wilmerhale.com
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
399 Park Avenue
New York, NY 10011
Telephone: (212) 230-8800
Facsimile: (212) 230-8888


Daniel V. Williams, *(pro hac vice)*
daniel.williams@wilmerhale.com
**WILMER CUTLER PICKERING HALE
AND DORR LLP**

1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Joe W. Redden, Jr. (Bar No. 16660600)
jredden@brsfirm.com
Michael E. Richardson (Bar No. 24002838)
mrichardson@brs firm. com
**BECK REDDEN & SECREST**
1221 McKinney, Suite 4500
Houston, TX 77010
Telephone: (713) 951-6284
Facsimile: (713) 951-3720

## II.  STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

and 1338(a) because this action arises under the patent laws of the United States, including 35

U.S.C. § 1 *et seq.*  Personal jurisdiction, and subject matter jurisdiction are not disputed in this

case.  The Court has determined that venue is proper in this judicial district under 28 U.S.C.

§§ 1391(b) and (c) and 1400(b).

## III.  NATURE OF ACTION

### A.  The University of California and Eolas' Statement Regarding the Description of the Case[1]

1.  This is a patent infringement lawsuit.  The University of California and

Eolas allege that Defendants Adobe Systems Inc. ("Adobe"), Amazon.com, Inc. ("Amazon"),

CDW Corp. ("CDW"), Citigroup Inc. ("Citigroup"), The Go Daddy Group, Inc. ("Go Daddy"),

Google Inc. ("Google"), J.C. Penney Company, Inc. ("J.C. Penney"), Staples, Inc. ("Staples"),

---

[1] Despite Defendants' statement to the Court that the parties would exchange their joint pretrial order by Thursday, January 4, 2012 at 5:00 PM CST [Dkt. No. 1194 at fn1], Plaintiffs did not receive Defendants' sections of the joint pretrial order until 2:11 AM CST Saturday, January 6, 2012.  While Plaintiffs have done their best to carefully review additions made by Defendants in

Yahoo! Inc. ("Yahoo"), and YouTube, LLC ("YouTube") (collectively, "Defendants") directly infringe and/or indirectly infringe by way of inducement and/or contributory infringement of U.S. Patent No. 5,838,906 ("the '906 patent") and U.S. Patent No. 7,599,985 ("the '985 patent"), by providing embedded interactive functionality on their websites, including, but not limited to, the interactive, embedded applications, video/audio features, chart features, search suggest features, album features, Google Music features, advertisements, documents, email facility, maps, gadgets, HTML5 video, slideshow features, photo maps, insurance calculators, bubble bug games, pingbox manager features, My Yahoo interactive apps, Autocomplete features, product previewers, Music Clips, Book Readers, Cloud Players, Shoveler features, Product Viewers, Embedded Interactive Objects, weekly ad features, Carousel features, Search Buddies, Embedded PDFs, Complete page, interactive flash objects, and/or worksheets on/in their accused websites and/or products.

2.     The University of California and Eolas further allege that Defendants Adobe's, Amazon's, Citigroup's, Google's, and Yahoo's infringement is and has been willful. The University of California and Eolas seek both pre-verdict and post-verdict damages and an accounting, if necessary, to compensate the University of California and Eolas for Defendants' alleged acts of infringement, but in no event less than a reasonable royalty, as well as permanent injunctive relief against future acts of infringement by Defendants.  The University of California and Eolas also seek treble damages, together with prejudgment and post judgment interests and costs, and treble damages against those accused of willful infringement pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

---

the shortened time they were provided, Plaintiffs do not waive their objections to any of the statements or contentions made by Defendants in this Joint Pretrial Order.

3.      Defendants deny that they have directly, indirectly, willfully, or otherwise infringed the '906 patent and the '985 patent (collectively "patents-in-suit") and allege that the patents-in-suit are invalid.

4.      Defendants counterclaim for a declaratory judgment of non-infringement and invalidity of the asserted claims of the patents-in-suit and unenforceability of the patents-in-suit.  The University of California and Eolas deny Defendants' counterclaims.  Defendants also assert defenses of unenforceability due to inequitable conduct and/or unclean hands, prosecution estoppel, patent exhaustion and/or implied license, laches, estoppel, failure to comply with 35 U.S.C. § 287, invalidity and/or unenforceability under 35 U.S.C. §§ 102, 103, and/or 112.

## B.      Defendants' Statement Regarding the Description of the Case

1.      At issue in this lawsuit are University of California's and Eolas' allegations of patent infringement against twenty Defendants, ten of whom remain as parties. The remaining Defendants in this case are Adobe, Amazon, CDW, Citigroup[2], Go Daddy, Google, JC Penney, Staples, Yahoo!, and YouTube.  Plaintiffs allege that Defendants infringe claims of U.S. Patent No. 5,838,906 ("the '906 patent") and U.S. Patent No. 7,599,985 ("the '985 patent") either directly or indirectly through providing various embedded interactive content on over 100 accused products including, without limitation, on their respective websites, by making such content available on websites owned and operated by third parties, or by inducing third party individuals to infringe the patents by visiting websites containing such content.  Plaintiffs further allege that Defendants Adobe's, Amazon's, Citigroup's, Google's, and Yahoo's infringement is and has been willful.

---

[2] Defendants understand that Citigroup is on the verge of settlement with Plaintiffs.  Citigroup remains formally included in this submission, but the parties expect Plaintiffs' claims against Citigroup to be dismissed in advance of trial.

2.      Plaintiffs seek monetary damages sufficient to compensate for any alleged infringement in the form of a reasonable royalty.  Plaintiffs also seek permanent injunctive relief against future acts of infringement by Defendants, including removal of Defendants' allegedly infringing websites from the World Wide Web.  Plaintiffs also seek treble damages under 35 U.S.C. § 284, prejudgment and post judgment interests and costs, and attorneys' fees pursuant to 35 U.S.C. § 285.

3.      Defendants deny that they have infringed any claim of the patents-in-suit, either directly or indirectly.  Defendants further deny that, in the event any infringement is found, such infringement was willful.  Defendants further allege that the patents-in-suit are invalid under at least 35 U.S.C. §§102, 103, and 112, and further that the patents-in-suit are unenforceable by reason of inequitable conduct before the United States Patent and Trademark Office.  Defendants further assert the affirmative defenses of unclean hands, prosecution history estoppels, patent exhaustion, implied license, laches, and estoppel.[3]

4.      Defendants CDW, Go Daddy and J.C. Penney allege that their accused activities were and are licensed via Plaintiffs' license agreement with Microsoft and/or that Eolas' suit is barred by the covenant not to sue contained in that agreement.  Defendant Adobe alleges that its activity on adobe.com is licensed via Plaintiffs' license agreement with Oracle Corporation, and that the Microsoft operating system is also licensed.

5.      The parties agree that, in view of Plaintiffs failure to comply with the requirements of 35 U.S.C. § 287, Plaintiffs shall not be entitled to pre-suit damages in this case.

---

[3] Plaintiffs object to the inclusion of the last sentence of this paragraph.  Defendants have not set forth the factual basis for any allegation of unclean hands, prosecution history estoppels, and estoppel.  Additionally, as to laches, and as explained herein, Defendants' laches defense is moot because Plaintiffs are not seeking pre-suit damages.

13

Therefore, should any claim of the patents-in-suit be found to be both valid and infringed, the earliest date for which damages would be available is October 6, 2009.

6.     Defendants seek a judgment that the patents-in-suit are invalid, not-infringed, and/or unenforceable for inequitable conduct.   Defendants further seek costs and attorneys fees pursuant to 35 U.S.C. § 285.

## IV.   CONTENTIONS OF THE PARTIES

### A.     The University of California and Eolas' Statement of Their Contentions

1.     By providing these Contentions, the University of California and Eolas do not concede that all of these issues are appropriate for trial.   In addition, the University of California and Eolas do not waive any of their motions *in limine*.

2.     The University of California and Eolas contend that Adobe indirectly infringes by way of inducement and/or contributory infringement and/or directly infringes: (i) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded Search Buddy feature on/in www.adobe.com; (ii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded slideshow feature on/in www.adobe.com; (iii) claims 1, 3, 10, 16, 10, 18, 20, and 22 of the '985 patent by providing the interactive, embedded video feature on/in www.adobe.com; and (iv) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded video feature on/in photoshop.com.

3.     The University of California and Eolas contend that Amazon indirectly infringes by way of inducement and/or contributory infringement and/or directly infringes: (i) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded Inline Search Suggestions feature on/in amazon.com; (ii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985

14

patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded Flash Product Viewer feature on/in amazon.com; (iii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded Music Clips feature on/in amazon.com; (iv) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video-1 feature on/in amazon.com; (v) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded video-2 feature on/in amazon.com; (vi) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded Book Reader feature on/in amazon.com; (vii) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded Cloud Player feature on/in amazon.com; (viii) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded Shoveler feature on/in amazon.com; and (ix) claims 36, 38, 40, and 42 of the '985 patent providing the interactive, embedded AJAX Product Viewer feature on/in amazon.com.

4.     The University of California and Eolas contend that CDW indirectly infringes by way of inducement and/or contributory infringement and/or directly infringes: (i) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded Search Suggest feature on/in cdw.com; (ii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in cdw.com; (iii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded product viewer feature on/in cdw.com; and (iv) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing interactive, embedded video on/in live.netgear.webcollage.net.

5.     The University of California and Eolas contend that Citigroup indirectly infringes by way of inducement and/or contributory infringement and/or directly infringes (i) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by

providing the interactive, embedded video feature on/in citibank.com and citi.com; (ii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive form feature on/in studentloan.com; (iii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded slideshow feature on/in citifinancial.com; (iv) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the embedded, interactive video feature on/in transactionservices.citigroup.com; (v) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the embedded, interactive video feature on/in online.citibank.com; (vi) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded worksheet feature on/in online.citibank.com; (vii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in citigroup.com; (viii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded slideshow feature on/in privatebank.citibank.com; and (ix) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded slideshow feature on/in banamex.com.

6.      The University of California and Eolas contend that Go Daddy indirectly infringes by way of inducement and/or contributory infringement and/or directly infringes: (i) claims 1, 3, 10, 16, 18 of the '985 patent by providing the interactive, embedded video feature on/in godaddy.com; and (ii) claims 1, 3, 10, 16, 18 of the '985 patent by providing interactive, embedded video feature on/in videos.godaddy.com.

7.      The University of California and Eolas contend that Google indirectly infringes by way of inducement and/or contributory infringement and/or directly infringes

16

(i) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded video feature on/in google.com/doubleclick; (ii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the embedded, interactive chart on/in google.com/finance; (iii) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded search suggest feature on/in video.google.com; (iv) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in video.google.com; (v) claims 36, 38, 40, and 42 of the '985 patent by providing interactive, embedded Google Music on/in music.google.com; (vi) claims 36, 38, 40, and 42 of the '985 patent by providing the embedded, interactive ads on/in AdSense; (vii) claims 36, 38, 40, and 42 of the '985 patent by providing the embedded, interactive documents on/in Google Documents; (xiii) claims 36, 38, 40, and 42 of the '985 patent by providing the embedded, interactive email for Google Gmail; (ix) claims 36, 38, 40, and 42 of the '985 patent by providing the embedded, interactive Google Search Suggest and Google Instant available on www.google.com; (x) claims 36, 38, 40, and 42 of the '985 patent by providing embedded, interactive maps on/in Google Maps; (xi) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claim 6 of the '906 patent by providing interactive, embedded video on news.google.com; and (xii) claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent and claims 1 and 6 of the '906 patent by providing interactive, embedded video on Google+.[4]

8.      The University of California and Eolas contend that J.C. Penney indirectly infringes by way of inducement and/or contributory infringement and/or directly infringes (i) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded

---

[4] Because discovery is ongoing in light of the Court's recent order granting Plaintiffs leave to amend their infringement contentions to add Google+, Plaintiffs reserve the right to modify their allegations with respect to Google+.

17

product previewer feature on/in jcpenney.com; (ii) claims 36, 38, 40 and 42 of the '985 patent by providing the interactive, embedded JavaScript product viewer facility on/in jcpenney.com; and (iii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded slideshow feature on/in jcpenney.com.

9.     The University of California and Eolas contend that Staples indirectly infringes by way of inducement and/or contributory infringement and/or directly infringes (i) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded search suggest feature on/in staples.com; (ii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded product viewer on/in staples.com; (iii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded weekly ads on/in weeklyad.staples.com; (iv) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing interactive, embedded video on/in staples.com; (v) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded slideshow feature on/in staples.com; (vi) claims 36, 38, 40, and 42 of the '985 patent by providing the embedded, interactive Carousel feature on/in staples.com; (vii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in media.staples.com; (viii) claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded product viewer on/in order.staplesadvantage.com; (ix) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded video on/in www.live.avery.webcollage.net; and (x) claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent and claims 1 and 6 of the '906 patent by providing product catalogs on/in www.staplesadvantagecatalogs.com.

18

10.     The University of California and Eolas contend that Yahoo indirectly infringes by way of inducement and/or contributory infringement and/or directly infringes (i) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the embedded, interactive chart feature on/in finance.yahoo.com; (ii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the embedded, interactive video feature on/in finance.yahoo.com; (iii) claims 36, 38, 40, and 42 of the '985 patent by providing the embedded, interactive search suggest feature on/in finance.yahoo.com, video.yahoo.com, and news.yahoo.com; (iv) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the embedded, interactive video feature on/in video.yahoo.com and news.yahoo.com; (v) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded slideshow feature on/in flickr.com; (vi) claims 36, 38, 40, and 42 of the '985 patent by providing the embedded, interactive photo map feature on/in flickr.com; (vii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded slideshow feature on/in movies.yahoo.com; (viii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in movies.yahoo.com; (ix) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing interactive, embedded video feature on/in autos.yahoo.com; (x) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded insurance calculator on/in autos.yahoo.com; (xi) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in tv.yahoo.com; (xii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '905 patent by providing the interactive, embedded slideshow feature on/in

19

tv.yahoo.com; (xiii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in travel.yahoo.com; (xiv) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the embedded, interactive map feature on/in travel.yahoo.com;[5] (xv) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded search suggest feature on/in travel.yahoo.com; (xvi) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in sports.yahoo.com; (xvii) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded search suggest feature on/in sports.yahoo.com; (xviii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive bubble bug game on/in games.yahoo.com; (xix) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded slideshow feature on/in games.yahoo.com; (xx) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded slideshow feature on/in new.music.yahoo.com; (xxi) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent providing the interactive, embedded video feature on/in new.music.yahoo.com; (xxii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent providing the interactive object - pingbox manager - on/in messenger.yahoo.com; (xxiii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded video feature on/in advertising.yahoo.com; (xxiv) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded search suggest feature on/in advertising.yahoo.com; (xxv)

---

[5] Yahoo! objects to the inclusion of sub-part "(xiv)" to this paragraph, as "the embedded, interactive map feature on/in travel.yahoo.com" was not previously identified by Plaintiffs in their infringement contentions or expert reports.  Nor is a similar feature or product matching that description identified in Plaintiffs' infringement contentions or expert reports.

claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in omg.yahoo.com; (xxvi) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in shine.yahoo.com; (xxvii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent by providing the interactive, embedded slideshow feature on/in mobile.yahoo.com; (xxviii) claims 36, 38, 40, and 42 of the '985 patent by providing the embedded, interactive mail facility on/in mail.yahoo.com; (xxix) infringes claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded map feature on/in maps.yahoo.com; (xxx) claims 36, 38, 40, and 42 of the '985 patent by providing embedded My Yahoo interactive apps on/in my.yahoo.com; (xxxi) claims 36, 38, 40, and 42 of the '985 patent by providing the interactive, embedded search suggest feature on/in by yahoo.com; and (xxxii) claims 1, 3, 10, 16, 18, 20, and 22 of the '985 patent and claims 1 and 6 of the '985 patent by providing the interactive, embedded video feature on/in selfcare.hotjobs.yahoo.com.

11.     The University of California and Eolas contend that YouTube indirectly infringes by way of inducement and/or contributory infringement and/or directly infringes (i) claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent and claims 1 and 6 of the '906 patent by providing the interactive, embedded video feature on/in youtube.com; (ii) claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 by providing interactive, embedded HTML5 video on/in youtube.com; and (iii) claims 36-43 of the '985 patent by providing the embedded, interactive search suggest feature on/in youtube.com.

12.     The University of California and Eolas contend that the inventions of the '906 and '985 patents were conceived at least as early as September 7, 1993, and that diligence was used from that point forward to reduce the invention to practice by at least January 27, 1994.

21

On this basis, the University of California and Eolas contend that the '906 patent and '985 patents are entitled to a priority date of at least as early as January 27, 1994.

13.     The University of California and Eolas are the owners of all rights, title, and interest in and to the '906 and '985 patents and have standing to bring this suit.  The University of California and Eolas possess all rights of recovery under the '906 and '985 patents.

14.     The University of California and Eolas contend that they have been damaged by Defendants' conduct and seek pre-verdict, post-verdict and post-judgment damages, and an accounting, if necessary, to compensate for the infringement by Defendants, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court.

15.     The University of California and Eolas contend that this case is exceptional and that Eolas is entitled to reasonable attorneys' fees and costs (and consultant fees and costs) pursuant to 35 U.S.C. § 285.

16.     The University of California and Eolas contend that Defendants Adobe's, Amazon's, Citigroup's, Google's, Yahoo's, and YouTube's infringement is and has been willful and thus request that the Court award to the University of California and Eolas enhanced damages pursuant to 35 U.S.C. § 284, as well as supplemental damages for any continuing post-verdict infringement and an accounting for damages if necessary.

17.     The University of California and Eolas contend that they are entitled to a permanent injunction against Defendants.  In the alternative, the University of California and Eolas contend that any denial of a permanent injunction should be conditioned on payment of reasonable royalties for future infringement, including during any stay of an injunction pending appeal.

18.     The University of California and Eolas deny Defendants' defenses, declaratory judgment claims, and counterclaims, and contend that Defendants' defenses, declaratory judgment claims and counterclaims are without merit, that Defendants' have each failed to state a claim upon which relief can be granted and have each failed to state facts and/or a legal basis sufficient to permit recovery of attorneys' fees and/or expenses for defending this suit.

### B.     Defendants' Statements of Their Contentions

**Adobe's Contentions**

1.     By providing these contentions, Adobe does not concede that all of these issues are appropriate for trial.  In addition, Adobe does not waive any of its motions *in limine*.

2.     Adobe's contentions in this case are detailed in part in its pleadings, discovery responses, the expert reports and depositions of Richard Phillips, Brian Napper and Nicholas Godici, and Adobe's pending and anticipated motions, including its motions for summary judgment and motions *in limine* (see Section IX below), which are all incorporated by reference herein.  Adobe also incorporates by reference the motions and expert reports submitted by co-defendants where they contain contentions relevant to Adobe.

3.     Adobe contends that it has not infringed any of the claims of the '906 patent or the '985 patent (herein "the patents-in-suit").

4.     Adobe contends that it has established that there was not an objectively high likelihood that the patents-in-suit were valid or infringed by the accused Adobe products.

5.     Adobe also contends that the asserted claims of the patents-in-suit are invalid because they are anticipated by prior art under 35 U.S.C. § 102, obvious under 35 U.S.C. § 103, and fail to meet the written description requirement of 35 U.S.C. § 112 for the reasons set

forth in the expert reports on invalidity of Dr. Richard Phillips and Defendant's pending summary judgment motions, including for invalidity under 35 U.S.C. § 102(b).

6.      Adobe contends that the patents-in-suit are unenforceable due to inequitable conduct by the applicants and/or their agents during the prosecution of the patents, specifically through their intentional, material misrepresentations and/or omissions related to the true nature and scope of the prior art.

7.      Adobe contends that by reason of the proceedings in the USPTO involving the patents-in-suit, and in particular, the remarks, representations, concessions, amendments and/or admissions of Plaintiffs and/or its representative(s) and/or agent(s) during those proceedings, Plaintiffs are precluded and estopped from asserting that Adobe has infringed any of the claims of the patents-in-suit.[6]

8.      Adobe notes that Plaintiffs do not contend that Adobe infringes under the doctrine of equivalents, and that Plaintiffs are estopped from doing so because Plaintiffs have not met the requirements of Patent Local Rule 3-1.[7]

9.      Adobe contends that it has not actively induced any other party to infringe the asserted claims of the patents-in-suit under 35 U.S.C. § 271(b).  In addition to the fact that there can be no direct infringement because the claim limitations are not met, Plaintiffs have not established and cannot establish direct infringement actively induced by Adobe.  Adobe also lacks the required knowledge of infringement and the specific intent to cause direct infringement of the patents-in-suit.

---

[6] Plaintiffs object to the inclusion of this paragraph, neither Adobe nor any other Defendant have explained the factual basis for this alleged defense.

[7] Plaintiffs object to the inclusion of this paragraph.  Plaintiffs have complied with the requirements of the Patent Rules; and there has been no determination otherwise.

24

10. Adobe contends that it has not contributed to the infringement of any of the asserted claims of the patents-in-suit under 35 U.S.C. § 271(c). Adobe has not contributed to the infringement of any claim of the patents-in-suit through the sale of offer to sell within the United States, or importation into the United States, of a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. Adobe also lacks the required knowledge of infringement and the specific intent required for contributory infringement of the patents-in-suit.

11. Adobe contends that the Plaintiffs' disclaimer of pre-suit damages and failure to seek a preliminary injunction forecloses Plaintiffs from alleging willfulness, and Adobe objects to any evidence, testimony, or argument regarding willfulness at trial. Adobe further contends that, if any infringement were to be found, then such infringement by Adobe would not have been willful.

12. Adobe contends that Plaintiffs are not entitled to recover any damages and have not met their burden of proof on their damages claim. However, if Plaintiffs are entitled to any damages, Plaintiffs may not recover more than the amount set forth by Adobe contends expert witness Brian Napper. Adobe contends that Plaintiffs are not entitled to enhancement of damages under 35 U.S.C. § 284.

13. Adobe contends that Plaintiffs are not entitled to recover damages for any act of alleged infringement occurring before the filing date of the lawsuit. Plaintiffs have expressly disclaimed any such damages. Adobe contends that Plaintiffs may not recover pre-suit

25

damages for the additional reason that they have failed to comply with the marking requirements of 35 U.S.C. § 287. Plaintiffs also provided no actual notice of infringement until the filing of the Complaint in this action. As a result, Plaintiffs may not claim or recover pre-suit damages.[8]

14. Adobe contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before the filing date of this lawsuit under the doctrine of laches. Plaintiffs unreasonably delayed in filing suit, a delay which was prejudicial to Adobe. Adobe is also entitled to a presumption of laches because Plaintiffs' unreasonable delay is more than six years.[9]

15. Adobe contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before February 3, 2009 because the asserted claims of the '906 patent were amended and narrowed in reexamination to change references to "interactive processing of" to "an end-user to directly interact with," entitling Adobe to intervening rights under 35 U.S.C. §§ 307 & 252 and applicable case law.[10]

16. Adobe contends Plaintiffs are barred from recovering any damages for allegedly infringing products that are directly or indirectly provided to Adobe from or by an entity, including without limitation Oracle Corporation, Microsoft Corporation, and/or Apple, Inc., that has an express or implied license to the '906 patent or the '985 patent.

---

[8] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages. *See* Dkt. No. 867.

[9] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages. See Dkt. No. 867. The only remedy for a finding of laches is no pre-suit damages. *See Ass'n for Molecular Pathology v. United States PTO*, 653 F.3d 1329, 1346 n.4 (Fed. Cir. 2011). Therefore, this issue is moot.

[10] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs did not file suit until October, 2009, and Plaintiffs are not seeking pre-suit damages.

17.     Adobe contends that Plaintiffs are not entitled to an injunction against Adobe.  Under the applicable standards set forth in *eBay v. MercExchange LLC*, 547 U.S. 388 (2006), Plaintiffs are not entitled to an injunction.

18.     Adobe contends that Plaintiffs are not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285 that would warrant Plaintiffs being awarded their attorneys' fees.

19.     Adobe contends that Plaintiffs are not entitled to any enhancement of actual damages.

20.     Adobe contends that an exceptional case finding should be made in favor of Adobe, and that Adobe is entitled to an award of attorneys' fees and costs.

21.     Adobe reserves the right to include additional contentions and disputed issued of fact and law that may arise due to motions or procedural or substantive rulings of the Court, including any pending or future motions *in limine*, *Daubert* motions, and motions for summary judgment.  Adobe objects to the Court's claim construction order to the extent that the Court construed the claims differently from Defendants' requested constructions during the claim construction proceedings.

**Amazon's Contentions**

1.     By providing these contentions, Amazon does not concede that all of these issues are appropriate for trial.  In addition, Amazon does not waive any of its motions *in limine*.

2.     Amazon's contentions in this case are detailed in part in its pleadings, discovery responses, the expert reports and depositions of Dr. Bruce Maggs, Chris Bakewell, and Nicholas Godici, the expert reports and depositions on invalidity of Dr. Richard Phillips, and their pending and anticipated motions, including its motions for summary judgment and motions

*in limine* (see Section IX below), which are all incorporated by reference herein.  Amazon also incorporates by reference the motions and expert reports submitted by co-defendants where they contain contentions relevant to Amazon.

3.    Amazon contends that it has not infringed any of the claims of the '906 patent or the '985 patent (herein "the patents-in-suit").  Amazon further contends that, if any infringement were to be found, then such infringement by Amazon would not have been willful.

4.    Amazon contends that it established that there was not an objectively high likelihood that the patents-in-suit were valid or infringed by the accused Amazon products.

5.    Amazon also contends that the asserted claims of the patents-in-suit are invalid because they do not claim patent-eligible subject matter under 35 U.S.C. § 101, are anticipated by prior art under 35 U.S.C. § 102, obvious under 35 U.S.C. § 103, and fail to meet the written description requirement of 35 U.S.C. § 112 for the reasons set forth in the expert reports on invalidity of Dr. Richard Phillips and its pending summary judgment motions.[11]

6.    Amazon contends that the patents-in-suit are unenforceable due to inequitable conduct by the applicants and/or their agents during the prosecution of the patents, specifically through their intentional, material misrepresentations and/or omissions related to the true nature and scope of the prior art.

7.    Amazon contends that by reason of the proceedings in the USPTO involving the patents-in-suit, and in particular, the remarks, representations, concessions, amendments and/or admissions of Plaintiffs and/or its representative(s) and/or agent(s) during

---

[11] Plaintiffs object to the inclusion of claims of invalidity in this paragraph that are not contained in their expert reports, including, without limitation, the failure to claim patentable subject matter.

those proceedings, Plaintiffs are precluded and estopped from asserting that Amazon has infringed any of the claims of the patents-in-suit.[12]

8.      Amazon notes that Plaintiffs do not contend that Amazon infringes under the doctrine of equivalents, and that Plaintiffs are estopped from doing so because Plaintiffs have not met the requirements of Patent Local Rule 3-1.[13]

9.      Amazon contends that it has not actively induced any other party to infringe the asserted claims of the patents-in-suit under 35 U.S.C. § 271(b).  In addition to the fact that there can be no direct infringement because the claim limitations are not met, Plaintiffs have not established and cannot establish direct infringement actively induced by Amazon. Amazon also lacks the required knowledge of infringement and the specific intent to cause direct infringement of the patents-in-suit.

10.     Amazon contends that it has not contributed to the infringement of any of the asserted claims of the patents-in-suit under 35 U.S.C. § 271(c).  Amazon has not contributed to the infringement of any claim of the patents-in-suit through the sale of offer to sell within the United States, or importation into the United States, of a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Amazon also lacks the

---

[12] Plaintiffs object to the inclusion of this paragraph, neither Amazon nor any other Defendant have explained the factual basis for this alleged defense.

[13] Plaintiffs object to the inclusion of this paragraph.  Plaintiffs have complied with the requirements of the Patent Rules; and there has been no determination otherwise.

required knowledge of infringement and the specific intent required for contributory infringement of the patents-in-suit.

11.      Amazon contends that the Plaintiffs' disclaimer of pre-suit damages and failure to seek a preliminary injunction forecloses Plaintiffs from alleging willfulness, and Amazon objects to any evidence, testimony, or argument regarding willfulness at trial.  Amazon further contends that, if any infringement were to be found, then such infringement by Amazon would not have been willful.

12.      Amazon contends that Plaintiffs are not entitled to recover any damages and have not met their burden of proof on their damages claim.  However, if Plaintiffs are entitled to any damages, Plaintiffs may not recover more than the amount set forth by Amazon's expert witness Chris Bakewell.  Amazon contends that Plaintiffs are not entitled to enhancement of damages under 35 U.S.C. § 284.

13.      Amazon contends that Plaintiffs are not entitled to recover damages for any act of alleged infringement occurring before the filing date of the lawsuit.  Plaintiffs have expressly disclaimed any such damages.  Amazon contends that Plaintiffs may not recover pre-suit damages for the additional reason that they have failed to comply with the marking requirements of 35 U.S.C. § 287.  Plaintiffs also provided no actual notice of infringement until the filing of the Complaint in this action.  As a result, Plaintiffs may not claim or recover pre-suit damages.[14]

14.      Amazon contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before the filing date of this lawsuit under the

---

[14] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages. *See* Dkt. No. 867.

doctrine of laches.  Plaintiffs unreasonably delayed in filing suit, a delay which was prejudicial to Amazon.  Amazon is also entitled to a presumption of laches because Plaintiffs' unreasonable delay is more than six years.[15]

15.    Amazon contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before February 3, 2009 because the asserted claims of the '906 patent were amended and narrowed in reexamination to change references to "interactive processing of" to "an end-user to directly interact with," entitling Amazon to intervening rights under 35 U.S.C. §§ 307 & 252 and applicable case law.[16]

16.    Amazon contends Plaintiffs are barred from recovering any damages for allegedly infringing products that are directly or indirectly provided to Amazon from or by an entity, including without limitation Microsoft Corp. and/or Apple, Inc., that has an express or implied license to the '906 patent or the '985 patent.[17]

17.    Amazon contends that Plaintiffs are not entitled to an injunction against Amazon.  Under the applicable standards set forth in *eBay v. MercExchange LLC*, 547 U.S. 388 (2006), Plaintiffs are not entitled to an injunction.

18.    Amazon contends that Plaintiffs are not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285 that would warrant Plaintiffs being awarded their attorneys' fees.

---

[15] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages.  See Dkt. No. 867.  The only remedy for a finding of laches is no pre-suit damages.  *See Ass'n for Molecular Pathology v. United States PTO*, 653 F.3d 1329, 1346 n.4 (Fed. Cir. 2011).  Therefore, this issue is moot.

[16] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs did not file suit until October, 2009, and Plaintiffs are not seeking pre-suit damages.

[17] Plaintiffs object to the inclusion of this paragraph, as it is a clear attempt to argue its license defense.

19.     Amazon contends that Plaintiffs are not entitled to any enhancement of actual damages.

20.     Amazon contends that an exceptional case finding should be made in favor of Amazon, and that Amazon is entitled to an award of attorneys' fees and costs.

21.     Amazon reserves the right to include additional contentions and disputed issued of fact and law that may arise due to motions or procedural or substantive rulings of the Court, including any pending or future motions *in limine*, *Daubert* motions, and motions for summary judgment.  Amazon objects to the Court's claim construction order to the extent that the Court construed the claims differently from Defendants' requested constructions during the claim construction proceedings.

## Citigroup's Contentions

The Parties are working on settling their differences.  *See* Dkt. No. 1237.  Accordingly, Citigroup's contentions are not included.

## CDW's Contentions

1.     By providing these contentions, CDW does not concede that all of these issues are appropriate for trial.  In addition, CDW does not waive any of its motions *in limine*.

2.     CDW's contentions in this case are detailed in part in their pleadings, discovery responses, the expert reports and depositions of Scott Nettles, Christopher Bakewell, Nicholas Godici, and Richard Phillips, and their pending and anticipated motions, including their motions for summary judgment and motions *in limine* (see Section IX below), which are all incorporated by reference herein.  CDW also incorporates by reference the motions and expert reports submitted by defendants where they contain contentions relevant to CDW.

3.      CDW contends that it has not infringed any of the claims of the '906 patent or the '985 patent (herein "the patents-in-suit").

4.      CDW contends that it has not infringed any of the claims of the patents-in-suit because any potential infringement would be divided.

5.      CDW contends that it is a third-party beneficiary of a covenant not to sue between Eolas and Microsoft and thus all of Eolas' claims against CDW in this case are barred.[18]

6.      CDW further contends that either the exhaustion doctrine or the doctrine of implied license bars all of Eolas' claims against CDW based on a license agreement between Eolas and Microsoft and the fact that CDW relies on Microsoft software to design and serve its website.

7.      CDW contends that the asserted claims of the patents-in-suit are invalid because they do not claim patent-eligible subject matter under 35 U.S.C. § 101, are anticipated by prior art under 35 U.S.C. § 102, are obvious under 35 U.S.C. § 103, and fail to meet the written description requirement of 35 U.S.C. § 112 for the reasons set forth in the expert reports on invalidity of Richard Phillips and the defendants' pending summary judgment motions.[19]

8.      CDW notes that Plaintiffs do not contend that CDW infringes under the doctrine of equivalents and have indicated that they do not intend to assert any such claims, and that, in any event, Plaintiffs may not do so for the reasons set forth in its Daubert motion

---

[18] Plaintiffs object to the inclusion of this paragraph, as it is a clear attempt to argue its license defense.

[19] Plaintiffs object to the inclusion of this paragraph.  CDW's expert witness includes no opinions regarding 35 U.S.C. § 101 in his expert report.

concerning Dr. Martin's testimony on this subject and because Plaintiffs have not met the requirements of Patent Local Rule 3-1.[20]

9.      CDW contends that the patents-in-suit are unenforceable due to inequitable conduct by the applicants and/or their agents during the prosecution of the patents, specifically through their intentional, material misrepresentations and/or omissions related to the true nature and scope of the prior art.

10.      CDW contends that by reason of the proceedings in the USPTO involving the patents-in-suit, and in particular, the remarks, representations, concessions, amendments and/or admissions of Plaintiffs and/or its representative(s) and/or agent(s) during those proceedings, Plaintiffs are precluded and estopped from asserting that CDW has infringed any of the claims of the patents-in-suit.[21]

11.      CDW contends that it has not actively induced any other party to infringe the asserted claims of the patents-in-suit under 35 U.S.C. § 271(b).  In addition to the fact that there can be no direct infringement because the claim limitations are not met, Plaintiffs have not established and cannot establish direct infringement actively induced by CDW.  CDW also lacks the required knowledge of infringement and the specific intent to cause direct infringement of the patents-in-suit.

12.      CDW contends that it has not contributed to the infringement of any of the asserted claims of the patents-in-suit under 35 U.S.C. § 271(c).  CDW has not contributed to the infringement of any claim of the patents-in-suit through the sale or offer to sell within the United

---

[20] Plaintiffs object to the inclusion of this paragraph.  Plaintiffs have complied with the requirements of the Patent Rules; and there has been no determination otherwise.

[21] Plaintiffs object to the inclusion of this paragraph, neither CDW nor any other Defendant have explained the factual basis for this alleged defense.

States, or importation into the United States, of a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.   CDW also lacks the required knowledge of infringement and the specific intent required for contributory infringement of the patents-in-suit.

13.   CDW contends that the Plaintiffs have expressly disclaimed any claim of willful infringement against CDW.

14.   CDW contends that Plaintiffs are not entitled to recover any damages and have not met their burden of proof on their damages claim.   However, if Plaintiffs are entitled to any damages, Plaintiffs may not recover more than the amount set forth by CDW's expert witness on damages Christopher Bakewell.   CDW also contends that Plaintiffs are not entitled to enhancement of damages under 35 U.S.C. § 284.

15.   CDW contends that Plaintiffs are not entitled to recover damages for any act of alleged infringement occurring before the filing date of the lawsuit and that Plaintiffs have expressly disclaimed any such damages.   CDW further contends that Plaintiffs may not recover pre-suit damages for the additional reason that they have failed to comply with the marking requirements of 35 U.S.C. § 287.   Plaintiffs also provided no actual notice of infringement until the filing of the Complaint in this action.   As a result, Plaintiffs may not claim or recover pre-suit damages.[22]

---

[22] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages. *See* Dkt. No. 867.

16.     CDW contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before February 3, 2009, because the asserted claims of the '906 patent were amended and narrowed in reexamination to change references to "interactive processing of" to "an end-user to directly interact with," entitling CDW to intervening rights under 35 U.S.C. §§ 307 & 252 and applicable case law.[23]

17.     CDW contends that Plaintiffs are not entitled to an injunction against CDW.  Under the applicable standards set forth in *eBay v. MercExchange LLC*, 547 U.S. 388 (2006), Plaintiffs are not entitled to an injunction.

18.     CDW contends that Plaintiffs are not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285 that would warrant Plaintiffs being awarded their attorneys' fees.

19.     CDW contends that Plaintiffs are not entitled to any enhancement of actual damages.

20.     CDW contends that an exceptional case finding should be made in favor of CDW and that CDW is entitled to an award of attorneys' fees and costs.

21.     CDW reserves the right to include additional contentions and disputed issued of fact and law that may arise due to motions or procedural or substantive rulings of the Court, including any pending or future motions *in limine*, *Daubert* motions, and motions for summary judgment.  CDW objects to the Court's claim construction order to the extent that the Court construed the claims differently from Defendants' requested constructions during the claim construction proceedings.

---

[23] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs did not file suit until October, 2009, and Plaintiffs are not seeking pre-suit damages.

**Go Daddy's Contentions**

1.      Go Daddy has set forth its claims and defenses, and the basis for these claims and defenses, in the expert reports and depositions of Dr. Bruce Maggs, Mr. Christopher Bakewell, and Mr. Nicholas Godici, the expert reports and depositions on invalidity of Dr. Richard Phillips, and their pending and anticipated motions, including their motions for summary judgment and motions in limine (see Section IX below)**,** which are hereby incorporated by reference.   In providing this brief description of its claims and defenses, Go Daddy does not hereby waive any of its particular claims or defenses.

2.      Go Daddy contends that it has not directly infringed any of the claims of the '906 patent or the '985 patent (herein "the patents-in-suit").   Go Daddy further contends that it has not indirectly infringed the patents-in-suit by either inducing others to infringe and/or contributorily infringing the patents-in-suit.   Go Daddy contends that it has not actively induced any other party to infringe the asserted claims of the patents-in-suit under 35 U.S.C. § 271(b).   In addition to the fact that there can be no direct infringement because the claim limitations are not met, Plaintiffs have not established and cannot establish direct infringement actively induced by Go Daddy.   Go Daddy contends that it lacked the required knowledge of infringement and the specific intent to cause direct infringement of the patents-in-suit.   Go Daddy contends that it did not encourage customers to use unlicensed browsers to visit its website.   Go Daddy also contends that it could not have intended to induce infringement because it had a good-faith belief that its acts, as well as those of visitors to its websites, were noninfringing and/or covered by a license, including without limitation, the Microsoft license.

3.      Go Daddy contends that the Plaintiffs have not alleged willful infringement against Go Daddy.

4.      Go Daddy also contends that the asserted claims of the patents-in-suit are invalid because they are anticipated by prior art under 35 U.S.C. § 102, obvious under 35 U.S.C. § 103, and fail to meet the written description requirement of 35 U.S.C. § 112.

5.      Go Daddy also contends that the patents-in-suit are unenforceable due to inequitable conduct by the applicants and/or their agents during the prosecution of the patents, specifically through their intentional, material misrepresentations and/or omissions related to the true nature and scope of the prior art.

6.      Go Daddy also contends that by reason of the proceedings in the USPTO involving the patents-in-suit, and in particular, the remarks, representations, concessions, amendments and/or admissions of Plaintiffs and/or its representative(s) and/or agent(s) during those proceedings, Plaintiffs are precluded and estopped from asserting that Go Daddy has infringed any of the claims of the patents-in-suit.[24]

7.      Go Daddy notes that Plaintiffs do not contend that Go Daddy infringes under the doctrine of equivalents, and that Plaintiffs are estopped from doing so because Plaintiffs have not met the requirements of Patent Local Rule 3-1.[25]

8.      Go Daddy contends that prosecution history estoppels and/or prosecution disclaimer preclude any finding of infringement.

9.      Go Daddy contends that Plaintiffs' covenant not to sue Microsoft customers and end-users covers its allegedly infringing acts, as well as those of visitors to its accused websites.  Go Daddy also contends that it, as well as visitors to its accused websites, are

---

[24] Plaintiffs object to the inclusion of this paragraph, neither Go Daddy nor any other Defendant have explained the factual basis for this alleged defense.

[25] Plaintiffs object to the inclusion of this paragraph.  Plaintiffs have complied with the requirements of the Patent Rules; and there has been no determination otherwise.

38

entitled to an implied license under the Microsoft agreement.  Go Daddy further contends that, based upon Plaintiffs' licenses to Microsoft and Apple, the doctrine of patent exhaustion and/or the full compensation rule bars Plaintiffs' infringement claims against Go Daddy.

10.    Go Daddy further contends that Plaintiffs are not entitled to recover any damages and have not met their burden of proof on their damages claim.  However, if Plaintiffs are entitled to any damages, Plaintiffs may not recover more than the amount set forth by Go Daddy's expert witness on damages.  Go Daddy also contends that Plaintiffs are not entitled to enhancement of damages under 35 U.S.C. § 284.

11.    Go Daddy also contends that Plaintiffs are not entitled to recover damages for any act of alleged infringement occurring before the filing date of the lawsuit.  Plaintiffs have expressly disclaimed any such damages.  Go Daddy contends that Plaintiffs may not recover pre-suit damages for the additional reason that they have failed to comply with the marking requirements of 35 U.S.C. § 287.  Plaintiffs also provided no actual notice of infringement until the filing of the Complaint in this action.  As a result, Plaintiffs may not claim or recover pre-suit damages.[26]

12.    Go Daddy further contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before the filing date of this lawsuit under the doctrine of laches.  Plaintiffs unreasonably delayed in filing suit, a delay which was prejudicial to Go Daddy.  Go Daddy is also entitled to a presumption of laches because Plaintiffs' unreasonable delay is more than six years.[27]

---

[26] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages. *See* Dkt. No. 867.

[27] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages. See Dkt. No. 867.  The only remedy for a finding of

13. Go Daddy also contends that Plaintiffs are not entitled to an injunction. Under the applicable standards set forth in *eBay v. MercExchange LLC*, 547 U.S. 388 (2006), Plaintiffs are not entitled to an injunction.

14. Go Daddy contends that Plaintiffs are not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285 that would warrant Plaintiffs being awarded their attorneys' fees.

15. Go Daddy contends that Plaintiffs are not entitled to any enhancement of actual damages.

16. Go Daddy contends that an exceptional case finding should be made in favor of Go Daddy, and that Go Daddy is entitled to an award of attorneys' fees and costs.

17. Go Daddy reserves the right to include additional contentions and disputed issued of fact and law that may arise due to motions or procedural or substantive rulings of the Court, including any pending or future motions in limine, Daubert motions, and motions for summary judgment.  Go Daddy objects to the Court's claim construction order to the extent that the Court construed the claims differently from Defendants' requested constructions during the claim construction proceedings.

**Google's and YouTube's Contentions**

1. By providing these contentions, Google and YouTube do not concede that all of these issues are appropriate for trial.  In addition, Google and YouTube do not waive any of their motions *in limine*.

2. Google's and YouTube's contentions in this case are detailed in part in their pleadings, discovery responses, the expert reports and depositions of Dr. Peter Alexander,

---

laches is no pre-suit damages.  *See Ass'n for Molecular Pathology v. United States PTO*, 653

Dr. Ray Perryman, and Nicholas Godici, the expert reports and depositions on invalidity of Dr. Richard Phillips, and their pending and anticipated motions, including their motions for summary judgment and motions *in limine* (see Section IX below), which are all incorporated by reference herein.   Google and YouTube also incorporate by reference the motions and expert reports submitted by co-defendants where they contain contentions relevant to Google and/or YouTube.

3.      Google and YouTube contend that they have not infringed any of the claims of the '906 patent or the '985 patent (herein "the patents-in-suit").   Google and YouTube further contend that, if any infringement were to be found, then such infringement by Google and/or YouTube would not have been willful.

4.      Google and YouTube contend that they established that there was not an objectively high likelihood that the patents-in-suit were valid or infringed by the accused Google and YouTube products.

5.      Google and YouTube also contend that the asserted claims of the patents-in-suit are invalid because they are anticipated by prior art under 35 U.S.C. § 102, obvious under 35 U.S.C. § 103, and fail to meet the written description requirement of 35 U.S.C. § 112 for the reasons set forth in the expert reports on invalidity of Dr. Richard Phillips and their pending summary judgment motions.

6.      Google and YouTube contend that the patents-in-suit are unenforceable due to inequitable conduct by the applicants and/or their agents during the prosecution of the patents, specifically through their intentional, material misrepresentations and/or omissions related to the true nature and scope of the prior art.

---

F.3d 1329, 1346 n.4 (Fed. Cir. 2011).  Therefore, this issue is moot.

7.      Google and YouTube contend that by reason of the proceedings in the USPTO involving the patents-in-suit, and in particular, the remarks, representations, concessions, amendments and/or admissions of Plaintiffs and/or its representative(s) and/or agent(s) during those proceedings, Plaintiffs are precluded and estopped from asserting that Google or YouTube have infringed any of the claims of the patents-in-suit.[28]

8.      Google and YouTube contend that they are licensed, in whole or in part, under the patents-in-suit, through at least the Eolas/Microsoft and Eolas/Apple License Agreements.

9.      Google and YouTube note that Plaintiffs do not contend that Google or YouTube infringe under the doctrine of equivalents, and that Plaintiffs are estopped from doing so because Plaintiffs have not met the requirements of Patent Local Rule 3-1, and because Plaintiffs have previously represented that, in view of this Court's claim construction, they would not be asserting infringement under the Doctrine of Equivalents.  (D.I. 1007 at 1).[29]

10.     Google and YouTube contend that they have not actively induced any other party to infringe the asserted claims of the patents-in-suit under 35 U.S.C. § 271(b).  In addition to the fact that there can be no direct infringement because the claim limitations are not met, Plaintiffs have not established and cannot establish direct infringement actively induced by Google or YouTube.  Google and YouTube also lack the required knowledge of infringement and the specific intent to cause direct infringement of the patents-in-suit.

---

[28] Plaintiffs object to the inclusion of this paragraph, neither Google and YouTube nor any other Defendant have explained the factual basis for this alleged defense.

[29] Plaintiffs object to the inclusion of this paragraph.  Plaintiffs have complied with the requirements of the Patent Rules; and there has been no determination otherwise.

11.     Google and YouTube contend that they have not contributed to the infringement of any of the asserted claims of the patents-in-suit under 35 U.S.C. § 271(c). Neither Google nor YouTube have contributed to the infringement of any claim of the patents-in-suit through the sale of offer to sell within the United States, or importation into the United States, of a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Google and YouTube also lack the required knowledge of infringement and the specific intent required for contributory infringement of the patents-in-suit.

12.     Google and YouTube contend that the Plaintiffs' disclaimer of pre-suit damages and failure to seek a preliminary injunction forecloses Plaintiffs from alleging willfulness, and Google and YouTube object to any evidence, testimony, or argument regarding willfulness at trial.  Google and YouTube further contend that, if any infringement were to be found, then such infringement by Google and/or YouTube would not have been willful.

13.     Google and YouTube contend that Plaintiffs are not entitled to recover any damages and have not met their burden of proof on their damages claim.  However, if Plaintiffs are entitled to any damages, Plaintiffs may not recover more than the amount set forth by Google's and YouTube's expert witness Dr. Ray Perryman.  Google and YouTube also contend that Plaintiffs are not entitled to enhancement of damages under 35 U.S.C. § 284.

14.     Google and YouTube also contend that Plaintiffs are not entitled to recover damages for any act of alleged infringement occurring before the filing date of the lawsuit.  Plaintiffs have expressly disclaimed any such damages.  Google and YouTube further

43

contend that Plaintiffs may not recover pre-suit damages for the additional reason that they have failed to comply with the marking requirements of 35 U.S.C. § 287. Plaintiffs also provided no actual notice of infringement until the filing of the Complaint in this action. As a result, Plaintiffs may not claim or recover pre-suit damages.[30]

15.     Google and YouTube contend that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before the filing date of this lawsuit under the doctrine of laches. Plaintiffs unreasonably delayed in filing suit, a delay which was prejudicial to Google and YouTube. Google and YouTube are also entitled to a presumption of laches because Plaintiffs' unreasonable delay is more than six years.[31]

16.     Google and YouTube contend that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before February 3, 2009 because the asserted claims of the '906 patent were amended and narrowed in reexamination to change references to "interactive processing of" to "an end-user to directly interact with," entitling Google and YouTube to intervening rights under 35 U.S.C. §§ 307 & 252 and applicable case law.[32]

17.     Google and YouTube contend that Plaintiffs are not entitled to an injunction against Google or YouTube. Under the applicable standards set forth in *eBay v. MercExchange LLC*, 547 U.S. 388 (2006), Plaintiffs are not entitled to an injunction.

---

[30] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages. *See* Dkt. No. 867.

[31] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages. See Dkt. No. 867. The only remedy for a finding of laches is no pre-suit damages. *See Ass'n for Molecular Pathology v. United States PTO*, 653 F.3d 1329, 1346 n.4 (Fed. Cir. 2011). Therefore, this issue is moot.

[32] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs did not file suit until October, 2009, and Plaintiffs are not seeking pre-suit damages.

18.     Google and YouTube contend that Plaintiffs are not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285 that would warrant Plaintiffs being awarded their attorneys' fees.

19.     Google and YouTube contend that Plaintiffs are not entitled to any enhancement of actual damages.

20.     Google and YouTube contend that an exceptional case finding should be made in favor of Google and YouTube, and that Google and YouTube are entitled to an award of attorneys' fees and costs.

21.     Google and YouTube reserve the right to include additional contentions and disputed issued of fact and law that may arise due to motions or procedural or substantive rulings of the Court, including any pending or future motions *in limine*, *Daubert* motions, and motions for summary judgment.  Google and YouTube object to the Court's claim construction order to the extent that the Court construed the claims differently from Defendants' requested constructions during the claim construction proceedings.

**JC Penney's Contentions**

1.     By providing these contentions, J.C. Penney does not concede that all of these issues are appropriate for trial.  In addition, J.C. Penney does not waive any of its motions *in limine*.

2.     J.C. Penney's contentions in this case are detailed in part in their pleadings, discovery responses, the expert reports and depositions of Scott Nettles, Ed Blair/Pete Lyon, Nicholas Godici, and Richard Phillips, and their pending and anticipated motions, including their motions for summary judgment and motions *in limine* (see Section IX below), which are all incorporated by reference herein.  J.C. Penney also incorporates by reference the

45

motions and expert reports submitted by defendants where they contain contentions relevant to J.C. Penney.

3.      J.C. Penney contends that it has not infringed any of the claims of the '906 patent or the '985 patent (herein "the patents-in-suit").

4.      J.C. Penney contends that it has not infringed any of the claims of the patents-in-suit because any potential infringement would be divided.

5.      J.C. Penney contends that it is licensed under the patents-in-suit through the Eolas/Microsoft license agreement.

6.      J.C. Penney contends that the asserted claims of the patents-in-suit are invalid because they are anticipated by prior art under 35 U.S.C. § 102, obvious under 35 U.S.C. § 103, and fail to meet the written description requirement of 35 U.S.C. § 112 for the reasons set forth in the expert reports on invalidity of Richard Phillips and the defendants' pending summary judgment motions.

7.      J.C. Penney contends that the patents-in-suit are unenforceable due to inequitable conduct by the applicants and/or their agents during the prosecution of the patents, specifically through their intentional, material misrepresentations and/or omissions related to the true nature and scope of the prior art.

8.      J.C. Penney contends that by reason of the proceedings in the USPTO involving the patents-in-suit, and in particular, the remarks, representations, concessions, amendments and/or admissions of Plaintiffs and/or its representative(s) and/or agent(s) during

those proceedings, Plaintiffs are precluded and estopped from asserting that J.C. Penney has infringed any of the claims of the patents-in-suit.[33]

9.       J.C. Penney notes that Plaintiffs do not contend that J.C. Penney infringes under the doctrine of equivalents, and that Plaintiffs are estopped from doing so because Plaintiffs have not met the requirements of Patent Local Rule 3-1.[34]

10.      J.C. Penney contends that it has not actively induced any other party to infringe the asserted claims of the patents-in-suit under 35 U.S.C. § 271(b).  In addition to the fact that there can be no direct infringement because the claim limitations are not met, Plaintiffs have not established and cannot establish direct infringement actively induced by J.C. Penney. J.C. Penney also lacks the required knowledge of infringement and the specific intent to cause direct infringement of the patents-in-suit.

11.      J.C. Penney contends that it has not contributed to the infringement of any of the asserted claims of the patents-in-suit under 35 U.S.C. § 271(c).  J.C. Penney has not contributed to the infringement of any claim of the patents-in-suit through the sale of offer to sell within the United States, or importation into the United States, of a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  J.C. Penney

---

[33] Plaintiffs object to the inclusion of this paragraph, neither J.C. Penney nor any other Defendant have explained the factual basis for this alleged defense.

[34] Plaintiffs object to the inclusion of this paragraph.  Plaintiffs have complied with the requirements of the Patent Rules; and there has been no determination otherwise.

also lacks the required knowledge of infringement and the specific intent required for contributory infringement of the patents-in-suit.

12.     J.C. Penney contends that the Plaintiffs have not alleged willful infringement against J.C. Penney.

13.     J.C. Penney contends that Plaintiffs are not entitled to recover any damages and have not met their burden of proof on their damages claim.  However, if Plaintiffs are entitled to any damages, Plaintiffs may not recover more than the amount set forth by J.C. Penney's expert witnesses on damages Ed Blair/Pete Lyon.  J.C. Penney also contends that Plaintiffs are not entitled to enhancement of damages under 35 U.S.C. § 284.

14.     J.C. Penney contend that Plaintiffs are not entitled to recover damages for any act of alleged infringement occurring before the filing date of the lawsuit and that Plaintiffs have expressly disclaimed any such damages.  J.C. Penney further contends that Plaintiffs may not recover pre-suit damages for the additional reason that they have failed to comply with the marking requirements of 35 U.S.C. § 287.  Plaintiffs also provided no actual notice of infringement until the filing of the Complaint in this action.  As a result, Plaintiffs may not claim or recover pre-suit damages.[35]

15.     J.C. Penney contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before the filing date of this lawsuit under the doctrine of laches.  Plaintiffs unreasonably delayed in filing suit, a delay which was

---

[35] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages. *See* Dkt. No. 867.

prejudicial to J.C. Penney.   J.C. Penney is also entitled to a presumption of laches because Plaintiffs' unreasonable delay is more than six years.[36]

16.    J.C. Penney contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before February 3, 2009, because the asserted claims of the '906 patent were amended and narrowed in reexamination to change references to "interactive processing of" to "an end-user to directly interact with," entitling J.C. Penney to intervening rights under 35 U.S.C. §§ 307 & 252 and applicable case law.[37]

17.    J.C. Penney contends that Plaintiffs are not entitled to an injunction against J.C. Penney.   Under the applicable standards set forth in *eBay v. MercExchange LLC*, 547 U.S. 388 (2006), Plaintiffs are not entitled to an injunction.

18.    J.C. Penney contends that Plaintiffs are not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285 that would warrant Plaintiffs being awarded their attorneys' fees.

19.    J.C. Penney contends that Plaintiffs are not entitled to any enhancement of actual damages.

20.    J.C. Penney contends that an exceptional case finding should be made in favor of J.C. Penney, and that J.C. Penney is entitled to an award of attorneys' fees and costs.

21.    J.C. Penney reserves the right to include additional contentions and disputed issued of fact and law that may arise due to motions or procedural or substantive rulings

---

[36] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages.  See Dkt. No. 867.  The only remedy for a finding of laches is no pre-suit damages.  *See Ass'n for Molecular Pathology v. United States PTO*, 653 F.3d 1329, 1346 n.4 (Fed. Cir. 2011).  Therefore, this issue is moot.

[37] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs did not file suit until October, 2009, and Plaintiffs are not seeking pre-suit damages.

of the Court, including any pending or future motions *in limine*, *Daubert* motions, and motions for summary judgment.  J.C. Penney objects to the Court's claim construction order to the extent that the Court construed the claims differently from Defendants' requested constructions during the claim construction proceedings.

**Staples' Contentions**

1.      By providing these contentions, Staples does not concede that all of these issues are appropriate for trial.  In addition, Staples does not waive any of its motions *in limine*.

2.      Staples' contentions in this case are detailed in part in their pleadings, discovery responses, the expert reports and depositions of Dr. Steven Gribble, Julie Davis, and Nicholas Godici, the expert reports and depositions on invalidity of Dr. Richard Phillips, and its pending and anticipated motions, including their motions for summary judgment and motions *in limine* (see Section IX below), all of which Staples incorporates by reference herein.  Staples also incorporate by reference the motions and expert reports submitted by co-defendants to the extent they contain contentions relevant to Staples.

3.      Staples contends that it has not infringed any of the claims of the '906 patent or the '985 patent (herein "the patents-in-suit").

4.      Staples also contends that the asserted claims of the patents-in-suit are invalid because they are anticipated by prior art under 35 U.S.C. § 102, obvious under 35 U.S.C. § 103, and fail to meet the written description requirement of 35 U.S.C. § 112 for the reasons set forth in the expert reports on invalidity of Dr. Richard Phillips and the Defendants' pending summary judgment motions.

5.      Staples contends that the patents-in-suit are unenforceable due to inequitable conduct by the applicants and/or their agents during the prosecution of the patents, specifically

50

through their intentional, material misrepresentations and/or omissions related to the true nature and scope of the prior art.

6.      Staples contends that by reason of the proceedings in the USPTO involving the patents-in-suit, and in particular, the remarks, representations, concessions, amendments and/or admissions of Plaintiffs and/or its representative(s) and/or agent(s) during those proceedings, Plaintiffs are precluded and estopped from asserting that Staples has infringed any of the claims of the patents-in-suit.[38]

7.      Plaintiffs are estopped from asserting that Staples infringes under the doctrine of equivalents because Plaintiffs have not met the requirements of Patent Local Rule 3-1.[39]

8.      Staples contends that it has not actively induced any other party to infringe the asserted claims of the patents-in-suit under 35 U.S.C. § 271(b).  In addition to the fact that there can be no direct infringement because the claim limitations are not met, Plaintiffs have not established and cannot establish direct infringement actively induced by Staples.  Staples also lacks the required knowledge of infringement and the specific intent to cause direct infringement of the patents-in-suit.

9.      Staples contends that it has not contributed to the infringement of any of the asserted claims of the patents-in-suit under 35 U.S.C. § 271(c).  Staples has not contributed to the infringement of any claim of the patents-in-suit through the sale of offer to sell within the United States, or importation into the United States, of a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a

---

[38] Plaintiffs object to the inclusion of this paragraph, neither Staples nor any other Defendant have explained the factual basis for this alleged defense.

[39] Plaintiffs object to the inclusion of this paragraph.  Plaintiffs have complied with the requirements of the Patent Rules; and there has been no determination otherwise.

patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Staples also lacks the required knowledge of infringement and the specific intent required for contributory infringement of the patents-in-suit.

10.    Staples contends that Plaintiffs are not entitled to recover any damages and have not met their burden of proof on their damages claim.  However, if Plaintiffs are entitled to any damages, Plaintiffs may not recover more than the amount set forth by Staples' expert witness, Julie Davis.

11.    Staples also contends that Plaintiffs are not entitled to recover damages for any act of alleged infringement occurring before the filing date of the lawsuit.  Plaintiffs have expressly disclaimed any such damages.  Staples further contends that Plaintiffs may not recover pre-suit damages for the additional reason that they have failed to comply with the marking requirements of 35 U.S.C. § 287.  Plaintiffs also provided no actual notice of infringement until the filing of the Complaint in this action.  As a result, Plaintiffs may not claim or recover pre-suit damages.[40]

12.    Staples contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before the filing date of this lawsuit under the doctrine of laches.  Plaintiffs unreasonably delayed in filing suit, a delay which was prejudicial to Staples.

---

[40] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages.  *See* Dkt. No. 867.

Staples is also entitled to a presumption of laches because Plaintiffs' unreasonable delay is more than six years.[41]

13.     Staples contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before February 3, 2009 because the asserted claims of the '906 patent were amended and narrowed in reexamination to change references to "interactive processing of" to "an end-user to directly interact with," entitling Staples to intervening rights under 35 U.S.C. §§ 307 & 252 and applicable case law.[42]

14.     Staples contends that Plaintiffs are not entitled to an injunction against Staples. Under the applicable standards set forth in *eBay v. MercExchange LLC*, 547 U.S. 388 (2006), Plaintiffs are not entitled to an injunction.

15.     Staples contends that Plaintiffs are not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285 that would warrant Plaintiffs being awarded their attorneys' fees.

16.     Staples contends that an exceptional case finding should be made in favor of Staples, and that Staples is entitled to an award of attorneys' fees and costs.

Staples reserves the right to include additional contentions and disputed issued of fact and law that may arise due to motions or procedural or substantive rulings of the Court, including any pending or future motions *in limine*, *Daubert* motions, and motions for summary judgment. Staples objects to the Court's claim construction order to the extent that the Court construed the

---

[41] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages.  See Dkt. No. 867.  The only remedy for a finding of laches is no pre-suit damages.  *See Ass'n for Molecular Pathology v. United States PTO*, 653 F.3d 1329, 1346 n.4 (Fed. Cir. 2011).  Therefore, this issue is moot.

[42] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs did not file suit until October, 2009, and Plaintiffs are not seeking pre-suit damages.

claims differently from Defendants' requested constructions during the claim construction proceedings.

**Yahoo!'s Contentions**

1.      By providing these contentions, Yahoo! does not concede that all of these issues are appropriate for trial.  In addition, Yahoo! does not waive any of its motions *in limine*.

2.      Yahoo!'s contentions in this case are detailed in part in its pleadings, discovery responses, the expert reports and depositions of Dr. Bruce Maggs, Chris Bakewell, and Nicholas Godici, the expert reports and depositions on invalidity of Dr. Richard Phillips, and their pending and anticipated motions, including its motions for summary judgment and motions *in limine* (see Section IX below), which are all incorporated by reference herein.  Yahoo! also incorporates by reference the motions and expert reports submitted by co-defendants where they contain contentions relevant to Yahoo!.

3.      Yahoo! contends that it has not infringed any of the claims of the '906 patent or the '985 patent (herein "the patents-in-suit").  Yahoo! further contends that, if any infringement were to be found, then such infringement by Yahoo! would not have been willful.

4.      Yahoo! contends that it established that there was not an objectively high likelihood that the patents-in-suit were valid or infringed by the accused Yahoo! products.

5.      Yahoo! also contends that the asserted claims of the patents-in-suit are invalid because they do not claim patent-eligible subject matter under 35 U.S.C. § 101, are anticipated by prior art under 35 U.S.C. § 102, obvious under 35 U.S.C. § 103, and fail to meet

the written description requirement of 35 U.S.C. § 112 for the reasons set forth in the expert reports on invalidity of Dr. Richard Phillips and its pending summary judgment motions.[43]

6.      Yahoo! contends that the patents-in-suit are unenforceable due to inequitable conduct by the applicants and/or their agents during the prosecution of the patents, specifically through their intentional, material misrepresentations and/or omissions related to the true nature and scope of the prior art.

7.      Yahoo! contends that by reason of the proceedings in the USPTO involving the patents-in-suit, and in particular, the remarks, representations, concessions, amendments and/or admissions of Plaintiffs and/or its representative(s) and/or agent(s) during those proceedings, Plaintiffs are precluded and estopped from asserting that Yahoo! has infringed any of the claims of the patents-in-suit.[44]

8.      Yahoo! notes that Plaintiffs do not contend that Yahoo! infringes under the doctrine of equivalents, and that Plaintiffs are estopped from doing so because Plaintiffs have not met the requirements of Patent Local Rule 3-1.[45]

9.      Yahoo! contends that it has not actively induced any other party to infringe the asserted claims of the patents-in-suit under 35 U.S.C. § 271(b).  In addition to the fact that there can be no direct infringement because the claim limitations are not met, Plaintiffs have not established and cannot establish direct infringement actively induced by Yahoo!.

---

[43] Plaintiffs object to the inclusion of claims of invalidity in this paragraph that are not contained in their expert reports, including, without limitation, the failure to claim patentable subject matter.

[44] Plaintiffs object to the inclusion of this paragraph, neither Yahoo! nor any other Defendant have explained the factual basis for this alleged defense.

[45] Plaintiffs object to the inclusion of this paragraph.  Plaintiffs have complied with the requirements of the Patent Rules; and there has been no determination otherwise.

Yahoo! also lacks the required knowledge of infringement and the specific intent to cause direct infringement of the patents-in-suit.

10.     Yahoo! contends that it has not contributed to the infringement of any of the asserted claims of the patents-in-suit under 35 U.S.C. § 271(c).  Yahoo! has not contributed to the infringement of any claim of the patents-in-suit through the sale of offer to sell within the United States, or importation into the United States, of a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Yahoo! also lacks the required knowledge of infringement and the specific intent required for contributory infringement of the patents-in-suit.

11.     Yahoo! contends that the Plaintiffs' disclaimer of pre-suit damages and failure to seek a preliminary injunction forecloses Plaintiffs from alleging willfulness, and Yahoo! objects to any evidence, testimony, or argument regarding willfulness at trial.  Yahoo! further contends that, if any infringement were to be found, then such infringement by Yahoo! would not have been willful.[46]

12.     Yahoo! contends that Plaintiffs are not entitled to recover any damages and have not met their burden of proof on their damages claim.  However, if Plaintiffs are entitled to any damages, Plaintiffs may not recover more than the amount set forth by Yahoo!'s

---

[46] Plaintiffs object to the inclusion of this paragraph given that it is a clear attempt to argue Defendants' motion on willful infringement [Dkt. No. 873].

expert witness Chris Bakewell.  Yahoo! contends that Plaintiffs are not entitled to enhancement of damages under 35 U.S.C. § 284.

13.     Yahoo! contends that Plaintiffs are not entitled to recover damages for any act of alleged infringement occurring before the filing date of the lawsuit.  Plaintiffs have expressly disclaimed any such damages.  Yahoo! contends that Plaintiffs may not recover pre-suit damages for the additional reason that they have failed to comply with the marking requirements of 35 U.S.C. § 287.  Plaintiffs also provided no actual notice of infringement until the filing of the Complaint in this action.  As a result, Plaintiffs may not claim or recover pre-suit damages.[47]

14.     Yahoo! contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before the filing date of this lawsuit under the doctrine of laches.  Plaintiffs unreasonably delayed in filing suit, a delay which was prejudicial to Yahoo!.  Yahoo! is also entitled to a presumption of laches because Plaintiffs' unreasonable delay is more than six years.[48]

15.     Yahoo! contends that Plaintiffs are barred from recovering any damages for any act of alleged infringement occurring before February 3, 2009 because the asserted claims of the '906 patent were amended and narrowed in reexamination to change references to

---

[47] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages. *See* Dkt. No. 867.

[48] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs have already stipulated that they are not seeking pre-suit damages.  See Dkt. No. 867.  The only remedy for a finding of laches is no pre-suit damages.  *See Ass'n for Molecular Pathology v. United States PTO*, 653 F.3d 1329, 1346 n.4 (Fed. Cir. 2011).  Therefore, this issue is moot.

"interactive processing of" to "an end-user to directly interact with," entitling Yahoo! to intervening rights under 35 U.S.C. §§ 307 & 252 and applicable case law.[49]

16.     Yahoo! contends Plaintiffs are barred from recovering any damages for allegedly infringing products that are directly or indirectly provided to Yahoo! from or by an entity, including without limitation Microsoft Corp. and/or Apple, Inc., that has an express or implied license to the '906 patent or the '985 patent.[50]

17.     Yahoo! contends that Plaintiffs are not entitled to an injunction against Yahoo!.  Under the applicable standards set forth in *eBay v. MercExchange LLC*, 547 U.S. 388 (2006), Plaintiffs are not entitled to an injunction.

18.     Yahoo! contends that Plaintiffs are not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285 that would warrant Plaintiffs being awarded their attorneys' fees.

19.     Yahoo! contends that Plaintiffs are not entitled to any enhancement of actual damages.

20.     Yahoo! contends that an exceptional case finding should be made in favor of Yahoo!, and that Yahoo! is entitled to an award of attorneys' fees and costs.

21.     Yahoo! reserves the right to include additional contentions and disputed issued of fact and law that may arise due to motions or procedural or substantive rulings of the Court, including any pending or future motions *in limine*, *Daubert* motions, and motions for summary judgment.  Yahoo! objects to the Court's claim construction order to the extent that the

---

[49] Plaintiffs object to the inclusion of this paragraph, given that Plaintiffs did not file suit until October, 2009, and Plaintiffs are not seeking pre-suit damages.

[50] Plaintiffs object to the inclusion of this paragraph, as it is a clear attempt to argue its license defense.

Court construed the claims differently from Defendants' requested constructions during the claim construction proceedings.

McKool 397261v19

V.     **UNCONTESTED FACTS AND STIPULATIONS**

The parties agree to the following uncontested facts and stipulations.

A.     **The Parties' Statement of Uncontested Facts**

1.     The parties do not contest that, in this action, the Court has personal jurisdiction over the parties, and that subject matter jurisdiction is proper in this Court, and that the Court has determined that venue is proper in this Court.

2.     The parties do not contest that, in this action, the University of California and Eolas have standing to bring this suit.

3.     Eolas filed its Original Complaint on October 6, 2009.  The University of California was subsequently added as a party to the lawsuit and, on October 28, 2011, when the University of California and Eolas filed their Corrected Third Amended Complaint.

4.     The University of California is charged by State law with the duty of administering the University of California as a public trust, pursuant to Article IX § 9 of the California Constitution.

5.     The '906 patent, entitled "Distributed hypermedia method for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document," issued on November 17, 1998.  The application for the '906 patent was filed on October 17, 1994.  The named inventors of the '906 patent are Michael Doyle, David Martin, and Cheong Ang.

6.     The '985 patent, entitled "Distributed hypermedia method and system for automatically invoking external application providing interaction and display of embedded objects within a hypermedia document," issued on October 6, 2009.  The application for the '985 patent was filed on August 9, 2002.  The '985 patent is a continuation of application No.

60

09/075,359, filed on May 8, 1998, now abandoned, which is a continuation of the '906 patent. The named inventors of the '985 patent are Michael Doyle, David Martin, and Cheong Ang.

7.    The '906 patent and the '985 patent are owned by assignment by the University of California.  Eolas has an exclusive license to the '906 patent and the '985 patent that includes, without limitation, the following:  (a) all exclusionary rights under the patents, including, but not limited to, (i) the exclusive right to exclude others from making, using, offering for sale, or selling products embodying the patented inventions throughout the United States or importing such products into the United States, and (ii) the exclusive right to exclude others from using and otherwise practicing methods embodying the patented inventions throughout the United States; and (b) the exclusive right to sue and seek damages for infringement of any of the exclusionary rights identified above.

8.    Claims 1 and 6 of the '906 patent and claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent are at issue and asserted in this case.

9.    Plaintiffs have entered into an agreement with Microsoft Corporation ("the Microsoft License") under which Plaintiffs covenanted not to sue any of Microsoft's "customers, developers, manufacturers, distributors, resellers, wholesalers, retailers or end-users of Licensee Products under … [the patents-in-suit] … for their making, using, selling, offering for sale, licensing, leasing, importing or otherwise disposing or distributing Licensee Products or practicing any method in connection with their making, using, selling, offering for sale, licensing, leasing, importing or otherwise disposing or distributing Licensee Products."[51]

---

[51] Plaintiffs object to the inclusion of this paragraph, which is a clear attempt to argue the license defense.

10.     Microsoft Internet Explorer is a Licensee Product under the Microsoft License.[52]

11.     Microsoft Windows is a Licensee Product under the Microsoft License.[53]

12.     Microsoft Internet Information Services (IIS) is a Licensee Product under the Microsoft License.[54]

13.     Microsoft Visual Studio is a Licensee Product under the Microsoft License.[55]

14.     Defendant Go Daddy is a Microsoft customer.[56]

15.     Go Daddy uses licensed Microsoft IIS web server software running under Microsoft Windows to serve the website www.godaddy.com.[57]

16.      Go Daddy uses licensed Microsoft IIS web server software running under Microsoft Windows to serve the website videos.godaddy.com.[58]

---

[52] Plaintiffs object to the inclusion of this paragraph, which is a clear attempt to argue the license defense.

[53] Plaintiffs object to the inclusion of this paragraph, which is a clear attempt to argue the license defense.

[54] Plaintiffs object to the inclusion of this paragraph, which is a clear attempt to argue the license defense.

[55] Plaintiffs object to the inclusion of this paragraph, which is a clear attempt to argue the license defense.

[56] Plaintiffs object to the inclusion of this paragraph, which is a clear attempt to argue the license defense.

[57] Plaintiffs object to the inclusion of this paragraph, which is a clear attempt to argue the license defense.

[58] Plaintiffs object to the inclusion of this paragraph, which is a clear attempt to argue the license defense.

McKool 397261v19

17.     Plaintiffs have entered into a settlement agreement with Apple Inc. ("Apple") under which Eolas has provided a license to the patents in suit for, inter alia, the use of Apple's Safari web browser to view the accused Go Daddy websites and videos on those websites.[59]

18.     Plaintiffs did not provide any written notification to Go Daddy of the patents in suit before Eolas' complaint was filed on October 6, 2009.[60]

19.     Go Daddy is not liable, directly or indirectly, for any infringement of the patents in suit that occurred before October 6, 2009.[61]

20.     Eolas does not allege that it is entitled to damages resulting from Go Daddy's direct infringement of the patents in suit.[62]

21.     Go Daddy's television advertisements do not infringe the patents in suit.[63]

22.     Go Daddy's advertisements on race cars do not infringe the patents in suit.[64]

23.     Go Daddy's advertisements in magazines do not infringe the patents in suit.[65]

---

[59] Plaintiffs object to the inclusion of this paragraph, which is a clear attempt to argue the license defense.

[60] Plaintiffs object to the inclusion of this paragraph, as it is irrelevant given that Plaintiffs do not seek pre-suit damages.

[61] Plaintiffs object to the inclusion of this paragraph, as it is irrelevant given that Plaintiffs do not seek pre-suit damages.

[62] Plaintiffs object to the inclusion of this paragraph in the "Uncontested Facts".

[63] Plaintiffs object to the inclusion of this paragraph in the "Uncontested Facts".

[64] Plaintiffs object to the inclusion of this paragraph in the "Uncontested Facts".

[65] Plaintiffs object to the inclusion of this paragraph in the "Uncontested Facts".

24.     Go Daddy is not liable for contributory infringement of the patents in suit.[66]

25.     Go Daddy does not require any payment to watch the accused videos on Go Daddy's websites.[67]

26.     The annual fees in Eolas' March 1995 business plan were based solely on prospective licensees' revenues.[68]

## B.     The Parties' Statement Regarding Stipulations

The following statements are not exclusive of stipulations or agreements the parties have made during this litigation.

1.     The parties have stipulated that Plaintiffs are not seeking any pre-suit damages in this litigation.  [Dkt. No. 867].

2.     The parties will exchange copies of all documentary, graphic, slide, animation, and any other form of demonstratives they plan to use at trial for use during direct examination—but not for cross-examination—by 8:00 p.m. the night before their intended use. In other words, if a demonstrative will be used on a Wednesday, it must be exchanged or made available by 8:00 p.m. on the previous Tuesday.  The parties shall exchange objections to these demonstratives by 10:00 p.m. on the day the exhibits are received.  Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.

3.     The parties will make available for inspection all non-documentary demonstratives or live product demonstrations, such as physical exhibits, physical prior art or

---

[66] Plaintiffs object to the inclusion of this paragraph in the "Uncontested Facts".

[67] Plaintiffs object to the inclusion of this paragraph in the "Uncontested Facts".

[68] Plaintiffs object to the inclusion of this paragraph in the "Uncontested Facts".

physical products, they plan to use at trial for use during direct examination—but not for cross-examination—by 8:00 p.m. two nights before their intended use.   In other words, if a demonstrative will be used on a Wednesday, it must be exchanged or made available by 8:00 pm on the previous Monday.   The parties shall exchange objections to these non-documentary demonstratives or live product demonstrations by 7:00 pm the night before their intended use. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

4.      The parties will exchange lists of exhibits they intend to use during direct examination by 8:00 p.m. the night before their intended use.

5.      The parties will identify deposition designations by 6:00 p.m. two (2) days before their intended use.   Counter-designations will be due by 1:00 p.m. the afternoon before their intended use.   By 8:00 p.m. on the evening before any such deposition designations and counter-designations are used, the party offering that testimony will provide a copy of the video for said designations to the opposing party for review.

6.      The parties agree to continue to meet and confer to resolve their objections to the other party's deposition designations and exhibits. The parties agree to endeavor to enter into stipulations as to the authenticity and use of produced documents following the exchange of exhibit lists and objections.

7.      The parties will identify witnesses to be called live and by deposition, in the order of call, at 10:00 a.m., 48 hours in advance of the day of trial during which the witnesses will testify.   In other words, if a witness will testify on a Wednesday, the witness must be identified by 10:00a.m. on the previous  Monday .

8.      The parties agree that any exhibit listed on a party's own exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by that party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

## VI.      CONTESTED ISSUES OF FACT AND LAW

By providing these Statements, the parties do not concede that all of these issues are appropriate for trial.  In addition, the parties do not waive any of their pending motions.  Any issues of fact that are determined to constitute issues of law are hereby designated as such, and vice versa.

### A.      The University of California and Eolas' Statement of Their Contested Issues of Fact and Law

1.      Whether Eolas is a corporation organized and existing under the laws of Texas, with its principal place of business at 313 East Charnwood Street, Tyler, Texas 75701.

2.      Whether the United States Patent and Trademark Office, after initially issuing the '906 Patent, has affirmed its validity on two separate occasions, most recently on February 3, 2009.

3.      Whether Defendants directly infringe claims 1 and 6 of the '906 patent.

4.      Whether Defendants induce infringement of claims 1 and 6 of the '906 patent.

5.      Whether Defendants contributorily infringe claims 1 and 6 of the '906 patent.

6.      Whether Defendants directly infringe claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent.

66

7.      Whether Defendants induce infringement of claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent.

8.      Whether Defendants contributorily infringe claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent.

9.      Whether Defendants Adobe's, Amazon's, Citigroup's, Google's, Yahoo's, or YouTube's infringement is and has been willful.

10.      Whether the University of California and Eolas are entitled to enhanced damages against Adobe, Amazon, Citigroup, Google, Yahoo, or YouTube pursuant to 35 U.S.C. § 284, and, if so, the dollar amount of the enhancement.

11.      Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether the University of California and Eolas are entitled to an award of attorneys' fees against any Defendant.

12.      Whether the University of California and Eolas are entitled to damages to compensate for Defendants' infringement, and, if so, the dollar amount of pre-verdict and post-verdict damages adequate to compensate for the infringement of the patents-in-suit, but in no event less than a reasonable royalty.

13.      Whether the University of California and Eolas are entitled to costs, and, if so, the dollar amount of their costs.

14.      Whether the University of California and Eolas are entitled to prejudgment and/or post-judgment interest, and, if so, the dollar amount of prejudgment and/or post-judgment interest.

McKool 397261v19

15.     Whether the University of California and Eolas are entitled to a permanent injunction against any Defendant, requiring any Defendant to refrain from directly infringing, contributing to, or inducing the infringement of the patents-in-suit in the United States.

16.     Whether any denial of a permanent injunction should be conditioned on payment of reasonable royalties for future infringement, and if so, the royalty amount set for future infringement and a means or mechanism to account for future royalty payments, including during any stay of an injunction pending appeal.

17.     Whether Defendants have proven by clear and convincing evidence that the asserted claims of the patents-in-suit are invalid because they are anticipated by Defendants' prior art references under 35 U.S.C. § 102.

18.     Whether Defendants have proven by clear and convincing evidence that the asserted claims of the patents-in-suit are obvious under 35 U.S.C. § 103 in view of Defendants' prior art references.

19.     Whether Defendants have proven by clear and convincing evidence that the asserted claims of the patents-in-suit are invalid for failure to meet the written description requirement under 35 U.S.C. § 112.

20.     Whether Defendants have proven by clear and convincing evidence that the asserted claims of the patents-in-suit are invalid for failure to satisfy the enablement requirement of 35 U.S.C. § 112.

21.     Whether Defendants have proven by clear and convincing evidence that the asserted claims of the patents-in-suit are unenforceable because of inequitable conduct.

22.     Whether Defendants have established their defenses of prosecution estoppel, patent exhaustion and/or implied license, laches, estoppel, failure to comply with 35 U.S.C. § 287, invalidity and/or unenforceability under 35 U.S.C. §§ 102, 103, and/or 112.

**B.     Defendants' Statement Regarding Issues of Fact and Law.**

1.     Whether Eolas is a corporation that was organized and existing under the laws of Texas as of July 13, 2009, with a place of business at 313 East Charnwood Street, Tyler, Texas 75701.

2.     Whether the '906 Patent has been subject to reexamination before the United States Patent and Trademark Office on two occasions, most recently on February 3, 2009, when Plaintiffs amended claims 1-10 of the '906 patent and added new claims 11-14.

3.     Whether there are two claim construction issues raised in the expert reports and pending motions, which must be resolved by the Court before trial. The first is "location" requirement of the claims, which is discussed in D.I. 1151.[69] The second is the term "browser application," for which no party offered a construction during the claim construction briefing. This term has been raised in the expert reports and the two sides' experts dispute the meaning. It is also discussed in D.I. 869.

4.     Whether claims 1 and 6 of the '906 patent are invalid by reason of anticipation under 35 U.S.C. § 102.

5.     Whether claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent are invalid by reason of anticipation under 35 U.S.C. § 102.

6.     Whether claims 1 and 6 of the '906 patent are invalid by reason of obviousness under 35 U.S.C. § 103.

---

[69] D.I. 1151 was filed by Adobe, Go Daddy, Staples, Google, and YouTube.

69

7.      Whether claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent are invalid by reason of obviousness under 35 U.S.C. § 103.

8.      Whether claims 1 and 6 of the '906 patent are invalid for lack of written description under 35 U.S.C. § 112.

9.      Whether claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent are invalid for lack of written description under 35 U.S.C. § 112.

10.     Whether claims 1 and 6 of the '906 patent are invalid for lack of enablement under 35 U.S.C. § 112.

11.     Whether claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent are invalid for lack of enablement under 35 U.S.C. § 112.

12.     Whether Plaintiffs have proved by a preponderance of the evidence that Defendants directly infringe claims 1 and 6 of the '906 patent.

13.     Whether Plaintiffs have proved by a preponderance of the evidence that Defendants directly infringe claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent.

14.     Whether Plaintiffs have proved by a preponderance of the evidence that a third party directly infringes claims 1 and 6 of the '906 patent, the number of alleged direct infringers, and that Defendants direct or control the actions of that third party, and whether Defendants can be found to induce such direct infringement.

15.     Whether Plaintiffs have proved by a preponderance of the evidence that a third party directly infringes claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent, the number of alleged direct infringers, and that Defendants direct or control the actions of that third party, and whether Defendants can be found to induce such direct infringement.

16.     Whether Plaintiffs have proved by a preponderance of the evidence that Defendants contributorily infringe claims 1 and 6 of the '906 patent.

17.     Whether Plaintiffs have proved by a preponderance of the evidence that Defendants contributorily infringe claims 1, 3, 10, 16, 18, 20, 22, 36, 38, 40, and 42 of the '985 patent.

18.     Whether the '906 patent is unenforceable by reason of inequitable conduct before the United States Patent and Trademark Office.

19.     Whether the '985 patent is unenforceable by reason of inequitable conduct before the United States Patent and Trademark Office.

20.     Whether Plaintiffs' claims are barred by the doctrine of laches.

21.     Whether Plaintiffs' claims are barred by the doctrine of unclean hands.

22.     Whether Plaintiffs' claims are barred by the doctrine of prosecution history estoppel.

23.     Whether Plaintiffs' Claims are barred by the doctrine of prosecution disclaimer.

24.     Whether Plaintiffs' claims are barred by the doctrine of equitable estoppel.

25.     Whether Plaintiffs' claims are barred by the doctrine of intervening rights.

26.     Whether Plaintiffs' covenant not sue Microsoft customers and end-users applies to the conduct of defendants CDW, J.C. Penny, and/or Go Daddy and/or that of visitors to their accused websites.

27.     Whether the conduct of CDW, J.C. Penny, and/or Go Daddy and/or that of visitors to their websites is authorized under an implied license.

28.     Whether the conduct of defendants CDW, J.C. Penny, and/or Go Daddy and/or the conduct of visitors to their accused websites is authorized under the patent exhaustion doctrine or the full compensation rule.

29.     Whether the Court's claim constructions and/or the doctrine of prosecution disclaimer bar Plaintiffs' claims that websites that display only a static image of an object, which must then be activated by a user click before the alleged executable application is invoked infringe the patents-in-suit.[70]

30.     Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether Defendants are entitled to an award of attorneys' fees against Plaintiffs.

31.     Whether Defendants are entitled to costs, and if so, in what amount.

32.     Whether, if the patents-in-suit are found to be not invalid, and if Plaintiffs have proved infringement by a preponderance of the evidence, Plaintiffs are entitled to damages to compensate for such infringement, and, if so, by what measure.

33.     Whether Plaintiffs are entitled to any damages, such damages are limited under the doctrines of patent exhaustion or implied license, and if so, by what amount.

34.     Whether, if Plaintiffs can prove that they have satisfied every factor of the four-factor test for a permanent injunction, namely that: (i) they have suffered irreparable harm; (ii) legal remedies, including monetary damages, cannot compensate for that harm; (iii) the balance of hardships weighs in favor of Plaintiffs; and (iv) the public interest would not be disserved by injunctive relief, and so are entitled to permanent injunctive relief from any Defendant.

---

[70] Plaintiffs object to the inclusion of this paragraph—this is a noninfringement defense and is, thus, unnecessary.

72

35.     Whether Plaintiffs have proved by clear and convincing evidence that Defendants Adobe, Amazon, Citigroup, Google, Yahoo!, or YouTube acted despite an objectively high likelihood that their actions constituted infringement of a valid patent, and whether such infringement can be considered willful.

36.     Whether, if Plaintiffs prove that any infringement by Defendants Adobe, Amazon, Citigroup, Google, Yahoo,  or YouTube was willful, Plaintiffs are entitled to enhanced damages under 35 U.S.C. § 284, and if so, by what amount.

37.     Whether Plaintiffs are entitled to costs, fees, or pre- or post-judgment interest, and if so, in what amount.

**C.     The University of California and Eolas' Statement Regarding Issues to Be Decided by the Court**

1.     The University of California and Eolas contend that all equitable issues require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

2.     The University of California and Eolas contend that all issues related to the University of California and Eolas' claim for injunctive relief require determination by the Court, should not be submitted to the jury, and the jury should not be advised of the request for an injunction.

3.     The University of California and Eolas contend that the jury demand with respect to all counterclaims as to which Defendants have not disclosed evidence of damages or other legal remedy in discovery should be stricken.  Said counterclaims should be tried to the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence related solely thereto.

**D.      Defendants' Statements Regarding Issues to Be Decided by the Court**

1.      Defendants (except CDW, Go Daddy, and J.C. Penney) contend that all issues related to Defendants' licensing/exhaustion defenses -- particularly with respect to questions addressed to the scope of the license agreements entered into between Eolas and Microsoft, Eolas and Apple, and Eolas and Oracle – claims require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.[71]

2.      Defendants contend that all issues related to Plaintiffs' claims for willful infringement require determination by the Court, should not be submitted to the jury and should not be presented to the jury as to evidence relating solely thereto.

3.      Defendants contend that all issues related to Plaintiffs' claim for enhanced damages, if appropriate, require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

4.      Defendants contend that all issues related to Plaintiffs' claim for attorneys fees, if appropriate, require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

5.      Defendants contend that all issues related to Plaintiffs' claims for prejudgment interest, if appropriate, require determination by the Court, should not be submitted to the jury, and should not be presented to the jury as to evidence relating solely thereto.

---

[71] Defendants CDW, Go Daddy, and J.C. Penney have filed motions for summary judgment with respect to their license defenses based upon the absence of any disputed factual issues which could preclude judgment in their favor on this defense.  However, should the Court deny the motions for these defendants, these defendants believe that the jury must resolve the issue of

## VII.   <u>LIST OF WITNESSES</u>

- Plaintiffs' the University of California and Eolas' Trial Witness List and Rebuttal Trial Witness List are attached as Exhibit 1.

- Defendant Adobe Systems Inc.'s First Amended Trial Witness List is attached as Exhibit 2.

- Defendant Amazon.com Inc.'s Witness List is attached as Exhibit 3.

- Defendant CDW Corp.'s Witness List is attached as Exhibit 4.

- Defendant The Go Daddy Group Inc.'s Trial Witness List is attached as Exhibit 5.

- Defendant Google Inc. and YouTube LLC's Amended Trial Witness List is attached as Exhibit 6.

- Defendant J.C. Penney Company Inc.'s Witness Disclosures and Rebuttal Witness Disclosures are attached as Exhibit 7.

- Defendant Staples Inc.'s Witness List is attached as Exhibit 8.

- Defendant Yahoo! Inc.'s Witness List is attached as Exhibit 9.

- The University of California and Eolas' Corrected Deposition Designations are attached as Exhibit 10.

- Defendant Adobe Systems Inc.'s Deposition Designations is attached as Exhibit 11.

- Defendant Amazon.com Inc. and Yahoo! Inc.'s Deposition Designations is attached as Exhibit 12.

- Defendant CDW Corp.'s Deposition Designations is attached as Exhibit 13.

- Defendant The Go Daddy Group Inc.'s Deposition Designations is attached as Exhibit 14.

- Defendant Google Inc. and YouTube LLC's Amended Deposition Designations is attached as Exhibit 15.

- Defendant J.C. Penney Company Inc.'s Deposition Designations is attached as Exhibit 16.

- Defendant Staples Inc.'s Deposition Designations is attached as Exhibit 17.

---

their defense that Eolas's suit is a breach of the Microsoft License Agreement to which they are acknowledged beneficiaries.

- Defendant Citigroup and Plaintiffs are working on settling their differences.  *See* Dkt. No. 1237.  Accordingly, Citigroup's trial witness list and deposition designations are not included.

## VIII.   LIST OF EXHIBITS

- The University of California and Eolas' Trial Exhibit List is attached as Exhibit 18.

- Defendants' First Amended Joint Trial Exhibit List is attached as Exhibit 19.

- Defendant Adobe Systems Inc.'s Second Amended Trial Exhibit List is attached as Exhibit 20.

- Defendant Amazon.com Inc.'s Amended Trial Exhibit List is attached as Exhibit 21.

- Defendant CDW Corp.'s Fourth Amended Trial Exhibit List is attached as Exhibit 22.

- Defendant The Go Daddy Group Inc.'s Amended Trial Exhibit List is attached as Exhibit 23.

- Defendant Google Inc. and YouTube LLC's Trial Exhibit List is attached as Exhibit 24.

- Defendant J.C. Penney Company Inc.'s Amended Trial Exhibit List is attached as Exhibit 25.

- Defendant Staples Inc.'s Amended Trial Exhibit List is attached as Exhibit 26.

- Defendant Yahoo! Inc.'s Amended Trial Exhibit List is attached as Exhibit 27.

- Defendant Citigroup and Plaintiffs are working on settling their differences.  *See* Dkt. No. 1237.  Accordingly, Citigroup's Trial Exhibit List is not included.

## IX.   LIST OF PENDING MOTIONS

### The University of California and Eolas' Pending Motions

| Dkt. No. | Date | Title |
|---|---|---|
| 1149 | 12/22/2011 | Plaintiffs' Daubert Motion to Exclude Expert Testimony Construing the Microsoft and Apple Agreements |
| 1150 | 12/22/2011 | Plaintiffs' Motion to Preclude Reliance on Documents and Facts Related to A/B Testing Produced by J.C. Penney Company, Inc. After Close of Fact Discovery |
| 1169 | 1/5/2012 | Plaintiffs' Unopposed Motion to Increase Limit of Designated Exhibits for Trial |
| 1186 | 1/6/2012 | Plaintiffs The Regents of the University of California and Eolas Technologies Incorporated's Omnibus Motion in Limine |
| 1191 | 1/6/2012 | Plaintiffs and Defendants Joint Omnibus Motion in Limine |

| 1237 | 1/13/2012 | Citi and Plaintiffs Agreed Motion to Extend Deadlines |

**Defendants' Pending Motions**

| Dkt. No. | Date | Title |
|----------|------|-------|
| 790 | 7/25/11 | Defendant Go Daddy's Motion for Summary Judgment of Noninfringement Based on Its License Defense |
| 860 | 8/16/11 | Google, Inc.'s and YouTube, LLC's Motion to Strike Portions of the Expert Report of David M. Martin, Jr. Concerning New Infringement Contentions |
| 861 | 8/16/11 | Google, Inc. and YouTube, LLC's Motion to Strike Portions of the Expert Reports of Roy Weinstein |
| 868 | 8/17/11 | Defendant CDW LLC's Motion to Strike Late-Disclosed Infringement Allegations |
| 869 | 8/17/11 | Defendants' Motion for Summary Judgment of Invalidity Under Section 102(b) |
| 870 | 8/17/11 | Defendant Adobe's Motion for Partial Summary Judgment of Noninfringement Based on Its License Defense |
| 873 | 8/17/11 | Defendants' Motion for Summary Judgment of No Enhanced Damages for Willful Infringement |
| 874 | 8/17/11 | Defendants' Joint Motion for Partial Summary Judgment of Non-Infringement Based on Divided Infringement |
| 876 | 8/17/11 | Defendant Adobe Systems Inc., Amazon.com, Inc., CDW LLC, Citigroup Inc., Google, Inc., J.C. Penney Corporation, Inc., Staples, Inc., Yahoo! Inc., and YouTube, LLC's Motion for Summary Judgment of Noninfringement Based on Microsoft/Apple License Defense |
| 877 | 8/18/11 | Defendants' Motion for Summary Judgment of Invalidity for Lack of Written Description |
| 901 | 8/19/11 | Defendant Go Daddy's Motion to Exclude the Expert Testimony of Roy Weinstein on Go Daddy's Damages |
| 902 | 8/19/11 | Defendants' Motion to Exclude Portions of the Expert Testimony of David Martin and Roy Weinstein |
| 903 | 8/19/11 | Defendants' Motion to Exclude Expert Testimony of Roy Weinstein |
| 904 | 8/19/11 | Defendant CDW LLC's Motion to Exclude Expert Testimony of Roy Weinstein |
| 905 | 8/19/11 | Google, Inc. and YouTube, LLC's Motion to Exclude the Expert Reports and Opinions of Roy Weinstein |
| 906 | 8/19/11 | Defendants' Daubert Motion to Preclude Expert Testimony of Jonathan H. Bari |
| 907 | 8/19/11 | Yahoo!, Inc.'s Daubert Motion to Exclude Portions of Expert Testimony of Roy Weinstein |
| 930 | 8/23/11 | Defendant Staples, Inc.'s Motion to Strike Late-Disclosed Infringement Allegations |
| 1118 | 11/29/11 | Motion for Leave to Serve Discovery on Apple, Inc., Patrick Heynen and Los Alamos National Laboratory |

| Dkt. No. | Date | Title |
|---|---|---|
| 1127 | 12/8/11 | Motion to Exclude the Testimony and Opinions of Roy Weinstein as Against Citigroup |
| 1133 | 12/12/11 | Yahoo! Inc. Motion for a Separate Trial |
| 1134 | 12/12/11 | Amazon.com Motion for a Separate Trial |
| 1151 | 12/22/11 | Defendants' Daubert Motion Regarding Portions of the Expert Testimony of David Martin (filed by Adobe, Go Daddy & Staples) |
| 1152 | 12/22/11 | J.C. Penney Corporation, Inc.'s Motion to Strike "Supplemental" Expert Report of David Martin Disclosing New Infringement Contentions |
| 1154 | 12/23/11 | Motion to Strike a Portion of the December 13, 2011 Supplemental Expert Report of Dr. David M. Martin, Jr. |
| 1158 | 12/29/11 | Adobe Systems Inc. Motion to Sever or for Separate Trial |
| 1159 | 12/30/11 | Motion to Limit the Number of Asserted Claims for Trial |
| 1171 | 1/5/12 | Staples Motion for Separate Trial or to Sever |
| 1188 | 1/6/12 | Adobe Motion *in Limine* to Exclude Evidence of Efforts to Initiate A Re-Examination of the '906 Patent |
| 1189 | 1/6/12 | Defendants Motion *in Limine* |
| 1202 | 1/9/12 | Motion *in Limine* to Exclude Plaintiffs' Suggestion, Argument or Evidence That CDW Could Completely Remove or Disable Accused Features at Minimal Cost |
| 1218 | 1/10/12 | Defendants Motion for Jury Trial on Inequitable Conduct |
| 1219 | 1/11/12 | Google/YouTube Motion to Sever and for an Individual Trial |
| 1226 | 1/12/12 | J.C. Penney Corporation, Inc.'s Motion to Sever and/or For Individual Trial |

## X.     PROBABLE LENGTH OF TRIAL

### The University of California and Eolas' Statement

Plaintiffs the University of California and Eolas Technologies Inc. respectfully submit the following estimates of the amount of time requested for jury selection and trial.  For the reasons discussed in the University of California and Eolas Technologies Inc.'s responsive briefing to Amazon and Yahoo's motions for separate trial (Dkt. Nos. 1144 and 1163), Plaintiffs propose two trials, the first consisting of all claims brought by and against Adobe, Amazon, Google/YouTube, J.C. Penney, and Staples, and the second consisting of all claims brought by and against Citigroup, CDW, Go Daddy, and Yahoo.  This proposal thus envisions a first trial against five Defendants, and a second trial against the four remaining Defendants.

78

The University of California and Eolas Technologies Inc. respectfully request (1) 45 minutes per side for voir dire, (2) 45 minutes per side for opening statements, (3) 16 hours per side for direct and cross examinations, and (4) 60 minutes per side for closing arguments for each proposed trial.

### **Defendants' Statement**

Defendants respectfully submit the following estimates of the amount of time requested for jury selection and trial.  As discussed in the parties' Joint Status Update Regarding the Parties' Relative Positions On A Trial Plan, the number of trials, and the proposed participants in each trial, vary among the Defendants.

Defendants Adobe, Amazon, CDW, Citigroup, Go Daddy, Staples, and Yahoo! propose three trials consisting of the following parties: (1) Adobe, Google, and YouTube; (2) Amazon and Yahoo!; and (3) CDW, Citigroup, Go Daddy, JC Penney, and Staples.

Defendants Google and YouTube propose three trials consisting of the following parties: (1) Google and YouTube; (2) Amazon, and Yahoo!; and (3) Adobe, CDW, Citigroup, Go Daddy, JC Penney, and Staples.  Alternatively, Google and YouTube propose two trials consisting of the following parties: (1) Adobe, Amazon, J.C. Penney, and Staples; and (2) CDW, Citigroup, Google, Yahoo!, and YouTube.

Defendant JC Penney is not opposed to any of the above proposals so long as they are paired with Adobe.

Defendants respectfully submit that the amount of time required for trial will vary depending on how the Court decides to group the individual Defendants for trial.  Defendants, therefore, individually provide estimates of the probably length of trial.

**Adobe**

If Adobe is tried alone, and the prior Eolas litigation with Microsoft from 1999 to 2007 and willfulness are at issue at trial, Adobe estimates it will need 22 hours for the following purposes: (1) voir dire, 30 minutes, (2) opening statements, 60 minutes, (3) direct and cross examinations, 19.5 hours, (4) closing arguments, 60 minutes.   If Adobe is tried with another party, it is likely that there will be a reduction of time on examinations for purposes of invalidity. However, if for example Adobe is tried with various Adobe technology customers using Scene7 (e.g. J.C. Penny Corporation, Inc., Staples, Inc., CDW, Inc.), there will likely be an equivalent increase in time because direct and cross examinations of Adobe related witnesses will be longer as the parties attempt to bolster liability and indemnity related issues requiring Adobe to respond in kind.

**Amazon**

Currently ten (10) defendants remain in this litigation.[72] As two or more trial groups have been requested, Amazon only proposes times for the parties' suggested groups in which they are included. Each of the defendants has different technologies, experts and fact witnesses. As such, Amazon reserves the right to amend this pleading in the event that it is grouped with other disparate technologies, or with defendants with whom it does not share trial efficiencies, asserted claims or products. In addition, as discovery is ongoing with Plaintiff The Regents of the University of California and the experts, Amazon reserves the right to amend the request at or before the close of discovery.  Further, Amazon reserves the right to amend this submission in response to the Court's rulings regarding trial organization.  Finally, as there are also numerous

---

[72] As noted above, Plaintiffs and Defendant Citi have reached an agreement in principle to settle, which would leave nine defendants.

unresolved legal issues, including major evidentiary questions, Amazon reserves the right to amend on that basis as well.  Specifically, Amazon propose the following time limits per side:

Trial of Amazon Only:

(1) Voir dire - 45 min

(2) Opening - 45 min

(3) Testimony - 15 hours

(4) Closing - 60 min

Trial of Yahoo! and Amazon Only:

(1) Voir dire - 60 min

(2) Opening – 60 min

(3) Testimony - 20 hours

(4) Closing – 75 min

Trial of Yahoo!, Amazon, Citi, CDW, and Go-Daddy Only:[73]

(1) Voir Dire – 90 min

(2) Opening - 90 min

(3) Testimony - 26 hours

(4) Closing - 150 min

**CDW**

Currently, ten (10) defendants remain in this litigation.  As such, the following are to be considered estimates.  Actual time needed may vary depending upon the number of defendants,

---

[73] These estimates are proposed by Amazon and Yahoo! and are not endorsed by the other defendants in this group, who specifically reserve the right to make their own trial estimates.

discrete issues, the number of fact and expert witnesses needed, and the sequencing of parties for trial.  As such, CDW reserves the right to amend this pleading.

CDW requests a total of 16.5 hours for jury selection and trial as follows:  (1) *voir dire* – 45 minutes, (2) opening statements – 45 minutes, (3) direct and cross examinations – 14 hours, and (4) closing arguments – 1 hour.  Actual time needed may vary depending upon the number of defendants at trial, discrete issues, the number of fact and expert witnesses needed, and the sequencing of parties for trial.  As such, CDW reserves the right to amend this pleading.

**Citigroup**

The Parties are working on settling their differences.  *See* Dkt. No. 1237.  Accordingly, Citigroup's statement regarding Probable Length of Trial is not included.

**Go Daddy**

Go Daddy has stated in its submission on trial time that it proposes 15 hours for its case.  However, considering that there is a hearing on January 19, 2012 to address trial configurations, Go Daddy reserves its right to amend this proposal.

**Google/YouTube**

Google and YouTube respectfully submit the following estimates of the amount of time requested for jury selection and trial.  For the reasons discussed in Google's and YouTube's motion for an individual trial (Dkt. No. 1219), Google and YouTube propose a separate trial with the following trial times per side in a trial of Google and YouTube alone: one (1) hour for voir dire, one (1) hour for opening statements, eighteen (18) hours for direct and cross examinations, and one (1) hour for closing arguments.  Should the Court combine Google and YouTube with other defendants for voir dire and trial, Google and YouTube respectfully submit that additional time will be required for the combined defendants depending on a number of factors including

82

the total number of defendants, accused products, and asserted claims that will be tried in any such combined trial. Google and YouTube have filed a motion to sever with the Court seeking an individual trial.

**J.C. Penney**

If J.C. Penney is assigned to try the case with Adobe, then J.C. Penney requests a total of 10 hours for jury selection and trial as follows:  (1) voir dire – 45 minutes, (2) opening – 45 minutes, (3) direct and cross examinations – 7.5 hours, and (4) closing – 1 hour.

If J.C. Penney is not assigned to try the case with Adobe, then J.C. Penney requests a total of 15 hours for jury selection and trial as follows:  (1) voir dire – 45 minutes, (2) opening – 45 minutes, (3) direct and cross examinations – 12.5 hours, and (4) closing – 1 hour.

**Staples**

Staples respectfully submits the following estimates of the amount of time requested for jury selection and trial.  For the reasons discussed in Staples'  Motion for Separate Trial or to Sever (Dkt. No. 1171), Staples proposes a separate trial with the following trial times per side: 30 minutes for voir dire, 30 minutes for opening statements, fifteen (15) hours for direct and cross examinations, and one hour for closing arguments.  Should the Court combine Staples with other defendants for voir dire and trial, Staples respectfully submits that additional time will be required for the combined defendants depending on a number of factors including the total number of defendants, accused products, and asserted claims that will be tried in any such combined trial.

**Yahoo!**

Currently ten (10) defendants remain in this litigation.[74] As two or more trial groups have been requested, Yahoo! only proposes times for the parties' suggested groups in which they are included. Each of the defendants has different technologies, experts and fact witnesses. As such, Yahoo! reserves the right to amend this pleading in the event that it is grouped with other disparate technologies, or with defendants with whom it does not share trial efficiencies, asserted claims or products. In addition, as discovery is ongoing with Plaintiff The Regents of the University of California and the experts, Yahoo! reserves the right to amend the request at or before the close of discovery.  Further, Yahoo! reserves the right to amend this submission in response to the Court's rulings regarding trial organization.  Finally, as there are also numerous unresolved legal issues, including major evidentiary questions, Yahoo! reserves the right to amend on that basis as well.  Specifically, Yahoo! propose the following time limits per side:

Trial of Yahoo! Only:

(1) Voir dire - 45 min

(2) Opening - 45 min

(3) Testimony - 17 hours

(4) Closing - 60 min

Trial of Yahoo! and Amazon Only:

(1) Voir dire - 60 min

(2) Opening – 60 min

(3) Testimony - 20 hours

---

[74] Plaintiffs and Defendant Citi have reached an agreement in principle to settle, which would leave nine defendants.

(4) Closing – 75 min

Trial of Yahoo!, Amazon, Citi, CDW, and Go-Daddy Only:[75]

(1) Voir Dire – 90 min

(2) Opening - 90 min

(3) Testimony - 26 hours

(4) Closing - 150 min

## XI.      MANAGEMENT CONFERENCE LIMITATIONS

None.

## XII.      CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

1.      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders;

2.      The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.[76]  The parties have stipulated and moved this Court on various issues altering discovery limitations, which have all been approved by this Court;

3.      Each exhibit in the List of Exhibits herein;

(a)  is in existence;

(b)  is numbered; and

(c)  has been disclosed and shown to opposing counsel.

---

[75] These estimates are proposed by Amazon and Yahoo! and are not endorsed by the other defendants in this group, who specifically reserve the right to make their own trial estimates.

[76] This representation is subject to any matters addressed in pending motions and/or objections.

Dated: January 16, 2012.

**MCKOOL SMITH, P.C.**

/s/ Mike McKool

Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Rosemary T. Snider
Texas State Bar No. 18796500
rsnider@mckoolsmith.com
Thomas G. Fasone III
Texas State Bar No. 00785382
tfasone@mckoolsmith.com
Holly Engelmann
Texas State Bar No. 24040865
hengelmann@mckoolsmith.com
Ivan Wang
Texas State Bar No. 24042679
iwang@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
(P.O. Box 0)
Marshall, Texas 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099
Voicemail: (903) 923-9095

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
John F. Garvish II
Texas State Bar No. 24043681

86

jgarvish@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Gretchen K. Curran
Texas State Bar No. 24055979
gcurran@mckoolsmith.com
Lindsay K. Martin
Texas State Bar No. 24049544
lmartin@mckoolsmith.com
J.R. Johnson
Texas State Bar No. 24070000
jjohnson@mckoolsmith.com
Chris Mierzejewski
Texas State Bar No. 24070270
cmierzejewski@mckoolsmith.com
Matthew B. Rappaport
Texas State Bar No. 24070472
mrappaport@mckoolsmith.com
James E. Quigley
Texas State Bar No. 24075810
jquigley@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Gayle Rosenstein Klein
Texas State Bar No. 00797348
gklein@mckoolsmith.com
**MCKOOL SMITH, P.C.**
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Texas Bar No. 00787165
rcbunt@pbatyler.com
Andrew T. Gorham
Texas State Bar No. 24012715
tgorham@pbatyler.com

87

**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
**ATTORNEYS FOR PLAINTIFFS THE
REGENTS OF THE UNIVERSITY OF
CALIFORNIA AND EOLAS
TECHNOLOGIES INC.**

By: */s/ Douglas E. Lumish* (with permission)
Douglas E. Lumish, CA State Bar No.
183863
Jeffrey G. Homrig, CA State Bar No.
215890
Joseph H. Lee, CA State Bar No. 248046
Parker C. Ankrum, CA State Bar No.
261608
**KASOWITZ, BENSON, TORRES &
FRIEDMAN, LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Tel: (650) 453-5170; Fax: (650) 453-5171
Email: dlumish@kasowitz.com
Email: jhomrig@kasowitz.com
Email: jlee@kasowitz.com
Email: pankrum@kasowitz.com

Jonathan K. Waldrop, GA State Bar No.
731103
**KASOWITZ, BENSON, TORRES &
FRIEDMAN, LLP**
1360 Peachtree St., N.E., Suite 1150
Atlanta, GA 30309
Tel: (404) 260-6080; Fax: (404) 260-6081
Email: jwaldrop@kasowitz.com

James R. Batchelder (*pro hac vice*)
Sasha G. Rao (*pro hac vice*)
Brandon H. Stroy (*pro hac vice*)
Rebecca R. Hermes (*pro hac vice*)
Lauren N. Robinson (*pro hac vice*)
**ROPES & GRAY LLP**
1900 University Avenue, 6th Floor
East Palo Alto, California 94303-2284
Tel: (650) 617-4000; Fax: (650) 617-4090

88

Email: james.batchelder@ropesgray.com
Email: sasha.rao@ropesgray.com
Email: brandon.stroy@ropes.gray.com
Email: lauren.robinson@ropesgray.com
Email: rebecca.hermes@ropesgray.com

Han Xu (*pro hac vice*)
**ROPES & GRAY LLP**
Prudential Tower, 800 Boylston St.
Boston, MA 02199-3600
Tel: (617) 951-7000; Fax: (617) 951-7050
Email: han.xu@ropesgray.com

Daryl Joseffer (*pro hac vice*)
Adam Conrad (*pro hac vice*)
**KING & SPALDING**
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 2006-4707
Tel: (202) 737-0500; Fax: (202) 626-3737
djoseffer@kslaw.com
aconrad@kslaw.com

Michael E. Jones, TX State Bar No.
10929400
Allen F. Gardner, TX State Bar No.
24043679
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, TX 75702
Tel: (903) 597-8311; Fax: (903) 593-0846
Email: mikejones@potterminton.com
Email: allengardner@potterminton.com
**ATTORNEYS FOR DEFENDANTS
GOOGLE, INC. AND YOUTUBE, LLC**

By: */s/ Edward R. Reines* (with permission)
Edward R. Reines
Jared Bobrow
Sonal N. Mehta
Aaron Y. Huang
Andrew L. Perito
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

Facsimile: (650) 802-3100
Email: edward.reines@weil.com
Email: jared.bobrow@weil.com
Email: sonal.mehta@weil.com
Email: aaron.huang@weil.com
Email: andrew.perito@weil.com

Doug W. McClellan
doug.mcclellan@weil.com
**WEIL, GOTSHAL & MANGES LLP**
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
Shawn A. Latchford
Texas Bar No. 24066603
Stephen W. Creekmore, IV
**HALTOM & DOAN**
Crown Executive Center, Suite 100
6500 Summerhill Road
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: slatchford@haltomdoan.com
Email: screekmore@haltomdoan.com

Otis Carroll (Bar No. 3895700)
Deborah Race (Bar No. 11648700)
**IRELAND, CARROLL & KELLEY, P.C.**
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: fedsery@icklaw.com
**ATTORNEYS FOR DEFENDANTS
AMAZON.COM, INC. and YAHOO!
INC.**

By: */s/ David J. Healey* (with permission)

90

David J. Healey
healey@fr.com
**FISH & RICHARDSON P.C.**
1 Houston Center
1221 McKinney Street, Suite 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

OF COUNSEL:
Frank E. Scherkenbach
scherkenbach@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02110-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Jason W. Wolff
wolff@fr.com
**FISH & RICHARDSON P.C.**
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Michael E. Florey
florey@fr.com
**FISH & RICHARDSON P.C.**
60 South 6th Street, Ste. 3200 RBC Plaza
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696
**ATTORNEYS FOR DEFENDANT
ADOBE SYSTEMS INC.**

By: _/s/ Thomas L. Duston_ *(with permission)*
Thomas L. Duston
tduston@marshallip.com
Julianne M. Hartzell
jhartzell@marshallip.com
John R. Labbé
jlabbe@marshallip.com
Scott A. Sanderson *(pro hac vice)*
ssanderson@marshallip.com
**MARSHALL, GERSTEIN &**

91

**BORUN LLP**
6300 Willis Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Telephone: (312) 474-6300
Facsimile: (312) 474-0448

Eric H. Findlay (Bar No. 00789886)
efindlay@findlaycraft. corn
Brian Craft (Bar No. 04972020)
bcraft@findlaycraft.com
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Highway
Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
**ATTORNEYS FOR DEFENDANT
CDW LLC**

By: */s/ M. Scott Fuller (with permission)*
Edwin R. DeYoung (Bar No. 05673000)
edeyoung@lockelord.com
Roy W. Hardin (Bar No. 08968300)
rhardin@lockelord.com
Roger Brian Cowie (Bar No. 00783886)
rcowie@lockelord.com
M. Scott Fuller (Bar No. 24036607)
sfuller@lockelord.com
Galyn Gafford (Bar No. 24040938)
ggafford@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

Eric L. Sophir *(pro hac vice)*
eric.sophir@snrdenton.com
**SNR DENTON US LLP**
1301 K Street, NW, Suite 600, East Tower
Washington, D.C. 20005
Telephone: (202) 408-6470
Facsimile: (202) 408-6399
**ATTORNEYS FOR DEFENDANT
CITIGROUP INC.**

92

By: */s/ Proshanto Mukherji* *(with permission)*
Thomas M. Melsheimer (Bar No. 13922550)
txm@fr.com
Neil J. McNabnay (Bar No. 24002583)
njm@fr.com
Carl E. Bruce (Bar No. 24036278)
ceb@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Proshanto Mukherji *(pro hac vice)*
pvm@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02110-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
**ATTORNEYS FOR DEFENDANT
THE GO DADDY GROUP, INC.**

By: */s/ Christopher M. Joe* *(with permission)*
Christopher M. Joe (Bar No. 00787770)
chrisjoe@bjciplaw.com
Brian Carpenter (Bar No. 03840600)
brian.carpenterb@bjciplaw.com
Eric W. Buether (Bar No. 03316880)
eric.buethere@bjciplaw.com
**BUETHER JOE & CARPENTER, LLC**
1700 Pacific, Suite 2390
Dallas, TX 75201
Telephone: (214) 466-1270
Facsimile: (214) 635-1842
**ATTORNEYS FOR DEFENDANT
J.C. PENNEY CORPORATION**

By: */s/ Donald R. Steinberg* *(with permission)*
Mark G. Matuschak *(pro hac vice)*
mark.matuschak@wilmerhale.com
Donald R. Steinberg *(pro hac vice)*

93

donald.steinberg@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Kate Hutchins *(pro hac vice)*
kate.hutchins@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
399 Park Avenue
New York, NY 10011
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Daniel V. Williams, *(pro hac vice)*
daniel.williams@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Joe W. Redden, Jr. (Bar No. 16660600)
jredden@brsfirm.com
Michael E. Richardson (Bar No. 24002838)
mrichardson@brs firm. com
**BECK REDDEN & SECREST**
1221 McKinney, Suite 4500
Houston, TX 77010
Telephone: (713) 951-6284
Facsimile: (713) 951-3720
**ATTORNEYS FOR DEFENDANT STAPLES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM/ECF system per Local Rule CV-5(a)(3), on January 16, 2012.


*/s/ Gretchen K. Curran*
Gretchen K. Curran

95