**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Eolas Technologies Incorporated, <br><br> *Plaintiff and Counterdefendant*, <br><br> vs. <br><br> Adobe Systems Inc.; Amazon.com, Inc.; Apple Inc.; CDW Corp.; Citigroup Inc.; eBay Inc.; Frito-Lay, Inc.; The Go Daddy Group, Inc.; Google Inc.; J.C. Penney Corporation, Inc.; JPMorgan Chase & Co.; New Frontier Media, Inc.; Office Depot, Inc.; Perot Systems Corp.; Playboy Enterprises International, Inc.; Rent-A-Center, Inc.; Staples, Inc.; Sun Microsystems, Inc.; Texas Instruments Inc.; Yahoo! Inc.; and YouTube, LLC, <br><br> *Defendants and Counterclaimants*. | Civil Action No. 6:09-CV-446-LED <br><br> JURY TRIAL DEMANDED |

**AMAZON'S AND YAHOO!'S OBJECTION
TO FINAL TRIAL PLAN [DKT. NO. 1264]**

Defendants Amazon.com, Inc. ("Amazon") and Yahoo!, Inc. ("Yahoo!") respectfully object to the January 20, 2012 Final Trial Plan (Dkt. No. 1264) and Order (Dkt. No. 1263), including for the reasons as set forth below.

1. Amazon and Yahoo! object to the separate trial of invalidity from other issues in the case because it will prevent both juries from receiving a full picture of the case with adequate time for argument and evidence and appropriate jury instructions on all issues. This is unfairly prejudicial to Amazon and Yahoo!'s positions in this case, including, for example, Plaintiffs' claims of indirect and willful infringement and on the subject of damages. A jury in an "Infringement and Damages" trial will not be able to adequately evaluate Defendants' objectively meritorious defenses of invalidity, nor assess proper damages. *See* Dkt. No. 1218 at

9-10 (quoting *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*) (describing objective element of willfulness inquiry)). Separating the trials of invalidity from infringement and damages likewise will be unfairly prejudicial to Amazon and Yahoo! in both trials, as it will allow Plaintiffs to attempt to take inconsistent positions in the two trials, urging a broad application of the patents during the infringement trial and a narrow application during the invalidity trial. As the record shows, that risk is particularly high in this case given the crowded prior art and Plaintiffs' attempts to stretch their claims to cover the accused features.

    2.    Amazon and Yahoo! object to a joint trial of invalidity with eight other defendants for the reasons set forth in Amazon's and Yahoo!'s respective motions for separate trial (Dkt. Nos. 1133 & 1134), including without limitation because joint trial with multiple defendants creates serious conflicts in strategy and evidence among the defendants. *See, e.g.*, Dkt. No. 1188 (motion *in limine* filed by Adobe, whose relationship to the reexamination history of the patents-in-suit are unique and with whom joint trial would unfairly prejudice Amazon and Yahoo!); Dkt. No. 1133 at 10, 13-14 (noting other differences with Adobe). Different defendants would like to emphasize different prior art and do not completely agree on which prior art to present at trial. Amazon and Yahoo! also object because trial with other defendants will be unfairly prejudicial by requiring them to share precious trial time and coordinate presentation of facts and strategy, *see* Dkt. No. 1133 at 14, and infringes their right to due process, *see id.* at 5-6.

    3.    Amazon and Yahoo! object to only receiving 6 hours of testimony time in the invalidity case when the defendants have the burden of proof on every element of the 13 claims currently asserted by the Plaintiffs—while the Plaintiffs receive 12 hours of testimony time in the infringement case when the Plaintiffs have the burden of proof against Amazon and Yahoo! on

every element of the same 13 claims. This arrrangement is unfairly prejudicial against Yahoo! and Amazon and is an abuse of discretion, particularly in view of the numerous third party fact witnesses needed to present and explain the prior art to the jury as identified in the parties' pretrial submissions.

4. Amazon and Yahoo! object to the separate trial of inequitable conduct from other issues and to the denial of Defendants' motion for jury trial on inequitable conduct (Dkt. No. 1218) for the reasons set forth in that motion, including without limitation that preventing the jury from hearing the substantial evidence of Plaintiffs' inequitable conduct will unfairly prejudice Amazon's and Yahoo!'s defenses to Plaintiffs' claims of willful and indirect infringement. *See* Dkt. No. 1218 at 9-10.

5. Amazon and Yahoo! object to the schedule and procedure for jury selection and empanelment as set forth in the Final Trial Plan on the grounds that it might require a defendant to stand trial before a jury whose voir dire and selection it did not have an opportunity to participate in, as this violates at least the defendant's Seventh Amendment and other due process rights. For example, the party in a subsequent "phase" might be required to inherit the jury selected by another party in a previous phase, because the Plan provides that "[i]f a defendant group settles prior to its trial date, the trial dates for the subsequent defendant groups shall be moved up . . . ." Dkt. No. 1264 at 2.

6. Amazon and Yahoo! object to the "time allotments" provided in the Plan. For example, the limit of 20 minutes provided for voir dire for nine (9) defendants in the invalidity trial is insufficient time to properly detect and evaluate potential unfair bias and thus is unfairly prejudicial to defendants' Seventh Amendment and other due process rights. Likewise, the limitation of "direct/cross examination" to 6 hours in the "Invalidity and Inequitable Conduct"

3

trial and to 12 hours in the "Infringement and Damages" trial is unfairly prejudicial and infringes due process rights because it is insufficient time for Amazon and Yahoo! to adequately present their cases, particularly given the voluminous evidence, numerous witnesses, and complex factual and legal issues that must be presented and resolved in this case. *See, e.g.*, Dkt. No. 1244 (Joint Pretrial Order, listing Plaintiffs' assertion of 13 claims over 2 patents,; attaching exhibit lists containing nearly 400 exhibits relating to numerous prior art references at issue and 150 exhibits for each of Amazon and Yahoo! on infringement and damages; attaching various parties' designations of deposition testimony totaling nearly 25 hours; attaching witness lists with Plaintiffs' listing 3 will call and 20 may call in case in chief and 1 will call and 22 may call for rebuttal and 6 will-call and 67 may-call for Yahoo! and 6 will-call and 52 may-call for Amazon); Dkt. No. 1169 (Plaintiffs' request for additional exhibits, admitting the "elements of proof" for "liability, willfulness, and damages" "are document intensive"); Dkt. No. 1256 (demonstrating need for voluminous witness testimony).

7. Amazon and Yahoo! also object to the statement that Amazon's and Yahoo!'s motions for separate trials were both "denied as moot," Dkt. No. 1263, because the Final Trial Plan does not moot those motions but rather effectively denies those motions.

Dated: January 23, 2012

Respectfully submitted,

*/s/ Edward R. Reines*
Edward Reines (Bar No.135960)
edward.reines@weil.com
Jared Bobrow (Bar No. 133712)
jared.bobrow@weil.com
Sonal N. Mehta (Bar No. 222086)
sonal.mehta@weil.com
Andrew L. Perito (Bar No. 269995)
andrew.perito@weil.com
Aaron Y. Huang (Bar No. 261903)
aaron.huang@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Doug W. McClellan (Bar No. 24027488)
doug.mcclellan@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Jennifer H. Doan (Bar No. 088090050)
jdoan@haltomdoan.com
Josha R. Thane (Bar No. 24060713)
jthane@haltomdoan.com
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800

Otis Carroll (Bar No. 3895700)
Deborah Race (Bar No. 11648700)
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: fedserv@icklaw.com

**Attorneys for Defendants
AMAZON.COM, INC. AND YAHOO! INC.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 22rd day of January, 2012.

>*/s/ Edward R. Reines*
>Edward R. Reines