IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | § § § § | |
| Plaintiff, | § § | CASE NO. 6:09-CV-446 |
| vs. | § § | |
| ADOBE SYSTEMS, INC., et al., | § § | |
| Defendants. | § | |

## ORDER

On January 24, 2012, the Court held a pretrial hearing and heard arguments regarding many of the currently pending motions. After considering the parties' briefing and oral arguments, the Court **ORDERS** that:

- Defendants' Motion for Summary Judgment of Invalidity Under Section 102(b) (Docket No. 869) is **DENIED**;

- Defendants' Motion for Summary Judgment of No Enhanced Damages for Willful Infringement (Docket No. 873) is **DENIED**;

- Defendants' Joint Motion for Partial Summary Judgment of Non-Infringement Based on Divided Infringement (Docket No. 874) is **DENIED**;

- Defendants' Motion for Summary Judgment of Invalidity for Lack of Written Description (Docket No. 877) is **DENIED**;

- Plaintiffs' Motion to Preclude Reliance on Documents and Facts Related to A/B Testing Produced by J.C. Penney Company, Inc. After Close of Fact Discovery (Docket No. 1150) is **DENIED**;

- Google Inc's and YouTube LLC's Motion to Strike Portions of the Expert Report of David M. Martin Jr. Concerning New Infringement Contentions (Docket No. 860) is **DENIED**;

- Defendant CDW LLC's Motion to Strike Late-Disclosed Infringement Allegations (Docket No. 868) is **DENIED**;

- Defendants' Motion to Exclude Portions of the Expert Testimony of David Martin and Roy Weinstein (Docket No. 902) is **DENIED**;

- Defendant Staples, Inc.'s Motion to Strike Late-Disclosed Infringement Allegations (Docket No. 930) is **DENIED**;

- Defendants' Daubert Motion Regarding Portions of the Expert Testimony of David Martin (Docket No. 1151) is **DENIED**;

- J.C. Penney Corporation, Inc.'s Motion to Strike "Supplemental" Expert Reports of David Martin Disclosing New Infringement Contentions (Docket No. 1152) is **DENIED**;

- Defendant CDW LLC's Motion to Strike a Portion of the December 13, 2011 Supplemental Expert Report of Dr. David Marin, Jr. (Docket No. 1154) is **DENIED**;

- Google, Inc. and YouTube, LLC's Motion to Strike Portions of the Expert Reports of Roy Weinstein (Docket No. 861) is **DENIED**;

- Defendant Go Daddy's Motion to Exclude the Expert Testimony of Roy Weinstein on Go Daddy's Damages (Docket No. 901) is **DENIED**;

- Defendants' Motion to Exclude Expert Testimony of Roy Weinstein (Docket No. 903) is **DENIED**;

- Defendant CDW LLC's Motion to Exclude Expert Testimony of Roy Weinstein (Docket No. 904) is **DENIED**;

- Google, Inc. and YouTube, LLC's Motion to Exclude the Expert Reports and Opinions of Roy Weinstein (Docket No. 905) is **DENIED**;

- Defendants' Daubert Motion to Preclude Expert Testimony of Jonathan H. Bari (Docket No. 906) is **DENIED**; and

- Adobe Systems Incorporated's Motion for Leave to File a Motion *in limine* to Exclude Evidence of Efforts to Initiate a Re-Examination of the '906 Patent and Motion *in limine* (Docket No. 1182) is **GRANTED**.

The Court also heard arguments regarding several motions *in limine*. The Court reminds the parties that the grant of a motion *in limine* is not an absolute bar to presenting evidence at

trial that is covered by the motion. Rather, it simply requires that the party desiring to present such evidence approach the bench prior to offering or even mentioning the evidence. Likewise, the denial of a motion *in limine* does not preclude the requesting party from objecting at trial to evidence covered by the denied motion. Any motion *in limine* not addressed by this order will be carried.

The Court **ORDERS** that Plaintiffs The Regents of the University of California and Eolas Technologies Incorporated's Omnibus Motion *in limine* (Docket No. 1186) is **GRANTED IN PART** as to the first five points, which were raised and discussed at the hearing. Additionally, Defendants' Motion *in limine* (Docket No. 1189) is **DENIED IN PART** as to the second point, which was raised and discussed at the hearing. The Court further **ORDERS** that Plaintiffs The Regents of the University of California and Eolas Technologies Incorporated's Second Omnibus Motion *in limine* Solely for the Validity Trial (Docket No. 1271) is **GRANTED**, and Defendants' Supplemental Motions *in limine* Regarding the Invalidity Trial (Docket No. 1273) is **GRANTED**.

The Court **ORDERS** that the parties' Joint Motion to Include Jury Questionnaire with Jury Summons (Docket No. 1282) is **GRANTED**. The parties' supplied jury questionnaire shall be provided to the jurors at the courthouse prior to *voir dire*.

**So ORDERED and SIGNED this 25th day of January, 2012.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**