# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **Eolas Technologies Incorporated** <br> **and The Regents of the University of** <br> **California** <br><br> Plaintiffs, <br><br> vs. <br><br> **Adobe Systems Inc., Amazon.com, Inc.,** <br> **Apple Inc., CDW Corp., Citigroup Inc.,** <br> **The Go Daddy Group, Inc., Google Inc.,** <br> **J.C. Penney Company, Inc., Staples, Inc.,** <br> **Yahoo! Inc., and YouTube, LLC** <br><br> Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 6:09-CV-00446-LED <br><br><br> JURY TRIAL |

## EMERGENCY MOTION TO STRIKE THE
## SUPPLEMENTAL ERRATA SHEET OF ERIC BINA

# TABLE OF CONTENTS

I. BACKGROUND ....... 1

II. ARGUMENT & AUTHORITIES ....... 3

A. Mr. Bina's Supplemental Errata Should Be Stricken Because It Was Filed Long After The 30-Day Period Allowed By Rule 30(e). ....... 3

B. The Failure To Offer Adequate Explanation Of, Or Reasons For, The Changes Warrants Exclusion Of The Supplemental Errata. ....... 4

C. The Supplemental Errata Should Be Stricken Because It Was Filed At The Eleventh Hour And Dramatically Alters The Substance Of The Deposition. ....... 5

III. CONCLUSION ....... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Betts v. General Motors Corp.*,
 No. 3:04-cv-169-M-A, 2008 U.S. Dist. LEXIS 54350 (N.D. Miss. July 16, 2008) .................. 4

*Devon Energy Corp. v. Westacott*,
 No. H-09-1689, 2011 U.S. Dist. LEXIS 30786 (S.D. Tex. Mar. 24, 2011) ......................... 4, 5

*Fuming Wu v. Texas A&M Univ. Sys.*,
 No. H-10-3690, 2011 U.S. Dist. LEXIS 141072 (S.D. Tex. Dec. 8, 2011) .......................... 2, 3

*Garcia v. Pueblo Country Club*,
 299 F.3d 1233 (10th Cir. 2002) ............................................................................................... 5

*Greenway v. Int'l Paper Co.*,
 144 F.R.D. 322 (W.D. La. 1992) ............................................................................................ 5

*Hambleton Bros. Lumber Co. v. Balkin Enter., Inc.*,
 397 F.3d 1217 (9th Cir. 2005) ................................................................................................ 5

*Raytheon Co. v. Flir Sys., Inc.*,
 No. 4:07-cv-109, 2009 U.S. Dist. LEXIS 12558 (E.D. Tex. Feb. 18, 2009) .................... 3, 5, 6

*Reed v. Hernandez*,
 114 F. App'x 609 (5th Cir. 2004) ........................................................................................ 3, 5

*Reilly v. TXU Corp.*,
 230 F.R.D. 486 (N.D. Tex. 2005) ........................................................................................ 5, 6

*Sills v. Enprotech Corp.,* No: 3:05-CV-32-B-A, 2006 U.S. Dist. LEXIS 97153 (N.D.
 Miss. June 26, 2006) ............................................................................................................... 4

*Thorn v. Sundstrand Aerospace Corp.*,
 207 F.3d 383 (7th Cir. 2000) .................................................................................................. 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 37(c) ..................................................................................................................... 4

Fed. R. Civ. P. 30(e) ..................................................................................................................... 3

On January 26, 2011, just ten days before the start of the validity trial in this case—and five-and-a-half months after his August 2, 2011 deposition—Defendants' prior art witness Eric Bina filed a Supplemental Errata Sheet. Mr. Bina's Supplemental Errata Sheet substantially alters the substance of his sworn deposition testimony. Plaintiffs expect that Defendants will call Mr. Bina either live or by deposition in the upcoming validity trial, necessitating the immediate resolution of this issue.[1]

The Court should strike Mr. Bina's Supplemental Errata Sheet because: (1) the Rule 30(e) 30-day period for filing errata has long since elapsed; (2) Mr. Bina has offered no reason or justification for these alterations as required by Rule 30(e); and (3) Mr. Bina seeks to make dramatic, substantive changes to his prior sworn deposition testimony in a manner that is unfairly prejudicial to Plaintiffs. The Court should therefore strike Mr. Bina's Supplemental Errata Sheet.

## I.     BACKGROUND

Plaintiffs took the deposition of Eric Bina, a prior art witness for the Defendants, on August 2, 2011. *See* Ex. A (Bina Dep., Aug. 2, 2011). Mr. Bina worked on developing early web browsers, including Mosaic and Netscape, in the 1990s. Ex. A at 37:12-15, 44:5-45:7. And, Defendants have alleged that Mr. Bina's work is prior art to the patents-in-suit. Ex. B (Supp. Expert Report of Richard Phillips at 10, 42, 87-90, Oct. 27, 2011). Mr. Bina is also alleged to have knowledge of other prior art asserted by the Defendants, including Viola.

In his deposition, Mr. Bina testified on a number of key topics, including his knowledge of the alleged prior art. In response to some of Plaintiffs' questions, Mr. Bina testified in a

---

[1] Counsel for Defendants also represent Mr. Bina; Defendants consequently have the ability to bring Mr. Bina to testify at trial. *See* Ex. A at 12:25-13:25. If Mr. Bina would like to change or alter the substance of his sworn deposition testimony, he can do so on the witness stand and be subject to cross based on his prior sworn testimony.

1

manner unfavorable to Defendants' prior art assertions. *See, e.g.*, Ex. A at 189:12-20. Less than a month after his deposition—and within the 30 day period afforded by Rule 30(e)—Mr. Bina executed an errata sheet. *See* Ex. C (Sept. 1, 2011 Errata Sheet). This initial errata sheet merely corrected a number of minor typographical errors, such as misspellings. *Id*.

On January 26, 2012—more than five-and-a-half months after his deposition and just ten days before the start of the jury trial in this case—Mr. Bina executed a second (un-notarized) errata sheet making dramatic and substantive changes to his testimony.[2] *See* Ex. D (Jan. 26, 2012 Supplemental Errata Sheet). Of the ten changes made by Mr. Bina in his Supplemental Errata Sheet, eight of those changes unabashedly alter his prior deposition testimony in order to bolster Defendants' claims of invalidity. Two representative examples of the changes demonstrate their effect (changes made in the Supplemental Errata Sheet are denoted in red italics):

> Q. Even though you say that it would have been obvious to do some of these things to practice Eolas's invention, you're not aware of any public version of Web browsers that could implement Eolas's invention prior to the end of 1994, are you? . . .
>
> BY THE WITNESS:
>
> A. I am not [*except for Viola*].

Ex. A at 156:16-23.

> Q. Can you testify as to any browser that you ever saw that implemented plug-ins in the browser before you left NCSA to found Netscape?
>
> A. I cannot testify with certainty that I saw a browser before I left NCSA that implemented plug-ins [*except for Viola*].

*Id*. at 157: 15-20. Other substantive changes in Mr. Bina's Supplemental Errata Sheet are set forth in Appendix A attached hereto.

---

[2] In some cases, district courts have required that a deponent provide notarized errata sheets. *See, e.g.*, *Fuming Wu v. Texas A&M Univ. Sys.*, No. H-10-3690, 2011 U.S. Dist. LEXIS 141072, at *7 n.3 (S.D. Tex. Dec. 8, 2011).

## II.     ARGUMENT & AUTHORITIES

### A. Mr. Bina's Supplemental Errata Should Be Stricken Because It Was Filed Long After The 30-Day Period Allowed By Rule 30(e).

Federal Rule of Civil Procedure 30(e)(1) provides:

(e) Review by the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Examining Rule 30(e), an unpublished decision of the Fifth Circuit noted that it "does not provide any exceptions to its requirements." *Reed v. Hernandez*, 114 F. App'x 609, 611 (5th Cir. 2004). The *Reed* court therefore upheld a district court's decision to strike errata sheet changes made to a deposition transcript because those changes occurred outside the thirty day window allowed by Rule 30(e). *Id.* Likewise, district courts in the Fifth Circuit routinely hold that when an amended errata sheet is filed outside of the thirty-day period allowed by Rule 30(e), the court will strike the late-filed errata sheets.[3] Thus, violation of the 30-day deadline for filing errata sheets justifies striking Mr. Bina's Supplemental Errata Sheet.

Not only do Mr. Bina's belated, substantive changes to his deposition testimony violate Federal Rule of Civil Procedure 30(e), they are highly prejudicial to Plaintiffs. The underlying rationale for the procedural rule becomes apparent in the present circumstances: the 30-day

---

[3] *See, e.g., Fuming Wu*, 2011 U.S. Dist. LEXIS 141072, at *7 n.3 (refusing to consider changes submitted to deposition testimony because the deponent "failed to return his errata sheet notarized and within the thirty-day time period required by Federal Rule of Civil Procedure 30(e)"); *Raytheon Co. v. Flir Sys., Inc.*, No. 4:07-cv-109, 2009 U.S. Dist. LEXIS 12558, at *9 (E.D. Tex. Feb. 18, 2009) (striking amended errata sheet filed two months after 30-day deadline pursuant to Rule 30(e)).

3

requirement of Rule 30(e) allows the parties to reasonably rely on deposition testimony after the 30-day period has elapsed.[4] Allowing Mr. Bina to alter his deposition testimony on the eve of trial will result in undue prejudice to Plaintiffs, who have relied on Mr. Bina's testimony in their preparations for trial. Moreover, Mr. Bina has not attempted to obtain leave of court to alter his deposition and has offered no justification—nor could any plausible justification exist—for waiting until the eve of trial to change deposition testimony on a key issue.

In light of the Fifth Circuit's reasoning "that demands a literal translation of Rule 30(e)," *Betts v. General Motors Corp.*, No. 3:04-cv-169-M-A, 2008 U.S. Dist. LEXIS 54350, at *7 (N.D. Miss. July 16, 2008), the consistent practice of district courts of rejecting errata filed after the Rule 30(e) 30-day period, and the undue prejudice to Plaintiffs that will result from Mr. Bina's belated Supplemental Errata Sheet, the Court should strike Mr. Bina's Supplemental Errata Sheet for failure to comply with the basic requirements of Rule 30(e).

### B. The Failure To Offer Adequate Explanation Of, Or Reasons For, The Changes Warrants Exclusion Of The Supplemental Errata.

Deponents must "abide by the procedures set forth by the rules and include stated reasons for [the] proposed corrections." *Betts*, 2008 U.S. Dist. LEXIS 54350, at *5 (citing *Sills v. Enprotech Corp.,* No: 3:05-CV-32-B-A, 2006 U.S. Dist. LEXIS 97153, at *7 (N.D. Miss. June 26, 2006)).[5] Beyond merely noting "correction" in boilerplate fashion with respect to each change in the amended errata, Mr. Bina provided no reason or explanation for the changes. Ex.

---

[4] Similarly, Rule 37 permits the exclusion of evidence that is not properly or timely disclosed. *See* Fed. R. Civ. P. 37(c).

[5] *See id.* at *5-*6 ("The term 'reason' should be interpreted in its most common sense meaning: a statement explaining the deponent's reasons for making the change . . . [The deponent] should have incorporated his reasons for his nine proposed changes in his errata sheet. His failure to do so should result in the exclusion of those changes from his deposition."); *see also Devon Energy Corp.*, 2011 U.S. Dist. LEXIS 30786, at *20 ("[Deponent's] change is permissible because he has stated a reason and given supporting details.").

4

D. Consistent with the Fifth Circuit's strict adherence to Rule 30(e) in *Reed*, Mr. Bina's failure to adequately offer a reason for the Supplemental Errata Sheet is another reason to strike Mr. Bina's Supplemental Errata.

### C. The Supplemental Errata Should Be Stricken Because It Was Filed At The Eleventh Hour And Dramatically Alters The Substance Of The Deposition.

While district courts have taken varying approaches to deponents who seek to use errata sheets to "rewrite" their depositions (the "traditional view" allows substantive changes), the egregious circumstances here warrant striking the Supplemental Errata Sheet.[6] First, Mr. Bina attempts to alter his deposition testimony on the eve of trial.[7] Second, Mr. Bina effectively rewrites his statements in order to support Defendants' invalidity theory regarding Viola—he fundamentally changes the substance of his testimony and contradicts his prior testimony.[8] Mr. Bina has improperly treated his deposition as "a take home examination." *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992). This constitutes precisely the type of substantive change that courts have determined justifies exclusion. And third, Mr. Bina has

---

[6] *Devon Energy Corp. v. Westacott*, No. H-09-1689, 2011 U.S. Dist. LEXIS 30786, at *13 (S.D. Tex. Mar. 24, 2011); *see id.* (describing the various approaches adopted by courts with respect to Rule 30(e)); *Reilly v. TXU Corp.*, 230 F.R.D. 486, 487-90 (N.D. Tex. 2005) (discussing the "narrow reading of Rule 30(e)" and the "broad reading of Rule 30(e)").

[7] *See Raytheon*, 2009 U.S. Dist. LEXIS 12558, at *8 ("Federal courts have typically been more forgiving of changes made to deposition testimony that come before summary judgment motions have been filed.").

[8] *See Hambleton Bros. Lumber Co. v. Balkin Enter., Inc.,* 397 F.3d 1217, 1226 (9th Cir. 2005) ("We . . . hold that Rule 30(e) is to be used for corrective, and not contradictory, changes."); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) ("We do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony."); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) ("a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'").

5

provided virtually no explanation as to the amended testimony.[9] In the interest of maintaining the integrity of sworn testimony, Mr. Bina should not be permitted to materially and dramatically change the substance of his deposition testimony on the eve of trial.[10]

### III. CONCLUSION

Defendants and Mr. Bina have flaunted the basic procedural requirements of Rule 30(e), as well as the principles underlying Rule 30, by attempting to substantively and materially alter the substance of his sworn deposition testimony on the eve of trial, more than five-and-a-half months after his deposition. Mr. Bina offers no justification for the delay, nor adequate reason for the alterations. Because his alterations come after the 30-day period allowed by Rule 30(e), contradict his prior testimony, and are not accompanied by reasonable explanation, the Court should grant Plaintiffs' Motion to Exclude the Supplemental Errata Sheet of Eric Bina.

---

[9] *See Raytheon*, 2009 U.S. Dist. LEXIS 12558, at *9 (allowing substantive amendments based, in part, on the consideration that the adverse party was "not without ample explanation as to the amended testimony" in light of the deponent's expert report).

[10] At a minimum, to safeguard against abuse of Rule 30(e), Plaintiffs request that Mr. Bina's original answers to the deposition questions remain part of the record and that they may be read at trial and explored in front of the jury. *See Raytheon*, 2009 U.S. Dist. LEXIS 12558, at *8; *Reilly*, 230 F.R.D. at 490.

6

<table>
<tr><td>DATED: February 1, 2012</td><td>

**MCKOOL SMITH, P.C.**
/s/ Mike McKool
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Holly Engelmann
Texas State Bar No. 24040865
hengelmann@mckoolsmith.com
J.R. Johnson
Texas State Bar No. 24070000
jjohnson@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Gretchen K. Curran
Texas State Bar No. 24055979
gcurran@mckoolsmith.com
Matthew B. Rappaport
Texas State Bar No. 24070472
mrappaport@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

</td></tr>
</table>

7

        Robert M. Parker
        Texas State Bar No. 15498000
        rmparker@pbatyler.com
        Robert Christopher Bunt
        Texas Bar No. 00787165
        rcbunt@pbatyler.com
        Andrew T. Gorham
        Texas State Bar No. 24012715
        tgorham@pbatyler.com
        **PARKER, BUNT & AINSWORTH, P.C.**
        100 E. Ferguson, Suite 1114
        Tyler, Texas 75702
        (903) 531-3535
        (903) 533-9687- Facsimile

        **ATTORNEYS FOR PLAINTIFFS**

        **EOLAS TECHNOLOGIES**
        **INCORPORATED AND THE REGENTS**
        **OF THE UNIVERSITY OF CALIFORNIA**

**CERTIFICATE OF CONFERENCE**

I hereby certify that Counsel for Plaintiffs, Josh Budwin, conferred with counsel for Defendants on February 1, 2012 by electronic mail regarding the foregoing Motion to Strike the Supplemental Errata Sheet of Eric Bina. Defendants indicated that they are opposed.

/s/ Josh Budwin

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This document was served on all counsel by email on February 1, 2012.

/s/ Josh Budwin