# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Eolas Technologies Incorporated and ) <br> The Regents Of The University Of California, ) <br> ) <br> *Plaintiffs and Counterdefendants*, ) <br> ) <br> vs. ) <br> ) <br> Adobe Systems Inc.; Amazon.com, Inc.; CDW Corp.; ) <br> Citigroup Inc.; The Go Daddy Group, Inc.; Google ) <br> Inc.; J.C. Penney Corporation, Inc.; Staples, Inc.; ) <br> Yahoo! Inc.; and YouTube, LLC, ) <br> ) <br> *Defendants and Counterclaimants*. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 6:09-CV-446-LED <br><br> JURY TRIAL DEMANDED |

## DEFENDANTS' OBJECTION TO PLAINTIFFS' AMENDED JURY INSTRUCTION AND PROPOSED AMENDMENT [DKT. 1335]

In view of Plaintiffs' filing at 11 pm tonight with less than a half hour notice, Defendants object to Plaintiffs' proposed amendment at this hour and propose their own amendment.

**Section 4.1**

Plaintiffs' proposed amendment in Section 4.1 is objectionable because it misstates the law by stating that the Patent Office considers "the prior art" without distinguishing between original examination proceedings and reexaminations. This distinction is critical and plaintiffs' arguments have created the risk for juror confusion and consequent unfair prejudice on this very distinction. Sections 301 and 302 of the Patent Code, and 37 CFR 1.552, all provide that reexamination is limited to patents and printed publications. It does not include other forms of prior art such as prior invention under Section 102(g) and public use under Section 102(b).

This concern would be addressed with the following instruction that in any event defendants believe is necessary to properly explain the law and the relevant legal rules to the jury given the trial record:

"The rules for examination of a patent application before the issuance of a patent are different from those that govern a patent reexamination. During an original examination, only the applicant is permitted to participate in the process. In the reexamination, parties other than the applicant can, and did initiate the proceeding, but were not permitted to participate beyond that. In addition, while in the original patent examination the Patent Office can consider prior art in general, in reexamination printed publications and patents can be considered, but public uses and prior inventions cannot."

**Section 5.1**

Plaintiffs' proposed amendment to Section 5.1 is objectionable because instructing on the Constitutional basis for patent law again is unnecessary and also because of the statement that

you may not invalidate a patent "merely because you believe the invention should be dedicated to the public." This proposed amendment is argumentative, inaccurate and confusing. If a juror believes the invention is invalid because it was dedicated to the public by third parties as prior art, that would be a proper basis to invalidate the patent. The proposed amendment's statement of the purpose of the patent system and how the system achieves that purpose is also inaccurate, incomplete, and prejudicial.

Dated:  February 8, 2012   Respectfully submitted,

/s/ Edward R. Reines
Edward Reines (Bar No.135960)
edward.reines@weil.com
Jared Bobrow (Bar No. 133712)
jared.bobrow@weil.com
Sonal N. Mehta (Bar No. 222086)
sonal.mehta@weil.com
Andrew L. Perito (Bar No. 269995)
andrew.perito@weil.com
Aaron Y. Huang (Bar No. 261903)
aaron.huang@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Doug W. McClellan (Bar No. 24027488)
doug.mcclellan@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Jennifer H. Doan (Bar No. 088090050)
jdoan@haltomdoan.com
Josha R. Thane (Bar No. 24060713)
jthane@haltomdoan.com
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800

Otis Carroll (Bar No. 3895700)
Deborah Race (Bar No. 11648700)
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: fedserv@icklaw.com

**Attorneys for Defendants**
**AMAZON.COM, INC. AND YAHOO! INC.**

By: */s/ Douglas E. Lumish (with permission)*
Douglas E. Lumish
  dlumish@kasowitz.com
Jeffrey G. Homrig
  jhomrig@kasowitz.com
Jonathan K. Waldrop (pro hac vice)
  jwaldrop@kasowitz.com
Joseph H. Lee (pro hac vice)
  jlee@kasowitz.com
Parker C. Ankrum (pro hac vice)
  pankrum@kasowitz.com
KASOWITZ BENSON TORRES &
FRIEDMAN LLP
333 Twin Dophin Dr., Suite 200
Redwood Shores, CA 94065
Telephone:   (650) 453-5170
Facsimile:    (650) 453-5171

James R. Batchelder (pro hac vice)
  james.batchelder@ropesgray.com
Sasha G. Rao (pro hac vice)
  sasha.rao@ropesgray.com
Mark D. Rowland
  mark.rowland@ropesgray.com
Brandon Stroy (pro hac vice)
  brandon.stroy@ropesgray.com
Lauren Robinson (pro hac vice)
  lauren.robinson@ropesgray.com
Rebecca R. Hermes (pro hac vice)
  rebecca.wight@ropesgray.com
Han Xu (pro hac vice)
  han.xu@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, California 94303-2284

3

    Telephone:  (650) 617-4000
    Facsimile:   (650) 617-4090

Michael E. Jones (Bar No. 10929400)
  mikejones@potterminton.com
Allen F. Gardner (Bar No. 24043679)
  allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, TX 75702
Telephone:  (903) 597-8311
Facsimile:   (903) 593-0846

**ATTORNEYS FOR DEFENDANTS GOOGLE, INC. AND YOUTUBE, LLC**

4

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 8th day of February, 2012.

*/s/ Andrew L. Perito*
Andrew L. Perito