IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CASE NO. 6:09-CV-00446-LED |
| **ADOBE SYSTEMS INC., AMAZON.COM INC., CDW CORPORATION, CITIGROUP INC., THE GO DADDY GROUP, INC., GOOGLE INC., J.C. PENNEY CORPORATION, INC., STAPLES, INC., YAHOO! INC., and YOUTUBE, LLC.,** | § § § § § § § § § | JURY TRIAL |
| Defendants. | § | |

**PLAINTIFFS' SECOND AMENDMENTS TO THEIR
PROPOSED FINAL JURY INSTRUCTIONS
IN SECTION 5 OF DOCKET NUMBER NO. 1316-2**[1]

Plaintiffs Eolas Technologies Inc. and the Regents of the University of California submit the following second amendments to their proposed final jury instructions in Section 5 of the parties' Joint Proposed Final Jury Instructions for Invalidity Trial, Docket Number 1316-2.

With respect to Plaintiffs' proposal in 5.1 of Docket Number 1316-2, Plaintiffs propose the following substitution of the word "claim" for the word "patent," as shown below in yellow:

**5. INVALIDITY**

---

[1] Plaintiffs reserve the right to modify or amend these proposed instructions prior to the Court's charge conference if so warranted.

### 5.1. INVALIDITY GENERALLY

[UC and Eolas propose: The granting of a patent by the United States Patent Office carries with it the presumption that the patent is valid.[2]][3] [Defendants propose: Patent invalidity is a defense to patent infringement.] Even though the PTO examiner has allowed the claims of a patent, you have the ultimate responsibility for deciding whether the claims of the patent are valid. In this case, Defendants contend that the asserted claims of the '906 and '985 patents are invalid as anticipated or obvious, and not supported by the written description in the patent.

[UC and Eolas propose: The issuance of a patent by the Patent Office provides a presumption that the patent is valid. From the issuance of the patent, it is presumed that a claimed invention is "novel," "useful," "not obvious," and satisfies the other legal requirements for a valid U.S. patent. You may consider whether or not the Patent Office examiner considered the prior art being asserted by the Defendants in making your evaluation.[4] Each claim of a patent is presumed valid independently of the validity of the other claims.

---

[2] Adapted from *Bedrock Computer Technologies LLC v. Google, Inc.*, Civil Action No. 6:09-CV-269 LED (E.D. Tex. April 15, 2011); *Fractus S.A. v. Samsung Electronics Co.*, Civil Action No. 6:09-CV-203 (E.D. Tex. May 23, 2011).

[3] Defendants object–here and throughout the instructions--to a parallel instruction on the "presumption of validity," as redundant and potentially confusing. *See* National Jury Instruction Project, Model Patent Jury Instructions, Instruction 5.1 (June 17, 2009) ("The presumption of validity, like all legal presumptions, is a procedural device. In light of the procedural role of the presumption of validity, instructing the jury on the presumption in addition to informing it of the highly probable burden of proof may cause jury confusion as to its role in deciding invalidity.").

[4] *Microsoft Corp. v. i4i Limited Partnership*, 131 S.Ct. 2238, 2251 (2011).

[UC and Eolas propose: In making your determination as to whether a patent claim is valid or invalid, you must consider each patent and each of the claims of a patent separately and individually. If the evidence is clear and convincing that a claim in a given patent fails to meet the essential requirements of the patent laws, then that claim is invalid. However, if you find that one or more claims of a patent fails to meet the requirements of the patent laws, it does not necessarily mean that the remaining claims of that patent are also deficient or invalid.

Likewise, if you find that one or more claims of one patent is invalid, that does not necessarily mean that any claim of any other patent is similarly invalid.

The presumption of validity remains intact and the burden of proof remains on the party challenging validity, throughout this litigation. In other words, the clear and convincing standard does not weaken, and the burden of proof never shifts to the patent owner to prove that its patents are valid.[5]

I will now instruct you on the *law you must follow in considering invalidity*. As you consider these issues, remember the Defendants bear the burden of proving with clear and convincing evidence that the asserted claims are invalid.][6] *But first, I will remind you of my previous instructions that the United States Constitution empowers the United States Congress*

---

[5] This statement is taken verbatim from the Court's Final Jury Instructions in *Mirror Worlds, LLC v. Apple, Inc.*, Civil Action No. 6:08-CV-88 LED (E.D. Tex. Oct. 1, 2010); and *Fractus S.A. v. Samsung Electronics Co.*, Civil Action No. 6:09-CV-203 (E.D. Tex. May 23, 2011).

[6] Defendants object to discussion of the burden of proof here–and in the numerous other places Plaintiffs repeat it throughout the instructions–as inappropriate and cumulative of the one section where it ought to be addressed: the instruction regarding burden of proof. There is only a single burden of proof in this invalidity trial. The Court only needs to state and explain that burden once in these instructions. As noted previously, Defendants also object to parallel instruction on the "presumption of validity," as redundant and potentially confusing. *See* n. ____ [10].

*to enact patent laws and issue patents to protect inventions. The United States patent system achieves this purpose by granting to the owner of a patent the right for the life of the patent, to exclude other persons, from making, using, offering for sale or selling in the United States the invention covered by the patent. You must follow the law as I instruct you. You may not determine to invalidate a patent merely because you believe the invention should be dedicated to the public].*

[Defendants propose: To prove invalidity of any patent claim, Defendants must establish factual matters concerning invalidity by clear and convincing evidence. The clear-and-convincing-evidence standard applies only to questions of fact and therefore does not apply to your determination where, on the facts as you have found them, a claimed invention was obvious. [7]

Defendants' burden may be easier to sustain if all material facts were not before the PTO when it issued a patent. Thus, you should consider whether you have heard evidence that the Patent Office had no opportunity to evaluate. You should determine whether the evidence you have heard is materially new and was not considered by the Patent Office as part of its decision to grant the patents. You should consider the fact that the Patent Office was unaware

---

[7] *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2253 (Breyer, J., concurring); *Addington v. Texas*, 441 U.S. 418, 423 (1979).

of this evidence in determining whether Defendants have met their burden of proof.[8]][9]

---

[8] Jury Instr. No. 6.1 in *Bedrock Computer Techs. LLC v. Google Inc.*, No. 6:09-CV-269-LED (E.D. Tex. Apr. 15, 2011) (D.I. 745); 35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2251 (2011); *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1563-64 (Fed. Cir. 1993).

[9] The Regents of the University of California and Eolas object to the two paragraphs Defendants propose because they are inaccurate and/or incomplete statements of the law and/or improper comments.

DATED: February 7, 2012. **MCKOOL SMITH, P.C.**

/s/ *Mike McKool*
Mike McKool
Lead Attorney
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Douglas Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Rosemary T. Snider
Texas State Bar No. 18796500
rsnider@mckoolsmith.com
Holly Engelmann
Texas State Bar No. 24040865
hengelmann@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
(214) 978-4044

Kevin L. Burgess
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
Josh W. Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Gretchen K. Curran
Texas State Bar No. 2405-5979
gcurran@mckoolsmith.com
Matthew B. Rappaport
Texas State Bar No. 24070472
mrappaport@mckoolsmith.com
J.R. Johnson
Texas State Bar No. 24070000
jjohnson@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West Sixth Street, Suite 1700
Austin, Texas 78701
(512) 692-8700
(512) 692-8744

Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Texas Bar No. 00787165
rcbunt@pbatyler.com
Andrew T. Gorham
Texas State Bar No. 24012715
tgorham@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-3535
(903) 533-9687 FAX

**ATTORNEYS FOR PLAINTIFFS
EOLAS TECHNOLOGIES INC.
AND THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  This document was served on all counsel by email on February 7, 2012.

/s/*John Campbell*
John Campbell