IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA | § § § § | |
| Plaintiffs, | § § | CASE NO. 6:09-CV-00446-LED |
| vs. | § § | |
| ADOBE SYSTEMS INC., AMAZON.COM INC., CDW CORPORATION, CITIGROUP INC., THE GO DADDY GROUP, INC., GOOGLE INC., J.C. PENNEY CORPORATION, INC., STAPLES, INC., YAHOO! INC., and YOUTUBE, LLC., | § § § § § § § § | JURY TRIAL |
| Defendants. | § | |

**PLAINTIFFS' TRIAL BRIEF REGARDING THE
ADMISSIBILITY OF LICENSES IN THE VALIDITY TRIAL**

Plaintiffs The Regents of the University of California ("University of California") and Eolas Technologies Incorporated ("Eolas") (collectively "Plaintiffs") submit this Trial Brief Regarding the Admissibility of Settlement Licenses in the Validity Trial and in support thereof would show as follows:

## I.   ARGUMENT

The Federal Circuit has plainly and unambiguously held that "[s]econdary considerations of non-obviousness <u>must be considered</u> when present." *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1304 (Fed. Cir. 2010) (emphasis added). "[S]econdary consideration evidence is not just a cumulative or confirmatory part of the obviousness calculus but constitutes independent evidence of nonobviousness." *Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1319 (Fed. Cir. 2010) (internal citation omitted). Licensing is a well-recognized secondary consideration of nonobviousness that courts—including the Federal Circuit and the Eastern District of Texas—have admitted into evidence even when the licenses arose out of litigation.

There can be no doubt that licensing to the patents-in-suit is a secondary consideration of nonobviousness. The Federal Circuit has repeatedly held so. *E.g.*, *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1376 (Fed. Cir. 2011) (holding that "the record contains many secondary considerations that support nonobviousness," for example, "as evidenced by Brown & Williamson's licenses, which cost millions of dollars, Williams' invention had achieved considerable market acceptance and commercial success"); *Rothman v. Target Corp.*, 556 F.3d 1310, 1322 (Fed. Cir. 2009) (citing with approval the district court's instructions that "the jury 'must consider' objective indicia of nonobviousness, such as …licensing activity" and that "[i]t is inappropriate to disregard any evidence relating to the issue of obviousness"). District courts have relied on such holdings in considering licenses in their nonobviousness determinations.

1

*E.g.*, *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 U.S. Dist. LEXIS 143587, at *9 (E.D. Tex. Sept. 27, 2010) ("Licensing, longfelt need, and copying are all secondary considerations probative of non-obviousness".); *Aventis Pharma S.A. v. Hospira, Inc.*, 743 F. Supp. 2d 305, 344 (D. Del. 2010) ("Secondary considerations can include evidence of … licenses showing industry respect for the invention") (internal citations omitted); *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc., 2004 U.S. Dist. LEXIS 9771*, at *12-13 (N.D. Ill. May 26, 2004) ("Courts have considered the following as relevant to and probative of commercial success: … evidence that the applicant has been able to license the invention"); *Surgical Dynamics, Inc. v. Karlin Tech., Inc.*, No. CV 95-0258-GHK(BQRx), 1999 U.S. Dist. LEXIS 21932, at *11 (C.D. Cal. Aug. 11, 1999) ("Licenses taken under the patent in suit may constitute evidence of nonobviousness.").

Furthermore, admitting into evidence licenses that arose out of litigation is directly in line with precedent in this and other district courts. Particularly instructive in this district is the holding in *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 U.S. Dist. LEXIS 25291 (E.D. Tex. Mar. 4, 2010). There, the defendant—just as Defendants did in this case—filed a motion *in limine* to "preclude Plaintiff from offering evidence of litigation-induced licensing agreements…as evidence of the value of the patents-in-suit, whether pertaining to a 'reasonable royalty' analysis or as alleged 'secondary considerations' of nonobviousness and/or commercial success." *Id.* at *17. The Court denied the motion *in limine*, holding that "[i]n light of *ResQNet*, litigation-related licenses should not be excluded from the March 2010 Phase I trial" because "Defendants' concerns about the reliability of litigation-related licenses are better directed to weight, not admissibility.**"** *Id.* at *19-20 (emphasis added). Just as the Court found in

2

*DataTreasury*, Defendants' concerns in this case regarding the reliability of Plaintiffs' "litigation-related licenses are better directed to weight, not admissibility." *Id.* at *20.[1]

Other district courts have likewise found litigation-based licenses relevant to a determination of nonobviousness. For example, in *Datapoint Corp. v. Picturetel Corp.*, No. 3:93-CV-2381-D, 1998 U.S. Dist. LEXIS 1145 (N.D. Tex. Jan. 23, 1998), Judge Fitzwater explained that "Patentees like Datapoint often use license agreements obtained in settlement of litigation to show the commercial success and nonobviousness of a patent." *Id.* at *6 (emphasis added) (citing *Am. Standard Inc. v. Pfizer Inc.*, 8 U.S.P.Q.2D (BNA) 2019, 2020-21 (S.D. Ind. 1988). Similarly, the court found in *Pfizer Inc. v. Apotex, Inc.*, 731 F. Supp. 2d 754 (N.D. Ill. 2010), that "[r]egardless of whether Pfizer will rely on any potential licensing agreement reached in a settlement, the licensing agreements (as contained in the settlements) are relevant. The documents may indicate the '667 patent is nonobvious, despite Pfizer's insistence that it will not rely on the license to show this fact." *Id.* at 759. And in *Indian Head Indus. v. Ted Smith Equip. Co.*, 859 F. Supp. 1095 (E.D. Mich. 1994), the district court found that "objective evidence of non-obviousness is the fact that Anchorlok and Midland have taken out licenses for the Indian Head patents." *Id.* at 1105. The district court granted the plaintiff's motion for summary

---

[1] When the defendants in *DataTreasury* filed a "Renewed Motion for Judgment as a Matter of Law that the Asserted Claims are Invalid as Obvious" after a jury trial in which the patents were found valid, the Court examined the evidenced proffered by the plaintiff at trial to establish nonobviousness. *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 U.S. Dist. LEXIS 143587, at *1 (E.D. Tex. Sept. 27, 2010). Examining the licensing nonobviousness factor, the Court held that "Plaintiff presented sufficient evidence at trial to support a 'nexus' between Plaintiff's licensing and the secondary consideration of licensing", given that "Plaintiff showed that its licenses covered the patents-in-suit." *Id.* Reconfirming its position that any issues regarding the licenses go to the weight and not their admissibility, the Court held that "[a]lthough many of these licenses included other patents and intellectual property, the jury was free to weigh that fact in deciding how much weight to give to Plaintiff's licenses." *Id.* at *9-10.

3

judgment of nonobviousness, holding, in part, that "[w]hile TSE disputes the probative value of the licenses", such licenses supported a finding of nonobviousness. *Id.* at 1109-10.

## II. CONCLUSION

Preventing Plaintiffs' from using their licenses to the patents-in-suit in the validity trial of this case is contrary to the Federal Circuit's mandate that "[s]econdary considerations of non-obviousness <u>must be considered</u> when present." *Geo M. Martin Co. v. Alliance Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1304 (Fed. Cir. 2010) (emphasis added). The foregoing establishes that licensing—including licenses that arise in the context of litigation—is a well-recognized secondary consideration of nonobviousness.[2]

Accordingly, Plaintiffs would offer the licenses with Microsoft Corp., Apple Inc., Oracle Corp., eBay, Inc., Office Depot, Inc., and JPMorgan Chase & Co. to the patents-in-suit as evidence of secondary considerations of non-obviousness. *See* PX00456, PX0454, PX0453, PX0455, PX0066, and PX0065, respectively.

---

[2] Defendants inexplicably cite Rule 408 of the Federal Rules of Evidence as a basis for excluding those licenses. Yet, Rule 408 has no place whatsoever in the Court's consideration, as Plaintiffs do not seek to use evidence of "furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim" to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction".

|  |  |
|---|---|
| Dated: February 8, 2012. | **MCKOOL SMITH, P.C.** |
|  | */s/ Mike McKool* |
|  | Mike McKool |
|  | Lead Attorney |
|  | Texas State Bar No. 13732100 |
|  | mmckool@mckoolsmith.com |
|  | Douglas Cawley |
|  | Texas State Bar No. 04035500 |
|  | dcawley@mckoolsmith.com |
|  | Holly Engelmann |
|  | Texas State Bar No. 24040865 |
|  | hengelmann@mckoolsmith.com |
|  | **MCKOOL SMITH, P.C.** |
|  | 300 Crescent Court, Suite 1500 |
|  | Dallas, Texas 75201 |
|  | Telephone: (214) 978-4000 |
|  | Telecopier: (214) 978-4044 |
|  |  |
|  | Kevin L. Burgess |
|  | Texas State Bar No. 24006927 |
|  | kburgess@mckoolsmith.com |
|  | Josh W. Budwin |
|  | Texas State Bar No. 24050347 |
|  | jbudwin@mckoolsmith.com |
|  | Gretchen K. Curran |
|  | Texas State Bar No. 24055979 |
|  | gcurran@mckoolsmith.com |
|  | Matthew B. Rappaport |
|  | Texas State Bar No. 24070472 |
|  | mrappaport@mckoolsmith.com |
|  | J.R. Johnson |
|  | Texas State Bar No. 24070000 |
|  | jjohnson@mckoolsmith.com |
|  | **MCKOOL SMITH, P.C.** |
|  | 300 West Sixth Street, Suite 1700 |
|  | Austin, Texas 78701 |
|  | Telephone: (512) 692-8700 |
|  | Telecopier: (512) 692-8744 |

                    Robert M. Parker
                    Texas State Bar No. 15498000
                    rmparker@pbatyler.com
                    Robert Christopher Bunt
                    Texas Bar No. 00787165
                    rcbunt@pbatyler.com
                    Andrew T. Gorham
                    Texas State Bar No. 24012715
                    tgorham@pbatyler.com
                    **PARKER, BUNT & AINSWORTH, P.C.**
                    100 E. Ferguson, Suite 1114
                    Tyler, Texas  75702
                    Telephone: (903) 531-3535
                    Telecopier: (903) 533-9687

                    **ATTORNEYS FOR PLAINTIFFS**
                    **THE REGENTS OF THE UNIVERSITY**
                    **OF CALIFORNIA AND EOLAS**
                    **TECHNOLOGIES INCORPORATED**

## CERTIFICATE OF SERVICE

Pursuant to Local Rule CV-5(a)(7), the undersigned certifies that the foregoing document was filed electronically on February 8, 2012.  As such, counsel for Plaintiffs has served this Motion in electronic form on all counsel who have consented to electronic service.

                                    */s/ Gretchen Curran*
                                  Gretchen Curran