**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  |  |  |
|---|---|---|
| **EOLAS TECHNOLOGIES** | § | |
| **INCORPORATED and** | § | |
| **THE REGENTS OF THE** | § | |
| **UNIVERSITY OF CALIFORNIA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:09-CV-446** |
| | § | |
| **ADOBE SYSTEMS, INC., AMAZON.COM** | § | |
| **INC., CDW CORPORATION, CITIGROUP** | § | |
| **INC., THE GO DADDY GROUP, INC.,** | § | |
| **GOOGLE INC., J.C. PENNEY** | § | |
| **CORPORATION, INC., STAPLES, INC.,** | § | |
| **YAHOO! INC., AND YOUTUBE, LLC.,** | § | |
| | § | |
| **Defendants.** | § | |

## JURY INSTRUCTIONS

1

1.     **JURY CHARGE**

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions.

### 1.1     *General Instructions*

A verdict form has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form. Answer the question from the facts as you find them. Do not decide who you think should win and then answer the question accordingly. Your answer and your verdict must be unanimous.

In determining whether any fact has been proved in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

### 1.2     *Considering Witness Testimony*

You the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. By the Court allowing testimony or other evidence to be introduced over

the objection of an attorney, the Court did not indicate any opinion as to the weight or effect of such evidence.

When the Court sustained an objection to a question addressed to a witness, you must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have testified to, if he or she had been permitted to answer the question.

At times during the trial it was necessary for the Court to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We met because often during a trial something comes up that does not involve the jury. You should not speculate on what was discussed during such times.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### 1.3    *How to Examine the Evidence*

Deposition testimony you have heard is entitled to the same consideration as if the witness had been present and had testified from the witness stand in court.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The parties have stipulated, or agreed, to some facts in this case. When the lawyers on both sides stipulate to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

### *1.4     Expert Witnesses*

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is called an expert witness and is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

2.      **SUMMARY OF CONTENTIONS**

I will first give you a summary of each side's contentions in this case. I will then tell you what each side must prove to win on these issues.

Defendants, Adobe Systems Inc.; Amazon.com, Inc.; CDW Corp.; The Go Daddy Group, Inc.; Google Inc.; YouTube LLC; J. C. Penney Company, Inc.; Staples, Inc.; and Yahoo! Inc., contend that the Asserted Claims of the patents-in-suit are invalid. Generally, Defendants contend that the '906 and '985 patents are invalid because the claimed inventions were "anticipated," meaning not new, and would have been obvious to one of ordinary skill in the art.

Plaintiffs, Eolas Technologies Incorporated and The Regents of The University of California, deny those allegations and contend that the asserted claims are valid.

Your job is to decide whether Defendants have met their burden of proving that any of the asserted claims of the '906 and '985 patents are invalid.

3.      **BURDEN OF PROOF**

As I told you at the beginning of the trial, in any legal action, facts must be proved by a required amount of evidence, known as the "burden of proof." As issued by the United States Patent and Trademark Office, the '906 Patent and the '985 Patent are presumed to be valid. Defendants have the burden of proving invalidity by clear and convincing evidence. Clear and convincing evidence means the evidence produces in your mind a firm belief or conviction as to the matter at issue.

In determining whether any fact has been proved, you should, unless otherwise instructed, consider all of the evidence, including the stipulations, the testimony of all witnesses regardless of who may have called them, and all exhibits received in evidence regardless of who may have produced them.

4.      **MEANING OF THE CLAIM TERMS**

*4.1     Patent Claims*

The claims of a patent are the numbered sentences at the end of the patent. The claims describe the invention made by the inventor and describe what the patent owner owns and what the patent owner may prevent others from doing. Claims are usually divided into parts or steps, called "elements" or "limitations." For example, a claim that covers the invention of a table may recite the tabletop, four legs and the glue that secures the legs on the tabletop. The tabletop, legs and glue are each a separate element or limitation of the claim.

*4.2     Instructions on Construction of the Claims*

In deciding whether or not an asserted claim is invalid, the first step is to understand the meaning of the words used in the patent claims.

It is my job as Judge to determine what the patent claims mean and to instruct you about that meaning. You must accept the meanings I give you and use those meanings when you decide whether or not the patent claims are invalid. I have interpreted the meaning of some of the language in the patent claims involved in this case. Before I instruct you about the meaning of the words of the claims, I will explain to you the different types of claims that are at issue in this case. It may be helpful to refer to the copies of the patents that you have been given as I discuss the claims at issue here.

*4.3     Open-ended or "Comprising" Claims*

The beginning, or preamble, of Claims 1 and 6 of the '906 Patent use the word "comprising." Claims 1, 16, 20, 36, and 40 of the '985 Patent use the words "comprising" or "comprises." "Comprising" and "comprise" mean "including" or "containing but not limited to."

If you decide that a prior art reference includes all the requirements or steps in that claim, the claim is invalid as anticipated by that prior art reference. This is true even if the prior art reference includes components or steps in addition to those requirements.

For example, a claim to a table comprising a tabletop, legs, and glue would be anticipated by a table that includes a tabletop, legs, and glue, even if the table also includes wheels on the table's legs.

### 4.4    Independent and Dependent Claims

There are two types of claims: independent and dependent. An independent claim does not refer to any other claim of the patent. It is not necessary to look at any other claim to determine what an independent claim covers. In this case, Claims 1 and 6 of the '906 patent and claims 1, 16, 20, 36, and 40 of the '985 patent are independent claims.

A dependent claim refers to at least one other claim in the patent. A dependent claim includes each of the limitations of the other claim to which it refers, as well as the additional limitations recited in the dependent claim itself. In this way, the claim "depends" on another claim. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim or claims to which it refers. Claims 3, 10, 18, 22, 38, and 42 of the '985 patent are dependent claims.

In order to find a dependent claim invalid, you must first determine whether the independent claim to which it refers is invalid. Thus, you must consider all limitations of both the dependent claim and independent claim from which it depends. If you decide that the independent claim is not invalid, then the dependent claim is not invalid. If you decide that the independent claim is invalid, you must then separately determine if the limitations of the dependent claim have been included in the alleged invalidating prior art. The dependent claim is

invalid only if the limitations of the dependent claim are also disclosed in one item of invalidating prior art or are obvious in light of invalidating prior art.

For example, claim 3 of the '906 Patent is not at issue here, but it is a dependent claim of independent claim 1. Because dependent claim 3 includes all of the limitations of claim 1, if claim 1 is not invalid, then claim 3 is not invalid either.

### 4.5    *Interpretation of Claims*

In deciding whether the asserted prior art does or does not invalidate a patent claim, the first step is to understand the meaning of the words used in the patent claims. The meaning given to the words in the patent claims must be the same for all issues in the case.

As I stated earlier, it is my job as Judge to determine what the patent claims mean and to instruct you about that meaning. In accordance with that duty, I have interpreted the meaning of some of the language in the patent claims involved in this case. My interpretation of those claims appears in the last tab of your Juror Notebook, labeled "Glossary of Claim Constructions." You must accept the interpretations contained in your notebook as correct. The claim language I have not interpreted for you in your notebook is to be given its ordinary and accustomed meaning as understood by one of ordinary skill in the field of technology.

## 5.    INVALIDITY

### 5.1    *Invalidity Generally*

In this case, Defendants contend that the asserted claims of the '906 and '985 patents are invalid as anticipated or obvious. The issuance of a patent by the Patent Office carries with it a presumption that the patent is valid. From the issuance of the patent, it is presumed that a claimed invention is "novel," "useful," "not obvious," and satisfies the other legal requirements for a valid U.S. patent. Each claim of a patent is presumed valid independently of the validity of the other claims.

Defendants must prove invalidity by the clear and convincing evidence standard; this standard of proof applies to anticipation and obviousness as further described below. Evidence of prior art that was not reviewed by the PTO, may be more probative of meeting this standard, than prior art which was reviewed by the PTO. The presumption of validity remains intact and the burden of proof remains on the party challenging validity, throughout this litigation. The burden of proof never shifts to the patent owner to prove that its patents are valid. You may not determine to invalidate a patent merely because you believe the invention should be dedicated to the public.

### 5.2     *Anticipation—Publicly Used or Known, or Previously Published*

Defendants contend that the asserted claims of the '906 Patent and the '985 Patent are invalid because the claimed inventions are not new. For a claim to be invalid because it is not new, all of its requirements must have existed in a single device or method that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention. In patent law, such previous device, publication or patent is called a "prior art reference." If a patent claim is not new, we say it is "anticipated" by a prior art reference. The disclosure in the prior art reference does not have to be in the same words as the claim, but all of the requirements of the claim must be there, either stated or necessarily implied, so that someone of ordinary skill in the relevant field looking at that one reference would be able to make and use at least one embodiment of the claimed invention.

Anticipation also occurs when the claimed invention inherently (necessarily) results from the practice of what is disclosed in the written reference, even if the inherent disclosure was unrecognized or unappreciated by one of ordinary skill in the field of the invention.

Here is a list of the ways that Defendants can show that a patent claim was not new:

- if the claimed invention was already publicly known or publicly used by others in the United States before the date of invention of the '906 Patent or the '985 Patent.

- if the claimed invention was already patented or described in a printed publication anywhere in the world before the date of the invention. To qualify as a prior art reference, a "printed publication" must be at least reasonably accessible to those interested in the field, even if it is difficult to find. An electronic publication, including an on-line or internet publication, is a "printed publication" if it is at least reasonably accessible to those interested in the field even if it is difficult to find.

- if the claimed invention was already described in another published U.S. patent application or issued U.S. patent that was based on a patent application filed before the patent holder's filing date or the date of invention.

If a patent claim is not new as explained above, you must find that claim invalid.

### 5.3    *Anticipation—Made or Invented by Someone Else*

Defendants contend that all asserted claims of the '906 Patent and the '985 Patent are invalid as anticipated because the invention was first made or invented by someone else. If someone other than the named inventor made or invented the invention described in one or more such patent claims involved in this lawsuit, then each such claim was "anticipated" by the other invention, and each such claim is invalid.

Here are two ways that the Defendants can show that a patent claim was not new because the invention described in such claim was first made by someone else:

- if the claimed invention was already made by someone else in the United States before the date of invention of the '906 Patent and the '985 Patent, if that other person had not abandoned the invention or kept it secret; and

- if Plaintiffs and the Defendants dispute who is a first inventor, the person who first conceived of the claimed invention and first reduced it to practice is the first inventor; if one person conceived of the claimed invention first, but reduced it to practice second, that person is the first inventor only if that person (a) began to reduce the claimed invention to practice before the other party conceived of it and (b) continued to work with reasonable diligence to reduce it to practice from a time just before the other party's conception.

Since priority of invention is in dispute in this case, you must determine a date of conception and reduction to practice for the claimed inventions in the '906 Patent and '985 Patent and whether the named inventors were reasonably diligent in reducing the claimed inventions to practice. Conception is the formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is to be applied in practice. Reduction to practice occurs either as of the filing of the patent application or when the invention was actually made and was shown to work for its intended purpose. Reasonable diligence means that the inventor worked continuously on reducing the invention to practice. Interruptions necessitated by the everyday problems and obligations of the inventor or others working with him or her do not prevent a finding of reasonable diligence.

In order to prove prior invention in this case, the Defendants are required to present additional evidence beyond the testimony of the prior inventor. However, you must evaluate all pertinent evidence, including that testimony, and make a sound determination that the evidence credibly establishes prior invention.

If the invention of a patent claim was first made or invented by someone else as explained above, you must find the patent claim invalid.

### 5.4    Anticipation—Statutory Bars

Defendants may prove that the asserted claims of the '906 Patent and the '985 Patent are invalid by showing that each such claim failed to meet one of several statutory provisions in the patent laws. These provisions are called "statutory bars." For a patent claim to be invalid because of a statutory bar, all of its requirements must have been present in one prior art reference dated more than one year before the effective filing date of the patent application.

Here is a list of ways Defendants can show that a particular patent application was not timely filed, that is, filed within one year of the occurrence of any of the following events:

- if the asserted claims were already patented or described in a printed publication anywhere in the world one year before the effective filing dates of the '906 Patent and the '985 Patent, which effective filing dates are both October 17, 1994;

- if the asserted claims were already being publicly or commercially used in the United States one year before the effective filing dates of the '906 Patent application and the '985 Patent application, October 17, 1994, and that use was not primarily an experimental use controlled by the inventor to test whether the invention worked for its intended purpose; and

- if a device or method using the claimed invention was sold or offered for sale in the United States, and that claimed invention was ready for patenting one year before October 17, 1994. The claimed invention is not being sold or offered for sale if the patent holder shows that the sale or offer for sale was primarily experimental. The claimed invention is ready for patenting if it was actually built, or if the inventor had prepared drawings or other descriptions of the claimed invention that were sufficiently detailed to enable a person of ordinary skill in the field of the invention to make and use the invention based on them.

For a claim to be invalid because of a statutory bar, all of the claimed requirements must have been either (1) disclosed in a single prior art reference or (2) implicitly disclosed in a single prior art reference as viewed by one of ordinary skill in the field of the invention. The disclosure in a reference does not have to be in the same words as the claim, but all of the requirements of the claim must be described in enough detail, or necessarily implied by or inherent in the reference, to enable someone of ordinary skill in the field of the invention looking at the reference to make and use at least one embodiment of the claimed invention.

A prior art reference also invalidates a patent claim when the claimed invention necessarily results from practice of the subject of the prior art reference, even if the result was unrecognized and unappreciated by one of ordinary skill in the field of the invention.

If you find a patent claim failed to meet a statutory bar, you must find the patent claim invalid.

### 5.5     *Corroboration of Oral Testimony*

Oral testimony alone is insufficient to prove prior invention or that something is prior art. A party seeking to prove prior invention or that something is prior art or that a particular event or reference occurred before the filing date of the patents-in-suit must provide evidence that corroborates a witness's oral testimony, especially where the oral testimony comes from an interested witness, or a witness testifying on behalf of an interested party. This includes any individual or company testifying that his or its invention predates the patents-in-suit, and also includes a patent owner seeking to prove an earlier date of invention than the effective filing date stated on the face of the patent. Documentary or physical evidence that is made contemporaneously with the inventive process provides the most reliable proof that the testimony has been corroborated, but corroborating evidence may also consist of testimony of a witness, other than an inventor, to the actual reduction to practice or it may consist of evidence of surrounding facts and circumstances independent of information received from the inventor. If you find that the party has not corroborated a witness's oral testimony with other evidence, you are not permitted to find that the subject of that oral testimony qualifies as prior art or supports a prior date of invention.

If evidence is presented for purposes of attempting to corroborate oral testimony, then you must determine whether this evidence does, in fact, properly corroborate the oral testimony. In making this determination, you should consider the following factors:

- The relationship between the corroborating witness and the alleged prior user;

- The time period between the event and this trial;

- The interest of the corroborating witness in the subject matter of this suit;

- Contradiction or impeachment of the witness's testimony;

- Extent and detail of the corroborating witness's testimony;

- The witness's familiarity with the subject matter of the patented invention and the alleged prior use;

- Probability that a prior use could occur considering the state of the art at the time; and

- Impact of the invention on the industry, and the commercial value of its practice.

### 5.6   *Obviousness*

In this case, Defendants contend that the asserted claims of the '906 Patent and the '985 Patent are invalid as obvious. A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field of the invention at the time the application was filed. This means that even if all the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field of the invention who knew about all of the prior art would have come up with the claimed invention.

But a patent claim composed of several requirements is not proved obvious merely by demonstrating that each of its requirements was independently known in the prior art. Although common sense directs one to look with care at a patent application that claims as innovation the combination of known requirements according to their established functions to produce a predictable result, it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the requirements in the way the claimed new invention does. This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known. Accordingly, you may evaluate whether there was some teaching, suggestion, or motivation to arrive at the claimed invention before the time of the claimed invention, although proof of this is not a requirement to prove obviousness. Teachings,

14

suggestions, and motivations may also be found within the knowledge of a person with ordinary skill in the art including inferences and creative steps that a person of ordinary skill in the art would employ. Additionally, teachings, suggestions, and motivations may be found in the nature of the problem solved by the claimed invention, or any need or problem known in the field of the invention at the time of and addressed by the invention.

Therefore, in evaluating whether such a claim would have been obvious, you should consider a variety of factors:

- Whether Defendants have identified a reason that would have prompted a person of ordinary skill in the field of the invention to combine the requirements or concepts from the prior art in the same way as in the claimed invention. There is no single way to define the line between true inventiveness on one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable). For example, market forces or other design incentives may be what produced a change, rather than true inventiveness;

- Whether the claimed invention applies a known technique that had been used to improve a similar device or method in a similar way; and

- Whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art.

But you must be careful not to determine obviousness using hindsight; many true inventions can seem obvious after the fact. You should put yourself in the position of a person of ordinary skill in the field of the invention at the time the claimed invention was made, and you should not consider what is known today or what is learned from the teaching of the patent.

The ultimate conclusion of whether a claim is obvious should be based on your determination of several factual issues:

- You must decide the scope and content of the prior art. In determining the scope and content of the prior art, you must decide whether a reference is pertinent, or analogous, to the claimed invention. Pertinent, or analogous, prior art includes prior art in the same

field of endeavor as the claimed invention, regardless of the problems addressed by the reference, and prior art from different fields reasonably pertinent to the particular problem with which the claimed invention is concerned. Remember that prior art is not limited to patents and published materials, but includes the general knowledge that would have been available to one of ordinary skill in the field of the invention.

- You should consider any difference or differences between the prior art and the claim requirements.

Finally, you should consider any of the following factors that you find have been shown by the evidence:

A. Factors tending to show non-obviousness:

1. a long-felt, but unsolved, need for the solution provided by the claimed invention;

2. unsuccessful attempts by others to find the solution provided by the claimed invention;

3. unexpected and superior results from the claimed invention;

4. acceptance by others of the claimed invention as shown by praise from others in the field of the invention;

5. disclosures in the prior art that criticize, discredit, or otherwise discourage the claimed invention and would therefore tend to show that the invention was not obvious; and

6. other evidence tending to show non-obviousness.

You may consider the presence of any of the list factors A.1-6 as an indication that the claimed invention would not have been obvious at the time the claimed invention was made.

B. Factors tending to show obviousness

1. independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it; and

2. other evidence tending to show obviousness.

You may consider the presence of factors B.1 and 2 as an indication that the claimed invention would have been obvious at such time. Although you should consider any evidence of these factors, the relevance and importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.

If you find that a claimed invention was obvious as explained above, you must find that claim invalid.

### 5.7    *Level of Ordinary Skill*

Several times in my instructions I have referred to a person of ordinary skill in the field of the invention.

The parties agree that a person of ordinary skill in the art of the '906 Patent and the '985 Patent would have had a Bachelor of Science degree, or its equivalent, in computer science or engineering or the equivalent skills acquired through experience in the field.

## 6.    INSTRUCTIONS FOR DELIBERATIONS

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

It is your sworn duty as a juror to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges–judges of the facts. Your only interest is to seek the truth from the evidence in the case. You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, regardless of size or who owns them, and are to be treated as equals.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will

always first disclose to the attorneys your question and my response before I answer your question. After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.