IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA | § § § § | |
| Plaintiffs, | § § | CASE NO. 6:09-CV-00446-LED |
| vs. | § § | |
| ADOBE SYSTEMS INC., AMAZON.COM INC., CDW CORPORATION, CITIGROUP INC., THE GO DADDY GROUP, INC., GOOGLE INC., J.C. PENNEY CORPORATION, INC., STAPLES, INC., YAHOO! INC., and YOUTUBE, LLC, | § § § § § § § § | JURY TRIAL |
| Defendants. | § | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR OPPOSED MOTION TO CORRECT JUDGMENT PURSUANT TO RULES 59(e) AND 60(a)**

Plaintiffs Eolas Technologies Incorporated ("Eolas") and The Regents of the University of California ("UC") (collectively "Plaintiffs") respectfully file this Reply in Support of Their Motion to Correct Judgment Pursuant to Rules 59(e) and 60(a) [Dkt. No. 1368].

## I. ARGUMENT

Defendants contend that the Court's order that "'Plaintiffs take nothing' from Defendants" "resolved Plaintiffs' infringement claims in favor of Defendants[.]" Resp. at 2. Yet, neither the Court nor the jury heard any evidence or argument regarding infringement issues in this case and, thus, reached no verdict or issued any order regarding Plaintiffs' infringement claims or Defendants' counterclaims of noninfringement. Indeed, this Court expressly forbade the parties from even "stat[ing] or imply[ing] that infringement has been conceded or that infringement is yet to be determined by this or any other jury." Dkt. No 1315. The jury's verdict, which Plaintiffs have challenged [Dkt. No. 1367] and upon which the Court's final judgment is based, was limited solely to the validity of the patents-in-suit.

Despite the foregoing, Defendants argue that Plaintiffs' infringement claims should be dismissed with prejudice, citing the Federal Circuit's holding in *Marrin v. Griffin*. *See* Dkt. 1383 at 1. Defendants state simply that in *Marrin*, the district court had "granted summary judgment that the patent-in-suit was invalid and, as a consequence, was not infringed" and that "'[t]he Federal Circuit affirmed, stating the rule that "[t]here can be no infringement of claims deemed to be invalid."'" *Id.* at 1-2. What the Federal Circuit stated was merely a truism—there can be no liability for the infringement of claims that are found invalid. Defendants ignore the fact that validity and infringement are "separate and distinct issues." *See Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354, 1365 (Fed. Cir. 2003). Thus, while "'an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity.'" *Id.* (quoting *Medtronic, Inc. v. Cardiac*

1

*Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983)). *See also Carman Indus., Inc. v. Wahl*, 724 F.2d 932, 936 n.2, 220 USPQ 481, 484 n.5 (Fed. Cir. 1983) ("Although related, validity and infringement are separate issues."). The jury's verdict regarding the invalidity of certain patent claims, therefore, does not address the issue of whether Defendants' accused products meet each and every limitation of those patent claims—it just renders that issue moot.

Plaintiffs do not ask the Court to enter a corrected judgment holding Defendants liable for infringement of claims deemed invalid by the jury. Instead, consistent with relevant, controlling case law, Plaintiffs request the Court to enter a corrected judgment that dismisses Plaintiffs' infringement claims based on Defendants' invalidity affirmative defense and counterclaim—in effect, holding those claims moot in light of the jury's verdict. Such a judgment is verbatim of what the Federal Circuit found appropriate in *Leggett & Platt, Inc. v. VUTEk, Inc.*, 537 F.3d 1349 (Fed. Cir. 2008), as discussed in Plaintiffs' Motion at 1-2 and Exhibits 1 and 2 thereto.

There can be no doubt as to whether Plaintiffs' proposed corrected final judgment is in line with binding Federal Circuit case law. The Federal Circuit has repeatedly heard appeals of litigants in which the district court had ruled on validity or unenforceability, but had declined to rule on, or dismissed as moot, claims of infringement or noninfringement. *See*, *e.g.*, *MBO Labs. Inc. v. Becton, Dickinson & Co.*, 602 F.3d 1306, 1312 (Fed. Cir. 2010) (hearing appeal in which the district court found the patent invalid, dismissed the motion for summary judgment of non-infringement as moot, and entered final judgment of invalidity); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1295 (Fed. Cir. 2009) (hearing appeal in which the district court granted summary judgment of invalidity, dismissed as moot the other counterclaims for non-infringement and unenforceability, and entered final judgment of invalidity); *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244, 1248 (Fed. Cir. 2008) (hearing appeal in which the

2

district court found all asserted claims invalid and that all other issues of infringement and validity were moot); *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co.*, 439 F.3d 1335, 1344 (Fed. Cir. 2006) (hearing appeal in which the district court found the motion on infringement moot, having found the patent unenforceable for inequitable conduct).

Finally, Defendants' proposed Amended Final Judgment reveals the fallacy of their arguments: While Defendants would have the Court dismiss "with prejudice" Plaintiffs' infringement claims, they ask the Court to dismiss "as moot" their counterclaims—which necessarily include their counterclaims of noninfringement. Dkt. No. 1383-1. Defendants' disparate treatment of infringement and noninfringement claims is at odds with logic and the Federal Circuit, given that claims of infringement and noninfringement are inextricably intertwined. *See*, *e.g.*, *Polymer Indus. Prods. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003) (holding "that a claim for a declaration of noninfringement makes a counterclaim for patent infringement compulsory").

## II. CONCLUSION

Based on the foregoing and the arguments set forth in Plaintiffs' Motion, Plaintiffs respectfully request that the Court correct its "final" judgment entered in this case, replacing it with a judgment naming only Defendants Amazon.com Inc.; Google Inc.; J.C. Penney Corporation, Inc.; Yahoo! Inc.; and YouTube, LLC and stating that Plaintiffs' claims for infringement and damages are dismissed based on Defendants' invalidity affirmative defense and counterclaim, and Defendants' counterclaims other than for invalidity are hereby dismissed as moot.

3

Dated: April 9, 2012.                    **MCKOOL SMITH, P.C.**

                                         */s/ Mike McKool*
                                         Mike McKool
                                         Lead Attorney
                                         Texas State Bar No. 13732100
                                         mmckool@mckoolsmith.com
                                         Douglas Cawley
                                         Texas State Bar No. 04035500
                                         dcawley@mckoolsmith.com
                                         Holly Engelmann
                                         Texas State Bar No. 24040865
                                         hengelmann@mckoolsmith.com
                                         **MCKOOL SMITH, P.C.**
                                         300 Crescent Court, Suite 1500
                                         Dallas, Texas 75201
                                         Telephone: (214) 978-4000
                                         Telecopier: (214) 978-4044

                                         Kevin L. Burgess
                                         Texas State Bar No. 24006927
                                         kburgess@mckoolsmith.com
                                         Josh W. Budwin
                                         Texas State Bar No. 24050347
                                         jbudwin@mckoolsmith.com
                                         Gretchen K. Curran
                                         Texas State Bar No. 24055979
                                         gcurran@mckoolsmith.com
                                         Matthew B. Rappaport
                                         Texas State Bar No. 24070472
                                         mrappaport@mckoolsmith.com
                                         J.R. Johnson
                                         Texas State Bar No. 24070000
                                         jjohnson@mckoolsmith.com
                                         **MCKOOL SMITH, P.C.**
                                         300 West Sixth Street, Suite 1700
                                         Austin, Texas 78701
                                         Telephone: (512) 692-8700
                                         Telecopier: (512) 692-8744

        Robert M. Parker
Texas State Bar No. 15498000
rmparker@pbatyler.com
Robert Christopher Bunt
Texas Bar No. 00787165
rcbunt@pbatyler.com
Andrew T. Gorham
Texas State Bar No. 24012715
tgorham@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFFS
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA AND EOLAS
TECHNOLOGIES INCORPORATED**

## CERTIFICATE OF SERVICE

    Pursuant to Local Rule CV-5(a)(7), the undersigned certifies that the foregoing document was filed electronically. As such, counsel for Plaintiffs has served this Reply in electronic form on all counsel who have consented to electronic service.

        */s/ Gretchen K. Curran*
        Gretchen K. Curran

McKool 439925v3